# INDIVIDUAL PRACTICES OF MAGISTRATE JUDGE LOIS BLOOM

United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201
718-613-2170

Unless otherwise ordered, matters before Magistrate Judge Bloom shall be conducted in accordance with the following practices:

**1. Communications with Chambers**

A. **Letters.** Except as provided below, communications with Chambers shall be by letter, with copies simultaneously delivered to all parties. The Court will not consider any *ex parte* correspondence; in other words, the Court will not consider any correspondence which has not been served upon the opposing party.

All letters from counsel shall be filed electronically. (Courtesy copies should not be submitted.)

Copies of correspondence **between parties** should **not** be sent to the Court.

B. **Telephone Calls**. Telephone calls to Chambers are permitted only in emergency situations requiring immediate attention, such as when a ruling is needed during the course of a deposition where all parties are on the line. Adjournment requests shall not be made telephonically.

For case related questions including deadlines and confirmation of conference dates, counsel shall review the docket sheet. Counsel may call (718) 613-2610 for Electronic Case Filing (ECF) assistance if required.

C. **Faxes**. Faxes to Chambers are not permitted without prior authorization.

**2. ECF**

A. *Pro se* parties are automatically exempt from mandatory electronic filing. However, parties represented by counsel in *pro se* cases must file all submissions electronically and mail the submission to the *pro se* litigant.

B. Attorneys shall register to receive ECF notifications before filing any letters or motions and shall file a notice of appearance prior to appearing in Court. Refer to Local Rule 5.2 for further instruction.

C. Parties should not send hard copies or courtesy copies to Chambers unless requested to do so.

Rev. 10/6/2016

### 3. Requests for Adjournments or Extensions of Time

Parties must contact each other before making any request for an adjournment to the Court, even where one party appears *pro se*. All requests for adjournments or extensions of time must be **received** in writing at least 48 hours before the scheduled conference or relevant deadline and must state: the original date of the conference or deadline; the reason for the request; the number of previous requests for an adjournment or extension; whether previous requests were granted or denied; and whether the opposing party consents to the request (and, if not, the reasons given by the opposing party for refusing to consent). If the requested adjournment or extension affects any other scheduled dates, the party must propose a revised schedule. For parties represented by counsel, the letter request should be filed under "MOTION" on the ECF list of civil events.

### 4. Conferences

When both parties are represented, counsel shall meet to discuss the case at least 14 days before an initial conference is held. Counsel for both sides shall discuss the basis for their claims and defenses, the possibility for a prompt settlement, and a proposed discovery plan. Counsel shall reference the Rule 26(f) Meeting Report (https://www.nyed.uscourts.gov/content/magistrate-judge-lois-bloom) and submit a joint report to the Court by ECF seven (7) days before the initial conference.

Counsel and *pro se* litigants alike shall timely appear for all pre-trial conferences. They shall be prepared to discuss the case, including possible settlement, and to schedule further proceedings.

### 5. Motions

A. **Discovery Motions**: Discovery motions may be made by letter motion, pursuant to Local Civil Rules 37.1 and 37.3, and filed electronically as a "MOTION." No pre-motion conference is required. Such letter motions may not exceed three pages in length, exclusive of attachments. The nonmoving party shall file a response, not exceeding three pages in length exclusive of attachments, within three business days of receipt of the letter motion. Replies are not permitted on letter motions. Parties must make a good faith effort, pursuant to Local Civil Rule 26.5, to resolve disputes, including contacting the other side, **before** making a discovery motion.

B. **Dispositive Motions**: Dispositive motions, such as motions to dismiss and motions for summary judgment, must be made to the presiding district court judge, in accordance with his or her individual rules, unless the parties have consented to the Magistrate Judge for all purposes in accordance with 28 U.S.C.§ 636(c)(1).

C. **Motions Implicating Fed. R. App. P. 4(a)(4)(A) or Similar Time-Limiting Rules**: If any party concludes in good faith that delaying the filing of a motion, in order to comply with any aspect of these individual practices, will deprive the party of a substantive right, the party may file the motion within the time required by the Federal Rules of Civil and/or Appellate Procedure, together with an explanation of the basis for the conclusion.

**6. Deposition Disputes**

When a dispute arises during a deposition that the parties cannot resolve themselves despite their efforts, the parties shall contact the Court immediately by telephone. If the Court is unable to immediately come on the line, the parties shall have the court reporter mark the transcript where the dispute arose and the parties should move on to other issues in the deposition until such time as the Court can call back to address the dispute. The parties shall not discontinue the deposition.

**7. Interpreter Services**

Interpreter services are not provided by the Court in civil cases, except where American Sign Language interpretation is required.  If a party speaks a language other than English, the party must arrange to conduct his/her case in English. If a non-English speaking party represented by an attorney is ordered to appear for a court conference, he/she must bring a professional interpreter if translation services are needed. A *pro se* party may bring an English-speaking friend or family member to court conferences.  However, persons acting as interpreters must translate exactly what is said; they may not advocate for the party.

**8. Change of Address**

Parties shall notify the Court if their current address and telephone number changes.  If a party changes address, he/she shall immediately notify the Court and the opposing party in writing.  If a party fails to keep the Court apprised of his/her current address, the case may be dismissed.

Rev. 10/6/2016