

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

BARBARA D. UNDERWOOD
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8627

May 30, 2018

VIA ECF
Hon. Lois Bloom
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    RE:    *Capogrosso v. Gelbstein et al.*, No. 18-cv-2710 (E.D.N.Y.)

Dear Judge Bloom:

We write concerning the above-referenced action that was recently commenced by Mario Capogrosso, a *pro se* attorney plaintiff, asserting various claims against defendants pursuant to 42 U.S.C. §§ 1983, 1985, 1986 and 1988 related to the determination by the New York State Department of Motor Vehicles ("DMV") to bar plaintiff from practicing law at the DMV's Traffic Violations Bureaus ("TVBs") due to his long history of offensive, violent and unprofessional conduct at the TVB South Brooklyn Office. The Complaint names as defendants six current or former employees of the DMV and Elizabeth Morgan (formerly Elizabeth Prickett-Morgan), an Assistant Attorney General ("AAG") of this Office (collectively, the "State Defendants").

As set forth in the Court's Order dated May 14, 2018 (Dkt. No. 4), plaintiff is required to serve defendants with the Complaint by August 6, 2018, *i.e.*, within 90 days of May 8, 2018, the date that the Complaint was filed. Plaintiff has not filed any affidavits reflecting service of the Complaint upon any of the defendants. On information and belief, plaintiff has attempted service on only three of the seven State Defendants, Administrative Law Judge ("ALJ") Alan Gelbstein, Clerk Supervisor Danielle Calvo, and AAG Morgan. Plaintiff attempted service on Clerk Supervisor Calvo only this afternoon. We understand ALJ Gelbstein's deadline to respond to the Complaint is currently June 1, 2018. This Office only represents ALJ Gelbstein at this time. We anticipate that this Office will also represent the other State Defendants after they have

28 LIBERTY STREET, NEW YORK N.Y. 10005 • PHONE (212) 416-8610 • FAX (212) 416-6075 *NOT FOR SERVICE OF PAPERS
HTTP://WWW.OAG.STATE.NY.US

been properly served with the Complaint and after requests for representation have been submitted to this Office and approved pursuant to N.Y. Public Officers Law § 17.

We respectfully request that the Court extend the time to respond to the Complaint of defendants ALJ Gelbstein, Clerk Supervisor Calvo, AAG Morgan and of all other State Defendants who may subsequently be served, until 30 days after the last State Defendant has been served with the Complaint. The requested extension of the State Defendants' time to respond to the Complaint is, respectfully, necessary because this Office anticipates representing all of the State Defendants and serving a single response to the Complaint on behalf of all such defendants. Additional time is also required to investigate the facts alleged in the Complaint, including interviewing parties and witnesses, and gathering relevant records, which extend back many years given the long history of serious complaints of misconduct regarding plaintiff.[1]

There have been no previous requests for an extension of time.

On a telephone call with plaintiff on May 29, plaintiff refused to consent to any extension of time on the basis that he does not want there to be any delay and he wants to "get back to work" at the TVB as soon as possible. However, as noted above, plaintiff has only attempted service of the Complaint on three of the seven State Defendants to date. Plaintiff's suggestion that there is any urgency to his receiving defendants' responses to the Complaint is also specious given that, although plaintiff alleges he was permanently barred from practicing at the DMV's TVBs on May 11, 2015, and allegedly sent various letters to officials at the DMV and elsewhere from January to June of 2016 relating to his being barred from practicing at the TVBs (*see* Compl. ¶¶ 11-13), plaintiff did not commence this action until May 8, 2018, approximately three years after he had been barred from practicing at TVBs and two years after the last such letter.

Respectfully submitted,

*Mark Siegmund*

Mark Siegmund
Assistant Attorney General

Cc:   Plaintiff, via ECF and First-Class Mail to the address set forth on Plaintiff's Summons (Dkt. No. 2)
      Defendants Sadiq Tahir, PEC Group of NY, Inc., and David Smart, via First-Class Mail to the respective addresses set forth on Plaintiff's Summons

---

[1] In addition to the State Defendants, the Complaint also names as defendants Sadiq Tahir, an attorney colleague of plaintiff; David Smart, a private security guard who works at the TVB South Brooklyn Office; and PEC Group of NY, Inc., Mr. Smart's alleged employer. This Office does not anticipate representing these defendants because they are not State employees.