**ORIGINAL**

June 6. 2018

United States Magistrate Judge Bloom
United States District Court
Eastern District of Ne York
225 Cadman Plaza East
Brooklyn, NY 11201



Re; Capogrosso v. Gelbstein et al, No. 18-cv-2710 (E.D.N.Y.)

Magistrate Bloom:

In response to opposing counsel M. Siegmund, Assistant Attorney General, letter dated May 30,
2018 seeking an extension of time to file an Answer to the Summons and Complaint as I filed on
May 8, 2018 I object.

    I.      Seeking additional time to gather evidence with respect to salacious and false
allegations is not an appropriate and acceptable reason to extend time to answer the
Complaint

First, the defendant has not provided sufficient reasonable cause to this Court to allow such relief.
Counsel argues that additional time is needed in order "investigate the facts alleged in the
Complaint, interviewing parties and witnesses and gathering relevant records, which extend back
many years given a long history of serious complaints of misconduct regarding the plaintiff.

In response, because Counsel falsifies the record with respect to my work history with the DMV,
a history which shows no grievance with any Grievance Committee nor any formal written
complaints by Senior Judge Gelbstein (a Defendant in this matter) concerning my conduct while
representing clients at the Traffic Violations Bureau (TVB) at 2875 West 8th Street Brooklyn NY
after 10 full years of uncompromising dedicated service to my clients in the Brooklyn community,
I must object.

My history includes an abundance of wonderful and outstanding reviews by former clients
describing my unrelenting service, a service in which I upheld my oath to the courts of the State
of New York when I was first admitted to the Bar (admitted in New York in 2004, and in
Connecticut in 2005) to zealously advocate for my clients and to abide by the paramount rules
required of any attorney "Do not lie, cheat, or steal" My record will show that in my history of
service with the DMV and its court system,  the Traffic Violating Bureau,  I have faithfully
abided by these rules.

However, the DMV and its employees have not and that is why I bring forth my complaint and my
my now current opposition to to this letter seeking an extension of time.

Let the truth be told, for as opposing counsel has opened the door concerning "years of serious

1

complaints" as alleged in his letter for extension of time to Answer dated May 30, 2018, I shall respond.

Truth be told, the evidence will show, and I will prove that the only evidence of misconduct and of any professional misconduct has occurred repeatedly with those defendants being represented by opposing counsel. Such defendants being ALJ Gelbstein, ALJ Bushra Vahdat, Legal Counsel Ida Traschen, Supervisor Jean Flanagan, Supervisor Danielle Calvo, Supervisor Vincent Palmieri, and Attorney General Pricket Morgan.

The evidence will show, and I will prove that all defendants involved have acted reprehensibly in their conduct as administrative law judges, legal counsel, and supervisory clerks.

The evidence will show that the any incident of misconduct which involved my office and myself first began in December of 2011 while after almost 7 full years of faithful service in the DMV Traffic Violations Bureau at 2875 West 8th Street Traffic Violations Bureau, I entered an attorneys' room in such Traffic Violations Bureau. At which point in time, as was my normal practice I put down my cup of coffee. At which in point time an attorney who you will come to hear about stood in front of my coffee. This attorney is Jakov Brody. I asked this attorney very respectfully and politely, "May I please get my coffee." In response Attorney Brody responds, "Go F--- yourself you Jew hater anti-Semite." I said what and worked away. The evidence will show, I walked away to argue the morning cases, and when I came back Attorney Brody was again blocking my path to my coffee. I again asked politely and respectfully "May I please get my coffee." Attorney Brody once again replied "Go F--- yourself you Jew hater you anti-Semite." At which point in time, I was offended. Let it be known the evidence will show and I will prove I am not an anti-Semite. I had practiced law continuously in 2875 West 8th Street Traffic Violation Bureau for almost 7-years to that point in time without a complaint from any nationality, and specifically any Jewish colleagues, that I am an anti-Semite.

Honestly and truthfully, after this incident I was offended. Attorney Brody did exactly what he came to Court that day to do. - which was to get me expelled from the TVB.

After Attorney Brody's inappropriate remarks, as indicated I was upset. In response, and as a man first, attorney second, I admit to throwing a punch in the air in no one's direction and at no person. I was not arrested. Attorney Brody saw this and ratted me out to Defendant Gelbstein (Ratted – a layman's term meaning creating and participating in an incident, blindsiding a fellow attorney and going above his head to a senior official to get such attorney suspended from practice).

Defendant's Gelbstein and Vahadat called me in for a conference. Their reply after giving me no meaningful time to reply, no opportunity to present witnesses or evidence or be represented by Counsel, was Defendant's Gelbstein's reply "You are not welcome in the TVB any longer."

Representing my innocence, I hired Counsel to represent me at an Article 78 Proceeding in February of 2012. At that time in settlement I was offered the opportunity to take an Anger Management Course or go forward with a hearing on the merits. The judge at that time offered me

2

a date a year from my initial hearing date on such claims. Annoyed yet still feeling an unrelenting obligation to my clients to represent them in Court (I had at that time between 800-900 clients) at the Brooklyn TVB, I took the Anger Management Course and went back to work in June of 2012, with an understanding that I would be treated fairly and equally with this tribunal - that did not occur as my Complaint as filed shows.

Thinking back, my misgiving, my sin, which I cannot at this point in life rectify, is that I am an Italian American working in a Jewish Community and my Jewish colleagues felt I was making too much money and they needed me to be removed and did whatever they needed to do to do so.

My fault, my sin, in retrospect, is being a good attorney in a community of attorneys and judges in which I refused to "play the game."

The evidence will show, and I will prove that I refused to "play the game" with the DMV Traffic Violations Bureau clerical staff as well as its administrative judges. By playing the game I mean the following: tipping the clerks of the Court which my colleagues were doing repeatedly, giving the clerks gifts and presents for the major holidays, giving the clerks of the Court parties for all the major holidays, and condoning the actions of so called ticket brokers who came to the TVB in Brooklyn with the approval of Defendant's Gelbstein. Specifically, the evidence will show, and I will prove, that I did not condone the actions of one woman whose name is Tanya Rabinowitz -a woman who was a ticket broker (a person hustling tickets representing themselves as lawyers in the TVB but who are not lawyers). The evidence will show, and I will prove that I complained of such ticket brokers to Defendant Gelbstein. The evidence will show, and I will prove that I repeatedly observed Defendant Gelbstein having lunch with such ticket brokers and I asked him "Don't you know who you are having lunch with" Defendant's Gelbstein's response was "They are friends of my wife, I have dinner with them, yet I do not know what they do for a living." The evidence will show, and I will prove that Defendant Gelbstein had full knowledge of what and who these ticket brokers were and what they did for a living and condoned their activities and their misrepresentation as lawyers in his Court. The evidence will show, and I will prove that I complained to the NY District Attorney's Office concerning the activity of one ticket broker -   a Tanya Rabinowitz -   who repeatedly represented herself as a lawyer, and that after Defendant Gelbstein gained knowledge of such complaint to the District Attorney's Office his response to me was "Who are you - Don Quixote." Defendant Gelbstein played the game I refused. Defendant Gelbstein looked the other way, I refused. In consequence I have been sanctioned and suspended from the practice of law in his Court and in any TVB Court. I stand by my refusal, I will not play the game.

This prefaced, when I began to practice law again in the Brooklyn TVB in June 2012 the incidents as described in my Complaint to your Office occurred. Specifically, those that concerned Defendant Smart.

The evidence will show, and I will prove, that while zealously advocating for my clients in the DMV Traffic Violations Bureau though not always liked, I conducted myself with the utmost respect for all persons I encountered. I was a gentleman always. The evidence will show, and I

will prove that any evidence of misconduct will be with the DMV and its officials and staff. I show the following:

1) AJG Gelbstein – when complaining to ALJ Gelbstein concerning Defendant Smart's misconduct, as delineated in my complaint – his only response was a laugh and giggle and stating, "a spade is a spade."
2) ALG Vahdat – has a history of misconduct of grievance not only with the Grievance Committee but also with her own employer the DMV. She has been reprimanded and sanctioned by the Grievance Committee as well as suspended from her own employment with the DMV for several weeks due to her inappropriate conduct while performing her duties in her office.
3) 3) Ida Trashcan conduct as described in my complaint – barring me from all practice in the TVB without a hearing, ability to present evidence, call witnesses, or be represented by counsel, refusing to return phone calls or provide explanation and barring me from practice in the TVB after an alleged review of a security tape for for less than 10 minutes on May 11, 2015, a tape which she failed to produce after requested by me by way of a Foil request to the DMV.
4) Defendant's Calvo - removing me from practice at the DMV TVB at 2875 West 8th Brooklyn NY without explanation or reason.
5) Defendant's Flanagan, Palmieri and Prickett-Morgan - condoning such removal without a hearing or right to be heard and in retaliation for invoking my right to seek redress to Pricket's Morgan's office by way of my letter to her office on May 20, 2012.


II.    Allowing additional time to counsel to answer gives defendant an unfair advantage

The Federal Rules are quite clear that the answer to the Complaint must be filed in 20 days of service of the Summons if service by waiver is not sought.

Defendants Gelbstein, Tahir, Smart, Prickett – Morgan, and Calvo have been individually served and all need to abide by this mandate of service of process and response. Seeking additional time to gather evidence is a matter for the Discovery stage of this litigation not in answering the Complaint.

All fact finding demanded by opposing counsel must be done during the Discovery process. Counsel in his Answer need simply make an admission, a denial, or indicate he has insufficient knowledge to form such a belief and such a response is only required to Defendant Gelbstein, Calvo, and Prickett Morgan at the present time.

Additional time should not be given to inappropriately allow all Defendants to collude and commonly provide a common Answer, collectively made. Such a response goes outside the scope and meaning of the Federal Rule and gives an unfair advantage to the defendants who now seem to be acting in concert as opposed to individually which is how the Complaint is written. The Defendants are sued individually not collectively – Let them answer individually.

4

III.    Additional time should not be given to extend because speculation and conjecture is
      not relevant

Opposing counsel should not speculate as to my need to work and label such claims "specious."
Not all attorneys are as fortunate as opposing counsel to be the Assistant Attorney General for the
State of New York, a position which provides guaranteed pay checks on weekly basis, medical
leave, medical insurance, paid holidays, paid vacation and and pension benefits.   I am a solo
practioner. I faithfully serve the every day man and in doing so my income is based on the needs
and ability of my clients to pay which in turn allows me the ability to provide for my daily needs.
For opposing counsel to speculate as to what my needs are in these respects is reprehensible and
most importantly not a proper reason to extend the time to answer these complaints individually
served to individual defendants.

For these reasons, I object to an extension of time to answer the Complaint as filed.

Yours respectfully,

Mario H. Capogrosso
21 Sheldrake Place
New Rochelle, NY 10804
914-806-3692
NY Reg. No. 4244331
Ct Juris 424192


CC: Defendants: Tahir, Smart, Pec Security Group


*Drop off in Clerks, 6/8/18.*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK


MARIO H. CAPOGROSSO, ESQ.

                                        Plaintiff

-against-                                                CV-18-2710

ALAN GELBSTEIN, et. al                          **AFFIRMATION OF SERVICE**

                                        Defendants

_____


        I, Mario H. Capogrosso, declare under penalty of perjury that I have served a copy of the

attached Letter in Opposition to Defendants' Request for Extension of Time to Answer Complaint

upon:

Mark Siegmund
Assistant Attorney General
28 Liberty Street
New York, NY 10005

Boshra Vahdatlamas (aka Bushra Vahdat)
801 Axinn Avenue,
Garden City New York 11530

Ida Traschen
6 Empire State Plaza
Garden City, New York 11228

Elizabeth Prickett Morgan
50 Park Terrace East
New York, NY 10034

Jean Flanagan
6 Empire State Plaza
Albany, New York 11228

Vincent Palmieri
6 Empire State Plaza
Albany, New York 11228

Sadiq Tahir
2994 Coney Island Avenue
Brooklyn, NY 11235

Danielle Calvo
9952 Fort Hamilton Parkway, Apt. #F
Brooklyn, New York 11209

Pec Group of NY
935 S. Lake Blvd. #7
Mahopac, NY 10541

David Smart
2355 Batchelder Street, Apt 3E
Brooklyn, NY 11229


via U.S. Postal Service First Class Mail, this 6th day of June, 2018.


Westchester, NY
June 6, 2018

Mario H. Capogrosso
21 Sheldrake Place
New Rochelle, NY 10804
(914) 806-3692