## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS

*FILED*
2018 JUN 19 PM 8:33
CLERK
U.S. DISTRICT COURT
E.D.N.Y.

### PRELIMINARY STATEMENT

In this action, the Plaintiff seeks money damages for violations of his Civil Rights under the Constitution of the United States and asserts his right to sue for said violations pursuant to 42 U.S.C.§1983, 42 U.S.C. §1985, 42 U.S.C. §1986 and 42 U.S.C. §1988, as well as pendent causes of action under the Common Law of the State of New York.

Pursuant thereto Plaintiff filed a Civil Complaint, CV18-2017 with the United States District Court for the Eastern District of New York.

In response Defendant Sadiq Tahir, a party named in the Plaintiff's Complaint, filed and served his Answer and Counterclaims, dated May 29, 2018.

Plaintiff now moves this Court for dismissal of all Defendant's counterclaims.

### STATEMENT OF FACTS

Plaintiff was expelled from practicing law at the Department of Motor Vehicles (DMV) Traffic Violations Bureau (TVB) and has been prevented from representing clients at any of the locations of the Traffic Violations Bureau since May 11. 2015. Plaintiff was never provided with the reasons or rationale for such action and Plaintiff has not been allowed to return to practice at any of the Traffic Violations Bureau sites since May 11, 2015. Further, Plaintiff was not provided with any documentation as to the identity of his accusers, the particulars or the nature of any complaints against him, nor

was the Plaintiff given the opportunity to participate in a due process hearing.

The actions of Defendant Sadiq Tahir, through the propagation of some type of work violence report, never corroborated or witnessed by Plaintiff, precipitated the expulsion and removal of Plaintiff from practicing law at the DMV TVB.

Plaintiff was legally entitled to a due process hearing because he had a property and/or liberty interest in practicing his profession in the Traffic Violations Bureau Court. The Traffic Violations Bureau Court is an agency of the New York State Motor Vehicle Department, a State government agency.

Plaintiff has no adequate remedy under State law.

## ARGUMENT

### Point One

**Defendant's Counterclaims should be dismissed for failure to state a cause of action under F.R.C.P. 12(b)(6) because it fails to state a claim upon which relief may be granted.**

Defendant's counterclaim should be dismissed as against Defendant Tahir pursuant to F.R.C.P. 12(b)(6), for failure to state a cause of action.

**Standard for Dismissal**

In assessing a motion to dismiss under F.R.C.P. 12(b)(6), dismissal of the complaint is appropriate where the plaintiff (counter claiming defendant) has failed to offer sufficient factual allegations making any asserted claim "plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Gross v. Waywell, 628

F.Supp.2d 475, 480 (U.S. Dist. Ct., S.D.N.Y., 2009). Dismissal is appropriate when "it appears beyond a doubt that the plaintiff can provide no set of facts in support of the claim which would entitle him to relief." Staron v. McDonald's Corp., 51 F.3d 353, 355 (2d Cir. 1995), (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). While a trial court must accept as true the factual allegations in the complaint, and draw all reasonable inference in favor of the non-moving party [McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007)], "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to [defeat] a motion to dismiss." Achtman v. Kurby, McInerney & Squire, LLP, 464 F.3d 328,337 (2d Cir. 2006). "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level." ATSI Communications, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007).

In the present case, Defendants Tahir makes his counterclaim for harassment and "bringing frivolous law suits" yet fails to provide any factual support whatsoever to support such a claim. Without factual support the claims are attenuated, unsubstantial, devoid of merit and not open to discussion. The claim is not plausible and must be dismissed as a matter of law.

**Point Two**

**Defendant's Counterclaim for Harassment should be dismissed for failure to state a claim for Harassment**

In the instant matter, the most applicable New York tort doctrine akin to harassment would be Intentional Infliction of Emotional Distress, under NY Civil Rights Law §§ 50-51. The essential elements of this tort that must be alleged and proved are:

1) Extreme and outrageous conduct;

2) Intent to cause, or disregard of a substantial probability of causing severe emotional distress;

3) A causal connection between the conduct and injury; and

4) Severe emotional distress.

The leading case on this tort is Howell v. New York Post Co., 612 N.E.2d 699, 701 (N.Y. 1993) wherein the Court found that, "[l]iability [for intentional infliction of emotional distress] has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Id., 612 N.E.2d at 702-03.

Further, "[P]rima facie tort may not be invoked as a basis to sustain a pleading which otherwise fails to state a cause of action in conventional tort." Jones v. Maples/Trump, 2002 WL 287752, 10 (S.D.N.Y. 2002).

Defendant Tahir provides no factual support whatsoever to support his claim for harassment and frivolous litigation. Without factual support the claims are attenuated, unsubstantial, devoid of merit and not open to discussion. The claim is not plausible and must be dismissed as a matter of law.

4

Point Three

**Defendant's Counterclaim for Harassment should be dismissed for it is time barred**

NY CPLR 215(3) requires the commencement of an action for intentional infliction of emotional distress (Defendant's claim for harassment) must be brought one year from the date of the act. Here, Defendant's claim is brought more than three years after the commission of any which might give rise to the such a claim. Note, Plaintiff has been barred from practicing law since May 11, 2015 in the DMV TVB. Defendant's claim is time barred ad must be dismissed.

Point Four

**Defendant's Counterclaims should be dismissed for lack of subject matter jurisdiction under F.R.C.P. 12(b)(1) because federal courts have no jurisdiction over Defendant's frivolous claim.**

The Supreme Court has held that "federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit,' 'wholly insubstantial,' 'obviously frivolous,' 'plainly insubstantial,' or 'no longer open to discussion.'" Hagans v. Lavine, 415 U.S. 528,536-37 (1974). The determination of whether the merits of Plaintiff's Complaint herein are sufficiently substantial is a threshold question which should be addressed before this Court can exercise jurisdiction and proceed to the portion of this motion seeking to dismiss the Complaint under F.R.C.P. 12(b)(6) (see Point II, infra.) Greene v. Hawes, 913 F.Supp. 136, 140 (U.S. Dist. Ct., N.D.N.Y., 1996); see Bell v. Hood, 327 U.S. 678, 682-83 (1946)

5

In the present case, Defendants Tahir makes his counterclaim for "bringing frivolous lawsuits" yet fails to provide any factual support whatsoever to support such a claim. Without factual support the claim is attenuated, unsubstantial, devoid of merit and not open to discussion. The claim is not plausible and must be dismissed as a matter of law.

**Point Five**

**Defendant's Counterclaims Must Be Dismissed Pursuant to Rule 12(b)(2) for Lack of Personal Jurisdiction**

To withstand a motion to dismiss for lack of personal jurisdiction, Plaintiff bears the burden of demonstrating that the Court has jurisdiction over [Defendant]. Metropolitan Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 566 (2d Cir. 1996). This burden can be satisfied by "stating facts in the complaint and other papers sufficient to support a reasonable inference that the defendant may be subject to personal jurisdiction within the state." Sultanik v. Cobden Chadwick Inc., 94 F.R.D. 123, 124 (E.D.N.Y. 1982).

Here, Defendant Tahir has not met this burden for Defendant has not asserted a single fact that would provide a basis for this Court to exercise jurisdiction over Plaintiff with respect to Defendant Tahir's counterclaims.

**Point Six**

**Defendant's Counterclaims Should Be Dismissed for Failure to Sufficiently State a Claim in compliance Rule 8(a) of the Federal Rules of Civil Procedure**

Rule 8(a) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief."

Here, Defendant Tahir provides no factual basis to support any viable claim for relief with respect to harassment and frivolous litigation. Without factual support the claim is attenuated, unsubstantial, devoid of merit and not open to discussion. The counterclaims fail to meet even the liberal pleading requirements of Rule 8(a) and must be dismissed as a matter of law.

**Point Seven**

**Pursuant to Rule 11, Defendant Should Be Sanctioned for Knowingly Making False Allegations and Frivolous Legal Claims Without Any Evidentiary Support**

Fed. R. Civ. P. 11(b) and 11(c) set forth in relevant part:

(b) Representations to the Court. By presenting to the court (whether signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances,

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of a new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically, so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

(c) Sanctions. If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may... impose an appropriate sanction upon the attorneys, the law firms, or parties that have violated subdivision (b) or are responsible for the violation.

The central goal of Rule 11 Sanctions is the deterrence of baseless filings and the curbing of abuses. <u>Cooter & Gell v. Hartmarx Corporation, 496 U.S. 384, 393, 110 S. Ct. 2447, 2454, 110 L. Ed. 2d 359 (1990).</u> Rule 11 specifically allows the imposition of sanctions upon a finding that a factual allegation has no evidentiary support, unless there is specific disclaimer that additional investigation is necessary and that there will likely be evidentiary support for the allegation. <u>O'Brien v. Alexander, 101 F.3d 1479, 1489 (2d Cir. 1996).</u>

Defendant provides no factual allegations nor evidentiary support to support his counterclaim for harassment and frivolous litigation. Devoid of such factual support, such counterclaims are being made only to harass, cause delay and increase the costs of litigation. Plaintiff seeks sanctions pursuant to Fed. R. Civ. P. 11.

## Point Eight

## Defendant's Counterclaims Should Be Dismissed and Stricken for Insufficiency of Pleading Pursuant to FRCP 11(a)

Rule 11(a) provides:

(a) SIGNATURE. Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

Defendant Tahir in his Answer and Counterclaim, dated May 29, 2018, provides no phone number by which Plaintiff may properly enter into negotiation with Defendant nor does such Answer/Counterclaim provide an Affirmation of Service indicating the proper date upon which such Answer/Counterclaim was delivered to Plaintiff. Pursuant to FRCP Rule 11(a) Defendant's Answer/Counterclaim should be dismissed.

## **CONCLUSION**

For these reasons, I the Plaintiff, Mario H. Capogrosso, respectfully requests that Plaintiff's motion to dismiss be granted, Defendant's counterclaims against Plaintiff be dismissed with prejudice, Plaintiff be awarded costs and fees, and that appropriate sanctions be imposed as deemed appropriate by this Court

Dated; June 18, 2018
Westchester, New York

Mario H. Capogrosso
21 Sheldrake Place
New Rochelle, NY 10804
(914) 806-3692

10