

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

BARBARA D. UNDERWOOD
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8627

July 13, 2018

VIA ECF
Hon. Lois Bloom
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

RE: *Capogrosso v. Gelbstein et al.*, No. 18-cv-2710 (E.D.N.Y.)

Dear Judge Bloom:

We represent defendants Gelbstein, Vahdat, Traschen, Morgan (formerly Prickett-Morgan), and Calvo in the above-referenced action, and we anticipate representing defendants Flanagan and Palmieri once they are served with the Complaint (collectively, the "State Defendants").[1] By separate letter to Judge Brodie, which was filed earlier today (ECF No. 19), the State Defendants requested that the Court schedule a pre-motion conference relating to their anticipated motion to dismiss the Complaint. By this letter, the State Defendants respectfully request that Your Honor stay discovery in this action pending determination of the State Defendants' motion to dismiss.

The Court has discretion to stay discovery for "good cause" pending resolution of a motion to dismiss. *See* Fed. R. Civ. P. 26(c)(1). As a threshold matter, discovery should be stayed because the State Defendants will move to dismiss in part based on the grounds of qualified immunity (as to all State Defendants) and absolute immunity (as to defendant Assistant Attorney General Morgan). *See* Ltr. to Judge Brodie at 3. It is black letter law that discovery should be stayed until such immunity issues are resolved. *See Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (noting that the "'driving force' behind creation of the qualified immunity doctrine was a desire

[1] Although the Court's June 12, 2018 Order (ECF No. 12) states that "proof of service on all defendants has been filed with the Court, ECF No. 10," affidavits of service have not been filed for defendants Vahdat, Traschen, Flanagan or Palmieri. Plaintiff appears to have served the Complaint on defendants Vahdat and Traschen. While Plaintiff also attempted service on defendant Jean Flanagan, we are advised that Plaintiff mistakenly attempted service on another person named Jean Flanagan. We are not aware of any attempt by Plaintiff to serve the Complaint on defendant Palmieri.

to ensure that 'insubstantial claims' against government officials [will] be resolved *prior to discovery*," and stressing the "importance of resolving immunity questions at the earliest possible stage in litigation") (citations omitted; emphasis added); *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (noting that qualified immunity defense "is meant to give government officials a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such *pretrial* matters as discovery'") (citation omitted; emphasis in original); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed."); *X–Men Sec., Inc. v. Pataki*, 196 F.3d 56, 65 (2d Cir. 1999) ("[Qualified] immunity protects the [government] official not just from liability but also from suit on such claims, thereby sparing him the necessity of defending by submitting to discovery on the merits or undergoing a trial."); *Justice v. King*, 2011 WL 1432130, at *5 (W.D.N.Y. Mar. 24, 2011) (staying discovery pending decision on defendant's motion to dismiss on absolute immunity grounds).

In addition to the State Defendants' immunity defenses, a stay of discovery is warranted for numerous other reasons. Courts in this district have considered the following factors in deciding motions to stay discovery pending the resolution of dispositive motions:

> (1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay.

*Thomas v. N.Y. City Dep't of Educ.*, 2010 WL 3709923, at *3 (E.D.N.Y. Sept. 14, 2010) (staying discovery pending motion to dismiss) (citation omitted); *see also Gandler v. Nazarov*, 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994) (staying discovery because defendant's motion to dismiss "is potentially dispositive, and appears to be not unfounded in the law"); *see generally Gardner v. Major Automotive Cos.*, 2012 WL 1230135, at *3 (E.D.N.Y. Apr. 12, 2012) (staying discovery and noting that the "purpose" of a discovery stay "is to avoid saddling defendants with the burden of discovery in meritless cases, and to discourage the filing of cases that lack adequate support for their allegations in the mere hope that the traditionally broad discovery proceedings will produce facts that could be used to state a valid claim.") (citation omitted).

Here, each of these factors warrants staying discovery until the State Defendants' motion to dismiss is decided.

*First*, as previewed in our letter to Judge Brodie, the State Defendants will make a strong showing in their motion to dismiss that Plaintiff's claims lack merit and should be dismissed for numerous independent reasons. Plaintiff was permanently barred from practicing law in Traffic Violation Bureau ("TVB") locations of the Department of Motor Vehicles ("DMV") because of numerous serious and well-documented incidents of Plaintiff's violent conduct and other unprofessional behavior that posed an imminent threat to the safety of DMV's employees and the public. From at least 2009 until 2015 when Plaintiff was permanently barred from TVBs, the DMV received numerous complaints regarding Plaintiff's behavior from his colleagues, his own clients, and DMV Administrative Law Judges ("ALJs") and DMV staff. Plaintiff's troubling behavior culminated in his physical assault on a security guard at the Brooklyn South TVB in May 2015, after which the DMV banned Plaintiff from practicing in any TVBs. The record of Plaintiff's violent and threatening behavior renders completely implausible his conclusory

allegations in the Complaint that the State Defendants arbitrarily conspired to retaliate against him for exercising unspecified First Amendment rights and to violate his due process rights.

*Second*, it would be burdensome and prejudicial to the State Defendants to have to engage in discovery before their motion to dismiss is decided. It would take a great deal of time and substantial resources to undertake discovery into the many complaints and incidents regarding Plaintiff's behavior and the facts and circumstances alleged in the Complaint given Plaintiff's long history of troubling behavior at the DMV's TVBs. Indeed, the Complaint itself references facts and circumstances stretching back many years. *See Spencer Trask Software & Info. Services, LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (staying discovery because "proceeding with discovery while the motion to dismiss is pending would unnecessarily drain the parties' resources").

*Third*, Plaintiff will not be prejudiced if discovery is stayed. There is no risk that documents will be lost if discovery does not immediately commence because documents in the possession of the DMV and this Office are currently subject to a litigation hold as a result of this litigation. Moreover, Plaintiff is not in a position to demand that discovery commence immediately given his own unexplained delay in commencing this action: Plaintiff waited until May 8, 2018, nearly *three years* after he was permanently barred from practicing at TVBs on May 11, 2015, to commence this action seeking damages and injunctive relief related to the ban.

For these reasons, we respectfully request that Your Honor stay discovery – including submitting Rule 26(a)(1) initial disclosures and a Rule 26(f) Meeting Report (*see* Order at ECF No. 12) – until the State Defendants' motion to dismiss is decided. We also respectfully request that the initial conference presently scheduled for July 25, 2018 (*see id.*) be adjourned *sine die* until the motion to dismiss is decided.

Respectfully submitted,

Mark Siegmund
Assistant Attorney General

Cc: Plaintiff, via ECF & First-Class Mail