

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

BARBARA D. UNDERWOOD
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8627

July 23, 2018

VIA ECF

Hon. Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom 6F
Brooklyn, NY 11201

Hon. Lois Bloom
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

RE: *Capogrosso v. Gelbstein et al.*, No. 18-cv-2710 (E.D.N.Y.)

Dear Judge Brodie and Judge Bloom:

We represent defendants Gelbstein, Vahdat, Traschen, Morgan (formerly Prickett-Morgan), and Calvo in the above-referenced action brought by Plaintiff Mario Capogrosso pursuant to 42 U.S.C. §§ 1983, 1985, 1986 and 1988, and we anticipate representing defendants Flanagan and Palmieri if they are served with the Complaint (collectively, the "State Defendants"). We write to advise the Court of a troubling incident that took place earlier today and to request Court intervention.

As we informed the Court in our letter to Judge Brodie dated July 13 (ECF No. 19), plaintiff is permanently barred from practicing at Traffic Violation Bureaus (TVBs) of the Department of Motor Vehicles ("DMV") because of numerous serious incidents of violent and threatening conduct and other unprofessional behavior that posed an imminent threat to the safety of DMV's employees and the public. Last week, on July 18, I received a call from plaintiff advising me that, despite his lifetime ban, he intended to appear at TVBs to take "witness statements" to submit in response to our July 13 letter. I reminded plaintiff of his lifetime ban from appearing at TVBs. I also stated that there were procedures that had to be followed to take discovery in federal cases and that we had requested that discovery be stayed pending determination of the State Defendants' motion to dismiss. *See* ECF No. 20 (July 13 letter to Judge Bloom requesting discovery stay). Following that conversation, I sent a letter to plaintiff reminding him of his lifetime ban, a copy of which is enclosed as Exhibit 1.

I have been advised that plaintiff nonetheless appeared at the Brooklyn South TVB earlier today. I am further advised that Plaintiff demanded from DMV staff the addresses of certain individuals so that he could contact them and take "witness statements," and that plaintiff claimed he had a right to this information pursuant to Rule 26 of the Federal Rules of Civil Procedure. Plaintiff eventually left the premises after being requested to leave by Administrative Law Judge Alan Gelbstein, a defendant in this action.

Plaintiff's appearance at the Brooklyn South TVB today was unauthorized, unprofessional, violated plaintiff's lifetime ban from TVBs, violated ethics rules prohibiting plaintiff from directly contacting DMV officials who are represented by this Office in this action, and was unsettling to the staff present who had earlier experience with prior incidents of threatening and hostile behavior by plaintiff. I have been informed that the DMV is reviewing options that may be available to it to protect against plaintiff's troubling behavior. In the meantime, I respectfully request that the Court direct plaintiff not to appear at any TVBs or otherwise seek to contact any judges, clerks, or other TVB staff during the pendency of this action.

Respectfully submitted,

Mark Siegmund<br>
Assistant Attorney General

Encl.

Cc:     Plaintiff, via ECF & First-Class Mail