ORIGINAL

July 30, 2018

Hon. Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201



United States Magistrate Judge Bloom
United States District Court
Eastern District of Ne York
225 Cadman Plaza East
Brooklyn, NY 11201

Re; Capogrosso v. Gelbstein et al, No. 18-cv-2710 (E.D.N.Y.)

Judge Brodie and Magistrate Bloom:

In response to opposing counsel M. Siegmund, Assistant Attorney General, letter dated July 23, 2018, attached as Exhibit A, I ask that you consider the following and rule accordingly.

## POINT 1 I HAVE BEEN ORDERED BY THIS COURT TO COMPLY WITH RULE 26(a)(1) INITIAL DISCLOSURES

Per your Court Order, attached as Exhibit B, dated June 12, 2018 to me, I was ordered by Your Honor to

"exchange their Rule 26 (a)(1) initial disclosures file their Rule 26 (f) Meeting Report."

Rule 26 (a) (1) disclosures, attached as Exhibit C, require that "a party must, without awaiting a discovery request, provide to other parties:

(A) The name, and if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of information.

In accordance with this Federal Rule and your Court's Order to me to comply with it by July 23, 2018, I am ordered by this Court to provide my adversaries with a list of witnesses, their names and addresses.

To comply as required I needed the names and if possible addresses and phone numbers of three potential witnesses I expect to call at trial. I needed the names of two clerks whose first names I know (Cindy and Marisol) who work at the DMV TVB located at 2875 West 8th Street, Coney

1

Island NY and the Sergeant who asked me to leave the DMV at Coney Island Traffic Court on May 11, 2015. I have no knowledge of this Sergeant's first or last name nor her address or phone number and have no knowledge of the last names of the two clerks (Marisol and Cindy) nor of their addresses and phone numbers.

## POINT 2 ATTORNEY M. SIEGMUND HAS ATEMPTED TO ABROGATE YOUR COURT ORDER REQUIRING AN EXCHANGE OF RULE 26(a)(1) INITIAL DISCLOSURES

In an attempt to enter into settlement negotiations with Attorney M. Siegmund we did engage in a conversation on July 18, 2018. I did represent to Attorney M. Siegmund at that time that I needed the name of three witnesses that I intended to call at trial.

Per our conversation of July 18, 2018, I indicated that I needed the names and possibly phone numbers of three witnesses. At which point Attorney Siegmund in violation your Court Order to me ordered me to stay away from the DMV. See Attached Exhibit D.

I submit in doing so, Attorney M. Siegmund, abrogates, acts in willful disobedience and defiance, of your Court Order.

I submit that I take Orders from Judges under lawful direction and not from lawyers, and specifically not from lawyers who are **NOT ACTING** in representation of the Department of Motor Vehicles but who is acting as counsel representing Defendants (Gelbstein, Vahdat, Traschen, Calvo, Flanagan, and Palmieri) who happen to work for the Department of Motor Vehicles and are a party to a lawsuit.

In barring me from complying with your Order to present a witness list and from ordering me not to appear at the DMV in order to comply with such he has abused the power of his office, acted outside the authority and jurisdiction of his office and not only must be sanctioned by this Court but also by way of my Grievance which will be filed shortly with the appropriate Disciplinary Committee.

Attorney M. Siegmund likes to falsify the record and mischaracterize the evidence. He does so constantly and repeatedly, and he must be held to task. At no point in time did I indicate to Attorney M. Siegmund that I intended to take "witness statements" as he indicates in his letter of July 23, 2018, Exhibit A.

I also refer the Court to Rule 26 (a)(1) closing paragraph which very specifically states:

A party **must** make its initial disclosures based on the information then reasonably available to it and is **not excused** from making its disclosures because it has not fully completed its investigation of the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures.

2

In compliance with this Court's Order and Rule 26(a)(1) disclosure I attempted to gather the names of three witnesses I intended to call at trial. I made this attempt while your Order was still in full force and effect on July 23, 2018.

## POINT 3 MY BAN FROM THE TVB GOES UNDOCUMENTED

Attorney M. Siegmund in his letter July 23, 2018, Exhibit A, indicates that "I reminded plaintiff of his lifetime ban at appearing at TVBs."

Attorney Siegmund has made this statement without any documentation nor authority and outside the jurisdiction of his office.

I have received no official order from a judge of the Department of Motor Vehicles prohibiting me from practicing law at the DMV TVB.

I have received a verbal command from DMV TVB legal counsel, Ida Traschen, on May 11, 2015 without explanation or clarification.

But other than an encounter with Defendant Gelbstein (prior to initiation of this lawsuit) on March 16, of 2018 and then again on July 23, 2018 indicating that I was not to be allowed to gather information necessary for Rule 26(a)(1) initial disclosures, I have received no formal Order nor formal notice.

The only notice I have been given by way of any indication of my ban was in response to My Foil request, see attached Exhibit E, in which Defendant Calvo indicates in a Memorandum to Defendants Flanagan and Palmieri, that "Mr. Capogrosso was asked to leave the building that day and since then has not been permitted to enter any of the TVB offices."

I bring this all to the attention of this Court, because Attorney M. Siegmund acts now by his statements in his July 18, 2018 (Exhibit D) letter to my Office and his letter of July 23, 2018 (Exhibit A) to your Court that he now acts as a representative of the Department of Motor Vehicles and not simply as counsel for Defendants who are employees of the Department of Motor Vehicles.

Sanctionable and grievable matters. Let this attorney be held accountable.

## POINT FOUR – MY INTERACTION WITH DEFENDANT GELBSTEIN

Attorney M. Siegmund indicates in his letter of July 23, 2018 (Exhibit A) that I "directly contacted DMV officials who are represented by the Office in the action." Again, a mischaracterization and falsification of the record. At no point in time, when I attempted to comply with this Court Order did I approach Defendant Gelbestein on July 23, 2018. Defendant Gelbstein

3

approached me at which time I indicated very specifically to Defendant Gelbstein that I was not able to speak to him. I turned away from him directly and indicated to the clerk of the Court that I was here only to abide by your Court Order to me to provide a witness list. I was ordered by Defendant Gelbstein that I would not be able to comply with such Order and that "I had to leave," and I complied.

## POINT FIVE - I AM ALLOWED TO SERVE A PARTY, NOT REPRESENTED BY COUNSEL, BY IN HAND SERVICE

Attorney M. Siegmund letter of July 18, 2018 (Exhibit D) smacks in defiance of Federal Rule of Civil Procedure Rule 5 (b)(2) (A) which allows: Service in General: A paper is served under this rule by: (A) handing it to the person," see Exhibit F.

Defendant Smart, an unrepresented Defendant in this action claims an office address at 2875 West 8th Brooklyn New York (see Exhibit G). This is the same address and location of the DMV TVB from which Attorney Siegmund bars me from entering. By not allowing me entrance to the DMV TVB at this location, Attorney Siegmund prohibits and avenue of service allowed to me by the Federal Rules of Civil Procedure as well as enter negotiations with this Defendant (this Defendant provides no phone number). Once again, an abrogation and defiance of lawful federal procedure.

## RELIEF REQUESTED

Please Order Attorney M. Siegmund to stop falsifying the record, abrogating your Court Orders, act in willful defiance of your Court Order, as well as, established federal rules of procedure, and from blatantly acting outside the authority and power of his office. He does not represent the DMV TVB, but Defendants who happen to work for the DMV TVB. I seek sanctions from this Court against Attorney M. Siegmund based on the aforementioned.

Respectfully Submitted,

Mario H. Capogrosso
21 Sheldrake Place
New Rochelle, NY 10804
914-806-3692
NY Reg. No. 4244331

4

# EXHIBIT A



STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

**BARBARA D. UNDERWOOD**
ATTORNEY GENERAL

**DIVISION OF STATE COUNSEL**
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8627

July 23, 2018

VIA ECF

Hon. Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom 6F
Brooklyn, NY 11201

Hon. Lois Bloom
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

RE:   *Capogrosso v. Gelbstein et al.*, No. 18-cv-2710 (E.D.N.Y.)

Dear Judge Brodie and Judge Bloom:

We represent defendants Gelbstein, Vahdat, Traschen, Morgan (formerly Prickett-Morgan), and Calvo in the above-referenced action brought by Plaintiff Mario Capogrosso pursuant to 42 U.S.C. §§ 1983, 1985, 1986 and 1988, and we anticipate representing defendants Flanagan and Palmieri if they are served with the Complaint (collectively, the "State Defendants"). We write to advise the Court of a troubling incident that took place earlier today and to request Court intervention.

As we informed the Court in our letter to Judge Brodie dated July 13 (ECF No. 19), plaintiff is permanently barred from practicing at Traffic Violation Bureaus (TVBs) of the Department of Motor Vehicles ("DMV") because of numerous serious incidents of violent and threatening conduct and other unprofessional behavior that posed an imminent threat to the safety of DMV's employees and the public. Last week, on July 18, I received a call from plaintiff advising me that, despite his lifetime ban, he intended to appear at TVBs to take "witness statements" to submit in response to our July 13 letter. I reminded plaintiff of his lifetime ban from appearing at TVBs. I also stated that there were procedures that had to be followed to take discovery in federal cases and that we had requested that discovery be stayed pending determination of the State Defendants' motion to dismiss. *See* ECF No. 20 (July 13 letter to Judge Bloom requesting discovery stay). Following that conversation, I sent a letter to plaintiff reminding him of his lifetime ban, a copy of which is enclosed as Exhibit 1.

July 23, 2018                                                                    Page 2

I have been advised that plaintiff nonetheless appeared at the Brooklyn South TVB earlier today. I am further advised that Plaintiff demanded from DMV staff the addresses of certain individuals so that he could contact them and take "witness statements," and that plaintiff claimed he had a right to this information pursuant to Rule 26 of the Federal Rules of Civil Procedure. Plaintiff eventually left the premises after being requested to leave by Administrative Law Judge Alan Gelbstein, a defendant in this action.

Plaintiff's appearance at the Brooklyn South TVB today was unauthorized, unprofessional, violated plaintiff's lifetime ban from TVBs, violated ethics rules prohibiting plaintiff from directly contacting DMV officials who are represented by this Office in this action, and was unsettling to the staff present who had earlier experience with prior incidents of threatening and hostile behavior by plaintiff. I have been informed that the DMV is reviewing options that may be available to it to protect against plaintiff's troubling behavior. In the meantime, I respectfully request that the Court direct plaintiff not to appear at any TVBs or otherwise seek to contact any judges, clerks, or other TVB staff during the pendency of this action.

Respectfully submitted,

Mark Siegmund
Assistant Attorney General

Encl.

Cc:        Plaintiff, via ECF & First-Class Mail

# EXHIBIT B

IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

☆   JUN 1 2 2018   ☆

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MARIO H. CAPOGROSSO,

                Plaintiff,

     -against-

ALAN GELBSTEIN, *in his official and individual capacity*,
BOSHRA VAHDATLAMAS, *in her official and individual
capacity, also known as Bushra Vahdat*, IDA TRASCHEN,
*in her official and individual capacity*, ELIZABETH
PRICKETT-MORGAN, *in her official and individual capacity*,
JEAN FLANAGAN, *in her official and individual capacity*,
VINCENT PALMIERI, *in his official and individual capacity*,
DANIELLE CALVO, *in her official and individual capacity*,
SADIQ TAHIR, *in his individual capacity*, PEC GROUP OF NY,
INC., DAVID SMART, and JOHN AND JANE DOES,

                Defendants.
-------------------------------------------------------------X

**ORDER**
**18 CV 2710 (MKB)(LB)**

**BLOOM, United States Magistrate Judge:**

     *Pro se* plaintiff writes to object to defendant Gelberstein's request for an extension of time to respond to plaintiff's complaint. ECF No. 11. As stated in the Court's June 1, 2018 Order, the first extension request is generally granted as a courtesy. Although appearing *pro se*, plaintiff is an attorney. Thus, he should be aware of such a professional courtesy and conduct himself accordingly. Now that proof of service on all defendants has been filed with the Court, ECF No. 10, the Court orders all defendants to respond to plaintiff's complaint by July 16, 2018.

     The Court shall hold an initial conference on July 25, 2018 at 10:30 a.m. in Courtroom 11A South of the United States Courthouse, 225 Cadman Plaza East, Brooklyn, New York. The parties shall exchange their Rule 26(a)(1) initial disclosures and file their Rule 26(f) Meeting Report with the Court by July 23, 2018. Parties are advised that they must contact each other before making any request for an adjournment to the Court. A request for an adjournment must be received in writing at least forty-eight (48) hours before the scheduled conference.

SO ORDERED.

Dated: June 12, 2018
       Brooklyn, New York

LOIS BLOOM
United States Magistrate Judge

# EXHIBIT C

Case 1:18-cv-03712-SK … Document … Filed 04/30/18   Page 11 of 30 PageID #: 218

# RULE 26 OF THE FEDERAL RULES OF CIVIL PROCEDURE: GENERAL PROVISIONS REGARDING DUSCOVERY; DUTY OF DISCLOSURE

(a)    **Required Disclosures; Methods to Discover Additional Matter.**

    (1)    **Initial Disclosures.**

        Except in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties:

        (A)    the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information;

        (B)    a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment;

        (C)    a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and

        (D)    for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

        (E)    The following categories of proceedings are exempt from initial disclosure under Rule 26(a)(1) :

            (i)    an action for review on an administrative record;

            (ii)    a petition for habeas corpus or other proceeding to challenge a criminal conviction or sentence;

            (iii)    an action brought without counsel by a person in custody of the United States, a state, or a state subdivision;

            (iv)    an action to enforce or quash an administrative summons or subpoena;

            (v)    an action by the United States to recover benefit payments;

            (vi)    an action by the United States to collect on a student loan guaranteed by the United States;

            (vii)    a proceeding ancillary to proceedings in other courts; and

            (viii)    an action to enforce an arbitration award.

Case 1:18-cv-02710-EK-LB Document Filed General/Provisions Page 12 of 30 PageID #: 219

These disclosures must be made at or within 14 days after the Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in the circumstances of the action and states the objection in the Rule 26(f) discovery plan. In ruling on the objection, the court must determine what disclosures - if any - are to be made, and set the time for disclosure. Any party first served or otherwise joined after the Rule 26(f) conference must make these disclosures within 30 days after being served or joined unless a different time is set by stipulation or court order. A party must make its initial disclosures based on the information then reasonably available to it and is not excused from making its disclosures because it has not fully completed its investigation of the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures.

**(2) Disclosure of Expert Testimony.**

(A) In addition to the disclosures required by paragraph (1), a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.

(B) Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

(C) These disclosures shall be made at the times and in the sequence directed by the court. In the absence of other directions from the court or stipulation by the parties, the disclosures shall be made at least 90 days before the trial date or the date the case is to be ready for trial or, if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under paragraph (2)(B), within 30 days after the disclosure made by the other party. The parties shall supplement these disclosures when required under subdivision (e)(1).

**(3) Pretrial Disclosures.**

In addition to the disclosures required by Rule 26(a)(1) and (2) , a party must provide to other parties and promptly file with the court the following information regarding the evidence that it may present at trial other than solely for impeachment:

(A) the name and, if not previously provided, the address and telephone number of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises;

(B) the designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony; and

(C) an appropriate identification of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

Unless otherwise directed by the court, these disclosures must be made at least 30 days before trial. Within 14 days thereafter, unless a different time is specified by the court, a party may serve and promptly file a list disclosing (i) any objections to the use under Rule 32(a) of a deposition designated by another party under Rule 26(a)(3)(B), and (ii) any objection, together with the grounds therefor, that may be made to the admissibility of materials identified under Rule 26(a)(3)(C). Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, are waived unless excused by the court for good cause.

**(4) Form of Disclosures.**

Unless the court orders otherwise, all disclosures under Rules 26(a)(1) through (3) must be made in writing, signed, and served.

**(5) Methods to Discover Additional Matter.**

Parties may obtain discovery by one or more of the following methods: depositions upon oral examination or written questions; written interrogatories; production of documents or things or permission to enter upon land or other property under Rule 34 or 45(a)(1) (C), for inspection and other purposes; physical and mental examinations; and requests for admission.

**(b)        Discovery Scope and Limits.**

Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:

**(1) In General.**

Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii).

**(2) Limitations.**

By order, the court may alter the limits in these rules on the number of depositions and interrogatories or the length of depositions under Rule 30 . By order or local rule, the court may also limit the number of requests under Rule 36 . The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the

7/30/2018   Case RULE 26 OF THE FEDERAL RULES OF CIVIL PROCEDURE: GENERAL PROVISIONS REGARDING DISCOVERY; DUTY OF DISCL...

Case 1:16-cv-?????? Document 29   Filed 07/31/18   Page 14 of 30 PageID #: 221

proposed discovery in resolving the issues. The court may act upon its own initiative after reasonable notice or pursuant to a motion under Rule 26(c) .

### (3) Trial Preparation: Materials.

Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

A party may obtain without the required showing a statement concerning the action or its subject matter previously made by that party. Upon request, a person not a party may obtain without the required showing a statement concerning the action or its subject matter previously made by that person. If the request is refused, the person may move for a court order. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion. For purposes of this paragraph, a statement previously made is (A) a written statement signed or otherwise adopted or approved by the person making it, or (B) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

### (4) Trial Preparation: Experts.

(A) A party may depose any person who has been identified as an expert whose opinions may be presented at trial. If a report from the expert is required under subdivision (a)(2)(B), the deposition shall not be conducted until after the report is provided.

(B) A party may, through interrogatories or by deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in Rule 35(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.

(C) Unless manifest injustice would result, (i) the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under this subdivision; and (ii) with respect to discovery obtained under subdivision (b)(4)(B) of this rule the court shall require the party seeking discovery to pay the other party a fair portion of the fees and expenses reasonably incurred by the latter party in obtaining facts and opinions from the expert.

### (5) Claims of Privilege or Protection of Trial Preparation Materials.

When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced

or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

**(c)      Protective Orders.**

Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

(1) that the disclosure or discovery not be had;

(2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place;

(3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery;

(4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters;

(5) that discovery be conducted with no one present except persons designated by the court;

(6) that a deposition, after being sealed, be opened only by order of the court;

(7) that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way; and

(8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court.

If the motion for a protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or other person provide or permit discovery. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion.

**(d)      Timing and Sequence of Discovery.**

Except in categories of proceedings exempted from initial disclosure under Rule 26(a)(1)(E), or when authorized under these rules or by order or agreement of the parties, a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . Unless the court upon motion, for the convenience of parties and witnesses and in the interests of justice, orders otherwise, methods of discovery may be used in any sequence, and the fact that a party is conducting discovery, whether by deposition or otherwise, does not operate to delay any other party's discovery.

**(e)      Supplementation of Disclosures and Responses.**

A party who has made a disclosure under subdivision (a) or responded to a request for discovery with a disclosure or response is under a duty to supplement or correct the disclosure or response to include information thereafter acquired if ordered by the ourt or in the following circumstances:

(1) A party is under a duty to supplement at appropriate intervals its disclosures under subdivision (a) if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing. With respect to testimony of an expert from whom a report is required under subdivision (a)(2)(B) the duty extends both to information contained in the report and to information provided through a deposition of the expert, and any additions or other changes to this information shall be disclosed by the time the party's disclosures under Rule 26(a)(3) are due.

(2) A party is under a duty seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

(f)    **Meeting of Parties; Planning for Discovery.**

Except in categories of proceedings exempted from initial disclosure under Rule 26(a)(1)(E) or when otherwise ordered, the parties must, as soon as practicable and in any event at least 21 days before a scheduling conference is held or a scheduling order is due under Rule 16(b), confer to consider the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, to make or arrange for the disclosures required by Rule 26(a)(1), and to develop a proposed discovery plan that indicates the parties&rsquo; views and proposals concerning:

(1) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;

(2) the subjects on which discovery may be needed, when discovery should be cmpleted, and whether discovery should be conducted in phases or be limited to or focused upon particular issues;

(3) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and

(4) any other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c).

The attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging the conference, for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 14 days after the conference a written report outlining the plan. A court may order that the parties or attorneys attend the conference in person. If necessary to comply with its expedited schedule for Rule 16(b) conferences, a court may by local rule (i) require that the conference between the parties occur fewer than 21 days before the scheduling conference is held or a scheduling order is due under Rule 16(b), and (ii) require that the written report outlining the discovery plan be filed fewer than 14 days after the conference between the parties, or excuse the parties from submitting a written report and permit them to report orally on their discovery plan at the Rule 16(b) conference.

(g)    **Signing of Disclosures, Discovery Requests, Responses, and Objections.**

(1) Every disclosure made pursuant to subdivision (a)(1) or subdivision (a)(3) shall be signed by at least one attorney of record in the attorney's individual name, whose address shall be stated. An unrepresented party shall sign the disclosure and state the party's address. The signature of the attorney or party constitutes a certification that to the best of the signer's knowledge, information, and belief, formed after a reasonable inquiry, the disclosure is complete and correct as of the time it is made.

(2) Every discovery request, response, or objection made by a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address shall be stated. An unrepresented party shall sign the request, response, or objection and state the party's address. The signature of the attorney or party constitutes a certification that to the best of the signer's knowledge, information, and belief, formed after a reasonable inquiry, the request, response, or objection is:

> (A) consistent with these rules and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law;
>
> (B) not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; and
>
> (C) not unreasonable or unduly burdensome or expensive, given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

If a request, response, or objection is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the party making the request, response, or objection, and a party shall not be obligated to take any action with respect to it until it is signed.

(3) If without substantial justification a certification is made in violation of the rule, the court, upon motion or upon its own initiative, shall impose upon the person who made the certification, the party on whose behalf the disclosure, request, response, or objection is made, or both, an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee.

*HISTORY: (Amended Mar. 19, 1948; July 1, 1963; July 1, 1966; July 1, 1970; Aug. 1, 1980; Aug. 1, 1983; Aug. 1, 1987; Dec. 1, 1993)*

# EXHIBIT D



## STATE OF NEW YORK
### OFFICE OF THE ATTORNEY GENERAL

ERIC T. SCHNEIDERMAN
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8627

July 18, 2018

Mr. Mario H. Capogrosso
21 Sheldrake Place
New Rochelle, NY 10804

    Re:   *Capogrosso v. Gelbstein et al.*, No. 18-cv-2710 (E.D.N.Y.)

Dear Mr. Capogrosso:

During our telephone call today, you discussed a desire to go to a Traffic Violations Bureau ("TVB") of the Department of Motor Vehicles ("DMV") to interview witnesses or take witness statements in connection with the above-referenced litigation that you commenced against various DMV officials and others. As I reminded you on the call, you are permanently barred from appearing at any of the DMV's TVBs for reasons that have already been explained to you. Please let this letter serve as a further reminder that you are not permitted to appear at any TVBs.

                          Sincerely,

                          Mark Siegmund
                          Assistant Attorney General

# EXHIBIT E



**DATE:**     May 27, 2015

**TO:**       Jean Flanagan and Vincent Palmieri

**FROM:**     Danielle Calvo

**RE:**       May 2015 Monthly Report

**OFFICE:**   Brooklyn South TVB



~~Workplace Violence~~

On 5/5 two of the attorneys (Mr.Capagrosso and Mr.Tahir) had an altercation and a workplace violence report was submitted. On 5/11 Mr.Capogrosso pushed our security guard David Smart and another workplace violence report was submitted. Mr. Capogrosso was asked to leave the building that day and since then has not been permitted to enter any of the TVB offices.

www.dmv.ny.gov



## I. Workplace Violence

On 5/5 two of the attorneys (Mr.Capagrosso and Mr.Tahir) had an altercation and a workplace violence report was submitted. On 5/11 Mr.Capogrosso pushed our security guard David Smart and another workplace violence report was submitted. Mr. Capogrosso was asked to leave the building that day and since then has not been permitted to enter any of the TVB offices.



Brooklyn South TVB
Monthly Report for period ending May 31, 2015
Legal Affairs Key Priorities for Program Area Performance and Results



# EXHIBIT F

Case 1:18-cv-02116-EK-LB Document 25 Filed 07/31/18 Page 25 of 30 PageID #: 232



Cornell Law School

# Legal Information Institute [LII]
### OPEN ACCESS TO LAW SINCE 1992

Federal Rules of Civil Procedure › TITLE II. COMMENCING AN ACTION; SERVICE OF PROCESS, PLEADINGS, MOTIONS, AND ORDERS › Rule 5. Serving and Filing Pleadings and Other Papers

# Rule 5. Serving and Filing Pleadings and Other Papers

(a) SERVICE: WHEN REQUIRED.

(1) *In General.* Unless these rules provide otherwise, each of the following papers must be served on every party:

(A) an order stating that service is required;

(B) a pleading filed after the original complaint, unless the court orders otherwise under Rule 5(c) because there are numerous defendants;

(C) a discovery paper required to be served on a party, unless the court orders otherwise;

(D) a written motion, except one that may be heard ex parte; and

(E) a written notice, appearance, demand, or offer of judgment, or any similar paper.

(2) *If a Party Fails to Appear.* No service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4.

(3) *Seizing Property.* If an action is begun by seizing property and no person is or need be named as a defendant, any service required before the filing of an appearance, answer, or claim must be made on the person who had custody or possession of the property when it was seized.

(b) SERVICE: HOW MADE.

(1) *Serving an Attorney.* If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party.

(2) *Service in General.* A paper is served under this rule by:

(A) handing it to the person;

(B) leaving it:

(i) at the person's office with a clerk or other person in charge or, if no one is in charge, in a conspicuous place in the office; or

(ii) if the person has no office or the office is closed, at the person's dwelling or usual place of abode with someone of suitable age and discretion who resides there;

(C) mailing it to the person's last known address—in which event service is complete upon mailing;

(D) leaving it with the court clerk if the person has no known address;

(E) sending it by electronic means if the person consented in writing—in which event service is complete upon transmission, but is not effective if the serving party learns that it did not reach the person to be served; or

(F) delivering it by any other means that the person consented to in writing—in which event service is complete when the person making service delivers it to the agency designated to make delivery.

(3) *Using Court Facilities.* If a local rule so authorizes, a party may use the court's transmission facilities to make service under Rule 5(b)(2)(E).

(c) SERVING NUMEROUS DEFENDANTS.

(1) *In General.* If an action involves an unusually large number of defendants, the court may, on motion or on its own, order that:

(A) defendants' pleadings and replies to them need not be served on other defendants;

(B) any crossclaim, counterclaim, avoidance, or affirmative defense in those pleadings and replies to them will be treated as denied or avoided by all other parties; and

(C) filing any such pleading and serving it on the plaintiff constitutes notice of the pleading to all parties.

(2) *Notifying Parties.* A copy of every such order must be served on the parties as the court directs.

(d) FILING.

(1) *Required Filings; Certificate of Service.* Any paper after the complaint that is required to be served—together with a certificate of service—must be filed within a reasonable time after service. But disclosures under Rule 26(a)(1) or (2) and the following discovery requests and responses must not be filed until they are used in the proceeding or the court orders filing: depositions, interrogatories, requests for documents or tangible things or to permit entry onto land, and requests for admission.

(2) *How Filing Is Made—In General.* A paper is filed by delivering it:

(A) to the clerk; or

(B) to a judge who agrees to accept it for filing, and who must then note the filing date on the paper and promptly send it to the clerk.

(3) *Electronic Filing, Signing, or Verification.* A court may, by local rule, allow papers to be filed, signed, or verified by electronic means that are consistent with any technical standards established by the Judicial Conference of the United States. A local rule may require electronic filing only if reasonable exceptions are allowed. A paper filed electronically in compliance with a local rule is a written paper for purposes of these rules.

(4) *Acceptance by the Clerk.* The clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice.

## NOTES

# EXHIBIT G

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MARIO H. CAPOGROSSO                                    **PRO SE ANSWER**
                        Plaintiff                      CV18-2710

ALAN GELBSTEIN, ET.AL,
                        **Defendants**

## ADMISSIONS AND DENIALS

1. The defendant admits paragraph 4 7 27 28 61 89.

2. The Defendant denies paragraph 8 9 11 30 31 32 40 52 60 62 63 64 65 67 68 70 76 77 78 95 96

   100 101

3. The defendant lacks sufficient knowledge or information to determine the truth of the

allegations in paragraph 1 2 3 5 6 10 12 13 14 15 16 17 18 19 20 21 22 23 24 25 26 29 33 34 35 36 37 38

39 41 42 43 44 45 46 47 48 49 50 51 53 54 55 56 57 58 59 66 69 71 72 73 74 79 80 81 82 83 84 85 86 87

88 90 91 92 93  94 97 98 99.

## DEFENSES

General Denial.

## COUNTERCLAIMS

Plaintiff illegally harassed Defendant and continues to illegally harass Defendant by bringing frivolous

law suits, Defendant therefore seeks punitive damages against Plaintiff in an amount as the Court may

determine appropriate,

As a result of the harassment, defendant was damaged in the sum of $100,000.

**WHEREFORE** defendant demands judgment against plaintiff in the sum of $100,000 and punitive

damages against Plaintiff in an amount as the Court may determine appropriate,

Signed this 29 day of May 2018.

Defendant DAVID SMART, PRO SE
Address _____
Telephone Number _____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK


MARIO H. CAPOGROSSO, ESQ.

                              Plaintiff

-against-                                    CV-18-2710

ALAN GELBSTEIN, et. al                    **AFFIRMATION OF SERVICE**

                              Defendants

_____


       I, Mario H. Capogrosso, declare under penalty of perjury that I have served a copy of the

attached Letter of Clarification and Explanation and Request for Sanctions.


upon:


Mark Siegmund (upon his affirmation
in representing Defendants
Gelbstein, Vahdat, Traschen, Prickett Morgan,
Flanagan, Palmieri, Calvo)
Assistant Attorney General
28 Liberty Street
New York, NY 10005

Sadiq Tahir
2994 Coney Island Avenue
Brooklyn, NY 11235

Pec Group of NY
935 S. Lake Blvd. #7
Mahopac, NY 10541

David Smart
2875 West 8th Street
Brooklyn, NY 11229

via U.S. Postal Service First Class Mail or personal delivery, this 30th day of July 2018.

Westchester, NY
July 30, 2018

Mario H. Capogrosso
21 Sheldrake Place
New Rochelle, NY 10804
(914) 806-3692