

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

BARBARA D. UNDERWOOD
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8627

August 1, 2018

VIA ECF

Hon. Margo K. Brodie
United States District Judge
Eastern District of New York
225 Cadman Plaza East, Courtroom 6F
Brooklyn, NY 11201

Hon. Lois Bloom
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

RE: *Capogrosso v. Gelbstein et al.*, No. 18-cv-2710 (E.D.N.Y.)

Dear Judge Brodie and Judge Bloom:

This Office represents defendants Gelbstein, Vahdat, Traschen, Morgan (formerly Prickett-Morgan), and Calvo in the above-referenced action, and we anticipate representing defendants Flanagan and Palmieri if they are served with the Complaint (collectively, the "State Defendants"). I write in response to the letter from plaintiff to the Court, dated July 30, 2018 (ECF No. 25), requesting that the Court impose "sanctions" against me and threatening to file a "Grievance" against me with the "appropriate Disciplinary Committee."

Plaintiff's letter is without merit and incorrect. The State Defendants never "abrogated" or "defied" any court order regarding discovery. As Plaintiff is aware, the State Defendants requested a pre-motion conference relating to their intended motion to dismiss and requested that discovery be stayed pending the Court's determination of the motion to dismiss. *See* ECF Nos. 19 & 20. Judge Brodie has scheduled a conference for tomorrow, August 2, to address these requests. In light of that scheduled conference, Judge Bloom canceled an initial conference previously scheduled for July 25, 2018 (*see* ECF No. 22), upon which the discovery deadlines referenced in the prior court order were based.

Plaintiff also complains that his permanent ban from the Traffic Violations Bureau ("TVB") – which, as explained in prior correspondence, was a result of Plaintiff's well-documented history of violent and threatening behavior – is "undocumented" because there is no "formal Order" or "formal notice" reflecting his ban. However, there is no such requirement in the DMV's

regulations (*see, e.g.*, 15 NYCRR § 124.2), nor was I personally involved in the DMV's decision, in 2015, to permanently ban Plaintiff from practicing at the TVB.

Furthermore, there is no basis for Plaintiff to accuse me of "falsifying" the "record" in my July 23 letter to the Court (ECF No. 23). As explained in that letter, Plaintiff appeared at the Brooklyn South TVB on July 23 even though he was repeatedly reminded of the ban.

Finally, Plaintiff accuses me of frustrating his ability to serve defendant Smart by reminding him of his permanent ban from appearing at the TVB. Plaintiff's assertion is without merit and incorrect. The ban did not prevent him from hiring a process server to serve any of the defendants. Indeed, Plaintiff appears to have already completed service on defendant Smart by means of a process server. *See* ECF No. 10-2 (Affidavit of Personal Service on defendant Smart, filed on June 8, 2018).

As I mentioned in the July 23 letter, the DMV is reviewing further options that may be available to protect its employees and the public from Plaintiff's troubling behavior. I look forward to discussing these issues with the Court at the conference tomorrow.

Respectfully submitted,

Mark Siegmund
Assistant Attorney General

Encl.

Cc: Plaintiff, via ECF & First-Class Mail