August 1, 2018

Hon. Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

*FILED*
2018 AUG -1 PM 8:25
CLERK
U.S. DISTRICT COURT
E.D.N.Y.

Re; Capogrosso v. Gelbstein et al, No. 18-cv-2710 (E.D.N.Y.)

Judge Brodie
　　　　When I first filed this Compliant I was given Magistrates Bloom's Individual Practices and Rules by the clerk of your Court. I was not given your Individual Practices and Rules. Subsequently I was made aware by the clerk of your Court that you also have Individual Practices and Rules. Pursuant and in compliance thereto, I write pursuant to your Rule 3.A.i and request a pre-motion conference relating to my Motion to Dismiss Defendants Tahir and Smart's Counterclaims. This Motion to Dismiss was filed with the Court on June 20, 2018. The basis of such motion is explained herein.

**Point One Defendants Counterclaims fail to state a cause of action under F.R.C.P. 12(b)(6) because they fails to state a claim upon which relief may be granted.**

**Standard for Dismissal**
　　　　In assessing a motion to dismiss under F.R.C.P. 12(b)(6), dismissal of the complaint is appropriate where the plaintiff (counter claiming defendant) has failed to offer sufficient factual allegations making any asserted claim "plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Gross v. Waywell, 628 F.Supp.2d 475, 480 (U.S. Dist. Ct., S.D.N.Y., 2009). Dismissal is appropriate when "it appears beyond a doubt that the plaintiff can provide no set of facts in support of the claim which would entitle him to relief." Staron v. McDonald's Corp., 51 F.3d 353, 355 (2d Cir. 1995), (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). While a trial court must accept as true the factual allegations in the complaint, and draw all reasonable inference in favor of the non-moving party [McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007)], "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to [defeat] a motion to dismiss." Achtman v. Kurby, McInerney & Squire, LLP, 464 F.3d 328,337 (2d Cir. 2006). "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level." ATSI Communications, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007). In the present case, Defendants Tahir and Smart counterclaims for harassment and "bringing frivolous law suits" fail for they fail to provide any factual support whatsoever to support such a claim. Without factual support the claims are attenuated, unsubstantial, devoid of merit and not open to discussion. Their claims are not plausible and must be dismissed as a matter of law.

1

**Point Two - Defendants' Counterclaims for Harassment fail to state a claim for Harassment**

In the instant matter, the most applicable New York tort doctrine akin to harassment would be Intentional Infliction of Emotional Distress, under NY Civil Rights Law §§ 50-51. The essential elements of this tort that must be alleged and proved are: 1) Extreme and outrageous conduct;2) Intent to cause, or disregard of a substantial probability of causing severe emotional distress;3) A causal connection between the conduct and injury; and4) Severe emotional distress.The leading case on this tort is Howell v. New York Post Co., 612 N.E.2d 699, 701 (N.Y. 1993) wherein the Court found that, "[l]iability [for intentional infliction of emotional distress] has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Id., 612 N.E.2d at 702-03. Further, the Court has ruled in Jones v. Maples/Trump, 2002 WL 287752, 10 (S.D.N.Y. 2002) that a "[P]rima facie tort may not be invoked as a basis to sustain a pleading which otherwise fails to state a cause of action in conventional tort." The Defendants Tahir and Smart provide no factual support whatsoever to support their claims for harassment and frivolous litigation. Without factual support the claims are attenuated, unsubstantial, devoid of merit and not open to discussion. Their claims are not plausible and must be dismissed as a matter of law.

**Point Three - Defendants' Counterclaim for Harassment is time barred**

NY CPLR 215(3) requires the commencement of an action for intentional infliction of emotional distress (Defendant's claim for harassment) must be brought one year from the date of the act. Here, Defendants' Tahir and Smart claims are brought more than three years after the commission of any which might give rise to the such a claim. Note, Plaintiff has been barred from practicing law since May 11, 2015 in the DMV TVB. Defendants' claims are time barred ad must be dismissed.

**Point Four – Defendants' Counterclaims lack of subject matter jurisdiction under F.R.C.P. 12(b)(1) because federal courts have no jurisdiction over Defendant's frivolous claim**

The Supreme Court has held that "federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit,' 'wholly insubstantial,' 'obviously frivolous,' 'plainly insubstantial,' or 'no longer open to discussion.'" Hagans v. Lavine, 415 U.S. 528,536-37 (1974). The determination of whether the merits of Plaintiff's Complaint herein are sufficiently substantial is a threshold question which should be addressed before this Court can exercise jurisdiction and proceed to the portion of this motion seeking to dismiss the Complaint under F.R.C.P. 12(b)(6) (see Point II, infra.) Greene v. Hawes, 913 F.Supp. 136, 140 (U.S. Dist. Ct., N.D.N.Y., 1996); see Bell v. Hood, 327 U.S. 678, 682-83 (1946) In the present case, The Defendants Tahir and Smart make their counterclaim for "bringing frivolous lawsuits" yet fails to provide any factual support whatsoever to support such a claim. Without factual support the claim is attenuated, unsubstantial, devoid of merit and not open to discussion. The claim is not plausible and must be dismissed as a matter of law.

**Point Five – Defendants' Counterclaims Pursuant to Rule 12(b)(2) Lack Personal Jurisdiction**

2

To withstand a motion to dismiss for lack of personal jurisdiction, Plaintiff bears the burden of demonstrating that the Court has jurisdiction over [Defendant]. Metropolitan Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 566 (2d Cir. 1996). This burden can be satisfied by "stating facts in the complaint and other papers sufficient to support a reasonable inference that the defendant may be subject to personal jurisdiction within the state." Sultanik v. Cobden Chadwick Inc., 94 F.R.D. 123, 124 (E.D.N.Y. 1982). Here, The Defendants Tahir and Smart have not met this burden for the Defendants have not asserted a single fact that would provide a basis for this Court to exercise jurisdiction over Plaintiff with respect to Defendants Tahir and Smart's counterclaims.

### Point Six – Defendants' Counterclaims Fail to Sufficiently State a Claim in compliance Rule 8(a) of the Federal Rules of Civil Procedure

Rule 8(a) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Here, Defendants Tahir and Smart provide no factual basis to support any viable claim for relief with respect to harassment and frivolous litigation. Without factual support the claim is attenuated, unsubstantial, devoid of merit and not open to discussion. The counterclaims fail to meet even the liberal pleading requirements of Rule 8(a) and must be dismissed as a matter of law.

### Point Seven – Defendants' Counterclaims Show Insufficient Pleading Pursuant to FRCP 11(a)

Rule 11(a) provides: (a) SIGNATURE. Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.
Defendant Smart in his Answer and Counterclaim, dated May 29, 2018, provides no phone number by which Plaintiff may properly enter into negotiation with Defendant nor does such Answer/Counterclaim provide a viable mailing address. Defendant uses the Department of Motor Vehicles Brooklyn South address of 2875 West 8th Street, which is neither his residence nor business mailing address. Defendant Tahir provides no phone number. Further the Defendants never provided Plaintiff with a proper Affirmation of Service indicating the date upon which such Answer/Counterclaim was delivered to Plaintiff. Pursuant to FRCP Rule 11(a) Defendant's Answer/Counterclaim should be dismissed.

Respectfully Submitted,

*/s/ M. H. C.*

Mario H. Capogrosso
21 Sheldrake Place
New Rochelle, NY 10804
914-806-3692
NY Reg. No. 4244331

3

via U.S. Postal Service First Class Mail, or in hand personal service this 1st day of August, 2018.

Westchester, NY
August 1, 2018

Mario H. Capogrosso
21 Sheldrake Place
New Rochelle, NY 10804
(914) 806-3692

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

MARIO H. CAPOGROSSO, ESQ.

                              Plaintiff

-against-                                  CV-18-2710

ALAN GELBSTEIN, et. al               **AFFIRMATION OF SERVICE**

                              Defendants

---

      I, Mario H. Capogrosso, declare under penalty of perjury that I have served a copy of the attached Request for Pre-Motion Conference

upon:

Mark Siegmund (upon his affirmation
in representing Defendants
Gelbstein, Vahdat, Traschen, Prickett Morgan,
Flanagan, Palmieri, Calvo)
Assistant Attorney General
28 Liberty Street
New York, NY 10005

Sadiq Tahir
2994 Coney Island Avenue
Brooklyn, NY 11235

Pec Group of NY
935 S. Lake Blvd. #7
Mahopac, NY 10541

David Smart
2875 West 8th Street
Brooklyn, NY 11229