UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

MARIO H. CAPOGROSSO,

Plaintiff,

v.

ALAN GELBSTEIN, IN HIS OFFICIAL AND INDIVIDUAL CAPACITY, BOSHRA VAHDATLAMAS, IN HER OFFICIAL AND INDIVIDUAL CAPACITY, ALSO KNOWN AS BUSHRA VAHDAT, IDA TRASCHEN, IN HER OFFICIAL AND INDIVIDUAL CAPACITY, ELIZABETH PRICKETT-MORGAN, IN HER OFFICIAL AND INDIVIDUAL CAPACITY, JEAN FLANAGAN, IN HER OFFICIAL AND INDIVIDUAL CAPACITY, VINCENT PALMIERI, IN HIS OFFICIAL AND INDIVIDUAL CAPACITY, DANIELLE CALVO, IN HER OFFICIAL AND INDIVIDUAL CAPACITY, SADIQ TAHIR, IN HIS INDIVIDUAL CAPACITY, PEC GROUP OF NY, INC., DAVID SMART, and JOHN AND JANE DOE,

Defendants.

---------------------------------------------------------------

**ORDER**
18-CV-2710 (MKB)

MARGO K. BRODIE, United States District Judge:

Defendant and Counterclaim-Plaintiff David Smart, proceeding *pro se*, filed a motion to appoint *pro bono* counsel. (Pl. Mot. to Appoint Counsel, Docket Entry No. 21.) There is no right to counsel in a civil case. *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 453 (2d Cir. 2013). The Court cannot compel an attorney to represent a litigant in a civil case without a fee. *Mallard v. U.S. Dist. Court*, 490 U.S. 296, 301–02 (1989). The Court may only request an attorney to volunteer and looks to a number of factors to determine whether it is appropriate to

request a volunteer attorney for a particular case. The first consideration and threshold requirement is whether the movant's position is "likely to be of substance." *Ferelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 204 (2d Cir. 2003).

At this early stage of the litigation, Smart has not established the threshold requirement that his position is "likely to be of substance." *Id.* Accordingly, the Court denies Smart's request for *pro bono* counsel without prejudice.

SO ORDERED:

s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: August 2, 2018
Brooklyn, New York