UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK



---

MARIO H. CAPOGROSSO,  18 CV 2710

        Plaintiff

-against-

ALAN GELBSTEIN, in his official and individual capacity;
BOSHRA VAHDATLAMAS, (also known as BUSHRA VAHDAT) in her official and individual capacity;
IDA TRASCHEN, in her official and individual capacity;
ELIZABETH PRICKETT-MORGAN, in her official and individual capacity;
JEAN FLANAGAN, in her official and individual capacity;
VINCENT PALMIERI, in his official and individual capacity;
DANIELLE CALVO, in her official and individual capacity;
SADIQ TAHIR, in his individual capacity;
PEC GROUP OF NY, INC.;
DAVID SMART, in his individual capacity;
JOHN AND JANE DOE.



        Defendants

---

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
THE COUNTERCLAIMS OF SADIQ TAHIR**

    The Plaintiff, Mario H. Capogrosso ("the Plaintiff"), submits this Memorandum in support of his Motion to Dismiss the Counterclaims of the Defendant, Sadiq Tahir ("the Defendant"). For the reasons that follow, the Plaintiff's Motion should be granted and the Counterclaims dismissed.

**Statement of Facts**

    The Defendant's "Counterclaims" allege that the "Plaintiff illegally harassed Defendant and continues to illegally harass Defendant by bringing frivolous lawsuits" (Exhibit A). The Defendant thus seeks punitive damages, claiming to have been "damaged in the sum of $100,000" as a result of the alleged harassment (*Id.*).

1

**Argument**

Standard of Review

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545, 127 S.Ct. 1955, 1958 (2007).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S.Ct. 1937, 1949 (2009). A pleading that offers "labels and conclusions" or a "formulaic recitation of a cause of action will not do." *Id.* at 678. Nor does a complaint suffice if it tenders "naked assertions" devoid of "further factual enhancement." *Id.*

A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they're no more than conclusions, are not entitled to the assumption of truth. *Ashcroft*, 556 U.S. at 679, 129 S.Ct. at 1950. Legal conclusions "must be supported by factual allegations." *Id.*

I.   **The Counterclaims Must Be Dismissed For Failure to State a Claim.**

(a)   "Frivolous" Litigation

Law

The elements of a claim for malicious prosecution are (1) proof of commencement of an action against the defendant; (2) termination of the action in the defendants favor; (3)

2

the absence of probable cause; (4) actual malice and special damages. *Engel v. CBS*, 93 N.Y.2d 195, 711 N.E.2d626, 689 N.Y.S.2d 411 (1999). Special damages must be more burdensome than the physical, psychological, or financial demands of defending a lawsuit. *Id.* There is no independent cause of action for frivolous sanctions. *W. 11th LLC v. ACG Credit Co. II, LLC*, 90 A.D.3d 552, 935 N.Y.S.2d 289 (1 Dept. 2001).

The proceeding underlying the Defendant's Counterclaim "remains pending." *Hornstein v. Wolf*, 78 A.D.2d 674, 432 N.Y.S.2d 404 (2d Dept. 1980). Until this action is terminated favorably to him, he cannot maintain an action for malicious prosecution. *Id.*

Application

Here, while vague to the point of being difficult to discern, it appears that the Defendant's Counterclaims seek to assert a claim for malicious prosecution. However, such claim is patently premature because this action has not been determined on its merits favorably to the Defendant.

(b)   Harassment

Law

New York does not recognize a civil cause of action for harassment. *Broadway Cent. Property, Inc. v. 682 Tenant Corp.*, 292 A.D.2d 253, 749 N.Y.S.2d 225 (1 Dept. 2002); *Crandall v. Bernard, Overton & Russell*, 133 A.D.2d 878, 879, 520 N.Y.S.2d 237, *app. dismissed*, 70 N.Y.2d 940, 424 N.Y.S.2d 572.

3

Application

Here, to the extent the Counterclaims assert a claim for "harassment," such cause of action does not exist in New York and must be dismissed. Even if the Court considers the Defendant's Counterclaims, such Counterclaims fails to assert a basis for a cause of action. Defendant provides no factual allegations to support such Counterclaims. The Defendant alleges no acts and provides no factual allegations to justify an award of any (much less $100,000 worth) of damages.

## II. The Counterclaims Must Be Dismissed for Failure to Comply With Rule 8.

Law

Rule 8 of the Federal Rules of Civil Procedure does not require countenance pleadings that are conclusory; it requires factual allegations that are sufficient to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Anderson News, L.L.C. v. American Media, Inc.*, 680 F.3d 162, 181 (2d Cir. 2012).

Application

Here, the Defendant's Counterclaims fails to meet with even the basic requisites of Rule 8. There are literally no facts whatever offered in support of the conclusory assertion of "frivolousness" and "harassment." While the Defendant claims to be harmed in the shocking amount of $100,000, there is absolutely no allegations upon which damages might be presumed, much less found.

The Counterclaims, even if read in the most forgiving of lights, fails to set forth any facts whatever to give the Plaintiff notice of the claims against him or state any cause of

action.

Therefore, the Counterclaims must be dismissed.

**Conclusion**

For the reasons set forth above, the Plaintiff's Motion to Dismiss should be granted and the Defendant's Counterclaims dismissed.

5

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
MARIO H. CAPOGROSSO
                    Plaintiff

ALAN GELBSTEIN, ET.AL,
                    Defendants

PRO SE ANSWER
CV18-2710

Defendant SADIQ TAHIR, STATES THE FOLLLOWING:

## ADMISSIONS AND DENIALS

1. The defendant admits paragraph 4 26 89 91.

2. The Defendant denies paragraph 32 90 92 93 94.

3. The defendant lacks sufficient knowledge or information to determine the truth of the allegations in paragraph 1 2 3 5 6 7 8 9 10 11 12 13 14 15 16 17 18 19 20 21 22 23 24 25 27 28 29 30 31 33 34 35 36 37 38 39 40 41 42 43 44 45 46 47 48 49 50 51 52 53 54 55 56 57 58 59 60 61 62 63 64 65 66 67 68 69 70 71 72 73 74 75 76 77 78 79 80 81 82 83 84 85 86 87 88 95 96 97 98 99 100 101.

## DEFENSES

General Denial.

## COUNTERCLAIMS

Plaintiff illegally harassed Defendant and continues to illegally harass Defendant by bringing frivolous law suits, Defendant therefore seeks punitive damages against Plaintiff in an amount as the Court may determine appropriate,

As a result of the harassment, defendant was damaged in the sum of $100,000.

WHEREFORE defendant demands judgment against plaintiff in the sum of $100,000 and punitive damages against Plaintiff in an amount as the Court may determine appropriate,

Signed this 29 day of May 2018.

_____
Defendant SADIQ TAHIR, PRO SE
Address 2994 Coney Island Ave Brooklyn NY 11235
Telephone Number _____

SWORN TO BEFORE ME THIS
29TH DAY OF MAY, 2018

Mario H. Capogrosso

Defendant Party List Addresses

1) ALAN GELBSTEIN, 2875 West 8th Street, Brooklyn New York 11224

2) BOSHRA VAHDATLAMAS, (also known as BUSHRA VAHDAT), 801 Axinn Avenue, Garden City, New York, 11530

3) IDA TRASCHEN, 6 Empire State Plaza, Albany, New York 12228

4) ELIZABETH PRICKETT-MORGAN, 120 Broadway, New York City, New York

5) JEAN FLANAGAN, 6 Empire State Plaza, Albany, New York 12228

6) VINCENT PALMIERI, 6 Empire State Plaza, Albany, New York 12228

7) DANIELLE CALVO, 2875 West 8th Street, Brooklyn New York 11224

8) SADIQ TAHIR, 2875 West 8th Street, Brooklyn New York 11224

9) PEC GROUP OF NY, INC, 935 S Lake Blvd, #7, Mahopac, NY 10541

10) DAVID SMART, 2875 West 8th Street, Brooklyn New York 11224