August 15, 2018

Hon. Margo K. Brodie
United States District Judge
Eastern District of New York
225 Cadman Plaza East, Courtroom 6 F
Brooklyn, NY 11201



Hon, Lois Bloom
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201



Re: Capogrosso v. Gelbstein et al.,No, 18-cv-2710 (E.D.N.Y) **(MKB)(LB)**

    With respect to Attorney Siegmund's letter to this Court dated August 1, 2018, attached as Exhibit A, to which no Affirmation of Service was attached and which was only received by my Office on August 8, 2018, I respond.

    I preface my response in that I have respectfully abided by this Court's recommendation provided to me on August 2, 2018, and as such, have not brought forth any action against Attorney Siegmund.

    Further, because I received his letter of August 1, 2018, Exhibit A,  on  August 8, 2018 I was unable to respond to any of the issues presented in such letter at the August 2, 2018 conference.

    In addition , as described below, **I did NOT open the door to the issues addressed herein.** It is Attorney Siegmund that threatens to take action against my Office, stated in his letters of August 1, 2018, Exhibit A, wherein he writes "the DMV is reviewing further options that may be available to protect the employees and the public" and his letter July 23, 2018, attached as Exhibit E, wherein he writes in a similar fashion "I have been informed that the DMV is reviewing options that may be available…"  **As such I feel compelled, obligated to present my opinion and position.**


**My Ability to Appear the Department of Motor Vehicles Traffic Violation Bureau**

    I was verbally banned by Defendant Trashcan,  legal counsel for the Department of Motor Vehicles Traffic Violation Bureau **from the practice of law** at the DMV TVBs on May 11, 2015. I was never prohibited by Defendant Traschen, who is not an administrative law judge but simply an attorney, from appearing at the DMV TVB to comply with a Court Order (reference Judge Bloom's Order to me dated June 12, 2018 and attached as Exhibit B) so as to comply with Rule 26(a)(1) initial disclosures and preparing a Rule 26(f) Meeting Report.

    To satisfy the requirements of Rule 26(a)(1) initial disclosures I needed the names of three witnesses, all located at the Brooklyn South DMV TVB.

    In order to comply with the Rule 26(f) Meeting Report, I needed to speak to Defendant Smart so as to advise this Court concerning our negotiations towards settlement. Please note

1

Defendant Smart in his Answer Counterclaims to me, attached as Exhibit C, gives the Brooklyn South DMV TVB as an office address and provides no phone number to which I may contact him.

Further I was advised by Defendant Traschen by her phone conversation to me on May 11, 2015, that I was **banned from the practice of law** at the DMV TVBs but I was not banned form the following activities, specifically 1) returning money to clients who had sought my services, (I questioned Defendant Traschen on this issue May 11, 2015, to which she conceded; 2) checking the status of my license at the DMV TVBs which I do occasionally; 3) frequenting several of the stores located at the front of the Brooklyn South DMV TVB.

Therefore, when Attorney Siegmund's indicates in his letter of July 18, 2018, attached as Exhibit D, that you are "permanently barred from appearing at any of the DMV TVBs" attached as Exhibit D he falsifies the record.

Further when Attorney Siegmund indicates I was present at the Brooklyn South DMV TVB to gather "witness statements," stated in his letter of July 18, 2018, attached as Exhibit D, and in his July 23, 2018 letter, Exhibit E, he falsifies the record. I appeared at the Brooklyn South DMV TVB on the morning of July 23, 2018 to comply with a Court Order to provide a "witness list "not to gather "witness statements," serve Defendant Smart with such disclosures (permitted by Rule 5), and to attempt to communicate with Defendant Smart to satisfy the Rule 26(f) Meeting Report.

## My Interaction with Defendant Smart

Attorney Siegmund indicates in his letter of August 1, 2018, Exhibit A, that I could have hired a process server to serve defendant Smart. The Federal Rules of Civil Procedure allow in hand service of any and all papers after service of the summons and complaint. Rule 5. There is no need to hire a process server. This Court ordered that I mail Defendant Smart all subsequent papers concerning this matter only on August 2, 2018. Reference Exhibit G. In addition, I could not comply with Magistrate Bloom's Order to file my Rule 26(f) Meeting Report without attempting to speaking to Defendant Smart. Reference Exhibit C, Defendant Smart's Answer and Counterclaim served upon me in which he gives no phone number and the Brooklyn South TVB as an office address. Further this Court only ruled that I communicate with Defendant Smart by mail on August 2, 2018, reference Exhibit G. Attorney Siegmund's letter of July 18, 2018, Exhibit D, abrogates, defies, attempts to thwart Judge Bloom's Court Order dated June 12, 2018, Exhibit B, as well as Federal Rule 5.

## Magistrate Judge Bloom's Order

Attorney Siegmund's abrogates, defies, attempts to thwart Judge Bloom's Order dated June 12, 2018, Exhibit B, in that Attorney Siegmund's request to stay discovery in his letter of July 13, 2018, attached s Exhibit F, was only granted on August 2, 2018. Up and until this date, Magistrate's Blooms Order to comply with Rule 26(a)(1) initial disclosures and Rule 26(f) Meeting Report was still in full force and effect. Further the Order that cancelled the Status Conference of July 25, 2018, as read to me by the Clerk of the Court in the afternoon of July 23, 2018, did not stay discovery nor did it vacate her Order to Comply with Rule 26(a)(1) initial disclosures and a Rule 26(f) Meeting Report. All of which were in full force and effect on the morning of July 23, 2018 when I appeared at the Brooklyn South DMV TVB.

**Attorney Sigmund Opened the Door with Respect to Filing Grievances**

   **It is Attorney Siegmund who has opened this door.** In his letter of July 23, 2018, Exhibit E, and again in in his letter of August 1, 2018, Exhibit A, he specifically threatens" that the DMV is reviewing further options that may be available "to protect its employees and the public." Attorney Siegmund continues to make false and unfounded accusations. **What exactly must the employees and the public be protected from –my response -  complying with a lawful federal Court Order to  satisfy Rule 26(a)(1) initial disclosures and a Rule 26(f) Meeting Report and serve Defendant  Smart as allowed by Rule 5.** My reply awaits herein.

Respectfully and truthfully submitted,

Mario H. Capogrosso
21 Sheldrake Place
New Rochelle, NY 10804
NY Reg. No. 4244331
CT Jur. No. 424192

3

# EXHIBIT A



### STATE OF NEW YORK
### OFFICE OF THE ATTORNEY GENERAL

BARBARA D. UNDERWOOD
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8627

August 1, 2018

VIA ECF

Hon. Margo K. Brodie
United States District Judge
Eastern District of New York
225 Cadman Plaza East, Courtroom 6F
Brooklyn, NY 11201

Hon. Lois Bloom
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

RE:  *Capogrosso v. Gelbstein et al.*, No. 18-cv-2710 (E.D.N.Y.)

Dear Judge Brodie and Judge Bloom:

This Office represents defendants Gelbstein, Vahdat, Traschen, Morgan (formerly Prickett-Morgan), and Calvo in the above-referenced action, and we anticipate representing defendants Flanagan and Palmieri if they are served with the Complaint (collectively, the "State Defendants"). I write in response to the letter from plaintiff to the Court, dated July 30, 2018 (ECF No. 25), requesting that the Court impose "sanctions" against me and threatening to file a "Grievance" against me with the "appropriate Disciplinary Committee."

Plaintiff's letter is without merit and incorrect. The State Defendants never "abrogated" or "defied" any court order regarding discovery. As Plaintiff is aware, the State Defendants requested a pre-motion conference relating to their intended motion to dismiss and requested that discovery be stayed pending the Court's determination of the motion to dismiss. *See* ECF Nos. 19 & 20. Judge Brodie has scheduled a conference for tomorrow, August 2, to address these requests. In light of that scheduled conference, Judge Bloom canceled an initial conference previously scheduled for July 25, 2018 (*see* ECF No. 22), upon which the discovery deadlines referenced in the prior court order were based.

Plaintiff also complains that his permanent ban from the Traffic Violations Bureau ("TVB") – which, as explained in prior correspondence, was a result of Plaintiff's well-documented history of violent and threatening behavior – is "undocumented" because there is no "formal Order" or "formal notice" reflecting his ban. However, there is no such requirement in the DMV's

Hon. Margo K. Brodie
Hon. Lois Bloom

August 1, 2018
Page 2 of 2

regulations (*see, e.g.,* 15 NYCRR § 124.2), nor was I personally involved in the DMV's decision, in 2015, to permanently ban Plaintiff from practicing at the TVB.

Furthermore, there is no basis for Plaintiff to accuse me of "falsifying" the "record" in my July 23 letter to the Court (ECF No. 23). As explained in that letter, Plaintiff appeared at the Brooklyn South TVB on July 23 even though he was repeatedly reminded of the ban.

Finally, Plaintiff accuses me of frustrating his ability to serve defendant Smart by reminding him of his permanent ban from appearing at the TVB. Plaintiff's assertion is without merit and incorrect. The ban did not prevent him from hiring a process server to serve any of the defendants. Indeed, Plaintiff appears to have already completed service on defendant Smart by means of a process server. *See* ECF No. 10-2 (Affidavit of Personal Service on defendant Smart, filed on June 8, 2018).

As I mentioned in the July 23 letter, the DMV is reviewing further options that may be available to protect its employees and the public from Plaintiff's troubling behavior. I look forward to discussing these issues with the Court at the conference tomorrow.

Respectfully submitted,

Mark Siegmund
Assistant Attorney General

Encl.

Cc:     Plaintiff, via ECF & First-Class Mail

# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

☆  JUN 12 2018  ☆

BROOKLYN OFFICE

-----------------------------------------------------------------X

MARIO H. CAPOGROSSO,

         Plaintiff,

-against-

       **ORDER**
    **18 CV 2710 (MKB)(LB)**

ALAN GELBSTEIN, *in his official and individual capacity,*
BOSHRA VAHDATLAMAS, *in her official and individual
capacity, also known as Bushra Vahdat,* IDA TRASCHEN,
*in her official and individual capacity,* ELIZABETH
PRICKETT-MORGAN, *in her official and individual capacity,*
JEAN FLANAGAN, *in her official and individual capacity,*
VINCENT PALMIERI, *in his official and individual capacity,*
DANIELLE CALVO, *in her official and individual capacity,*
SADIQ TAHIR, *in his individual capacity,* PEC GROUP OF NY,
INC., DAVID SMART, and JOHN AND JANE DOES,

         Defendants.

-----------------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

    *Pro se* plaintiff writes to object to defendant Gelberstein's request for an extension of time to respond to plaintiff's complaint. ECF No. 11. As stated in the Court's June 1, 2018 Order, the first extension request is generally granted as a courtesy. Although appearing *pro se*, plaintiff is an attorney. Thus, he should be aware of such a professional courtesy and conduct himself accordingly. Now that proof of service on all defendants has been filed with the Court, ECF No. 10, the Court orders all defendants to respond to plaintiff's complaint by July 16, 2018.

    The Court shall hold an initial conference on July 25, 2018 at 10:30 a.m. in Courtroom 11A South of the United States Courthouse, 225 Cadman Plaza East, Brooklyn, New York. The parties shall exchange their Rule 26(a)(1) initial disclosures and file their Rule 26(f) Meeting Report with the Court by July 23, 2018. Parties are advised that they must contact each other before making any request for an adjournment to the Court. A request for an adjournment must be received in writing at least forty-eight (48) hours before the scheduled conference.
SO ORDERED.

Dated: June 12, 2018
      Brooklyn, New York

                       _____
                       LOIS BLOOM
                       United States Magistrate Judge

# EXHIBIT C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MARIO H. CAPOGROSSO
                    Plaintiff

                                                    PRO SE ANSWER
                                                    CV18-2710

ALAN GELBSTEIN, ET.AL,
                    **Defendants**

## ADMISSIONS AND DENIALS

1. The defendant admits paragraph 4 7 27 28 61 89.

2. The Defendant denies paragraph 8 9 11 30 31 32 40 52 60 62 63 64 65 67 68 70 76 77 78 95 96

    100 101

3. The defendant lacks sufficient knowledge or information to determine the truth of the

allegations in paragraph 1 2 3 5 6 10 12 13 14 15 16 17 18 19 20 21 22 23 24 25 26 29 33 34 35 36 37 38

39 41 42 43 44 45 46 47 48 49 50 51 53 54 55 56 57 58 59 66 69 71 72 73 74 79 80 81 82 83 84 85 86 87

88 90 91 92 93  94 97 98 99.

## DEFENSES

General Denial.

## COUNTERCLAIMS

Plaintiff illegally harassed Defendant and continues to illegally harass Defendant by bringing frivolous

law suits, Defendant therefore seeks punitive damages against Plaintiff in an amount as the Court may

determine appropriate,

As a result of the harassment, defendant was damaged in the sum of $100,000.

**WHEREFORE** defendant demands judgment against plaintiff in the sum of $100,000 and punitive

damages against Plaintiff in an amount as the Court may determine appropriate,

Signed this 29 day of May 2018.

Defendant DAVID SMART, PRO SE
Address
Telephone Number

Mario H. Capogrosso

Defendant Party List Addresses

1) ALAN GELBSTEIN, 2875 West 8th Street, Brooklyn New York 11224

2) BOSHRA VAHDATLAMAS, (also known as BUSHRA VAHDAT),
801 Axinn Avenue, Garden City, New York, 11530

3) IDA TRASCHEN, 6 Empire State Plaza, Albany, New York 12228

4) ELIZABETH PRICKETT-MORGAN, 120 Broadway, New York City, New York

5) JEAN FLANAGAN, 6 Empire State Plaza, Albany, New York 12228

6) VINCENT PALMIERI, 6 Empire State Plaza, Albany, New York 12228

7) DANIELLE CALVO, 2875 West 8th Street, Brooklyn New York 11224

8) SADIQ TAHIR, 2875 West 8th Street, Brooklyn New York 11224

9) PEC GROUP OF NY, INC, 935 S Lake Blvd, #7, Mahopac, NY 10541

10) DAVID SMART, 2875 West 8th Street, Brooklyn New York 11224

# EXHIBIT D



### STATE OF NEW YORK
### OFFICE OF THE ATTORNEY GENERAL

ERIC T. SCHNEIDERMAN
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8627

July 18, 2018

Mr. Mario H. Capogrosso
21 Sheldrake Place
New Rochelle, NY 10804

    Re:    *Capogrosso v. Gelbstein et al.*, No. 18-cv-2710 (E.D.N.Y.)

Dear Mr. Capogrosso:

During our telephone call today, you discussed a desire to go to a Traffic Violations Bureau ("TVB") of the Department of Motor Vehicles ("DMV") to interview witnesses or take witness statements in connection with the above-referenced litigation that you commenced against various DMV officials and others. As I reminded you on the call, you are permanently barred from appearing at any of the DMV's TVBs for reasons that have already been explained to you. Please let this letter serve as a further reminder that you are not permitted to appear at any TVBs.

Sincerely,

Mark Siegmund
Assistant Attorney General

# EXHIBIT E



STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

BARBARA D. UNDERWOOD
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8627

July 23, 2018

VIA ECF

Hon. Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom 6F
Brooklyn, NY 11201

Hon. Lois Bloom
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

RE:  *Capogrosso v. Gelbstein et al.*, No. 18-cv-2710 (E.D.N.Y.)

Dear Judge Brodie and Judge Bloom:

We represent defendants Gelbstein, Vahdat, Traschen, Morgan (formerly Prickett-Morgan), and Calvo in the above-referenced action brought by Plaintiff Mario Capogrosso pursuant to 42 U.S.C. §§ 1983, 1985, 1986 and 1988, and we anticipate representing defendants Flanagan and Palmieri if they are served with the Complaint (collectively, the "State Defendants"). We write to advise the Court of a troubling incident that took place earlier today and to request Court intervention.

As we informed the Court in our letter to Judge Brodie dated July 13 (ECF No. 19), plaintiff is permanently barred from practicing at Traffic Violation Bureaus (TVBs) of the Department of Motor Vehicles ("DMV") because of numerous serious incidents of violent and threatening conduct and other unprofessional behavior that posed an imminent threat to the safety of DMV's employees and the public. Last week, on July 18, I received a call from plaintiff advising me that, despite his lifetime ban, he intended to appear at TVBs to take "witness statements" to submit in response to our July 13 letter. I reminded plaintiff of his lifetime ban from appearing at TVBs. I also stated that there were procedures that had to be followed to take discovery in federal cases and that we had requested that discovery be stayed pending determination of the State Defendants' motion to dismiss. *See* ECF No. 20 (July 13 letter to Judge Bloom requesting discovery stay). Following that conversation, I sent a letter to plaintiff reminding him of his lifetime ban, a copy of which is enclosed as Exhibit 1.

July 23, 2018

Page 2

I have been advised that plaintiff nonetheless appeared at the Brooklyn South TVB earlier today.
I am further advised that Plaintiff demanded from DMV staff the addresses of certain individuals
so that he could contact them and take "witness statements," and that plaintiff claimed he had a
right to this information pursuant to Rule 26 of the Federal Rules of Civil Procedure. Plaintiff
eventually left the premises after being requested to leave by Administrative Law Judge Alan
Gelbstein, a defendant in this action.

Plaintiff's appearance at the Brooklyn South TVB today was unauthorized, unprofessional,
violated plaintiff's lifetime ban from TVBs, violated ethics rules prohibiting plaintiff from
directly contacting DMV officials who are represented by this Office in this action, and was
unsettling to the staff present who had earlier experience with prior incidents of threatening and
hostile behavior by plaintiff. I have been informed that the DMV is reviewing options that may
be available to it to protect against plaintiff's troubling behavior. In the meantime, I respectfully
request that the Court direct plaintiff not to appear at any TVBs or otherwise seek to contact any
judges, clerks, or other TVB staff during the pendency of this action.

Respectfully submitted,

Mark Siegmund
Assistant Attorney General

Encl.

Cc:    Plaintiff, via ECF & First-Class Mail

28 LIBERTY STREET, NEW YORK N.Y. 10005 • PHONE (212) 416-8610 • FAX (212) 416-6075 •NOT FOR SERVICE OF PAPERS
HTTP://WWW.OAG.STATE.NY.US

# Exhibit 1

# EXHIBIT F



## STATE OF NEW YORK
## OFFICE OF THE ATTORNEY GENERAL

BARBARA D. UNDERWOOD
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8627

July 13, 2018

VIA ECF
Hon. Lois Bloom
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    RE:   *Capogrosso v. Gelbstein et al.*, No. 18-cv-2710 (E.D.N.Y.)

Dear Judge Bloom:

We represent defendants Gelbstein, Vahdat, Traschen, Morgan (formerly Prickett-Morgan), and Calvo in the above-referenced action, and we anticipate representing defendants Flanagan and Palmieri once they are served with the Complaint (collectively, the "State Defendants").[1] By separate letter to Judge Brodie, which was filed earlier today (ECF No. 19), the State Defendants requested that the Court schedule a pre-motion conference relating to their anticipated motion to dismiss the Complaint. By this letter, the State Defendants respectfully request that Your Honor stay discovery in this action pending determination of the State Defendants' motion to dismiss.

The Court has discretion to stay discovery for "good cause" pending resolution of a motion to dismiss. *See* Fed. R. Civ. P. 26(c)(1). As a threshold matter, discovery should be stayed because the State Defendants will move to dismiss in part based on the grounds of qualified immunity (as to all State Defendants) and absolute immunity (as to defendant Assistant Attorney General Morgan). *See* Ltr. to Judge Brodie at 3. It is black letter law that discovery should be stayed until such immunity issues are resolved. *See Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (noting that the "'driving force' behind creation of the qualified immunity doctrine was a desire

---

[1] Although the Court's June 12, 2018 Order (ECF No. 12) states that "proof of service on all defendants has been filed with the Court, ECF No. 10," affidavits of service have not been filed for defendants Vahdat, Traschen, Flanagan or Palmieri. Plaintiff appears to have served the Complaint on defendants Vahdat and Traschen. While Plaintiff also attempted service on defendant Jean Flanagan, we are advised that Plaintiff mistakenly attempted service on another person named Jean Flanagan. We are not aware of any attempt by Plaintiff to serve the Complaint on defendant Palmieri.

Page 2

to ensure that 'insubstantial claims' against government officials [will] be resolved *prior to discovery*," and stressing the "importance of resolving immunity questions at the earliest possible stage in litigation") (citations omitted; emphasis added); *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (noting that qualified immunity defense "is meant to give government officials a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such *pretrial* matters as discovery'") (citation omitted; emphasis in original); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed."); *X–Men Sec., Inc. v. Pataki*, 196 F.3d 56, 65 (2d Cir. 1999) ("[Qualified] immunity protects the [government] official not just from liability but also from suit on such claims, thereby sparing him the necessity of defending by submitting to discovery on the merits or undergoing a trial."); *Justice v. King*, 2011 WL 1432130, at *5 (W.D.N.Y. Mar. 24, 2011) (staying discovery pending decision on defendant's motion to dismiss on absolute immunity grounds).

In addition to the State Defendants' immunity defenses, a stay of discovery is warranted for numerous other reasons.  Courts in this district have considered the following factors in deciding motions to stay discovery pending the resolution of dispositive motions:

> (1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay.

*Thomas v. N.Y. City Dep't of Educ.*, 2010 WL 3709923, at *3 (E.D.N.Y. Sept. 14, 2010) (staying discovery pending motion to dismiss) (citation omitted); *see also Gandler v. Nazarov*, 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994) (staying discovery because defendant's motion to dismiss "is potentially dispositive, and appears to be not unfounded in the law"); *see generally Gardner v. Major Automotive Cos.*, 2012 WL 1230135, at *3 (E.D.N.Y. Apr. 12, 2012) (staying discovery and noting that the "purpose" of a discovery stay "is to avoid saddling defendants with the burden of discovery in meritless cases, and to discourage the filing of cases that lack adequate support for their allegations in the mere hope that the traditionally broad discovery proceedings will produce facts that could be used to state a valid claim.") (citation omitted).

Here, each of these factors warrants staying discovery until the State Defendants' motion to dismiss is decided.

*First*, as previewed in our letter to Judge Brodie, the State Defendants will make a strong showing in their motion to dismiss that Plaintiff's claims lack merit and should be dismissed for numerous independent reasons.  Plaintiff was permanently barred from practicing law in Traffic Violation Bureau ("TVB") locations of the Department of Motor Vehicles ("DMV") because of numerous serious and well-documented incidents of Plaintiff's violent conduct and other unprofessional behavior that posed an imminent threat to the safety of DMV's employees and the public.  From at least 2009 until 2015 when Plaintiff was permanently barred from TVBs, the DMV received numerous complaints regarding Plaintiff's behavior from his colleagues, his own clients, and DMV Administrative Law Judges ("ALJs") and DMV staff.  Plaintiff's troubling behavior culminated in his physical assault on a security guard at the Brooklyn South TVB in May 2015, after which the DMV banned Plaintiff from practicing in any TVBs.  The record of Plaintiff's violent and threatening behavior renders completely implausible his conclusory

Case 1:18-cv-02710-MKB-LB Document 20 Filed 08/16/18 Page 21 of 26 PageID #: 389
Case 1:18-cv-02710-MKB-LB Document 20 Filed 07/13/18 Page 3 of 3 PageID #: 175

July 13, 2018

Page 3

allegations in the Complaint that the State Defendants arbitrarily conspired to retaliate against him for exercising unspecified First Amendment rights and to violate his due process rights.

*Second*, it would be burdensome and prejudicial to the State Defendants to have to engage in discovery before their motion to dismiss is decided. It would take a great deal of time and substantial resources to undertake discovery into the many complaints and incidents regarding Plaintiff's behavior and the facts and circumstances alleged in the Complaint given Plaintiff's long history of troubling behavior at the DMV's TVBs. Indeed, the Complaint itself references facts and circumstances stretching back many years. *See Spencer Trask Software & Info. Services, LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (staying discovery because "proceeding with discovery while the motion to dismiss is pending would unnecessarily drain the parties' resources").

*Third*, Plaintiff will not be prejudiced if discovery is stayed. There is no risk that documents will be lost if discovery does not immediately commence because documents in the possession of the DMV and this Office are currently subject to a litigation hold as a result of this litigation. Moreover, Plaintiff is not in a position to demand that discovery commence immediately given his own unexplained delay in commencing this action: Plaintiff waited until May 8, 2018, nearly *three years* after he was permanently barred from practicing at TVBs on May 11, 2015, to commence this action seeking damages and injunctive relief related to the ban.

For these reasons, we respectfully request that Your Honor stay discovery – including submitting Rule 26(a)(1) initial disclosures and a Rule 26(f) Meeting Report (*see* Order at ECF No. 12) – until the State Defendants' motion to dismiss is decided. We also respectfully request that the initial conference presently scheduled for July 25, 2018 (*see id.*) be adjourned *sine die* until the motion to dismiss is decided.

Respectfully submitted,

Mark Siegmund
Assistant Attorney General

Cc:     Plaintiff, via ECF & First-Class Mail

28 LIBERTY STREET, NEW YORK N.Y. 10005 • PHONE (212) 416-8610 • FAX (212) 416-6075 •NOT FOR SERVICE OF PAPERS
HTTP://WWW.OAG.STATE.NY.US

# EXHIBIT G

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U.S. District Court

### Eastern District of New York

**Notice of Electronic Filing**

The following transaction was entered on 8/2/2018 at 7:35 PM EDT and filed on 8/2/2018

**Case Name:**       Capogrosso v. Gelbstein et al
**Case Number:**    1:18-cv-02710-MKB-LB
**Filer:**
**Document Number:** No document attached

**Docket Text:**
Minute Entry for pre-motion conference held on August 2, 2018. Pro se plaintiff Mario Capogrosso appeared on behalf of himself. Mark Siegmund appeared for defendants Alan Gelbstein, Boshra Vahdatlamas, Ida Traschen, Elizabeth Prickett-Morgan, Jean Flanagan, Vincent

Palmieri and Danielle Calvo (the "State Defendants"). Pro se defendant and counterclaim-plaintiff David Smart appeared on behalf of himself. Pro se defendant and counterclaim-plaintiff Sadiq Tahir appeared on behalf of himself. Defendant PEC Group of NY, Inc. did not appear.

For the reasons stated on the record, the Court denied Plaintiff's motion to recuse Judge Bloom from this case. The Court also denied Mr. Smart's motion for appointment of counsel, and informed Mr. Smart that a written order denying his motion would be forthcoming.

For the reasons stated on the record, the Court denied plaintiff's motion to dismiss the counterclaims filed by Mr. Smart and Mr. Tahir. The Court directed Mr. Smart to file an amended answer and counterclaim on or before August 9, 2018 to clarify that his counterclaim is based on prior conduct by plaintiff and also on plaintiff's filing of this action. Plaintiff shall respond to Mr. Smart's amended answer and counterclaim on or before August 23, 2018. The Court ordered Plaintiff to serve all papers on Mr. Smart by mail, using the mailing address Mr. Smart provided to the Court.

For the reasons stated on the record, the Court considered Mr. Tahir's oral statements made during the conference that his counterclaim is based on plaintiff's commencement of this action, and deemed such statements an amended answer and counterclaim. Plaintiff shall respond to Mr. Tahir's amended counterclaim on or before August 16, 2018.

The Court discussed with the parties the bases for the State Defendants' anticipated motion to dismiss the Complaint. The State Defendants shall serve their moving papers on or before August 17, 2018; Plaintiff shall serve his opposition on or before September 17, 2018; State Defendants shall serve their reply on or before October 1, 2018. The Court granted the State Defendants' motion for a stay of discovery pending the resolution of their motion to dismiss. Ordered by Judge Margo K. Brodie on 8/2/2018. (McKenzie, Lindsay)

**1:18-cv-02710-MKB-LB** Notice has been electronically mailed to:

Mark Siegmund    mark.siegmund@ag.ny.gov

**1:18-cv-02710-MKB-LB** Notice will not be electronically mailed to:

David Smart
2875 West 8th Street
Brooklyn, NY 11224

Mario H. Capogrosso
21 Sheldrake Place
New Rochelle, NY 10804

Sadiq Tahir
2994 Coney Island Ave
Brooklyn, NY 11235

ORIGINAL

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK


MARIO H. CAPOGROSSO

                                 Plaintiff

-against-                                         18 CV 2710

ALAN GELBSTEIN, et. al                        **AFFIRMATION OF SERVICE**

                                       Defendants

---


        I, Mario H. Capogrosso, declare under penalty of perjury that I have served a copy of the

attached Letter in Response

upon:



Mark Siegmund
(representing Defendants
Gelbstein, Traschen, Vahdat, Palmieri, Flanagan, Calvo,
and Prickett-Morgan)
Assistant Attorney General
28 Liberty Street
New York, NY 10005

Sadiq Tahir
2994 Coney Island Avenue
Brooklyn, NY 11235

Pec Group of NY
935 S. Lake Blvd. #7
Mahopac, NY 10541

David Smart
2875 West 8th Street
Brooklyn, NY 11224

via U.S. Postal Service First Class Mail, this 16th day of August 2018.


New Rochelle, NY
August 16, 2018

Mario H. Capogrosso
21 Sheldrake Place
New Rochelle, NY 10804
(914) 806-3692