

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MARIO H. CAPOGROSSO,   CIV18-2710

        Plaintiff

-against-

ALAN GELBSTEIN, in his official and individual capacity;
BOSHRA VAHDATLAMAS, (also known as BUSHRA VAHDAT) in her official and individual capacity;
IDA TRASCHEN, in her official and individual capacity;
ELIZABETH PRICKETT-MORGAN, in her official and individual capacity;
JEAN FLANAGAN, in her official and individual capacity;
VINCENT PALMIERI, in his official and individual capacity;
DANIELLE CALVO, in her official and individual capacity;
SADIQ TAHIR, in his individual capacity;
PEC GROUP OF NY, INC.;
DAVID SMART, in his individual capacity;
JOHN AND JANE DOE.

        Defendants



---

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIMS OF DEFENDNAT SMART**

    The Plaintiff, Mario Capogrosso ("the Plaintiff"), submits this Memorandum in support of his Motion to Dismiss the Counterclaims of the Defendant, David Smart ("the Defendant"). For the reasons that follow, the Plaintiff's Motion should be granted and the Counterclaims dismissed.

**Statement of Facts**

    The Defendant's "Counterclaims" allege that the "Plaintiff illegally harassed Defendants and continues to illegally harass Defendant by bringing frivolous lawsuits"; and the Defendant has been damaged in the sum of $100,000 (*Id.*).

    While the Court permitted Smart to amend his Counterclaim by August 9, 2018,

none was filed. Instead, Defendant Smart filed a Supplemental submission.

Defendant Smart in his Supplemental submission provides a) "Reports from the Police Dept." and b) "Reports Depart of Labor Relations of Department of Motor Vehicles." The latter report contains a letter describing a version of events between Plaintiff and a Mr. Sadiq Tahir and makes no mention of Defendant Smart.

**Argument**

Standard of Review

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545, 127 S.Ct. 1955, 1958 (2007).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S.Ct. 1937, 1949 (2009). A pleading that offers "labels and conclusions" or a "formulaic recitation of a cause of action will not do." *Id.* at 678. Nor does a complaint suffice if it tenders "naked assertions" devoid of "further factual enhancement." *Id.*

A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they're no more than conclusions, are not entitled to the assumption of truth. *Ashcroft*, 556 U.S. at 679, 129 S.Ct. at 1950. Legal conclusions "must be supported by factual allegations." *Id.*

I. **The Counterclaims Should Be Dismissed for Failure to Comply with the Court Order.**

This Court specifically gave the Defendant until August 9, 2018, to amend his Counterclaims. He simply failed to do so, electing to instead file a Supplement. His Counterclaims remain unchanged; hence, he has failed to comply with the Court's Order and his Counterclaims should be dismissed.

II. **The Counterclaims Must Be Dismissed for Failure to State a Claim.**

(a) "Frivolous" Litigation

Law

The elements of a claim for malicious prosecution are (1) proof of commencement of an action against the defendant; (2) termination of the action in the defendants favor; (3) the absence of probable cause; (4) actual malice and special damages. *Engel v. CBS*, 93 N.Y.2d 195, 711 N.E.2d 626, 689 N.Y.S.2d 411 (1999). Special damages must be more burdensome than the physical, psychological, or financial demands of defending a lawsuit. *Id.* There is no independent cause of action for frivolous sanctions. *W. 11th LLC v. ACG Credit Co. II, LLC*, 90 A.D.3d 552, 935 N.Y.S.2d 289 (1 Dept. 2001).

The proceeding underlying the Defendant's Counterclaim "remains pending." *Hornstein v. Wolf*, 78 A.D.2d 674, 432 N.Y.S.2d 404 (2d Dept. 1980). Until this action is terminated favorably to him, he cannot maintain an action for malicious prosecution. *Id.*

Application

Here, while vague to the point of being difficult to discern, it appears that the

3

Defendant's Counterclaims seek to assert a claim for malicious prosecution. However, such claim is patently premature because this action has not been determined on its merits favorably to the Defendant.

### (b) Harassment

Law

New York does not recognize a civil cause of action for harassment. *Broadway Cent. Property, Inc. v. 682 Tenant Corp.*, 292 A.D.2d 253, 749 N.Y.S.2d 225 (1 Dept. 2002); *Crandall v. Bernard, Overton & Russell*, 133 A.D.2d 878, 879, 520 N.Y.S.2d 237, *app. dismissed*, 70 N.Y.2d 940, 424 N.Y.S.2d 572.

Application

Here, to the extent the Counterclaims assert a claim for "harassment," such cause of action does not exist in New York and must be dismissed. Even if the Court considers the Defendant's Counterclaims, such Counterclaims fails to assert a basis for a cause of action. Defendant provides no factual allegations to support such Counterclaims. The Defendant alleges no acts and provides no factual allegations to justify an award of any (much less $100,000 worth of) damages.

### III. The Counterclaims Must Be Dismissed for Failure to Comply with Rule 8.

Law

Rule 8 of the Federal Rules of Civil Procedure does not require countenance pleadings that are conclusory; it requires factual allegations that are sufficient to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Anderson*

*News, L.L.C. v. American Media, Inc.*, 680 F.3d 162, 181 (2d Cir. 2012).

<u>Application</u>

Here, the Defendant's Counterclaims fails to meet with even the basic requisites of Rule 8. There are literally no facts whatever offered in support of the conclusory assertion of "frivolousness" and "harassment." While the Defendant claims to be harmed in the shocking amount of $100,000, there is absolutely no allegations upon which damages might be presumed, much less found.

The Counterclaims, even if read in the most forgiving of lights, fails to set forth any facts whatever to give the Plaintiff on notice of the claims against him or state any cause of action.

Therefore, the Counterclaims must be dismissed.

**Conclusion**

For the reasons set forth above, the Defendant's Counterclaims must be dismissed.