# EXHIBIT F



STATE OF NEW YORK
OFFICE OF THE STATE INSPECTOR GENERAL

Final Report
October 17, 2007

# DMV Official Violated Agency Rules on Outside Employment

## SUMMARY OF FINDINGS/RECOMMENDATIONS

The Office of the State Inspector General determined that Bushra Vahdat, a Senior Administrative Law Judge in the New York State Department of Motor Vehicles (DMV), violated DMV rules when she used agency equipment to conduct non-State business. In response to the Inspector General's findings, DMV counseled Vahdat regarding her conduct and revoked her authorization for outside work.

## ALLEGATION

The Inspector General received a complaint in April 2007 that Vahdat had represented Payless Shoes before the New York City Environmental Control Board (ECB) during her work hours as a DMV Senior Administrative Law Judge (ALJ). It was also alleged that Vahdat used a DMV fax machine and telephone to communicate with the ECB on behalf of the private firm.

## SUMMARY OF INVESTIGATION

Vahdat, who is licensed to practice law in New York, began her employment as a DMV ALJ in 1992 and became a Senior ALJ in 1998 assigned to the Queens North DMV Office. Prior to her employment at DMV, in 1990, Vahdat had worked at ECB.

In late 2006, Vahdat was contacted by her niece, who is a partner at a private law firm in New York City, seeking Vahdat's assistance in resolving summonses issued to Payless Shoes by ECB during the past 10 years. The summonses, which totaled approximately $200,000, related to alleged violations by Payless Shoes of New York City sidewalk vending regulations. The law firm in which Vahdat's niece is a partner had been retained by Payless Shoes to represent it in New York State.

Section 3.7 of the DMV Employee Handbook requires that any employee who wishes to engage in any outside employment or activity must obtain prior written approval from DMV. DMV also requires that the outside employment not interfere with the performance of the employee's official duties.

In October 2004, Vahdat submitted to DMV a Request For Approval To Engage In Outside Employment/Activity. Vahdat stated in her request that her outside activity would be limited to "referrals of cases from family or friends to other attorneys." In November 2004, DMV granted Vahdat's request with the following restrictions: (1) travel to or from the outside activity is not permitted during work hours, and (2) the use of any State equipment, materials, property, staff or other resources for the outside activity is prohibited.

After receiving the request for assistance from her niece, Vahdat contacted ECB in an attempt to resolve the outstanding summonses. The Inspector General's investigation found, and Vahdat admitted, that she sent faxes on DMV letterhead and made and received phone calls from the Queens North DMV Office in furtherance of her activities on behalf of for Payless Shoes. On one occasion in January 2007 she also attended a meeting with ECB staff during work hours; however, she properly charged this time to her leave accruals.

While Vahdat told the Inspector General's Office she did not view herself as representing Payless Shoes, ECB employees the Inspector General interviewed were under the distinct impression that Vahdat represented the firm, since Vahdat was the only person who appeared at ECB to resolve the summonses. Vahdat said she received no compensation for her work on behalf of Payless Shoes.

FINDINGS/RECOMMENDATIONS

The Inspector General determined that Vahdat used DMV resources to fax and telephone ECB in violation of her outside employment authorization from DMV. In addition, by using DMV letterhead to fax materials related to her outside employment, Vahdat might have created the mistaken impression that DMV had official involvement in her private activities. This Office recommended that DMV review Vahdat's conduct and determine if disciplinary or other action is appropriate. We also recommended that DMV determine if closer monitoring of outside activities by agency employees is warranted.

DMV advised the Inspector General's Office that DMV Counsel's Office has counseled Vahdat about her conduct, and that a counseling memorandum will be issued to her. DMV further advised that Vahdat's authorization to do outside legal work has been revoked.

METRO

# Yakkity sack

By Brad Hamilton

March 17, 2013 | 4:00am



BENCHED: The Post profiled DMV judge Bushra Vahdat last Sunday. A day later, she was suspended without pay.

BENCHED: The Post profiled DMV judge Bushra Vahdat last Sunday. A day later, she was suspended without pay. ( )

Judge Motormouth has lost her license to gab.

DMV supervisor Bushra Vahdat, the city's top traffic judge, has been suspended without pay — one day after The Post revealed that she spent four hours one workweek jabbering about renting her summer home.

Vahdat, who also was in charge of traffic courts in Rochester, Buffalo and Suffolk County, got the boot Monday following the exposé last Sunday about her wheeling and dealing, which was captured on secret audio and videotape.

"Suspended pending a hearing in accordance with civil-service law," DMV spokeswoman Jackie McGinnis wrote in an e-mail.

McGinnis said that videotape of the transaction in Vahdat's office in Queens, recorded by a private investigator and obtained by The Post, had been under review by the state Inspector General's Office.

"The matter was originally sent to the IG and was first referred by the IG to DMV on Monday," she wrote.

Vahdat had been banned from doing outside work in 2007 but spent parts of three workdays last year on a deal to rent out her Martha's Vineyard spread for $3,350 the last week of August 2012.

The tapes reveal meandering conversations, including one two-hour phone call in which the judge gossips and yammers with the P.I. on such matters as family vacations and her daughter's messy apartment.

This is the second time the IG's Office has recommended action against Vahdat. Its investigators found in 2007 that she represented Payless Shoes, an outside client of her private law practice, without permission — and tried to use her position as a judge to get the city to dismiss $200,000 in fines that for a private client.

Recommended by