

18CV2710
(MKB)(LB)

CLERK OF U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
225 CADMAN PLAZA EAST
BROOKLYN, NY 11201

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE $300

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   FEB 12 2019   ★

BROOKLYN OFFICE

Sadiq Tahir
2994 Coney Island Ave
Brooklyn, NY 11235

NIXIE        100   CE   1

RETURN TO SENDER
INSUFFICIENT ADDRESS
UNABLE TO FORWARD

BC: 11201189899          0102/09/19
*0545-02768-31-02*

neopost
01/30/2019
US POSTAGE $000.65⁰

FIRST-CLASS MAIL
ZIP 11201
041M11271726

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ FEB 12 2019 ★

BROOKLYN OFFICE

U.S. District Court

Eastern District of New York

Notice of Electronic Filing

The following transaction was entered on 11/5/2018 at 12:04 PM EST and filed on 11/5/2018
Case Name:   Capogrosso v. Gelbstein et al
Case Number: 1:18-cv-02710-MKB-LB
Filer:
Document Number:   No document attached

Docket Text:
ORDER REFERRING MOTION: Defendants' [42] Motion to Dismiss for Failure to State a Claim is respectfully referred to Magistrate Judge Lois Bloom for a report and recommendation. Ordered by Judge Margo K. Brodie on 11/5/2018.(Obanor, Dorielle)


RECEIVED FEB 12 2019 PRO SE OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MARIO H. CAPOGROSSO,

                Plaintiff,

v.

ALAN GELBSTEIN, IN HIS OFFICIAL AND INDIVIDUAL CAPACITY, BOSHIRA VAHDATLAMAS, IN HER OFFICIAL AND INDIVIDUAL CAPACITY, ALSO KNOWN AS BUSHRA VAHDAT, IDA TRASCHEN, IN HER OFFICIAL AND INDIVIDUAL CAPACITY, ELIZABETH PRICKETT-MORGAN, IN HER OFFICIAL AND INDIVIDUAL CAPACITY, JEAN FLANAGAN, IN HER OFFICIAL AND INDIVIDUAL CAPACITY, VINCET PALMIERI, IN HIS OFFICIAL AND INDIIVDUAL CAPACITY, DANIELLE CALVO, IN HER OFFICIAL AND INDIVIDUAL CAPACITY, SADIQ TAHIR, IN HIS INDIVIDUAL CAPACITY, PEC GROUP OF NY, INC., DAVID SMART, and JOHN AND JANE DOE,

                Defendants.

NOT FOR PUBLICATION

**MEMORANDUM &ORDER**
18-CV-2710 (MKB)

---

DAVID SMART and SADIQ TAHIR,

                Counterclaimants,

v.

MARIO H. CAPOGROSSO,

                Counter-Defendant.

---

MARGO K. BRODIE, United States District Judge:

Plaintiff Mario H. Capogrosso, proceeding *pro se*, commenced the above-captioned action on May 8, 2018 against Defendants Alan Gelbstein, Boshira Vahdatlamas, Bushra Vahdat, Ida Traschen, Elizabeth Prickett-Morgan, Jean Flanagan, Vincet Palmieri, Danielle Calvo, Sadiq Tahir, Pec Group of NY, Inc., David Smart, and John and Jane Doe. (Compl., Docket Entry No. 1.) On May 30, 2018, Tahir and Smart filed separate but identical counterclaims against Plaintiff, alleging "Plaintiff illegally harassed [them] and continues to illegally harass [them] by bringing frivolous law suits." (Def. Smart Countercl., Docket Entry No. 6; Def. Tahir Countercl., Docket Entry No. 7.) Smart and Tahir both seek punitive damages against Plaintiff and allege damages in the sum of $100,000. (Def. Smart Countercl. 1; Def. Tahir Countercl. 1.)

Currently before the Court is Plaintiff's motions to dismiss both counterclaims for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Pl. Mot. to Dismiss Tahir Countercl. ("Pl. Mot. Tahir"), Docket Entry No. 33; Pl. Mot. to Dismiss Smart Countercl. ("Pl. Mot. Smart"), Docket Entry No. 35.) For the reasons discussed below, the Court grants the motions and dismisses both counterclaims.

## I. Background

At a pre-motion conference on August 2, 2018, the Court directed Smart to file an amended counterclaim with relevant facts on or before August 9, 2018. (Order dated Oct. 2, 2018.) In addition, the Court deemed Tahir's statements at the conference — that his counterclaim is based on Plaintiff's commencement of this action — an amended answer and counterclaim. (*Id.*) In response to the Court's instruction at the conference, Smart filed with the Court a report from the New York Department of Motor Vehicles ("DMV") and a police report, both relating to a May 11, 2018 altercation between Plaintiff and Smart at the Coney Island DMV (the "reports"). (Def. Letter dated August 2, 2018, 2–4, 6–8, Docket Entry No. 31.) The reports indicate that on May

11, 2018, Plaintiff and Smart had a verbal altercation that became physical when Plaintiff pushed Smart with an "open hand." (*Id.* at 4.) Smart reported the incident to the police. (*Id.* at 7–8.)

In addition to the reports, Smart filed a letter from Tahir summarizing two altercations between Tahir and Plaintiff.[1] (*Id.* at 5.) In Tahir's letter, he alleges that a "few weeks ago" he had a verbal altercation with Plaintiff after Plaintiff's bag was removed from a "chair where [Tahir] regularly sit[s]." (*Id.*) He also alleges that on May 5, 2015, he and Plaintiff had another verbal altercation regarding Plaintiff's placement of his bag on Tahir's chair. (*Id.*) During this argument, Plaintiff "tried to provoke [him] because he thought Tahir was "an easy and soft target." (*Id.*) Tahir alleges that Plaintiff yelled at him and called him "Shit." (*Id.*)

## II. Discussion

### a. Standard of review

In reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must construe the complaint liberally, "accepting all factual allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor." *Kim v. Kimm*, 884 F.3d 98, 103 (2d Cir. 2018) (quoting *Chambers v. Time Warner Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)); *see also Tsirelman v. Daines*, 794 F.3d 310, 313 (2d Cir. 2015) (quoting *Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997)). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

[1] Smart noted in his letter to the Court that "the last page is Mr. Tahir's statement from last week's incident. He just gave it in today." (Def. Letter dated August 2, 2018, 5, Docket Entry No. 31.

3

alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717–18 (2d Cir. 2013). A counterclaim must also be plausible. *See Capitelli v. Riverhouse Grill, Inc.*, No. 15-CV-2638, 2015 WL 9413102, at *1 (E.D.N.Y. Dec. 21, 2015) ("[T]o survive a motion to dismiss under Rule 12(b)(6), a counterclaim must plead enough facts to state a claim to relief that is plausible on its face . . ." (internal quotation marks omitted)); *Cael Techs. (Pvt.) Ltd. v. Precise Voting, LLC.*, No. 13-CV-1470, 2014 WL 6900502, at *3 (E.D.N.Y. Dec. 5, 2014) (to survive a motion to dismiss, a counterclaim must contain sufficient facts to state a claim to relief that is plausible on its face.) Although all allegations contained in the complaint are assumed true, this principle is "inapplicable to legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

### b. Neither Smart nor Tahir have alleged plausible counterclaims

Plaintiff argues that "to the extent [the Defendants'] counterclaims assert a claim for 'harassment,' such cause of action does not exist in New York and must be dismissed." (Pl. Mot. Tahir 15; Pl. Mot. Smart 15.) In addition, he argues that to the extent Smart and Tahir seek to assert a claim for malicious prosecution, "such claim is patently premature because this action has not been determined on its merits favorably to the Defendant[s]." (Pl. Mot. Tahir 14–15; Pl.

4

Mot. Smart 14–15.) Plaintiff also argues that Defendants' counterclaims "fail[] to meet with even the basic requisites of Rule 8," because there are no facts "offered in support of their conclusory assertions of 'frivolousness' and 'harassment.'" (*Id.* at 5.)

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff's complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 134 (2d Cir. 2007) (finding that defendant's "counterclaims pleaded in the answer [were] sufficient to satisfy Rule 8(a)" of the Federal Rules of Civil Procedure). A plaintiff pleading a counterclaim must also comply with Rule 8. *Ferrara v. Leticia, Inc.*, No. 09-CV-3032, 2012 WL 4344164, at *2 (E.D.N.Y. Sept. 21, 2012) ("the standard for a motion to dismiss is the same with respect to claims and counterclaims . . . as required by Rule8(a)(2), a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief." (internal quotation marks omitted)); *see also Diamond Collection, LLC v. Underwraps Costume Corp.*, No. 2:17-CV-00061, 2018 WL 1832928, at *5 (E.D.N.Y. Apr. 16, 2018) (granting the plaintiff's motion to dismiss defendant's counterclaim for failing to comply with Rule 8 of the Federal Rules of Civil Procedure); *Sands Harbor Marina Corp. v. Wells Fargo Ins. Servs. of Oregon, Inc.*, 156 F. Supp. 3d 348, 361 (E.D.N.Y. 2016) (dismissing the defendant's counterclaims for failure to satisfy the pleading requirements of Rule 8); *O'Hearn v. Bodyonics, Ltd.*, 22 F. Supp. 2d 7, 11 (E.D.N.Y. 1998) (stating "[t]he [c]ourt is mindful that under the modern rules of pleading, a defendant asserting a counterclaim need only provide a short and plain statement of the claim showing that the pleader is entitled to relief, Fed. R. Civ. P. 8(a)(2) . . . ." (internal quotation marks omitted)). The "statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer

5

and prepare for trial." *Blakely v. Wells*, 209 F. App'x 18, 20 (2d Cir. 2006) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted); *see Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002); *see also Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004) (defining "fair notice" as "that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial" (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995))); 15 Charles Alan Wright *et al.*, *Federal Practice and Procedure* § 1281 (3d ed. 2007) (noting that "[u]necessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage"). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citation and internal quotation marks omitted).

    i.   **Harassment counterclaims**

Smart and Tahir cannot state a counterclaim that "Plaintiff illegally harassed [them]," because "New York does not recognize a claim for civil harassment." *Pandozy v. Tobey*, 335 F. App'x 89, 91 (2d Cir. 2009); *see Kingvision Pay-Per-View Ltd. v. Ramierez*, No. 05-CV-2778, 2005 WL 1785113, at *2 (S.D.N.Y. July 28, 2005) (interpreting defendant's counterclaim for harassment as "tortious interference with business relations" because New York does not recognize a civil cause of action for harassment); *N.Y. Stock Exch., Inc. v. Gahary*, 196 F. Supp. 2d 401, 414 (S.D.N.Y. 2002) (dismissing defendants' counterclaim against plaintiff for harassment because "New York law does not recognize any independent tort for harassment").

### ii. Malicious prosecution counterclaims

Plaintiff alleges that claims for malicious prosecution are "patently premature because this action has not been determined on its merits favorably to the Defendant[s]." (Pl. Mot. Tahir 14–15; Pl. Mot. Smart 14–15.)

To state a claim under New York law for the malicious prosecution of a civil action, a plaintiff must show "1) the initiation of a [civil] action by the defendant against [him], 2) begun with malice, 3) without probable cause to believe it can succeed, 4) that ends in failure or, in other words, terminates in favor of the plaintiff and 5) causes special injury." *Engel v. CBS*, 145 F.3d 499, 502 (2d Cir. 1998) (quoting *O'Brien v. Alexander*, 101 F.3d 1479, 1484 (2d Cir. 1996) (internal quotation marks omitted)); *McCaul v. Ardsley Union Free Sch. Dist.*, 514 F.3d 1, 6 (2d Cir. 2013) (stating the elements of a malicious prosecution claim under New York law); *Castro v. East End Plastic, Reconstructive & Hand Surgery, P.C.*, 47 A.D.3d 608, 850 N.Y.S.2d 483, 485 (2008) (same).

Even construing the allegations by Smart and Tahir to "raise the strongest arguments they suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (quoting *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007), they do not contain factual allegations to support a claim for malicious prosecution. As Plaintiff accurately notes, "until this action is terminated" in their favor, they "cannot maintain an action for malicious prosecution."[2] (Pl. Mot. Tahir 14–15; Pl. Mot. Smart 14–15); *see Neal v. Fitzpatrick*, 250 F. Supp. 2d 153, 155 (E.D.N.Y. 2003) (dismissing plaintiff's malicious prosecution claim under § 1983 because plaintiff failed to demonstrate that his criminal proceeding was terminated); *Boyd v. City of N.Y.*,

---

[2] Neither Smart nor Tahir have referred to any prior lawsuits by Plaintiff against them.

7

336 F.3d 72, 75 (2d Cir. 2003) ("The elements of . . . malicious prosecution under § 1983 are substantially the same as the elements under New York law [for the malicious prosecution of a civil action]. Therefore, the analysis of the state and the federal claims is identical." (citation and internal quotation marks omitted)).

In addition, the counterclaim allegations, and the statements in the reports do not provide any factual allegations to support a malicious prosecution claim. Thus, the allegations against Plaintiff fail to include a "short and plain statement of the [counter]claim" showing that they are entitled to relief as required by Rule 8.

Accordingly, the Court grants Plaintiff's motions and dismisses Defendants' counterclaims.

### III. Conclusion

For the foregoing reasons, the Court grants Plaintiff's motions and dismisses Defendants' counterclaims.

SO ORDERED:

\_\_\_\_\_s/ MKB_____
MARGO K. BRODIE
United States District Judge

Dated: October 17, 2018
      Brooklyn, New York