

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MARIO H. CAPOGROSSO,　　　　　　　　　CIV18-2710 MKB LB

　　　　　　Plaintiff

　-against-

ALAN GELBSTEIN, in his official and individual capacity;
BOSHRA VAHDATLAMAS, (also known as BUSHRA VAHDAT) in her official and individual capacity;
IDA TRASCHEN, in her official and individual capacity;
ELIZABETH PRICKETT-MORGAN, in her official and individual capacity;
JEAN FLANAGAN, in her official and individual capacity;
VINCENT PALMIERI, in his official and individual capacity;
DANIELLE CALVO, in her official and individual capacity;
SADIQ TAHIR, in his individual capacity;
PEC GROUP OF NY, INC.;
DAVID SMART, in his individual capacity;
JOHN AND JANE DOE.

　　　　　　Defendants

---

### DECLARATION OF MARIO H. CAPOGROSSO IN SUPPORT OF PLAINTIFF'S OBJECTIONS TO REPORT & RECOMMENDATION OF MAGISTRATE BLOOM DATED JANUARY 30, 2019

Mario H. Capogrosso hereby declares the following pursuant to 28 U.S.C.A. §1746:

1. I am the Plaintiff in the above-captioned matter.

2. I submit this Declaration in support of my Objections to the Report & Recommendation of Magistrate Bloom dated January 30, 2019 ("R&R").

3. The Magistrate respectfully recommended that the State Defendants' Motion to Dismiss be granted in part and denied in part – to wit, that the motion be granted as to my Due Process and Sections 1985 and 1986

claims, as well as claims against Vahdatlamas, Morgan, Flanagan, and Palmieri; b) that the motion to dismiss the First Amendment retaliation claim against Gelbstein, Calvo, and Traschen should be denied; the State Defendants' motion to dismiss my claim for prospective injunctive relief should be denied with respect to Gelbstein, Calvo, and Traschen; and the State Defendants' motion to dismiss based on qualified immunity should be denied without prejudice (ECF 51, Report and Recommendation, p. 30 and ECF 53, Order, p. 1).

4. My specific Objections to the foregoing Recommendations are as follows:

5. The Magistrate recites that the State Defendants argue that my claim of retaliation is "unsupported, speculative, and conclusory," and add that I would sometimes "throw a punch" in the TVB (*Id.* at p. 16).

6. I threw only one (1) punch, Opposing Counsel's representation indicates otherwise, which is a fabrication. It is defamatory to my name, profession and reputation and indicative how this tribunal conducts business. Given that all things are construed in my favor for purposes of the Motion, I object to taking the Defendants' representations of this fact as true.

7. The Magistrate held that I failed to plausibly allege that Vahdatlamas and Morgan were personally involved in the decision to bar him from representing clients at the TVB (*Id.* at p. 13).

8. But this is incorrect. My Complaints asserts that these individuals had knowledge of Smart's actions and took no action of their own to rectify

such conduct. Their personal involvement, as alleged in the Complaint, laid in turning a blind eye to – or condoning – the unfair treatment that I was being subjected to. In support, I sent my letter of March 20, 2015 directly to Defendant Morgan describing the behavior of Smart, to which no action was taken. I spoke to Defendant Vahdatlamas in her office prior to my expulsion from the TVB on May 11, 2015 and yet no action was taken.

9. I have stated supplemental, state-based claims against the individual Defendants that rely upon those actions and inactions by Vahdatlamas and Morgan. In those Defendants' supervisory role, their deliberate indifference to Smart's treatment of me was conspiratorial; and done in their capacity as supervisors.

10. At minimum, I request leave to amend the First Amendment and Civil Rights claims to more clearly define the factual underpinnings against the Defendants. The Magistrate erroneously held that such amendment would be futile, while the Complaint has yet to be amended once during this process. I respectfully submit that amendment would not be futile, and that I should be permitted to do so.

11. Discovery has not been even commenced. The precise actions and inactions of the Defendants are within their exclusive knowledge. I respectfully submit that their personal involvement may well surface during depositions; and dismissal of these claims without prejudice would be premature at this stage.

12. The Magistrate wrote that, though I argued that "the Complaint makes clear that, without the actions of all the Defendants, the decision to bar him would not have been made," my "allegations regarding Vahdatlamas are conclusory" (*Id.* at p. 14).

13. But the Opposition to the Defendants' Motion answered such claim, pointing out that the Defendants lift the allegations of the Complaint out of context and construed them in the light most favorable to themselves. Paragraph 5 of the Complaint (which the Defendants cited) asserts that I was restored to the TVB and advised that one of my accusers was Smart.

14. The Magistrate found the allegations that Morgan failed to take action to respond to my letter, conspired with other State Defendants to violate my constitutional rights, and treated the violation of those rights with deliberate indifference "are conclusory and fail to plausibly allege Morgan's personal involvement in the decision to bar plaintiff from representing clients at the TVB" (*Id.*).

15. However, in Opposition to the Defendants' Motion to Dismiss, I specifically requested leave to amend to amplify the pleadings if necessary. However, I further argued that discovery in the matter would reveal the extent of the collusion between the Defendants—at this premature stage, however, what each did and exactly how they were involved was within their exclusive knowledge.

16. The Magistrate did not account for the fact that a Motion to Dismiss is appropriately denied in favor of discovery were such might reveal

particulars of a conspiracy claim. *See, e.g., Competitive Associates, Inc. v. Fantastic Fudge, Inc.,* 58 F.R.D. 121 (S.D.N.Y.).

17. The Magistrate found that, taken together and construing all reasonable inferences in my favor, the Motion of Gelbstein, Calvo, and Traschen to Dismiss my First Amendment retaliation cause of action for failure to state a claim upon which relief can be granted should be denied, but granted with respect to Vahdatlamas and Morgan (*Id.* at p. 19).

18. For the reasons set forth previously, I respectfully submit that I had facts on which to state a retaliation claim against these persons based on their deliberate disregard for my rights as they pertained to mistreatment by Smart. These Defendants were made aware of the goings on by me and elected to do nothing.

19. The Magistrate concluded that I failed to establish that I have a protected property interest in representing clients at the TVB (*Id.* at p. 20).

20. But my Opposition papers argued that I had a property interest in my profession. My profession at that time was solely working at the TVB, something that I unquestionably lost.

21. The Magistrate concluded that "Defendants did not deprive plaintiff of his license to practice; he was at liberty to continue his practice elsewhere."(*Id.* at p. 21).

22. But this is not true. I am not a liberty to practice elsewhere. If I seek admission to a Court's jurisdiction, whether it be State Court or Federal Court I have to explain this expulsion, and to date I cannot for I have not

been given the reasons nor circumstances which warrant such an expulsion. I am thus not at liberty to practice elsewhere. My liberty has been curtailed immeasurably. Defendants have deprived me of my ability to practice in other courts. I am inexorably bound through the remainder of my career by this expulsion. My license – my property right - to practice law, in the Courts of my choosing, have been impinged. My liberty has been curtailed and irreparably so. My property right, my license to practice law, is no longer the same.

23. The Magistrate concluded that "even if the Court were to find that plaintiff had a protected property or liberty interest, plaintiff's due process claim would still be dismissed as had the opportunity to pursue an adequate post-deprivation hearing by way of an Article 78 proceeding. " (Id.at p. 22).

24. But this is not true. An Article 78 proceeding is not an adequate remedy for this matter. At the time of my expulsion from the TVB, I had in excess of 850 clients on my docket. All clients had monies which were paid to me in expectation of my representation of them at the TVB. In addition, many of these clients also owed money balances on my attorney's fee. Due to my expulsion, all monies that were unearned had to be returned. I was damaged monetarily. Further my reputation in this community was damaged. My ability to earn money as an attorney is built on my reputation to provide legal services. In damaging my reputation, the Defendants have necessarily damaged my ability to make

money. An Article 78 would not allow me the ability to recoup these monetary damages, and thus would not be an adequate post deprivation remedy.

25. The Magistrate concluded "he fails to allege facts to establish that the State Defendants' acted with any class-based discriminatory animus…As neither race nor class-based discriminatory animus is alleged, plaintiff's Section 1985 claim must be dismissed." (*Id.* at p. 25).

26. This is not true. I am an Italian American, (Italy is my national origin) in a Jewish community of lawyers and judges. That is a fact. The administrative judges who seek my expulsion Defendants Gelbstein and Vahdatlamas are my Jewish colleagues. Ida Traschen, First Counsel, who also sought my expulsion is also my Jewish colleague. Yakov Brody, who initiated this scenario of events happens to be a Jew. These are facts. I am an Italian American with over 850 clients in such a community. These are facts.

27. The Magistrate recommended that it was "premature to rule on the State Defendants' entitlement to qualified immunity at this juncture" (*Id.* at p. 29) and I agree. However, I do disagree that Defendants Vahdatlamas and Morgan should be allowed such qualified immunity. Facts have to be revealed though discovery and deposition. Vahdatlamas had control over the actions of Defendants Gelbstein and Calvo. She had the ability to review and rectify the tortious acts (my expulsion from the TVB) and yet failed to do so. She turned a blind eye and acted in complete acceptance

of my expulsion despite my letter (ECF 1, Complaint, page 5) and phone calls to her office seeking clarification. If the conduct of Defendants Gelbstein and Calvo can be found to be tortious, then Defendants' Vahdatlamas and Morgan's response to such actions must be subject to review. Vahdatlamas and Morgan should not be granted qualified immunity in this respect.

28. As to Negligent Supervision, if Gelbstein and Calvo are being held accountable, then their supervisor, Vahdatlamas and Morgan should be as well.

29. Vahdatlamas would have had notice of my expulsion from the TVB by the monthly report addressed to Flanagan and Palmieri (ECF 19). In addition, I called her office and wrote her a letter seeking clarification and she did not respond. (ECF 1, Complaint, page 5). I also sent my letter to Morgan on March 20, 2015, complaining of Defendant's Smart's actions. Both Vahdatlamas and Morgan are complicit in the actions of Defendants' Gelbstein, Calvo and Traschen by their silence – by their failure to act in response to such expulsion they have condoned such actions. Their complicit acceptance of tortious actions is a neglect of their duties in their respective individual capacities.

30. In light of the foregoing, I request leave to amend with respect to the Negligent Supervision claim.

31. With respect to the Conspiracy claim, the Magistrate overlooks that Vahdatlamas and Morgan allegedly knew of the expulsion from the TBV

and took no action. By their failure to act they have ratified the actions of Defendants Gelbstein, Calvo, and Traschen. A determination as to whether such ratification came before my expulsion from the TVB, that is on May 11, 2015, or afterwards can only be found out by discovery, deposition, and trial if need be. Both Defendants Vahdatlamas and Morgan should not now be immune from such a process. Further, Morgan also knew of Smart's actions before that time and took no action upon them. These Defendants were complicit in that they failed to prevent my expulsion after their knowledge of what had occurred.

32. I would request the ability to amend my Complaint to the objections proffered herein.

Dated: February 26, 2019
New Rochelle, New York

Respectfully Truthfully Submitted,

_____
Mario H. Capogrosso

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

MARIO H. CAPOGROSSO

                      Plaintiff

-against-                                        18 CV 2710

ALAN GELBSTEIN, et. al                  **AFFIRMATION OF SERVICE**

                      Defendants

---

      I, Mario H. Capogrosso, declare under penalty of perjury that I have served a copy of the attached Objection to Report and Recommendation dated January 30, 2019

upon:

Mark Siegmund
(representing Defendants
Gelbstein, Traschen, Vahdat, Palmieri, Flanagan, Calvo,
and Prickett-Morgan)
Assistant Attorney General
28 Liberty Street
New York, NY 10005

Sadiq Tahir
2994 Coney Island Avenue
Brooklyn, NY 11235

Pec Group of NY
935 S. Lake Blvd. #7
Mahopac, NY 10541

David Smart
2875 West 8th Street
Brooklyn, NY 11224

1

via U.S. Postal Service First Class Mail, this 27th day of February 2019.

New Rochelle, NY
February 27, 2019

                                                Mario H. Capogrosso
                                                21 Sheldrake Place
                                                New Rochelle, NY 10804
                                                (914) 806-3692