UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MARIO H. CAPOGROSSO,

                              Plaintiff,

- against -

ALAN GELBSTEIN, in his official and individual capacity; BOSHRA VAHDATLAMAS, (also known as BUSHRA VAHDAT) in her official and individual capacity; IDA TRASCHEN, in her official and individual capacity; ELIZABETH PRICKETT-MORGAN, in her official and individual capacity; JEAN FLANAGAN, in her official and individual capacity; VINCENT PALMIERI, in his official and individual capacity; DANIELLE CALVO, in her official and individual capacity; SADIQ TAHIR, in his individual capacity; PEC GROUP OF NY, INC.; DAVID SMART, in his individual capacity; JOHN AND JANE DOE,

                              Defendants.

No. 1:18-cv-02710-MKB-LB

## THE STATE DEFENDANTS' RESPONSE TO PLAINTIFF'S WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT & RECOMMENDATION DATED JANUARY 30, 2019

                            LETITIA JAMES
                            Attorney General of the State of New York
                            Attorney for Defendants Gelbstein, Vahdat, Traschen,
                              Morgan, Flanagan, Palmieri, and Calvo
                            28 Liberty Street
                            New York, New York 10005
                            Tel. (212) 416-8610

MARK SIEGMUND
Assistant Attorney General

    *Of Counsel*

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT ............................................................................................................................... 1

I. THE MAGISTRATE JUDGE PROPERLY FOUND THAT THE COMPLAINT FAILS TO STATE A CLAIM FOR DUE PROCESS VIOLATION .................................. 1

II. THE MAGISTRATE JUDGE PROPERLY FOUND THAT PLAINTIFF FAILED TO ALLEGE A CONSPIRACY UNDER SECTIONS 1985 AND 1986 ........... 3

III. THE MAGISTRATE JUDGE PROPERLY FOUND THAT THERE ARE INSUFFICIENT ALLEGATIONS OF PERSONAL INVOLVEMENT BY DEFENDANTS MORGAN AND VAHDAT ................................................................... 5

IV. THE MAGISTRATE JUDGE PROPERLY FOUND THAT PLAINTIFF'S CLAIMS AGAINST FLANAGAN AND PALMIERI SHOULD BE DISMISSED ......... 6

V. PLAINTIFF SHOULD NOT BE PERMITTED LEAVE TO REPLEAD ......................... 6

CONCLUSION ............................................................................................................................ 7

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .................................................................................................. 7

*Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564 (1972) ........................................................ 2

*Conn v. Gabbert*, 526 U.S. 286 (1999) .................................................................................................. 2

*Dolan v. Connolly*, 794 F.3d 290 (2d Cir. 2015) ................................................................................ 3

*Farid v. Ellen*, 593 F.3d 233 (2d Cir. 2010) ........................................................................................ 6

*Finnan v. Ryan*, 2008 WL 4891162 (N.D.N.Y. Nov. 7, 2008), *aff'd*, 357 Fed. App'x 331
    (2d Cir. 2009) .................................................................................................................................... 4

*In re Martin-Trigona*, 573 F. Supp. 1245 (D. Conn. 1983), *aff'd in part*, 737 F.2d 1254
    (2d Cir. 1984) .................................................................................................................................... 5

*In re Martin–Trigona*, 737 F.2d 1254 (2d Cir. 1984) ...................................................................... 5

*Kirkland v. Rosen*, 1992 WL 322013 (S.D.N.Y. Oct. 28, 1992) (Report &
    Recommendation) ........................................................................................................................... 4

*Locurto v. Safir*, 264 F.3d 154 (2d Cir. 2001) ................................................................................... 3

*Radin v. Tun*, 2014 WL 12829436 (E.D.N.Y. Sept. 17, 2014) ........................................................ 4

*Reisner v. General Motors Corp.*, 511 F. Supp. 1167 (S.D.N.Y. 1981), *aff'd*, 671 F.2d 91
    (2d Cir. 1982) .................................................................................................................................... 5

*Riddles v. Parakh*, 2008 WL 4298318 (E.D.N.Y. Sept. 16, 2008) ................................................. 5

*Rodriguez v. Margotta*, 71 F. Supp. 2d 289 (S.D.N.Y. 1999), *aff'd*, 225 F.3d 646 (2d Cir.
    2000) ................................................................................................................................................... 2

*Rzayeva v. U.S.*, 492 F. Supp. 2d 60 (D. Conn. 2007) ..................................................................... 5

*Tutuianu v. New York Presbyterian Community Health Plan*, 2009 WL 10706268
    (E.D.N.Y. June 18, 2009) ................................................................................................................ 4

**Statutes**

42 U.S.C. § 1983 ............................................................................................................................. 3

42 U.S.C. § 1985 ......................................................................................................................... 1, 3

42 U.S.C. § 1986 ......................................................................................................................... 1, 3

**Rules**

Fed. R. Civ. P. 12(b)(6) .................................................................................................................. 1

Fed. R. Civ. P. 72(a) ...................................................................................................................... 6

Fed. R. Civ. P. 72(b)(2) .................................................................................................................. 1

**Other Authorities**

5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1285 (3d ed. 2004) ........................................................................................................................................ 5

**PRELIMINARY STATEMENT**

Defendants Alan Gelbstein, Bushra Vahdat, Ida Traschen, Elizabeth Morgan (formerly Prickett-Morgan), Jean Flanagan, Vincent Palmieri, and Danielle Calvo (collectively, the "State Defendants"), by their attorney, Letitia James, Attorney General of the State of New York, respectfully submit, pursuant to Rule 72(b)(2), this response to the "Declaration of Mario H. Capogrosso in Support of Plaintiff's Objections to Report & Recommendation of Magistrate Bloom Dated January 30, 2019" (ECF Doc. No. 60) ("Plaintiff's Declaration," cited herein as "P. Decl. ¶ __"). As detailed below, the Court should adopt the recommendations of Magistrate Judge Bloom in the Report and Recommendation dated January 30, 2019 (ECF No. 51) ("R&R") with respect to those branches of the State Defendants' motion seeking dismissal of: (1) Plaintiff's due process claim; (2) Plaintiff's claims under 42 U.S.C. §§ 1985 and 1986; and (3) the Complaint in its entirety as against defendants Vahdat, Morgan, Flanagan and Palmieri. Plaintiff's Declaration fails to demonstrate any basis for the Court to decline to adopt these recommendations.

**ARGUMENT**

**I.   THE MAGISTRATE JUDGE PROPERLY FOUND THAT THE COMPLAINT FAILS TO STATE A CLAIM FOR DUE PROCESS VIOLATION**

The Court should adopt the Magistrate Judge's recommendation that Plaintiff's due process claim should be dismissed under Rule 12(b)(6) for failure to state a claim. As the Magistrate Judge found in the R&R, (1) Plaintiff fails to demonstrate that he was deprived of any protected property or liberty interests when he was banned from the DMV's Traffic Violations Bureau ("TVB") because Plaintiff's "expectation to continue representing clients at the TVB was subjective and insufficient to establish a property right" (R&R at 20) and "plaintiff's ban from the TVB did not prevent him from practicing law" (*id.* at 20-21); and (2) Plaintiff "had the

opportunity to pursue an adequate post-deprivation hearing by way of an Article 78 proceeding" in State court (*id.* at 21-22).

Plaintiff contends, without citing to any legal authority, that he was deprived of a protected property or liberty interest in his profession, which he characterizes as "solely working at the TVB," when he was banned from the TVB. P. Decl. ¶¶ 19-20. But it is irrelevant that Plaintiff narrowly describes his "profession" in such limited terms. As the Magistrate Judge recognized, the Supreme Court has explicitly held that "[i]t stretches the concept too far to suggest that a person is deprived of 'liberty' when he simply is not rehired in one job but remains as free as before to seek another." *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 575 (1972) (cited in R&R at 21); *see also Conn v. Gabbert*, 526 U.S. 286, 291 (1999) (due process rights are implicated only if lawyer is deprived of a "liberty interest in practicing law"); *Rodriguez v. Margotta*, 71 F. Supp. 2d 289, 296 (S.D.N.Y. 1999) ("It is well settled that one must have no ability to practice one's profession at all in order to state a claim for deprivation of a liberty interest.") (citations omitted), *aff'd*, 225 F.3d 646 (2d Cir. 2000).

Plaintiff also contends, once again without citing to any legal authority, that he was deprived of a protected property or liberty interest because he is no longer "at liberty" to "practice in other courts" because he would have to explain why he was banned from the TVB but supposedly cannot do so because he was not "given the reasons nor circumstances which warrant such an expulsion." P. Decl. ¶ 22. This is simply incorrect: Plaintiff understands the reason for his ban, as reflected by Plaintiff's own allegations in the Complaint and the State Defendants' position in this litigation. *See, e.g.*, Compl. ¶ 11 (alleging Plaintiff was banned from the TVB following "physical confrontation" with security guard Smart); *see also id.* ¶ 5 (acknowledging there were "complaints of misconduct" against Plaintiff); *id.* ¶ 15

2

(acknowledging "complaints against [him]").  Moreover, Plaintiff does not allege that any of the State Defendants took any action that affected his law license or ability to practice law elsewhere.

Plaintiff also contends that an "Article 78 proceeding is not an adequate remedy for this matter" because "monetary damages" could not be recovered in such a proceeding.  P. Decl. ¶ 24.  But as the Magistrate Judge properly found, the fact that money damages may generally not be sought in Article 78 proceedings is irrelevant and does not demonstrate that an Article 78 proceeding is an inadequate post-deprivation opportunity to be heard for due process purposes.  *See* R&R at 21; *Locurto v. Safir*, 264 F.3d 154, 158, 175 (2d Cir. 2001) (dismissing 42 U.S.C. § 1983 claim alleging wrongful termination and seeking "monetary and injunctive relief" because plaintiffs could have commenced Article 78 proceeding, which "constitutes a wholly adequate post-deprivation hearing for due process purposes").

II. **THE MAGISTRATE JUDGE PROPERLY FOUND THAT PLAINTIFF FAILED TO ALLEGE A CONSPIRACY UNDER SECTIONS 1985 AND 1986**

The Magistrate Judge properly determined that Plaintiff fails to allege a conspiracy under 42 U.S.C. §§ 1985 and 1986 because the Complaint does not "allege facts to establish that the State Defendants[] acted with any class-based discriminatory animus."  R&R at 25 (citing *Dolan v. Connolly*, 794 F.3d 290, 296 (2d Cir. 2015)).  Plaintiff contends this is "not true" because it is a "fact" that he is "an Italian American . . . in a Jewish community of lawyers and judges," certain State Defendants are "Jewish colleagues" and defendant Brody "happens to be a Jew."  P. Decl. ¶ 26.[1]  But none of this is alleged in the Complaint, and Plaintiff cannot demonstrate class-

---

[1] Plaintiff has previously made other troubling references to the Jewish background of his colleagues and judges at the TVB.  *See* ECF Doc. No. 48 at 3-4 ("I argue, I am an Italian American in Jewish community making too much money.  My colleagues wanted me out."); *id.* at 12 ("I observe [ALJ Gelbstein] regularly having lunch with several Jewish ticket brokers in his office after ordering all ticket brokers out of the Brooklyn South TVB. . . .").

3

based discriminatory animus merely by describing TVB judges and colleagues as "Jewish" and himself as "Italian-American." *See, e.g.*, *Radin v. Tun*, 2014 WL 12829436, at *8 n.20 (E.D.N.Y. Sept. 17, 2014) (dismissing conspiracy claim under Sections 1985 and 1986 and finding plaintiff's allegations that she was "being persecuted by 'Yeshiva University and the Jewish community,' who are allegedly 'desperate to shut [her] up' so she does not write her book 'The Israel Lobby & US Domestic Policy'" to be insufficient because "Plaintiff does not allege any discernable connection between her membership in a protected class and her federal claims. . ."); *Finnan v. Ryan*, 2008 WL 4891162, at *6 (N.D.N.Y. Nov. 7, 2008) (dismissing conspiracy claim under Sections 1985 and 1986 because "the complaint fails to allege that Plaintiff was deprived of protected rights as a result of any racial, ethnic, or class based animus on the part of the defendants" and holding plaintiff's statements, in response to motion to dismiss, that he "has not been treated appropriately as an 'ordinary white citizen[ ]'" reflect an "inability to remedy [the complaint's] defects"), *aff'd*, 357 Fed. App'x 331 (2d Cir. 2009); *Kirkland v. Rosen*, 1992 WL 322013, at *2-3 (S.D.N.Y. Oct. 28, 1992) (Report & Recommendation) (finding plaintiff "offered no facts from which the alleged acts of the defendants might be linked to some class-based discrimination" and noting that one of plaintiff's claims alleged a conspiracy among "all of the attorneys and judges who [plaintiff] identified as Jewish").

Moreover, to the extent Plaintiff is now alleging that he was the target of a conspiracy by a "Jewish community of lawyers and judges" at the TVB to violate his constitutional rights, P. Decl. ¶ 26, courts have deemed such allegations to be facially frivolous. *See, e.g.*, *Tutuianu v. New York Presbyterian Community Health Plan*, 2009 WL 10706268, at *2 (E.D.N.Y. June 18, 2009) (dismissing claim that plaintiff's "inability to receive satisfactory dental work is the result

4

of some shadowy Jewish conspiracy to prevent him from fixing his teeth, . . . presumably because he is a gentile"); *Riddles v. Parakh*, 2008 WL 4298318, at *2 (E.D.N.Y. Sept. 16, 2008) (dismissing complaint as "frivolous or malicious" where plaintiff alleged "conspiracy involving 'a closed sect of Jewish professionals,'" finding such allegations to be "the product of delusion or fantasy"); *Rzayeva v. U.S.*, 492 F. Supp. 2d 60, 71 (D. Conn. 2007) (finding allegations that plaintiff was the target of a conspiracy by "Zionist" Jews to be frivolous on their face) (citing *In re Martin–Trigona*, 737 F.2d 1254, 1256 (2d Cir. 1984)); *see also In re Martin-Trigona*, 573 F. Supp. 1245, 1263 (D. Conn. 1983) (noting plaintiff's allegations against "Jewish bankruptcy judges" reflect the "ugly taint of anti-Jewish bigotry. . ."), *aff'd in part*, 737 F.2d 1254 (2d Cir. 1984)).[2]

### III. THE MAGISTRATE JUDGE PROPERLY FOUND THAT THERE ARE INSUFFICIENT ALLEGATIONS OF PERSONAL INVOLVEMENT BY DEFENDANTS MORGAN AND VAHDAT

The Magistrate Judge properly found that "plaintiff fails to plausibly allege that defendants Vahdatlamas [also known as Vahdat] and Morgan were personally involved in the decision to bar him from representing clients at the TVB." R&R at 13. Plaintiff argues that defendants Vahdat and Morgan should not be allowed "qualified immunity," P. Decl. ¶ 27, confusing the State Defendants' qualified immunity defense with the Magistrate Judge's findings that Plaintiff failed to allege the "personal involvement" of these defendants, as required to assert

---

[2] And to the extent Plaintiff is now asserting a Jewish conspiracy theory, this is inconsistent with the factual allegation supporting his first cause of action for First Amendment retaliation, which is that he was banned in retaliation for writing a letter to Assistant Attorney General Morgan complaining of treatment by security guard Smart and ALJ Gelbstein. Plaintiff's "shifting of legal theories and adding of inconsistent allegations raise a substantial doubt as to [Plaintiff's] good faith. . . . in asserting them." *Reisner v. General Motors Corp.*, 511 F. Supp. 1167, 1172 n.10 (S.D.N.Y. 1981), *aff'd*, 671 F.2d 91 (2d Cir. 1982); *see also* 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1285 (3d ed. 2004) (recognizing that plaintiff may only plead "inconsistent, or alternative, or hypothetical statements" if "legitimately in doubt about the factual background or legal theories supporting [his] claims. . . .").

a claim for relief under Section 1983. *See* R&R at 12 (citing *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010)). Plaintiff also rehashes the same boilerplate, conclusory and speculative allegations of supervisory liability that the Magistrate Judge properly found to be insufficient, such as conclusory allegations that Vahdat "had control over" Gelbstein and Calvo and speculation that she "would have had notice of my expulsion from the TVB[.]" P. Decl. ¶¶ 27-29. Plaintiff also fails to identify any statutory or other basis for the Court to conclude that Assistant Attorney General Morgan had supervisory responsibility over officials or employees of the DMV.

## IV. THE MAGISTRATE JUDGE PROPERLY FOUND THAT PLAINTIFF'S CLAIMS AGAINST FLANAGAN AND PALMIERI SHOULD BE DISMISSED

Plaintiff does not dispute that defendants Flanagan and Palmieri should be dismissed because they were not timely served with the Complaint (R&R at 10-11) and because Plaintiff fails to allege that they were personally involved in any alleged discrimination (*id.* at 13 n.3). *See* Fed. R. Civ. P. 72(a) ("A party may not assign as error a defect in the order not timely objected to.").

## V. PLAINTIFF SHOULD NOT BE PERMITTED LEAVE TO REPLEAD

The Court should adopt the Magistrate Judge's recommendation that Plaintiff not be permitted leave to replead with respect to his due process claim, his conspiracy claim under Sections 1985 and 1986, and his claims against Flanagan and Palmieri, whom Plaintiff "failed to timely serve," because "any amendment of these claims would be futile[.]" R&R at 29. Plaintiff does not seriously challenge this finding, arguing only that "discovery, deposition, and trial if need be" will be necessary. P. Decl. ¶ 31. But Plaintiff's due process claim is deficient as a matter of law, regardless of whatever facts may be revealed through discovery. As for Plaintiff's conspiracy claim, Plaintiff merely suggests that he was the target of a "Jewish" conspiracy

6

because he is "Italian American," P. Decl. ¶ 26, which, as explained above, is facially frivolous and insufficient to show "race or class-based discrimination[.]" R&R at 29; *see also id.* at 25 n.8 (noting that "'a plaintiff armed with nothing more than conclusions' may 'not unlock the doors of discovery'" (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-69 (2009))).

## **CONCLUSION**

For the foregoing reasons, the Court should adopt the Magistrate Judge's recommendations that Plaintiff's due process claim should be dismissed; Plaintiff's claims under Sections 1985 and 1986 should be dismissed; and the Complaint should be dismissed in its entirety as against defendants Vahdat, Morgan, Flanagan and Palmieri.

Dated: New York, New York
      March 13, 2019

    LETITIA JAMES
    Attorney General of the State of New York
    Attorney for Defendants Gelbstein, Vahdat, Traschen, Morgan, Flanagan, Palmieri, and Calvo

    By: /s/ Mark Siegmund
        Mark Siegmund
        Assistant Attorney General

28 Liberty Street
New York, New York 10005
Tel. (212) 416-8627