ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

*FILED*
2019 MAY 31 PM 7:30

MARIO H. CAPOGROSSO,  CV-18-2710

        Plaintiff

-against-

ALAN GELBSTEIN, in his official and individual capacity;
BOSHRA VAHDATLAMAS, (also known as BUSHRA VAHDAT) in her official and individual capacity;
IDA TRASCHEN, in her official and individual capacity;
ELIZABETH PRICKETT-MORGAN, in her official and individual capacity;
JEAN FLANAGAN, in her official and individual capacity;
VINCENT PALMIERI, in his official and individual capacity;
DANIELLE CALVO, in her official and individual capacity;
SADIQ TAHIR, in his individual capacity;
PEC GROUP OF NY, INC.;
DAVID SMART, in his individual capacity;
JOHN AND JANE DOE.

        Defendants



RECEIVED MAY 31 2019 PRO SE OFFICE

### AFFIRMATION IN OPPOSITION TO DEFENDANT SMART'S MOTION TO DISMISS DATED APRIL 15, 2015 (Dkt. No. 65)

    Mario H. Capogrosso hereby declares the following pursuant to 28 U.S.C.A. §1746:

1. I affirm under penalty of perjury that:

2. I, Mario H. Capogrosso, am the Plaintiff in the above-captioned matter.

3. I submit this Affirmation in opposition to the motion (Dkt. #65, dated April 15, 2019) made by Defendant David Smart asking that the Court order the following

1

      relief: "to dismiss my case against Mr. Mario. H. Capogrosso." (Dkt. #65, page 1) and to "dismiss this case" (Dkt. #65, page 2).

4. I have personal knowledge of the facts which bear on this motion because as Plaintiff I am witness to the facts alleged in my Complaint and of the allegations made pursuant to the motion.

5. This motion should be denied because:

### Defendant Smart has not properly effected service

1. I affirm under penalty of perjury that I never received Defendant Smart's Motion to Dismiss (Dkt. #65, dated April 15, 2019) either by personal service, mail, or any manner provided by Rule 5 of the Federal Rules of Civil Procedure.

2. Defendant Smart's Motion to Dismiss (Dkt. #65, dated April 15, 2019) bears no Affidavit of Service.

3. The Pro Se Office cannot accept any papers without an attached Affidavit of Service. Including a "cc"" on the face of the document indicating that the defendant (party) was sent a copy does not satisfy this service requirement. All parties listed in the caption must be served, except parties in default unless new or additional claims are asserted against them. Fed. R. Civ. P. 5(a). (see A Manual for Pro Se Litigants Appearing before the United States District Court for the Southern District of New York, January 11, 2011, page 62.)

4. Here because Defendant Smart's Motion to Dismiss bears no Affidavit of Service, and I have affirmed no such personal receipt of this motion, Defendant Smart has not properly effected service. His motion to dismiss must be denied.

2

**Defendant Smart seek no relief with respect to my Complaint**

1. Defendant Smart writes on page 1 of his Motion to Dismiss (Dkt. 65, page 1) he seeks relief to "dismiss my case against Mr. Mario H. Capogrosso."

2. Here Defendant Smart has no case. The Court has denied Defendant Smart's Counterclaim and granted my Motion to Dismiss his Counterclaims (Dkt. 50, dated 10/17/2018).

3. However, Defendant Smart does subsequently write "I ask you to dismiss this case" (Dkt. 65, page 2).

4. The language is ambiguous. As previously mentioned, if Defendant Smart is seeking a dismissal of "my case against Mr. Mario H. Capogrosso" this issue has already been decided.

**Defendant Smart has not sufficiently pled any legal defect in my Complaint (Dkt. #1, filed 5/8/2018)**

1. In a motion to dismiss the complaint, the defendant argues that there are legal defects in the way the complaint was written, filed or served. (see <u>A Manual for Pro Se Litigants Appearing before the United States District Court for the Southern District of New York, January 11, 2011</u>, pages 114).

2. Rule 12(b) of the Federal rules of Civil Procedure lists the following defenses that can be raised in a motion to dismiss the complaint: 1) Lack of subject matter jurisdiction; 2) Lack of personal jurisdiction over the defendant(s); 3) Improper venue; 4) Improper summons and complaint, 5) Improper service of process, 6) Failure to state a claim upon which relief may be granted; and 7)

3

Failure to join an indispensable party. (see <u>A Manual for Pro Se Litigants Appearing before the United States District Court for the Southern District of New York, January 11, 2011</u>, pages 114-115).

3. Further a motion to dismiss the complaint under Rule 12 generally should not refer to any evidence, documents or facts that were not contained in the complaint. If a defendant submits evidence outside the compliant in its motion to dismiss, the motion may be converted to a motion for summary judgment. In such a situation, Local Civil Rule 12.1 requires the defendant to provide the pro se plaintiff with notice set forth in Local Civil Rule 12.1, that the motion may be considered a summary judgment motion. (see <u>A Manual for Pro Se Litigants Appearing before the United States District Court for the Southern District of New York, January 11, 2011</u>, page 116).

4. Defendant Smart Motion to Dismiss fails because it seeks to introduce evidence, documents and facts not contained in my Complaint as well not contained in Defendant's Smart's Answer and Counterclaim (Dkt, #6, dated 5/30/2018).

5. Defendant Smart states in his Motion to Dismiss (Dkt, #65, page 1) that he seeks dismissal of the Complaint because "Mr. Mario H. Capogrosso is a black belt: Kempo (actually "Kenpo") – martial art a deadly weapon of a kind that can kill anyone. I was fortunate to survive his force."

6. The evidence is newly presented. It finds no factual basis in my Complaint nor Defendant Smart's Answer and Counterclaim and thus provides no legal basis to support Defendant Smart's Motion to Dismiss.

4

7. Defendant Smart writes in his Motion to Dismiss (Dkt. #65, page 1) that "Mr. Mario Capogrosso is always punching the wall." In opposition, another lie. There is no evidence whatsoever of any such activity either in my Complaint and I affirm that I committed no such acts.

8. Further the evidence is newly presented. It finds no factual basis in my Complaint nor in defendant Smart's Answer and Counterclaim and thus provides no legal basis to support Defendant Smart's motion to dismiss.

9. Defendant Smart writes that I "ask you to dismiss this case because I am a victim of Mr. Mario H. Capogrosso with his deadly martial arts – Kempo (actually "Kenpo") martial arts – black belt." (Dkt. #65, page 2).

10. Defendant Smart is no victim, he is the aggressor who intuited the events of May 11, 2015 by approaching me on the morning of May 11, 2015, unprovoked, got within two inches of my face, after passing over two security barriers, and dipped his head obscured his hand in a fighting stance. Defendant Smart is no victim. The Police Report which Defendant Smart attaches to his motion states "complainant sustained no injuries. Defendant Smart is no victim. The Workplace Violence Incident Report which Defendant Smart attaches to his Motion to Dismiss indicates that I stated to Defendant Smart to "back up back up."

11. Defendant Smart is no victim, yet a liar. Defendant Smart's Motion to Dismiss attaches a Police Report which indicates that Defendant Smart was pushed. The Work Violence Incident Report indicates that I pushed him in the chest. Defendant Smart's Motion to dismiss page 1 states "in reference to the case of

5

my efforts to dismiss my case against Mr. Mario H. Capogrosso who was a man on 5/11/2015 punched (the spelling of this word is difficult to read but the word does look like punched as opposed to pushed)  me in my chest." In opposition, my hand went up in an open palm position and I told Defendant Smart to "back up back up" because he was within two inches of my face in a fighting stance, his head was dipped to the side, and he obscured his hand.

12. Further the evidence is newly presented. It finds no factual basis in my Complaint nor in Defendant Smart's Answer and Counterclaim and thus provides no legal basis to support Defendant Smart's motion to dismiss.

## Defendant Smart's Motion to Dismiss must be denied for he has failed to comply with Local Civil Rule 12. 1

1. If a defendant submits evidence outside the complaint in its motion to dismiss, the motion may be converted to a motion for summary judgment. In such a situation, Local Civil Rule 12.1 requires the defendant to provide the pro se plaintiff with notice set forth in Local Civil Rule 12.1, that the motion may be considered a summary judgment motion. (see A Manual for Pro Se Litigants Appearing before the United States District Court for the Southern District of New York, January 11, 2011, page 116).

2. As stated above, Defendant's Smart Motion to Dismiss introduces evidence documents and facts not contained in my Complaint and not contained in Defendant Smart's Answer and Counterclaim.

3. Further I affirm that I have not received notice from Defendant Smart that the motion to dismiss may be considered a summary judgment motion. As such, due to such failure of notice, Defendant Smart's motion to dismiss must be denied in its entirety.

In view of the foregoing, it is requested that the motion be denied in its entirety.

**I declare under penalty of perjury that the foregoing is true and correct.**

Dated: May 31, 2019
New Rochelle, New York

Respectfully requested,

*/s/ M. H. C.*

Mario H. Capogrosso
21 Sheldrake Place
New Rochelle, New York 10804
(914) 806-3692

7

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

---

MARIO H. CAPOGROSSO, ESQ.

                          Plaintiff

-against-                                          CV-18-2710

ALAN GELBSTEIN, et. al                   **AFFIRMATION OF SERVICE**

                          Defendants

---

I, Mario H. Capogrosso, declare under penalty of perjury that I have served a copy of the attached Affirmation in Opposition to Motion to Dismiss, dated April 15, 2019, (Dkt. #65) upon:

Mark Siegmund (upon his affirmation
in representing Defendants
Gelbstein, Vahdat, Traschen, Prickett Morgan,
Flanagan, Palmieri, Calvo)
Assistant Attorney General
28 Liberty Street
New York, NY 10005

Sadiq Tahir
2994 Coney Island Avenue
Brooklyn, NY 11235

Pec Group of NY
935 S. Lake Blvd. #7
Mahopac, NY 10541

David Smart
2875 West 8th Street
Brooklyn, NY 11229

1

via U.S. Postal Service First Class Mail, or in hand personal service this 31st day of May, 2019.

New Rochelle, NY
May 31, 2019

_____
Mario H. Capogrosso
21 Sheldrake Place
New Rochelle, NY 10804
(914) 806-3692

2