

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8627

November 7, 2019

**VIA ECF**
Hon. Lois Bloom
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

RE:   *Capogrosso v. Gelbstein et al.*, No. 18-cv-2710 (E.D.N.Y.)

Dear Judge Bloom:

This Office represent defendants Gelbstein, Vahdat (also known as Vahdatlamas), Traschen, Morgan (formerly Prickett-Morgan), Flanagan, Palmieri, and Calvo (collectively, the "State Defendants") in the above-referenced action.  By separate letter to the Honorable Margo K. Brodie, which was filed earlier today (ECF No. 77), the State Defendants requested that the Court schedule a pre-motion conference or set a briefing schedule relating to their anticipated motion to dismiss the Amended Complaint dated October 24, 2019 (ECF No. 74) with prejudice as to defendants Vahdat, Morgan, Flanagan, and Palmieri.  By this letter, the State Defendants respectfully request that Your Honor allow the stay of discovery in this action to continue until after the Court has issued a decision with respect to such motion.

By way of background, at an August 2, 2018 pre-motion conference, Judge Brodie granted a stay of discovery in connection with the State Defendants' motion to dismiss the original complaint.  The State Defendants had requested such a stay in a pre-motion letter dated July 13, 2018 (ECF No. 20).  The Court ultimately granted in part and denied in part Plaintiff's motion to dismiss by Memorandum & Order dated September 25, 2019.  *See* ECF No. 71.  The Court dismissed Plaintiff's due process and conspiracy claims while allowing Plaintiff's claims for First Amendment retaliation and prospective injunctive relief to proceed, but all claims were dismissed as to four of the State Defendants:  Flanagan, Palmieri, Vahdat, and Morgan.  Dismissal was with prejudice as to Plaintiff's dismissed due process and conspiracy claims, but without prejudice as to the surviving claims asserted against defendants Flanagan, Palmieri, Vahdat and Morgan.  *Id.* at 31-33.

Plaintiff then filed the Amended Complaint adding new allegations as against Vahdat and Morgan. As explained in the pre-motion letter to Judge Brodie, the State Defendants anticipate moving to dismiss the Amended Complaint with prejudice as to defendants Flanagan, Palmieri, Vahdat, and Morgan.

State Defendants respectfully request that the discovery stay remain in place until such motion is decided. As explained in the State Defendants' previous letter requesting a discovery stay (ECF No. 20), the Court has discretion to stay discovery for "good cause" pending resolution of a motion to dismiss. *See* Fed. R. Civ. P. 26(c)(1). Courts in this district have considered the following factors in deciding motions to stay discovery pending the resolution of dispositive motions:

> (1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay.

*Thomas v. N.Y. City Dep't of Educ.*, No. 09-CV-5167 (SLT), 2010 WL 3709923, at *3 (E.D.N.Y. Sept. 14, 2010) (staying discovery pending motion to dismiss) (citation omitted); *see also Gandler v. Nazarov*, No. 94 Civ. 2272 (CSH), 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994) (staying discovery because defendant's motion to dismiss "is potentially dispositive, and appears to be not unfounded in the law"); *see generally Gardner v. Major Automotive Cos.*, No. 11-CV-1664 (FB), 2012 WL 1230135, at *3 (E.D.N.Y. Apr. 12, 2012) (staying discovery and noting that the "purpose" of a discovery stay "is to avoid saddling defendants with the burden of discovery in meritless cases, and to discourage the filing of cases that lack adequate support for their allegations in the mere hope that the traditionally broad discovery proceedings will produce facts that could be used to state a valid claim.") (citation omitted).

Here, each of these factors warrants staying discovery until the State Defendants' motion to dismiss the Amended Complaint is decided.

*First*, the State Defendants anticipate prevailing on their motion to dismiss. As explained in the accompanying letter to Judge Brodie, the Court has already determined that Flanagan and Palmieri were not timely served with the original complaint and that there are insufficient allegations that Vahdat and Morgan were personally involved in any alleged constitutional deprivations. The new allegations in the Amended Complaint regarding Vahdat and Morgan are mere variations of the same types of allegations that the Court has already deemed to be insufficient. Moreover, the State Defendants also plan to argue that all claims against Morgan should be dismissed because she enjoys absolute immunity from civil liability as an Assistant Attorney General in the Office of New York State Attorney General. Discovery should be stayed until this immunity issue is resolved. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed."); *Justice v. King*, 2011 WL 1432130, at *5 (W.D.N.Y. Mar. 24, 2011) (staying discovery pending decision on defendant's motion to dismiss on absolute immunity grounds).

*Second*, it would be burdensome and prejudicial to the State Defendants – and in

particular Flanagan, Palmieri, Vahdat, and Morgan – to have to engage in discovery before their motion to dismiss the Amended Complaint is decided.

*Third*, Plaintiff will not be prejudiced if discovery is stayed.  There is no risk that documents will be lost if discovery does not immediately commence because documents in the possession of the DMV and this Office are currently subject to a litigation hold as a result of this litigation.  Moreover, the anticipated motion to dismiss the Amended Complaint will likely not take the Court long to decide, as it presents relatively straightforward legal issues that the Court has already addressed in its decision on the first motion to dismiss.

For these reasons, we respectfully request that Your Honor stay discovery – including a sine die adjournment of the initial conference presently scheduled for November 14, 2019 (*see* Order at ECF No. 76) – until the State Defendants' motion to dismiss the Amended Complaint is decided.

                                                      Respectfully submitted,

                                                      */s/ Mark Siegmund*
                                                      Mark Siegmund
                                                      Assistant Attorney General

Cc:    District Court Judge Margo K. Brodie (via ECF)

        Mario H. Capogrosso (via First-Class Mail)
        21 Sheldrake Place
        New Rochelle, NY 10804

        David Smart (via First-Class Mail)
        2875 West 8th Street
        Brooklyn, NY 11229

        Sadiq Tahir (via First-Class Mail)
        2994 Coney Island Avenue
        Brooklyn, NY 11235