**AFFIRMATION OF SERVICE**

Mark Siegmund affirms under penalty of perjury pursuant to CPLR 2106(a):

That he is an attorney duly admitted to practice before the Courts of the State of New York and an Assistant Attorney General in the office of LETITIA JAMES, the Attorney General of the State of New York, attorney for the State Defendants herein. On November 7, 2019, he served by first class mail one copy of the annexed **Letter to District Court Judge Brodie dated November 7, 2019 and Letter to Magistrate Judge Bloom dated November 7, 2019** upon:

Mario Capogrosso
21 Sheldrake Place
New Rochelle, NY 10804

Sadiq Tahir
2994 Coney Island Avenue
Brooklyn, NY 11235

David Smart
2875 West 8th Street
Brooklyn, NY 11224

The following individuals in this matter by mailing the papers to such persons, directed to said persons at the addresses within the State designated by them for that purpose, by depositing the same in a first class, postpaid, properly addressed wrapper, in a post office or official depository under the exclusive care and custody of the United States Postal Service within the State of New York maintained on the premises located at 28 Liberty Street, New York, New York 10005.

Dated: New York, New York
November 7, 2019

Mark Siegmund



STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8627

November 7, 2019

**VIA ECF**
Hon. Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom 6F
Brooklyn, NY 11201

RE: *Capogrosso v. Gelbstein et al.*, No. 18-cv-2710 (E.D.N.Y.)

Dear Judge Brodie:

This Office represent defendants Gelbstein, Vahdat (also known as Vahdatlamas), Traschen, Morgan (formerly Prickett-Morgan), Flanagan, Palmieri, and Calvo (collectively, the "State Defendants") in this action. State Defendants write, pursuant to Rule 3.A.i. of Your Honor's Individual Practices and Rules, to request that the Court (i) schedule a pre-motion conference relating to the anticipated motion to dismiss the Amended Complaint dated October 24, 2019 (ECF No. 74) with prejudice as to Vahdat, Morgan, Flanagan, and Palmieri that the State Defendants intend to file on the grounds set forth herein; or, alternatively, (ii) set a briefing schedule on such motion. State Defendants also request an extension of time for the other State Defendants (Gelbstein, Traschen and Calvo) to answer the Amended Complaint until 14 days after receiving notice that the Court has rendered a decision on the anticipated motion to dismiss.

By Memorandum & Order dated September 25, 2019 (ECF No. 71) (the "9/25/2019 Decision"), the Court dismissed Plaintiff's due process and conspiracy claims while allowing Plaintiff's claims for First Amendment retaliation and prospective injunctive relief to proceed, but all claims were dismissed as to four of the State Defendants: (1) Jean Flanagan, a supervisory clerk at the Department of Motor Vehicles' ("DMV") Traffic Violations Bureau ("TVB"); (2) Vincent Palmieri, another TVB supervisory clerk; (3) Bushra Vahdat, a supervisory Administrative Law Judge ("ALJ") of the DMV; and (4) Elizabeth Morgan, an Assistant Attorney General ("AAG") in the Office of the New York State Attorney General. The Court dismissed all claims against Flanagan and Palmieri because Plaintiff failed to serve either of them with the original complaint by the 90-day service deadline under Rule 4(m) of the Federal Rules of Civil Procedure. ECF No. 71, 9/25/2019 Decision at 11. The Court also dismissed all

claims against Vahdat and Morgan because there were insufficient allegations of those defendants' personal involvement in any alleged violation of Plaintiff's constitutional rights. *Id.* at 14-16. Dismissal was with prejudice as to Plaintiff's dismissed due process and conspiracy claims, but was without prejudice as to the surviving claims asserted against defendants Flanagan, Palmieri, Vahdat and Morgan. *Id.* at 31-33. Plaintiff then filed the Amended Complaint, which adds new allegations regarding Morgan and Vahdat but nothing new regarding Flanagan and Palmieri. *See* ECF No. 74, Am. Compl. ¶¶ 48-54, 60-64.

As a threshold matter, it is far too late for Plaintiff to assert any claims against Flanagan and Palmieri because he failed to serve them by Rule 4(m)'s 90-day deadline. The filing of an amended complaint does not restart the clock for purposes of the time for service. *See Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 607 (S.D.N.Y. Sept. 21, 2012); *Cioce v. County of Westchester*, No. 02 Civ. 3604 HB, 2003 WL 21750052, at *3 (S.D.N.Y. July 28, 2003), *aff'd*, 128 F. App'x 181 (2d Cir. 2005); *see also Xi-Amaru v. Saul*, No. 18-cv-7028 (BMC) (RLM), 2019 WL 3997467, at *1 (E.D.N.Y. Aug. 23, 2019). While an extension may be granted if a plaintiff shows "good cause for the failure" to timely effect service under Rule 4(m), here Plaintiff never tried to show good cause or to seek an extension. Nor could he. "Good cause exists only in exceptional circumstances, where the insufficiency of service results from circumstances beyond the plaintiff's control," *Sikhs for Justice*, 893 F. Supp. 2d at 608, and here Plaintiff made no effort to serve them even after he was advised, weeks prior to the August 6, 2018 deadline, in the State Defendants' July 13, 2018 pre-motion letter (ECF No. 20 at 1 n.1), that those defendants had not been served. Plaintiff did not even oppose the Magistrate Judge's recommendation that those defendants be dismissed for lack of service. ECF No. 51, Report and Recommendation dated January 30, 2019 ("R&R") at 10-11; ECF No. 60 (Plaintiff's objections).

Even if Plaintiff could somehow avoid dismissal as against Flanagan and Palmieri for lack of service, Plaintiff fails to allege sufficient facts demonstrating their personal involvement in any alleged constitutional deprivations, as the Magistrate Judge found in her R&R (at 13 n.3). There are no new allegations asserted with respect to Flanagan and Palmieri in the Amended Complaint. The Court should, therefore, dismiss defendants Flanagan and Palmieri for lack of personal involvement to the extent it is necessary to reach this issue.

Although the Amended Complaint adds seven new paragraphs regarding Defendant Vahdat (Am. Compl. ¶¶ 48-54) and five new paragraphs regarding AAG Morgan (*id.* ¶¶ 60-64), Plaintiff continues to fail to adequately plead those defendants' personal involvement in any alleged constitutional violations. Despite these new allegations, Plaintiff continues to allege only that Vahdat ignored his complaints regarding alleged misconduct by security guard Smart and ALJ Gelbstein, and that AAG Morgan ignored a letter he wrote complaining of alleged harassment by Smart and Gelbstein. The Court has already found the same types of allegations to be insufficient to demonstrate Vahdat and Morgan's personal involvement. *See* ECF No. 71, 9/25/2019 Decision at 16 (holding Plaintiff's allegations that Morgan "failed to respond" to his letter complaining about Smart and Gelbstein were insufficient because "the Complaint contains no factual allegations as to Morgan's involvement in the alleged response to the letter, i.e., Plaintiff's ban from the TVB, that is the basis for Plaintiff's section 1983 claims," and that Plaintiff's allegations that Vahdat ignored, "ratified and condoned" alleged constitutional violations constituted "bare legal conclusions" that "do not plausibly state a claim that [she] was

personally involved in the alleged violations of Plaintiff's constitutional rights"). Plaintiff's amendment fails to cure this fatal pleading deficiency.

Moreover, Plaintiff does not allege that Morgan had anything to do with his ban from practicing law at the TVB, the injury he sustained allegedly in retaliation for exercising First Amendment rights. Rather, Plaintiff merely alleges that as a result of Morgan's ignoring his letter, he "continued to suffer harassment by Defendant Smart[.]" Am. Compl. ¶ 64. But any alleged ongoing harassment by defendant Smart has nothing to do with Plaintiff's First Amendment retaliation claim (the only claim to survive the State Defendants' first motion to dismiss aside from his claim for prospective injunctive relief). In any event, as the State Defendants explained in their original motion to dismiss, neither Morgan nor any of the other State Defendants can be held liable for any alleged harassment of Plaintiff by defendant Smart, a privately-employed security guard. ECF No. 44 at 19-20 (Point VI).

The Court should, therefore, dismiss Plaintiff's claims as to Vahdat and Morgan for lack of personal involvement. And, because Plaintiff already had an opportunity to add new allegations against those defendants but failed to address the pleading deficiencies discussed in the Court's decision, dismissal should be with prejudice. *See Combier v. Portelos*, 17-CV-2239 (MKB) (RLM), 2018 WL 4678577, at *7 (E.D.N.Y. Sept. 29, 2018) (denying leave to amend where plaintiff already amended complaint but "failed to cure the deficiencies identified by the Court") (Brodie, J.), *aff'd*, 2019 WL 5061382 (2d Cir. Oct. 9, 2019); *accord Milton v. Wazed*, 16-CV-4542 (MKB) (JO), 2018 WL 2074179, at *10 (E.D.N.Y. Mar. 30, 2018) (Brodie, J.).

Plaintiff's claims against Morgan should also be dismissed because, as an AAG in the Office of Attorney General, she enjoys absolute immunity. The Court declined to reach this issue as academic because it dismissed Morgan on other grounds, but her absolute immunity is an independent reason for her to be dismissed. *See* ECF No. 44 at 21-22 (Point VIII).

Finally, although the anticipated motion to dismiss the Amended Complaint is only as to four of the seven State Defendants, the remaining State Defendants (Gelbstein, Traschen and Calvo) should not have to answer the Amended Complaint until after the Court decides the motion. Courts have recognized the importance of promoting the "interest of judicial economy and avoiding piecemeal answers." *See, e.g.*, *Barbagallo v. Marcum LLP*, 820 F. Supp. 2d 429, 443 (E.D.N.Y. 2011). Here, to the extent the filing of the motion does not automatically extend the time for all State Defendants to answer (*see* Fed. R. Civ. P. 12(a)(4)), the Court should extend Gelbstein, Traschen and Calvo's time to answer until 14 days after receiving notice that the motion has been decided, because granting an extension will promote the interest of judicial economy and avoid piecemeal answers. Otherwise, if the motion is denied as to defendants Vahdat, Morgan, Flanagan or Palmieri, such defendants would have to submit a separate answer after defendants Gelbstein, Traschen and Calvo have already answered the Amended Complaint.

                                                  Respectfully submitted,

                                                  */s/ Mark Siegmund*
                                                  Mark Siegmund
                                                  Assistant Attorney General

Cc: Magistrate Judge Lois Bloom (via ECF)

Mario H. Capogrosso (via First-Class Mail)
21 Sheldrake Place
New Rochelle, NY 10804

David Smart (via First-Class Mail)
2875 West 8th Street
Brooklyn, NY 11229

Sadiq Tahir (via First-Class Mail)
2994 Coney Island Avenue
Brooklyn, NY 11235



STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8627

November 7, 2019

**VIA ECF**
Hon. Lois Bloom
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      RE:    *Capogrosso v. Gelbstein et al.*, No. 18-cv-2710 (E.D.N.Y.)

Dear Judge Bloom:

      This Office represent defendants Gelbstein, Vahdat (also known as Vahdatlamas), Traschen, Morgan (formerly Prickett-Morgan), Flanagan, Palmieri, and Calvo (collectively, the "State Defendants") in the above-referenced action. By separate letter to the Honorable Margo K. Brodie, which was filed earlier today (ECF No. 77), the State Defendants requested that the Court schedule a pre-motion conference or set a briefing schedule relating to their anticipated motion to dismiss the Amended Complaint dated October 24, 2019 (ECF No. 74) with prejudice as to defendants Vahdat, Morgan, Flanagan, and Palmieri. By this letter, the State Defendants respectfully request that Your Honor allow the stay of discovery in this action to continue until after the Court has issued a decision with respect to such motion.

      By way of background, at an August 2, 2018 pre-motion conference, Judge Brodie granted a stay of discovery in connection with the State Defendants' motion to dismiss the original complaint. The State Defendants had requested such a stay in a pre-motion letter dated July 13, 2018 (ECF No. 20). The Court ultimately granted in part and denied in part Plaintiff's motion to dismiss by Memorandum & Order dated September 25, 2019. *See* ECF No. 71. The Court dismissed Plaintiff's due process and conspiracy claims while allowing Plaintiff's claims for First Amendment retaliation and prospective injunctive relief to proceed, but all claims were dismissed as to four of the State Defendants: Flanagan, Palmieri, Vahdat, and Morgan. Dismissal was with prejudice as to Plaintiff's dismissed due process and conspiracy claims, but without prejudice as to the surviving claims asserted against defendants Flanagan, Palmieri, Vahdat and Morgan. *Id.* at 31-33.

Plaintiff then filed the Amended Complaint adding new allegations as against Vahdat and Morgan. As explained in the pre-motion letter to Judge Brodie, the State Defendants anticipate moving to dismiss the Amended Complaint with prejudice as to defendants Flanagan, Palmieri, Vahdat, and Morgan.

State Defendants respectfully request that the discovery stay remain in place until such motion is decided. As explained in the State Defendants' previous letter requesting a discovery stay (ECF No. 20), the Court has discretion to stay discovery for "good cause" pending resolution of a motion to dismiss. *See* Fed. R. Civ. P. 26(c)(1). Courts in this district have considered the following factors in deciding motions to stay discovery pending the resolution of dispositive motions:

> (1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay.

*Thomas v. N.Y. City Dep't of Educ.*, No. 09-CV-5167 (SLT), 2010 WL 3709923, at *3 (E.D.N.Y. Sept. 14, 2010) (staying discovery pending motion to dismiss) (citation omitted); *see also Gandler v. Nazarov*, No. 94 Civ. 2272 (CSH), 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994) (staying discovery because defendant's motion to dismiss "is potentially dispositive, and appears to be not unfounded in the law"); *see generally Gardner v. Major Automotive Cos.*, No. 11-CV-1664 (FB), 2012 WL 1230135, at *3 (E.D.N.Y. Apr. 12, 2012) (staying discovery and noting that the "purpose" of a discovery stay "is to avoid saddling defendants with the burden of discovery in meritless cases, and to discourage the filing of cases that lack adequate support for their allegations in the mere hope that the traditionally broad discovery proceedings will produce facts that could be used to state a valid claim.") (citation omitted).

Here, each of these factors warrants staying discovery until the State Defendants' motion to dismiss the Amended Complaint is decided.

*First*, the State Defendants anticipate prevailing on their motion to dismiss. As explained in the accompanying letter to Judge Brodie, the Court has already determined that Flanagan and Palmieri were not timely served with the original complaint and that there are insufficient allegations that Vahdat and Morgan were personally involved in any alleged constitutional deprivations. The new allegations in the Amended Complaint regarding Vahdat and Morgan are mere variations of the same types of allegations that the Court has already deemed to be insufficient. Moreover, the State Defendants also plan to argue that all claims against Morgan should be dismissed because she enjoys absolute immunity from civil liability as an Assistant Attorney General in the Office of New York State Attorney General. Discovery should be stayed until this immunity issue is resolved. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed."); *Justice v. King*, 2011 WL 1432130, at *5 (W.D.N.Y. Mar. 24, 2011) (staying discovery pending decision on defendant's motion to dismiss on absolute immunity grounds).

*Second*, it would be burdensome and prejudicial to the State Defendants – and in

particular Flanagan, Palmieri, Vahdat, and Morgan – to have to engage in discovery before their motion to dismiss the Amended Complaint is decided.

*Third*, Plaintiff will not be prejudiced if discovery is stayed. There is no risk that documents will be lost if discovery does not immediately commence because documents in the possession of the DMV and this Office are currently subject to a litigation hold as a result of this litigation. Moreover, the anticipated motion to dismiss the Amended Complaint will likely not take the Court long to decide, as it presents relatively straightforward legal issues that the Court has already addressed in its decision on the first motion to dismiss.

For these reasons, we respectfully request that Your Honor stay discovery – including a sine die adjournment of the initial conference presently scheduled for November 14, 2019 (*see* Order at ECF No. 76) – until the State Defendants' motion to dismiss the Amended Complaint is decided.

                                         Respectfully submitted,

                                         */s/ Mark Siegmund*
                                         Mark Siegmund
                                         Assistant Attorney General

Cc:    District Court Judge Margo K. Brodie (via ECF)

        Mario H. Capogrosso (via First-Class Mail)
        21 Sheldrake Place
        New Rochelle, NY 10804

        David Smart (via First-Class Mail)
        2875 West 8th Street
        Brooklyn, NY 11229

        Sadiq Tahir (via First-Class Mail)
        2994 Coney Island Avenue
        Brooklyn, NY 11235