

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-6556

December 6, 2019

**Via ECF**

The Honorable Lois Bloom
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    <u>Capogrosso v. Gelbstein, et al.</u>, No. 18 Civ. 2710 (MKB) (LB)

Dear Judge Bloom,

    This Office represents defendants Mark Schroeder, solely in his official capacity as the Commissioner of the New York State Department of Motor Vehicles (the "DMV Comissioner" or "DMV"), together with Alan Gelbstein, Ida Traschen, and Danielle Calvo, solely in their individual capacities, (collectively, the "State Defendants") in the above-referenced matter.[1] The State Defendants oppose the December 2, 2019 letter-motion filed by Plaintiff Mario Capogrosso ("Capogrosso"), Dkt. No. 91, seeking an Order permitting him to physically go to DMV's Brooklyn South Traffic Violations Bureau ("TVB") to conduct unspecified discovery. The request should be denied, both because Capogrosso's physical presence at the TVB office is unnecessary and because it would create a needless risk of verbal or physical confrontation.

    Capogrosso does not explain what specific discovery he is seeking by physically going to the Brooklyn South TVB, nor why it is relevant to his case. Instead he writes only that he needs "to gather information with respect to not only my initial disclosures but as well as [sic] any and all discovery which I must undertake with respect to my Complaint," and that he "must be

---

[1] The Plaintiff has alleged claims against Gelbstein, Traschen, and Calvo both individually and in their purported official capacities. However, all three individuals have left the DMV positions they formerly occupied. While under Fed. R. Civ. P. 25(d) each State Defendant's successor "is automatically substituted as a party" with regard to the official capacity claims, in this case the correct party to substitute for any and all official capacity claims is the DMV Commissioner, in his official capacity, as he has the ability to enact the entirety of the prospective injunctive relief sought by the Plaintiff. <u>See</u> <u>Williams v. Annucci</u>, 895 F.3d 180, 187 (2d Cir. 2018) (noting that "suits against officers in their official capacity . . . are directed at the office itself" and substituting acting director of State agency as he was the person "who has the power to order that [plaintiff] be accommodated."). Notably, neither Gelbstein, Traschen, nor Calvo currently have the authority to grant or deny the Plaintiff access to the Brooklyn South TVB Office.

Hon. Lois Bloom
December 6, 2019
Page 2

allowed access to the DMV to conduct discovery as well as provide my initial disclosures." Dkt. No. 91 at 2. This lack of specificity is reason enough to deny the motion, since "[t]he party seeking discovery bears the burden of initially showing relevance" and "courts should not grant discovery requests based on pure speculation that amount to nothing more than a fishing expedition." Alvarado v. GC Dealer Servs. Inc., No. 18 Civ. 2915, 2018 WL 6322188, at *2 (E.D.N.Y. Dec. 3, 2018) (quotations omitted).[2]

      There is simply no need for Capogrosso to physically enter the Brooklyn TVB to conduct discovery. To the extent that he wishes to obtain witnesses' testimony, he has all the tools provided by the Federal Rules of Civil Procedure, including the ability to issue third-party deposition and document subpoenas. To the extent that he needs information about witnesses' identities or contact information, he will have the benefit of the witness lists in the various defendants' initial disclosures. The State Defendants will, of course, work with him in good faith in accordance with their discovery obligations.[3]

      Moreover, Capogrosso was banned from the Brooklyn TVB for a reason: a lengthy history of threatening, violent, and unprofessional conduct, stretching back nearly a decade, which is discussed at length in the August 15, 2018 Declaration of Barbara Montena, Dkt. No. 45

---

[2] Such burdens of persuasion apply fully to Capogrosso, who is a licensed attorney in New York and Connecticut. See Compl. ¶ 2. "While '[i]t is well established that a court is ordinarily obligated to afford a special solicitude to *pro se* litigants,' it is also well established that 'a lawyer representing himself ordinarily receives no such solicitude at all.'" U.S. v. Pierce, 649 F. App'x 117, 117 n.1 (2d Cir. 2016) (summary order) (quoting Tracy v. Freshwater, 623 F.3d 90, 101-02 (2d Cir. 2010)).

[3] Although not germane to the instant motion, Capogrosso also refers to me as a "lying lawyer[] at the DMV" and states that I made a "misrepresentation" to the Court regarding two telephone conferences last week, in which I sought his consent to the State Defendants' recent letter-motion for an extension of time to file their answer and initial disclosures. Dkt. No. 91 at 1-2. Capogrosso's version of events is not correct: I informed him clearly in both of our conversations that the State Defendants sought an extension of both the time to answer and the initial disclosure deadline. Moreover, the State Defendants' letter to the Court accurately reflected both our request and the Plaintiff's position, as his own letter demonstrates. Compare State Defendants' Letter, Dkt. No. 89 at 1 ("I have reached out to the *pro se* attorney Plaintiff, who consents to the extension of the initial disclosure deadline, so long as he receives a concomitant two-week extension of his time to serve his initial disclosures, but not to an extension the State Defendants' deadline to answer, because he feels that it is inconsistent with the Court's orders.") with Capogrosso Letter-motion, Dkt. No. 91 at 1 ("I consented to [extend the initial disclosure deadline] as long as I would be given the same extension of time.") and id. at 1-2 ("The Court, Judge Magistrate Bloom, was adamant . . . that she would not allow an extension of time for the State defendants to file their Answer. As such I opposed . . . the State's Attorney request to an extension of time to file their answer.").

This is not the first time Capogrosso has accused opposing counsel of lying to the Court or misrepresenting the facts of a conversation with him. He previously moved for sanctions against Assistant Attorney General Mark Siegmund, my predecessor on this case, based on "a conversation on July 18, 2018," claiming that AAG Siegmund "abused the power of his office" because he allegedly "ordered me to stay away from the DMV." See Dkt. No. 25 at 2; see also id. at 3 (accusing AAG Siegmund of "mischaracterization and falsification of the record"); cf. Capogrosso Letter-motion, Dkt. No. 91 at 2 (discussing statement by AAG Siegmund at recent conference as "a misrepresentation by this lawyer, lying lawyers . . . Once again, lying representation from lawyers at the DMV. . . . Attorney M. Siegmund's representation is a lie, falsehood, misrepresentation – however this Court wants to characterize it – it is not the truth."). In order to prevent future disputes over ambiguous or misremembered communication, the State Defendants have informed the Plaintiff that we will conduct future communication exclusively over email. See Attorney Email Correspondence, Ex. A.

Hon. Lois Bloom
December 6, 2019
Page 3

at ¶¶ 7-41.  The exhibits to the Montena Declaration provide extensive documentation of that history, including *inter alia* a petition signed by 18 separate TVB staff members asserting that Capogrosso's presence "constitutes a threat to our physical safety," id. Ex. 6, as well as many letters and other documents memorializing incidents where Capogrosso was physically violent or verbally threatening.  See, e.g., id. Exs. 1, 7, 8, 9, 10, 13, 18, 19, 22, 23, 24.  As these documents demonstrate, permitting Capogrosso to physically enter the Brooklyn TVB would disrupt the office's operations and create a significant risk of confrontation between Capogrosso and the TVB employees and attorneys who have repeatedly sought protection from him, while serving little or no positive purpose.

Accordingly, Capogrosso's physical presence at the Brooklyn TVB is not "relevant to any party's claim or defense," is not "proportional to the needs of the case," and its "burden . . . outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).  The motion to compel should therefore be denied.

Respectfully submitted,

*/s/ James M. Thompson*
James M. Thompson
Assistant Attorney General
james.thompson@ag.ny.gov


Cc:   All counsel of record (via ECF)

Mario Capogrosso (via First-Class Mail)
21 Sheldrake Place
New Rochelle, NY 10804

David Smart (via First-Class Mail)
2875 West 8th Street
Brooklyn, NY 11224

Sadiq Tahir (via First-Class Mail)
2994 Coney Island Avenue
Brooklyn, NY 11235