

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-6556

December 11, 2019

**Via ECF**

The Honorable Lois Bloom
United States District Court for the Eastern District of New York
Theodore Roosevelt United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   Capogrosso v. Gelbstein, et al., No. 18 Civ. 2710 (MKB) (LB)

Dear Judge Bloom,

This Office represents Defendants Alan Gelbstein, Ida Traschen, and Danielle Calvo (collectively, the "State Defendants"), as well as Mark Schroeder, in his official capacity as Commissioner of the New York State Department of Motor Vehicles (the "DMV Commissioner" or "DMV") in the above-referenced matter. In this action, the Plaintiff, an attorney acting *pro se*, has alleged claims against the State Defendants in both their official and individual capacities. See Complaint, Dkt. No. 1 ¶¶ 19, 21, 25. Because each of defendants Gelbstein, Traschen, and Calvo have left the offices they formerly occupied, I write to request that the Court substitute the DMV Commissioner as the proper defendant for the Plaintiff's official-capacity claims, pursuant to Fed. R. Civ. P. 25(d).[1] This substitution would have no effect on the claims against the State Defendants in their individual capacities.

"[S]uits against officers in their official capacity, which generally seek injunctive relief, are directed at the office itself." Tanvir v. Tanzin, 894 F.3d 449, 459 n.7 (2d Cir. 2018) (citing Fed. R. Civ. P. 17(d)). However, defendants Gelbstein, Traschen, and Calvo all no longer occupy the offices they held at the time of the events alleged in the Plaintiff's complaint. Gelbstein and Traschen have left government service, while Calvo has left DMV and now works for the New York State court system. As a consequence, prospective injunctive relief against the

---

[1] Technically, the substitution happens "automatically" once a public official leaves office, pursuant to Rule 25(d). However, the State Defendants make this motion in order to have the change reflected on the docket, for the sake of clarity and given the multiple *pro se* parties in this action. "The court may order substitution at any time, but the absence of such an order does not affect the substitution." Id.

State Defendants in their official capacities would be futile, since they no longer have the ability to accommodate the Plaintiff's demands.

When a public officer "ceases to hold office while the action is pending[,] the officer's successor is automatically substituted as a party." Fed. R. Civ. P. 25(d). In the present matter, the State Defendants are mid-level employees without clear successors. It would be more appropriate and efficient to substitute the DMV Commissioner as the defendant for the official capacity claims, since "it is [the Commissioner] who has the power to order that [Plaintiff] be accommodated." Williams v. Annucci, 895 F.3d 180, 187 (2d Cir. 2018); cf. Fed. R. Civ. P. 25 advisory committee note (1961) (substitution of public officer in official capacity suit should "apply whenever effective relief would call for corrective behavior by the one then having official status and power, rather than one who has lost that status and power through ceasing to hold office"). The DMV Commissioner is an appropriate defendant because "[i]n an official capacity suit, the real party in interest is the governmental entity and not the named official." Tanvir, 894 F.3d at 459 (quoting Hafer v. Melo, 502 U.S. 21, 25 (1991)).

I have reached out to the *pro se* attorney Plaintiff, who does not consent to any substitution. We thank the Court for its time and attention to this matter.

                                              Respectfully submitted,

                                              */s/ James M. Thompson*
                                              James M. Thompson
                                              Assistant Attorney General
                                              james.thompson@ag.ny.gov

Cc:     All counsel of record (via ECF)

         Mario Capogrosso (via First-Class Mail)
         21 Sheldrake Place
         New Rochelle, NY 10804

         David Smart (via First-Class Mail)
         2875 West 8th Street
         Brooklyn, NY 11224

         Sadiq Tahir (via First-Class Mail)
         2994 Coney Island Avenue
         Brooklyn, NY 11235