UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MARIO H. CAPOGROSSO,

                                        Plaintiff,

              - against -

ALAN GELBSTEIN, *in his official and individual capacity*, IDA TRASCHEN, *in her official and individual capacity*, DANIELLE CALVO, *in her official and individual capacity*, SADIQ TAHIR, *in his individual capacity*, PEC GROUP OF NY, INC., and DAVID SMART,

                                        Defendants.

---

No. 18 Civ. 2710

**ANSWER**

---

Defendants Alan Gelbstein, Ida Traschen, and Danielle Calvo (collectively, the "State Defendants"), in their individual capacities, and the New York State Department of Motor Vehicles ("DMV"), on behalf of the successors to the Plaintiff's official-capacity claims,[1] by their attorney, Letitia James, Attorney General of the State of New York, answer Plaintiff's complaint, dated May 7, 2018 and filed May 8, 2018 (ECF No. 1) ("Complaint"), as follows:[2]

1.      Paragraph 1 purports to describe the nature of the relief Plaintiff seeks in this action and no response is required. To the extent a response is required, the State Defendants and DMV deny the allegations in Paragraph 1.

---

[1] Defendants Gelbstein, Traschen, and Calvo have all left the offices they held at the time of the events giving rise to the Plaintiff's Complaint, meaning that their successors are "automatically" substituted as defendants with regard to the Plaintiff's official-capacity claims for prospective injunctive relief. The State Defendants and DMV have filed a motion to substitute DMV Commissioner Mark Schroeder as the correct defendant for the official capacity claims, see Dkt. No. 96, but that motion remains *sub judice*. Because "[s]uits against officers in their official capacity, which generally seek injunctive relief, are directed at the office itself," Tanvir v. Tanzin, 894 F.3d 449, 459 n.7 (2d Cir. 2018) (citing Fed. R. Civ. P. 17(d)), DMV answers the Complaint on behalf of whatever successor party is ultimately substituted as an official-capacity defendant. See Tanvir, 894 F.3d at 459 ("In an official capacity suit, the real party in interest is the governmental entity and not the named official.").

[2] Plaintiff voluntarily withdrew his Amended Complaint, Dkt. No. 74, as reflected in the Order of Magistrate Judge Bloom dated November 14, 2019, Dkt. No. 82.

2.      The State Defendants and DMV deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 2.

3.      The State Defendants and DMV deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 3, except admit that Plaintiff practiced law at the Traffic Violations Bureau ("TVB") at certain periods of time prior to his permanent ban from the TVB on May 11, 2015 for violent and unprofessional conduct.

4.       The State Defendants and DMV deny the allegations in Paragraph 4, except admit and aver that the TVB is an administrative bureau of DMV, which is an agency of the State of New York, and that DMV Administrative Law Judges administer proceedings concerning non-criminal moving traffic violations.

5.      Defendants Gelbstein and Traschen, and DMV, deny the allegations in the first sentence of Paragraph 5, except admit and aver that on December 22, 2011, Plaintiff was banned from the TVB for misconduct following the DMV's receipt of numerous complaints regarding Plaintiff's behavior, that no hearings were held or required to be held prior to such ban, that Plaintiff had the opportunity to challenge such ban in a CPLR Article 78 proceeding in New York Supreme Court, and that Plaintiff did in fact commence a CPLR Article 78 proceeding challenging such ban. *See Capogrosso v. N.Y. State Dep't of Motor Vehicles*, No. 7738/12 (Sup. Ct. Kings County).  Defendants Gelbstein and Traschen, and DMV, deny the allegations in the second sentence of Paragraph 5, except admit and aver that Plaintiff's privilege to practice law in the TVB was reinstated in connection with a settlement of Plaintiff's CPLR Article 78 proceeding based upon, *inter alia*, his successful completion of an anger management course and his agreement to strictly adhere to the standards of conduct required of attorneys appearing before State courts.  The State Defendants and DMV deny knowledge and information sufficient

2

to form a belief as to the allegations in the third sentence of Paragraph 5, except Defendant

Gelbstein and DMV admit and aver that Plaintiff was advised by representatives of the DMV,

when he was banned from the TVB in 2011, that Defendant David Smart and others had

complained of Plaintiff's behavior.  Defendant Calvo denies knowledge and information

sufficient to form a belief as to the truth of the allegations of Paragraph 5, except admits and

avers that the Plaintiff was at some point suspended and required to go to anger management

counseling.

6.      The State Defendants and DMV deny knowledge or information sufficient to

form a belief as to the truth or falsity of the allegations in Paragraph 6, except admit that Plaintiff

represented various clients at the TVB in traffic ticket cases before being banned from the TVB

for violent and unprofessional conduct.

7.      DMV and Defendants Gelbstein and Calvo deny the allegations in Paragraph 7,

except admit that Defendant David Smart was a privately-employed security guard at the TVB's

South Brooklyn location, that Defendant Smart was previously an employee of PEC Group of

New York, Inc. (s/h/a PEC Group of NY, Inc.), and that the DMV previously contracted with

PEC Group of New York, Inc. for security services at the TVB.  DMV and Defendants Gelbstein

and Calvo neither admit nor deny the allegations regarding supervision and control, as they state

legal conclusions to which no response is required.  To the extent a response is deemed required,

DMV and Defendants Gelbstein and Calvo deny the allegations.  Defendant Traschen denies

knowledge or information sufficient to form a belief as to the truth of the allegations of

Paragraph 7.

8.      Defendant Gelbstein and DMV deny the allegations of Paragraph 8 and

affirmatively state that it was Defendant Smart who was harassed by the Plaintiff.  Defendants

Traschen and Calvo deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8.

9.      DMV and Defendants Gelbstein and Calvo deny the allegations in the first sentence of Paragraph 9, except admit that Plaintiff complained to Defendant Gelbstein of alleged harassment by Defendant Smart.  Defendant Traschen denies knowledge and information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 9. The State Defendants and DMV deny the allegations in the second and third sentences of Paragraph 9, except admit that Plaintiff purports to describe a letter, dated March 20, 2015, sent to Elizabeth Morgan (s/h/a "Elizabeth Prickett Morgan"), an Assistant Attorney General in the New York State Office of Attorney General, and respectfully refer the Court to the referenced letter for its complete and accurate contents.  The State Defendants and DMV deny knowledge and information sufficient to form a belief as to the fourth sentence of Paragraph 9.

10.      DMV and Defendants Gelbstein and Calvo deny the allegations in Paragraph 10. Defendant Traschen denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.

11.      The State Defendants and DMV deny knowledge or information sufficient to form a belief as to the allegations in the first sentence of Paragraph 11.  The State Defendants and DMV deny knowledge or information sufficient to form a belief as to the allegations in the second sentence of Paragraph 11, except Defendant Calvo and DMV admit that she spoke to the Plaintiff in the presence of NYPD officers and instructed him that he must leave the premises. DMV and Defendants Calvo and Traschen admit the allegations of the third sentence in Paragraph 11, except affirmatively state that Defendant Traschen's title at the time was First Assistant Counsel.  Defendant Gelbstein denies knowledge or information sufficient to form a

4

belief as to the third sentence of Paragraph 11.  Defendant Traschen and DMV admit the

allegations of the fourth sentence of Paragraph 11; Defendants Gelbstein and Calvo deny

knowledge or information sufficient to form a belief as to the truth of that sentence.

12.     The State Defendants and DMV deny knowledge or information sufficient to

form a belief as to the allegations in Paragraph 12, except Defendant Traschen and DMV admit

that the Plaintiff called her office at various dates following his permanent ban from the TVB on

May 11, 2015 for violent and unprofessional conduct, and that she had no further communication

with him after the initial conversation on that date.

13.     The State Defendants and DMV deny knowledge or information sufficient to

form a belief as to allegations in Paragraph 13, except DMV admits that the Plaintiff sent a letter

to its counsel's office on June 20, 2016.

14.     The State Defendants and DMV deny knowledge or information sufficient to

form a belief as to the truth or falsity of the allegations in Paragraph 14, except DMV admits that

it did not respond to the Plaintiff's June 20, 2016 letter.

15.     Defendant Traschen and DMV deny the allegations of Paragraph 15, except admit

and aver that Plaintiff was permanently banned from the TVB on May 11, 2015 for violent,

threatening and unprofessional behavior and that representatives of the DMV adequately

explained to Plaintiff the reason for the permanent ban.  Defendants Gelbstein and Calvo deny

knowledge or information sufficient to form a belief as to the truth of the allegations of

Paragraph 15.

16.     The State Defendants and DMV neither admit nor deny the allegations in the first

sentence of Paragraph 16, as it states legal conclusions to which no response is required.  To the

extent a response is deemed required, the State Defendants and DMV deny the allegations of the

first sentence of Paragraph 16.  The State Defendants and DMV deny the allegations in the second sentence of Paragraph 16, except admit and aver that the TVB is an administrative bureau of the DMV, which is an agency of the State of New York.

17.     The State Defendants and DMV neither admit nor deny the allegations of Paragraph 17, as it states legal conclusions to which no response is required.  To the extent a response is deemed required, the State Defendants and DMV deny the allegations of Paragraph 17.

## AS TO THE PARTIES

18.     The State Defendants and DMV deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

19.     The State Defendants and DMV admit the allegations in the first sentence of Paragraph 19 (except that the State Defendants other than Defendant Gelbstein deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Defendant Gelbstein's personal address and citizenship) and affirmatively state that Defendant Gelbstein's title was Senior Administrative Law Judge, and that he retired in May of 2019.  The State Defendants and DMV neither admit nor deny the second sentence of Paragraph 19 as it states a legal conclusion, to which no response is required.

20.     No response is required to Paragraph 20 because Boshra Vahdatlamas (also known as Bushra Vahdat) has been dismissed as a defendant.  See ECF Nos. 71, 82.  To the extent a response is deemed required, the State Defendants and DMV admit the allegations in the first sentence and admit that Plaintiff sought to assert claims against Boshra Vahdatlamas.  The State Defendants and DMV neither admit nor deny the second sentence of Paragraph 20, as it states a legal conclusion to which no response is required.

21.     The State Defendants and DMV admit the allegations in the first sentence of Paragraph 21 (except that the State Defendants other than Defendant Traschen deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Defendant Traschen's citizenship and address) and affirmatively state that Defendant Traschen's title was First Assistant Counsel, and that she retired from DMV in December of 2017.  The State Defendants and DMV neither admit nor deny the second sentence of Paragraph 21, as it states a legal conclusion to which no response is required.

22.     No response is required to Paragraph 22, because Elizabeth Morgan (s/h/a Elizabeth Prickett-Morgan) has been dismissed as a defendant.  See ECF Nos. 71, 82.  To the extent a response is deemed required, the State Defendants and DMV deny knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 22, except Defendant Traschen and DMV admit and aver that Elizabeth Morgan is an Assistant Attorney General in the New York State Office of Attorney General, and DMV denies that the address is correct.  The State Defendants and DMV neither admit nor deny the second sentence of Paragraph 22, as it states a legal conclusion to which no response is required.

23.     No response is required to Paragraph 23, because Jean Flanagan has been dismissed as a defendant.  See ECF Nos. 71, 82.  To the extent a response is deemed required, the State Defendants and DMV deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23, except admit that Jean Flanagan worked as a supervisory clerk at the TVB.  The State Defendants and DMV neither admit nor deny the second sentence of Paragraph 23, as it states a legal conclusion to which no response is required.

24.     No response is required to Paragraph 24, because Vincent Palmieri has been dismissed as a defendant.  See ECF Nos. 71, 82.  To the extent a response is deemed required,

the State Defendants and DMV deny the allegations in Paragraph 24, except admit that Vincent Palmieri worked as a supervisory clerk at the TVB.  The State Defendants and DMV neither admit nor deny the second sentence of Paragraph 24, as it states a legal conclusion to which no response is required.

25.     The State Defendants and DMV admit the allegations in the first sentence of Paragraph 25 (except that the State Defendants other than Defendant Calvo deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Defendant Calvo's citizenship and address) and Defendant Calvo and DMV affirmatively state that she left her position at DMV in February of 2016.  The State Defendants and DMV neither admit nor deny the second sentence of Paragraph 25, as it states a legal conclusion to which no response is required.

26.     The State Defendants and DMV deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 26, except DMV and Defendants Gelbstein and Calvo admit that Defendant Tahir is an attorney who has practiced in the TVB.

27.     The State Defendants and DMV deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 27, except DMV and Defendant Traschen admit that PEC Group of New York, Inc. previously contracted with the DMV for security services at the TVB.

28.     DMV and Defendants Gelbstein and Calvo deny knowledge or information sufficient to form a belief as to the allegations in the first sentence of Paragraph 28, except admit that Defendant David Smart was employed by PEC Group of New York, Inc. as a security guard at the Brooklyn South TVB located at 2875 West 8th Street, Brooklyn, New York 11229.  DMV and Defendants Gelbstein and Calvo neither admit nor deny the allegations of the second

sentence of Paragraph 28, as they state legal conclusions to which no response is required.  To

the extent a response is deemed required, DMV and Defendants Gelbstein and Calvo deny the

allegations and affirmatively state that Defendants Gelbstein and Calvo could direct Defendant

Smart regarding certain day-to-day matters at the TVB, but that he was ultimately controlled and

supervised by his superiors at PEC Group of New York, Inc.  Defendant Traschen denies

knowledge or information sufficient to form a belief as to the truth of any of the allegations in

Paragraph 28.

## AS TO THE PLAINTIFF'S GENERAL ALLEGATIONS

29.     The State Defendants and DMV admit that Plaintiff purports to sue the State

Defendants in their individual and official capacities, but deny that they still occupy the official

positions they did at the time of the allegations giving rise to the Complaint.  The State

Defendants and DMV deny that Vahdatlamas (Vahdat), Morgan, Flanagan or Palmieri remain as

defendants.  See ECF Nos. 71, 82.

30.     The State Defendants and DMV deny the allegations in Paragraph 30.

31.     The State Defendants and DMV deny the allegations in Paragraph 31.

32.     The State Defendants and DMV deny the allegations in Paragraph 32.

## AS TO JURISDICTION AND VENUE

33.     The State Defendants and DMV neither admit nor deny the allegations of

Paragraph 33, as they state legal conclusions to which no response is required.  To the extent a

response is deemed required, the State Defendants and DMV admit that Plaintiff purports to

bring this action pursuant to the referenced statutory and constitutional provisions, except deny

his entitlement to relief.

34.     The State Defendants and DMV neither admit nor deny the allegations of

Paragraph 34, as they state legal conclusions to which no response is required.  To the extent a response is deemed required, the State Defendants and DMV admit that Plaintiff has sought to invoke the jurisdiction of this Court pursuant to the referenced statutory provisions, except deny his entitlement to relief.

35.     The State Defendants and DMV neither admit nor deny the allegations of Paragraph 35, as they state legal conclusions to which no response is required.  To the extent a response is deemed required, the State Defendants and DMV admit that Plaintiff has sought to establish venue with this Court pursuant to the referenced statutory provision, except deny his entitlement to relief.

**Plaintiff's Allegations Regarding Defendant Gelbstein**

36.     The State Defendants and DMV deny the allegations in Paragraph 36 and affirmatively state that Plaintiff does not assert any tort claims against Defendant Gelbstein.

37.     The State Defendants and DMV admit the allegations in Paragraph 37, except state that Defendant Gelbstein's title was Senior Administrative Law Judge and that he retired in May of 2019, and neither admit nor deny that Defendant Gelbstein was a "policy maker for administrative and employment matters," as it is a legal conclusion to which no response is required.  To the extent a response is deemed required, the State Defendants and DMV deny that Defendant Gelbstein was a "policy maker for administrative and employment matters."

38.     DMV and Defendants Gelbstein and Traschen deny the allegations in the first sentence of Paragraph 38, except admit that Plaintiff was permanently banned from the TVB on May 11, 2015 for violent, threatening and unprofessional behavior, including but not limited to a physical altercation with Defendant Smart, and that Defendant Gelbstein participated in the DMV's decision to permanently ban him from the TVB.  DMV and Defendant Gelbstein deny

the allegations in the second sentence of Paragraph 38, except admit that the Plaintiff had at times complained to Defendant Gelbstein about Defendant Smart.  Defendant Traschen denies knowledge or information sufficient to form a belief as to the allegations of the second sentence of Paragraph 38.  Defendant Calvo denies knowledge or information sufficient to form a belief as to any of the allegations of Paragraph 38.  The State Defendants and DMV further affirmatively state that no hearings were held or required to be held prior to Plaintiff's permanent ban from the TVB, and that Plaintiff had the opportunity to challenge such ban in a CPLR Article 78 proceeding in New York Supreme Court, but did not do so.

39.     DMV and Defendant Gelbstein deny the allegations in Paragraph 39.  Defendants Traschen and Calvo deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39.

40.     DMV and Defendant Gelbstein deny the allegations in Paragraph 40.  Defendants Traschen and Calvo deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40.

41.     DMV and Defendants Gelbstein and Calvo deny the allegations in Paragraph 41.  Defendant Traschen denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41.

42.     The State Defendants and DMV deny the allegations in Paragraph 42.

43.     Paragraph 43 purports to state legal conclusions to which no response is required.  To the extent a response is required, the State Defendants and DMV deny the allegations in Paragraph 43.

**Plaintiff's Allegations Regarding Boshra Vahdatlamas**

44.     No response is required to Paragraph 44, because Boshra Vahdatlamas (also

11

known as Bushra Vahdat) has been dismissed as a defendant.  See ECF Nos. 71, 82.  To the extent a response is deemed required, the State Defendants and DMV deny the allegations in Paragraph 44.

45.     No response is required to Paragraph 45, because Boshra Vahdatlamas (also known as Bushra Vahdat) has been dismissed as a defendant.  See ECF Nos. 71, 82.  To the extent a response is deemed required, the State Defendants and DMV admit that Ms. Vahdatlamas was a Supervising Administrative Law Judge.

46.     No response is required to Paragraph 46, because Boshra Vahdatlamas (also known as Bushra Vahdat) has been dismissed as a defendant.  See ECF Nos. 71, 82.  To the extent a response is deemed required, DMV and Defendant Gelbstein deny the allegations in Paragraph 46, and Defendants Traschen and Calvo deny knowledge or information sufficient to form a belief regarding them.

47.     No response is required to Paragraph 47, because Boshra Vahdatlamas (also known as Bushra Vahdat) has been dismissed as a defendant.  See ECF Nos. 71, 82.  Paragraph 47 also purports to state legal conclusions to which no response is required.  To the extent a response is required, the State Defendants and DMV deny the allegations in Paragraph 47.

**Plaintiff's Allegations Regarding Defendant Traschen**

48.     The State Defendants and DMV deny the allegations in Paragraph 48 and affirmatively state that Plaintiff does not assert any tort claims against Defendant Calvo.

49.     The State Defendants and DMV neither admit nor deny the allegations in Paragraph 49, as they state legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant Traschen and DMV deny the allegations in Paragraph 49, except admit and aver that Defendant Traschen was First Assistant Counsel at the DMV, that

Defendant Traschen informed Plaintiff that he was permanently banned from the TVB as a result of his violent, offensive and unprofessional conduct, and that Defendant Traschen did not return further phone calls placed by Plaintiff to her office, while Defendants Gelbstein and Calvo deny knowledge and information sufficient to form a belief as to the allegations of Paragraph 49.  The State Defendants and DMV further affirmatively state that no hearings were held or required to be held prior to Plaintiff's permanent ban from the TVB and that Plaintiff had the opportunity to challenge such ban in a CPLR Article 78 proceeding in New York Supreme Court, but chose not to.

**Plaintiff's Allegations Regarding Elizabeth Morgan**

50.     No response is required to Paragraph 50, because Elizabeth Morgan (s/h/a Elizabeth Prickett-Morgan) has been dismissed as a defendant.  See ECF Nos. 71, 82.  To the extent a response is required, the State Defendants and DMV deny the allegations in Paragraph 50.

51.     No response is required to Paragraph 51, because Elizabeth Morgan (s/h/a Elizabeth Prickett-Morgan) has been dismissed as a defendant.  See ECF Nos. 71, 82.  To the extent a response is required, DMV and Defendant Traschen admit that Elizabeth Morgan is an Assistant Attorney General in the New York State Office of Attorney General and Defendants Gelbstein and Calvo deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 51.

52.     No response is required to Paragraph 52, because Elizabeth Morgan (s/h/a Elizabeth Prickett-Morgan) has been dismissed as a defendant.  See ECF Nos. 71, 82.  To the extent a response is deemed required, the State Defendants and DMV deny the allegations in Paragraph 52.

**Plaintiff's Allegations Regarding Jean Flanagan and Vincent Palmieri**

53.     No response is required to Paragraph 53, because Jean Flanagan and Vincent Palmieri have been dismissed as defendants.  See ECF Nos. 71, 82.  To the extent a response is deemed required, the State Defendants and DMV deny the allegations in Paragraph 53.

54.     No response is required to Paragraph 54, because Jean Flanagan and Vincent Palmieri have been dismissed as defendants.  See ECF Nos. 71, 82.  To the extent a response is deemed required, DMV and Defendants Gelbstein and Calvo admit that Ms. Flanagan and Mr. Palmieri were Defendant Calvo's supervisors when she was employed at DMV, and Defendant Traschen denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54.

55.     No response is required to Paragraph 55, because Jean Flanagan and Vincent Palmieri have been dismissed as defendants.  See ECF Nos. 71, 82.  To the extent a response is deemed required, the State Defendants and DMV deny the allegations in Paragraph 55, except Defendant Calvo and DMV admit that she informed Ms. Flanagan and Mr. Palmieri that the Plaintiff had been removed from the TVB premises for violent and unprofessional conduct, and Defendants Gelbstein and Traschen deny knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 55.

**Plaintiff's Allegations Regarding Danielle Calvo**

56.     The State Defendants and DMV deny the allegations in Paragraph 56 and affirmatively state that Plaintiff does not assert any tort claims against Defendant Traschen.

57.     The State Defendants and DMV admit that Defendant Calvo served as Clerk Supervisor of the South Brooklyn location of the TVB, though her formal title was Supervising Motor Vehicle Representative 2.

58.     Defendant Calvo and DMV deny the allegations in Paragraph 58, except admit and aver that she informed Plaintiff on May 11, 2015, that he was required to leave the TVB premises immediately, and that she was accompanied by NYPD officers in case of an incident. Defendants Gelbstein and Calvo deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 58.

59.     The State Defendants and DMV deny the allegations in Paragraph 59.

**Plaintiff's Allegations Regarding Defendant Smart**

60.     The State Defendants and DMV deny the allegations in Paragraph 60.

61.     DMV and the State Defendants neither admit nor deny the allegations of the first sentence of Paragraph 61, as they state legal conclusions to which no response is required.  To the extent a response is deemed required, DMV and Defendants Gelbstein and Calvo deny the allegations and affirmatively state that they could direct Defendant Smart regarding certain day-to-day matters at the TVB, but that he was ultimately controlled and supervised by his superiors at PEC Group of New York, Inc.  The second sentence of Paragraph 61 purports to state legal conclusions to which no response is required.  To the extent a response is required, DMV and Defendants Gelbstein and Calvo deny the allegations in the second sentence of Paragraph 61. Defendant Traschen denies knowledge or information sufficient to form a belief as to any of the allegations of Paragraph 61.

62.     DMV and Defendants Gelbstein and Calvo deny the allegations of Paragraph 62. Defendant Traschen denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 62.

63.     The State Defendants and DMV deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 63, except DMV and Defendant Gelbstein deny

the allegations of the second sentence of Paragraph 63.

64.     The State Defendants and DMV deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 64.

65.     The State Defendants and DMV deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 65.

66.     The State Defendants and DMV deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 66.

67.     Defendant Gelbstein and DMV deny knowledge or information sufficient to form a belief as to the allegations of the first sentence of Paragraph 67.  Defendant Gelbstein and DMV deny the allegations of the second sentence of Paragraph 67.  Defendants Calvo and Traschen deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 67.

68.     The State Defendants and DMV deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 68.

69.     Defendant Gelbstein and DMV deny the allegations of Paragraph 69.  Defendants Calvo and Traschen deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 69.

## AS TO PLAINTIFF'S FIRST CAUSE OF ACTION

70.     The State Defendants and DMV incorporate by reference their responses to the allegations in Paragraph 1 through 69 of the Complaint as if set forth fully herein.

71.     The State Defendants and DMV neither admit nor deny the allegations in Paragraph 71, as it states a legal conclusion to which no response is required.  To the extent a response is deemed required, the State Defendants and DMV deny the allegations in Paragraph

71 except admit that Plaintiff wrote a letter to Elizabeth Morgan dated March 20, 2015, complaining about Defendants Gelbstein and Smart, and respectfully refer the Court to the letter for its contents.

72.     The State Defendants and DMV neither admit nor deny the allegations in Paragraph 72, as it states legal conclusions to which no response is required.  To the extent a response is deemed required, the State Defendants and DMV deny the allegations in Paragraph 72 and affirmatively state that the Court has already held that Plaintiff does not have a First Amendment right to practice law in the TVB.  See ECF No. 71 at 19 n.10 ("The Complaint also asserts that '[a]t the time that Plaintiff published his letter of complaint . . . Plaintiff had an interest protected by the First Amendment, [i.e.,] . . . a right to practice his profession in the TVB court free from harassment, threat, and threat of violence.' (Compl. ¶ 72.)  The Court agrees with the State Defendants that Plaintiff does not have a First Amendment right to practice law in the TVB courts. . . . To the extent Plaintiff asserts a First Amendment retaliation claim on the basis that he has a constitutionally protected right to practice law in the TVB courts, the Court dismisses the claim.") (citing Jacob & Meyers, LLP v. Presiding Justices of the First, Second, Third, and Fourth Judicial Dep'ts, Appellate Div. of the Supreme Court of the State of N.Y., 852 F.3d 178, 187-89 (2d Cir. 2017)).

73.     The State Defendants and DMV deny the allegations in Paragraph 73.

74.     The State Defendants and DMV deny the allegations in Paragraph 74.

75.     The State Defendants and DMV deny the allegations in Paragraph 75.

## AS TO PLAINTIFF'S SECOND CAUSE OF ACTION

76.     The State Defendants and DMV incorporate by reference their responses to the allegations in Paragraph 1 through 75 of the Complaint as if set forth fully herein.

17

77.     Plaintiff's second cause of action was dismissed with prejudice, see ECF No. 71 at 23-26, 32-33, and therefore no response is required to Paragraph 77.  To the extent a response is deemed required, the State Defendants and DMV deny the allegations in Paragraph 77, except admit that Plaintiff was permanently banned from the TVB on May 11, 2015 for violent, threatening and unprofessional conduct.

78.     Plaintiff's second cause of action was dismissed with prejudice, see ECF No. 71 at 23-26, 32-33, and therefore no response is required to Paragraph 78.  Paragraph 78 also purports to state a legal conclusion, to which no response is required.  To the extent a response is deemed required, the State Defendants and DMV deny the allegations in Paragraph 78 and affirmatively state that the Court has already held that Plaintiff does not have a First Amendment right to practice law in the TVB.  See ECF No. 71 at 19 n.10.

79.     Plaintiff's second cause of action was dismissed with prejudice, see ECF No. 71 at 23-26, 32-33, and therefore no response is required to Paragraph 79.  Paragraph 79 also purports to state a legal conclusion, to which no response is required.  To the extent a response is deemed required, the State Defendants and DMV admit and aver that the TVB is an administrative bureau of the DMV.

80.     Plaintiff's second cause of action was dismissed with prejudice, see ECF No. 71 at 23-26, 32-33, and therefore no response is required to Paragraph 80.  Paragraph 80 also purports to state a legal conclusion, to which no response is required.  To the extent a response is deemed required, the State Defendants and DMV deny the allegations in Paragraph 80 except Defendant Calvo and DMV admit that on the date in question she spoke with the Plaintiff in the company of NYPD officers and informed him that he was required to leave the TVB premises.

81.     Plaintiff's second cause of action was dismissed with prejudice, see ECF No. 71

18

at 23-26, 32-33, and therefore no response is required to Paragraph 81.  To the extent a response

is deemed required, the State Defendants and DMV deny the allegations in Paragraph 81 except

Defendant Calvo and DMV admit and aver that she told the Plaintiff to leave the TVB on May

11, 2015 and stated to the Plaintiff that he should contact Defendant Traschen for further

instructions.

82.     Plaintiff's second cause of action was dismissed with prejudice, *see* ECF No. 71

at 23-26, 32-33, and therefore no response is required to Paragraph 82.  To the extent a response

is deemed required, Defendant Traschen and DMV admit and aver that she spoke with the

Plaintiff and advised him that he was permanently barred from practicing law in the TVB, and

Defendants Calvo and Gelbstein deny knowledge or information sufficient to form a belief as to

the allegations of Paragraph 82.

83.     Plaintiff's second cause of action was dismissed with prejudice, *see* ECF No. 71

at 23-26, 32-33, and therefore no response is required to Paragraph 83.  Paragraph 83 also

purports to state a legal conclusion, to which no response is required.  To the extent a response is

deemed required, the State Defendants and DMV deny the allegations in Paragraph 83.

84.     Plaintiff's second cause of action was dismissed with prejudice, *see* ECF No. 71

at 23-26, 32-33, and therefore no response is required to Paragraph 84.  Paragraph 84 also

purports to state a legal conclusion, to which no response is required.  To the extent a response is

required, the State Defendants and DMV deny the allegations in Paragraph 84, except admit that

Defendants Gelbstein, Calvo, and Traschen performed certain supervisory responsibilities at the

DMV, as did nonparties Vahdatlamas, Flanagan, and Palmieri.

85.     Plaintiff's second cause of action was dismissed with prejudice, *see* ECF No. 71

at 23-26, 32-33, and therefore no response is required to Paragraph 85.  Paragraph 85 also

purports to state a legal conclusion, to which no response is required.  To the extent a response is

deemed required, the State Defendants and DMV deny the allegations in Paragraph 85.

## AS TO PLAINTIFF'S THIRD CAUSE OF ACTION

86.     The State Defendants and DMV incorporate by reference their responses to the

allegations in Paragraph 1 through 85 of the Complaint as if set forth fully herein.

87.     The State Defendants and DMV deny the allegations in Paragraph 87, except

DMV and Defendant Gelbstein admit and aver that Plaintiff appeared at the South Brooklyn

location of the TVB on March 16, 2018, despite his permanent ban, and that he reminded

Plaintiff of his permanent ban on that date.  Defendants Calvo and Traschen deny knowledge and

information sufficient to form a belief as to the allegations of Paragraph 87.

88.     No response is required to Paragraph 88 because it merely consists of a statement

regarding relief that Plaintiff seeks in this action.  To the extent a response to Paragraph 88 is

required, the State Defendants and DMV admit that Plaintiff seeks prospective injunctive relief

but deny that Plaintiff is entitled to such relief.

## AS TO PLAINTIFF'S FOURTH CAUSE OF ACTION

89.     The fourth cause of action is asserted only against defendant Sadiq Tahir, not the

State Defendants or DMV, and therefore no response to Paragraph 89 is required.  To the extent

a response is required, the State Defendants and DMV incorporate by reference their responses

to the allegations in Paragraph 1 through 88 of the Complaint as if set forth fully herein.

90.     The fourth cause of action is asserted only against defendant Sadiq Tahir, not the

State Defendants or DMV, and therefore no response to Paragraph 90 is required.  To the extent

a response is deemed required, the State Defendants and DMV deny knowledge or information

sufficient to form a belief as to the allegations in Paragraph 90.

91.     The fourth cause of action is asserted only against defendant Sadiq Tahir, not the
State Defendants or DMV, and therefore no response to Paragraph 91 is required.  To the extent
a response is deemed required, the State Defendants and DMV deny knowledge or information
sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 91, except
DMV admits that Defendant Tahir did file a report of workplace violence.

92.     The fourth cause of action is asserted only against defendant Sadiq Tahir, not the
State Defendants or DMV, and therefore no response to Paragraph 92 is required.  Paragraph 92
also purports to state a legal conclusion, to which no response is required.  To the extent a
response is deemed required, the State Defendants and DMV deny knowledge or information
sufficient to form a belief as to the allegations in Paragraph 92.

93.     The fourth cause of action is asserted only against defendant Sadiq Tahir, not the
State Defendants, and therefore no response to Paragraph 93 is required.  Paragraph 93 also
purports to state legal conclusions to which no response is required.  To the extent a response is
deemed required, the State Defendants and DMV deny the allegations in Paragraph 93.

94.      The fourth cause of action is asserted only against defendant Sadiq Tahir, not the
State Defendants, and therefore no response to Paragraph 94 is required.  Paragraph 94 also
purports to state a legal conclusion, to which no response is required.  To the extent a response is
deemed required, the State Defendants and DMV deny the allegations in Paragraph 94.

## AS TO PLAINTIFF'S FIFTH CAUSE OF ACTION

95.     The fifth cause of action is asserted only against defendant PEC Group of New
York, Inc. (s/h/a PEC Group of NY, Inc.) ("PEC") not the State Defendants or DMV, and
therefore no response to Paragraph 95 is required.  Paragraph 95 also purports to state a legal
conclusion, to which no response is required.  To the extent a response is deemed required, the

State Defendants and DMV incorporate by reference their responses to the allegations in Paragraph 1 through 94 of the Complaint as if set forth fully herein.

96.     The fifth cause of action is asserted only against defendant PEC, not the State Defendants or DMV, and therefore no response to Paragraph 96 is required.  Paragraph 96 also purports to state a legal conclusion, to which no response is required.  To the extent a response is deemed required, the State Defendants and DMV deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 96.

97.     The fifth cause of action is asserted only against defendant PEC, not the State Defendants or DMV, and therefore no response to Paragraph 97 is required.  To the extent a response is required, the State Defendants and DMV deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 97.

98.     The fifth cause of action is asserted only against defendant PEC, not the State Defendants or DMV, and therefore no response to Paragraph 98 is required.  To the extent a response is required, the State Defendants and DMV deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 98.

99.     The fifth cause of action is asserted only against defendant PEC, not the State Defendants or DMV, and therefore no response to Paragraph 99 is required.  To the extent a response is required, the State Defendants and DMV deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 99.

100.     The fifth cause of action is asserted only against defendant PEC, not the State Defendants or DMV, and therefore no response to Paragraph 100 is required.  Paragraph 100 also purports to state a legal conclusion, to which no response is required.  To the extent a response is deemed required, the State Defendants and DMV deny the allegations in Paragraph

22

100.

101.     The fifth cause of action is asserted only against defendant PEC, not the State Defendants or DMV, and therefore no response to Paragraph 101 is required.  Paragraph 101 also purports to state a legal conclusion, to which no response is required.  To the extent a response is deemed required, the State Defendants and DMV deny the allegations in Paragraph 101.

## GENERAL DENIAL

102.     Except as otherwise specifically admitted herein, the State Defendants and DMV deny each and every allegation of the Complaint, including but not limited to the headings, footnotes, and prayers for relief.

## AFFIRMATIVE DEFENSES

103.     The assertion of the following affirmative defenses should not be construed as an admission or acknowledgement that the State Defendants or DMV bear the burden of proof on any particular affirmative defense.

### FIRST AFFIRMATIVE DEFENSE

104.     The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

105.     The State Defendants and DMV have not violated or deprived Plaintiff of any rights, privileged, or immunities under the Constitution or laws of the United States, the State of New York, or any political subdivisions thereof.

### THIRD AFFIRMATIVE DEFENSE

106.     The State Defendants and DMV did not take any adverse action in retaliation for Plaintiff's exercise of any constitutional rights.

23

## FOURTH AFFIRMATIVE DEFENSE

107.    Any damages allegedly sustained by Plaintiff are solely and exclusively the result of Plaintiff's own conduct.

## FIFTH AFFIRMATIVE DEFENSE

108.    Plaintiff's claims against the State Defendants and DMV are barred, in whole or in part, by the terms and conditions of the settlement of Plaintiff's proceeding commenced in 2012 against the DMV in New York Supreme Court under Article 78 of the New York Civil Practice Law and Rules, *Capogrosso v. N.Y. State Dep't of Motor Vehicles*, No. 7738/12 (Sup. Ct. Kings County).

## SIXTH AFFIRMATIVE DEFENSE

109.    The acts or omissions of the State Defendants and DMV did not proximately cause any of the alleged deprivations, losses, or injuries of which Plaintiff complains.

## SEVENTH AFFIRMATIVE DEFENSE

110.    Plaintiff's claims against the State Defendants and DMV are barred in whole or in part by federal and/or state doctrines of qualified immunity.

## EIGHTH AFFIRMATIVE DEFENSE

111.    Plaintiff's claims against the State Defendants and DMV are barred and/or limited by the doctrines of estoppel, waiver and/or unclean hands.

## NINTH AFFIRMATIVE DEFENSE

112.    Plaintiff's claims against the State Defendants and DMV are barred, in whole or in part, by each State Defendant's lack of personal involvement.

## TENTH AFFIRMATIVE DEFENSE

113.    The State Defendants and DMV are entitled to absolute judicial or quasi-judicial

immunity.

## ELEVENTH AFFIRMATIVE DEFENSE

114.    The Court lacks subject matter jurisdiction over some or all of the Plaintiff's claims against the State Defendants and DMV.

## TWELFTH AFFIRMATIVE DEFENSE

115.    Some or all of the Plaintiff's claims and/or relief sought against the State Defendants and DMV are barred by state sovereign immunity and/or the Eleventh Amendment to the United States Constitution.

## THIRTEENTH AFFIRMATIVE DEFENSE

116.    Plaintiff's claims against the State Defendants and DMV are barred, in whole or in part, by the applicable statutes of limitations.

## FOURTEENTH AFFIRMATIVE DEFENSE

117.    Plaintiff's request for damages against the State Defendants and DMV is barred to the extent that he has failed to mitigate his damages, if any.

## FIFTEENTH AFFIRMATIVE DEFENSE

118.    The alleged conduct by the State Defendants and DMV is legally insufficient to support an award of punitive damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

119.    The State Defendants and DMV intend to rely upon any other and/or additional applicable defense that is now or may become available during the proceedings in this action, and reserve the right to amend this Answer to assert such defense or defenses.


WHEREFORE, the State Defendants and DMV respectfully request that this Court enter

judgment dismissing the Complaint with prejudice and awarding such other and further relief as

the Court deems just and proper.


Dated:  New York, New York
          December 18, 2019

                                                    LETITIA JAMES
                                                    Attorney General of the State of New York


                                            By:    ___/s/ James M. Thompson_____
                                                        James Thompson
                                                        Assistant Attorney General
                                                        28 Liberty Street
                                                        New York, New York 10005
                                                        Tel.:  (212) 416-6556
                                                        james.thompson@ag.ny.gov


To:  All counsel of record (Via ECF)

Mario H. Capogrosso (via First-Class Mail)
21 Sheldrake Place
New Rochelle, NY 10804

David Smart (via First-Class Mail)
2875 West 8th Street
Brooklyn, NY 11229

Sadiq Tahir (via First-Class Mail)
2994 Coney Island Avenue
Brooklyn, NY 11235