

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES  
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL  
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-6556

January 3, 2019

**Via ECF**

The Honorable Lois Bloom  
United States District Court for the Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, NY 11201

      Re:    <u>Capogrosso v. Gelbstein, et al.</u>, No. 18 Civ. 2710 (MKB) (LB)

Dear Judge Bloom,

      This Office represents Defendants Alan Gelbstein, Ida Traschen, and Danielle Calvo (collectively, the "State Defendants"), as well as Mark Schroeder, in his official capacity as Commissioner of the New York State Department of Motor Vehicles (the "DMV Commissioner" or "DMV") in the above-referenced action filed by Plaintiff Mario Capogrosso (the "Plaintiff"), an attorney appearing *pro se*. I write in further opposition to the Plaintiff's currently-pending motion to compel entry to DMV's Brooklyn South Traffic Violations Bureau (the "TVB"), Dkt. No. 91, to inform the Court of the Plaintiff's recent attempt to enter the TVB, from which he has been permanently banned for violent and unprofessional conduct, in advance of any ruling on his motion.

      The Plaintiff has moved the Court for an Order permitting him to physically enter the TVB to take unspecified discovery, <u>see</u> Dkt. No. 91 at 2, a motion which has been set for a January 10, 2020 conference before Your Honor. <u>See</u> Dkt. No. 94. The text of the Plaintiff's motion demonstrates that as of at least December 2, he understood that he was not permitted to physically go to the DMV absent an order from the Court. <u>See</u> Dkt. No. 91 at 2 (acknowledging that he had previously been "denied entry," that he had been informed that I "did not think the DMV would allow [him] admission," and asserting that he "need[s] a Court Order or clarification in regards hereto").

      Nonetheless, the Plaintiff emailed me on Wednesday, December 11, 2019, declaring unilaterally that "I will be at the [TVB] to perform discovery with respect to my Complaint." Email correspondence, Ex. A. I responded to him, on behalf of DMV, that he "should not physically go to the TVB unless and until there is an order from the Court allowing it," and informed him of Your Honor's January 10 conference on his motion to compel entry. <u>Id.</u> The

Hon. Lois Bloom
January 3, 2019
Page 2

Plaintiff replied, "I listen to judges not lawyers" and stated that Your Honor and/or Judge Brodie had already issued orders implicitly permitting him to enter the TVB. Id.

The Plaintiff entered the TVB on the afternoon of Monday, December 16. He was immediately recognized by TVB clerks, who went to Claudio Collins, the TVB's Senior Administrative Law Judge, to inform him of the situation. Declaration of Claudio Collins, Ex. B. ¶ 3. When ALJ Collins spoke with him, the Plaintiff stated that he had a federal court order permitting him to depose the TVB's clerks. Id. ¶ 4. ALJ Collins informed the Plaintiff that this would not happen, and that the clerks did not wish to speak with him. Id. ¶ 4. The Plaintiff then asked ALJ Collins if he was telling the Plaintiff to leave, to which ALJ Collins replied that he was not, but that no one was going to speak to him and that he should contact the DMV's legal department. Id. ¶ 5. The Plaintiff then told ALJ Collins that he wanted to check his license to see if he had any traffic tickets; ALJ Collins obliged, stepping behind the counter and running the Plaintiff's license personally to show that he had no tickets. Id. ¶ 6. The Plaintiff then left the TVB premises voluntarily. Id. ¶ 7.

As discussed in greater detail in the State Defendants' letter opposing the motion to compel, Dkt. No. 93 at 2-3, in the Declaration of Barbara Montena, Dkt. No. 45, and its exhibits, the Plaintiff has been banned from TVB due to a history of violent and unprofessional conduct. A significant portion of this conduct was directed towards TVB personnel, leading 18 employees, including 14 clerks, to sign a petition informing DMV that "the presence of attorney Mario Capogrosso on our premises constitutes a threat to our physical safety." Dkt. No. 45 Ex. 6. The Plaintiff's unilateral decision to enter the TVB on Monday, in violation of DMV's instructions and without waiting for a ruling on his motion, is indicative of his unpredictability, further demonstrating that his physical presence at the Brooklyn TVB is not "proportional to the needs of the case," and that its "burden . . . outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The motion to compel the Plaintiff's physical entry to the TVB should be denied.

        Respectfully submitted,

        */s/ James M. Thompson*
        James M. Thompson
        Assistant Attorney General
        james.thompson@ag.ny.gov

Cc:    All counsel of record (via ECF)

        Mario Capogrosso (via First-Class Mail)
        21 Sheldrake Place
        New Rochelle, NY 10804

Hon. Lois Bloom
January 3, 2019
Page 3

      David Smart (via First-Class Mail)
      2875 West 8th Street
      Brooklyn, NY 11224

      Sadiq Tahir (via First-Class Mail)
      2994 Coney Island Avenue
      Brooklyn, NY 11235