

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

| LETITIA JAMES | | DIVISION OF STATE COUNSEL |
|---|---|---|
| ATTORNEY GENERAL | | LITIGATION BUREAU |

Writer's Direct Dial: (212) 416-6556

January 23, 2020

**Via ECF**

The Honorable Margo K. Brodie, United States District Judge
The Honorable Lois Bloom, United States Magistrate Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    <u>Capogrosso v. Gelbstein, et al.</u>, No. 18 Civ. 2710 (MKB) (LB)

Dear Judge Brodie and Judge Bloom,

    This Office represents defendants Alan Gelbstein, Ida Traschen, and Danielle Calvo, in their individual capacities, and New York State Department of Motor Vehicles ("DMV") Commissioner Mark Schroeder, in his official capacity (collectively, the "State Defendants"), in the above-referenced matter. I write pursuant to Judge Brodie's January 16, 2020 Order to oppose the motion for reconsideration filed by the *pro se* attorney Plaintiff Mario Capogrosso ("Capogrosso"), Dkt. No. 106, which objects to Judge Bloom's decision denying his request to physically go to DMV's Brooklyn South Traffic Violations Bureau ("TVB") to conduct unspecified discovery.

    As an initial note, the motion should be denied because the Plaintiff has not met the standard for reconsideration. "The standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." <u>Ayazi v. N.Y. City Dep't of Educ.</u>, No. 08 Civ. 2456, 2013 WL 310394, at *1 (E.D.N.Y. Jan. 25, 2013) (Brodie, J.) (quotation omitted). The Plaintiff here has pointed to no such controlling authority or overlooked data; instead, he merely "object[s] to the ruling of this Court, seek[s] reconsideration, and reserve[s] any right to appeal." Dkt. No. 106 at 2; cf. <u>Ayazi</u>, 2013 WL 310394 at *1 ("A motion for reconsideration should not be used as a vehicle simply to voice disagreement with the Court's decision, nor does it present an occasion for repeating old arguments previously rejected or an opportunity for making new arguments that could have previously been made." (quotation omitted)). The motion should be denied on this ground alone.

      Moreover, Judge Bloom's decision was correct on the merits and should be adhered to. Capogrosso's presence at the TVB would create a significant risk of confrontation for little or no benefit, particularly when he already has access to all the tools of discovery provided by the Federal Rules of Civil Procedure. As Judge Bloom stated at the status conference on January 10, 2020:

> Under Rule 30 you can conduct depositions. But the way that you went about thinking you were going to walk into DMV and start questioning people, that is not provided for in the Federal Rules of Civil Procedure[], sir. And I don't want this to become a situation where for no good reason things go out of hand and I don't want there to be further trouble because you're trying to get information in your case. There's a right way to conduct discovery and there's an improper way. You can't just walk in and think you're going to start taking depositions by walking in.

Status Conference Transcript, Ex. A (the "Tr.") at 3:9-17.[1]

      There is every reason to believe that Capogrosso's physical presence at the TVB would disrupt the work of the bureau and create a needless risk of verbal or physical confrontation. Capogrosso was banned from the TVB for good reason: a long history of violent, threatening, and unprofessional conduct, much of it directed at the TVB staff. See Declaration of Barbara Montena, Dkt. No. 45 (the "Montena Dec."). These repeated incidents led to eighteen TVB employees, including fourteen clerks, signing a petition stating that "the presence of attorney Mario Capogrosso on our premises constitutes a threat to our physical safety." Employee Petition, Ex. B. The incidents continued, even after Capogrosso was suspended from the TVB and required to complete an anger management course in order to return to practice, and only ceased after he was finally banned from the TVB in May 2015, after a series of incidents culminating in a physical altercation with a security guard. See Montena Dec. ¶¶ 19-40. Capogrosso has forthrightly stated that he intends to confront the TVB staff, pointing in his initial disclosures to "[t]he clerical and legal staff of the Brooklyn South TVB as shown in [a group of attached documents including the employee petition]. **I will confront all my accusers.**" Initial Disclosures, Ex. C at 2 (emphasis in the original).

      In contrast to the significant risk of confrontation, Capogrosso has not articulated any compelling grounds for why his physical presence at the TVB is necessary. Cf. Alvarado v. GC Dealer Servs. Inc., No. 18 Civ. 2915, 2018 WL 6322188, at *2 (E.D.N.Y. Dec. 3, 2018) (noting that "[t]he party seeking discovery bears the burden of initially showing relevance" and that "courts should not grant discovery requests based on pure speculation that amount to nothing more than a fishing expedition." (quotations omitted)). His initial motion stated only that he "must be allowed access to the [TVB] to conduct discovery as well as provide my initial disclosures." Dkt. No. 91 at 2. His motion for reconsideration is no more specific, stating only that he wished "to gather witness statements, witness names and telephone numbers" when he went to the TVB on December 16.[2] Any statements he could obtain in this manner would be

---

[1] The State Defendants attach the transcript in its entirety in order to assist the completeness of the Court's review.

[2] Capogrosso went to the TVB while his motion seeking entry was still pending before Judge Bloom, claiming that he had a federal court order permitting him to do so. See Supplemental Response, Dkt. No. 101.

Hon. Margo K. Brodie and Lois Bloom
January 23, 2019
Page 3

inadmissible hearsay, and Capogrosso has not explained why he cannot obtain the information or testimony he desires via the discovery procedures permitted by the Federal Rules of Civil Procedure.  See Tr. at 2:25-3:3 (The Court: "So Mr. Capogrosso, you are entitled to conduct discovery but that does not mean that you go to DMV and try to question people.  There is the Federal Rules of Civil Procedure, sir.").

      Accordingly, Capogrosso's physical presence at the TVB is not "relevant to any party's claim or defense," is not "proportional to the needs of the case," and its "burden . . . outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).  Judge Bloom correctly denied the motion to compel, and the Plaintiff has offered no grounds for reversing her ruling beyond his own bare disagreement with it, let alone the sort of compelling law or data required to justify reconsideration.  The motion for reconsideration should be denied.

                                                  Respectfully submitted,

                                                  James M. Thompson
                                                  Assistant Attorney General
                                                  james.thompson@ag.ny.gov

Cc:    All counsel of record (via ECF)

        Mario Capogrosso (via First-Class Mail)
        21 Sheldrake Place
        New Rochelle, NY 10804

        David Smart (via First-Class Mail)
        2875 West 8th Street
        Brooklyn, NY 11224

        Sadiq Tahir (via First-Class Mail)
        2994 Coney Island Avenue
        Brooklyn, NY 11235