*EXTRA COPY.*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

MARIO H. CAPOGROSSO, ESQ.

         Plaintiff

-against-             CV18-2710

ALAN GELBSTEIN, et. al      **PLAINTIFF'S RULE 26(a)(1)**
                   **INITIAL DISCLOSURES**

         Defendants

---

  Pursuant to Rule26(a)(1) of the Federal Rules of Civil Procedure, Plaintiff hereby provides the following initial disclosures:

A. the name and, if known, the address and telephone number of each individual likely to have discoverable information that the following disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.

**DISCLOSURE:**

1. Boshra Vahdatatalamas (also known as Bushra Vahdat)

    As to her involvement in contributing to my unlawful removal from the New York TVB in December 2011 and May 2015.

2. Elizabeth- Prickett Morgan
    As to her involvement in contributing to my unlawful removal from the New York TVB in May 2015.

3. Jean Flanagan

    As to her involvement in contributing to my unlawful removal from the New York TVB in May 2015.

1

4. Vincent Palmieri

   As to his involvement in contributing to my unlawful removal from the New York TVB in May 2015.

5. Scott Benish, as a representative of PEC Group of NY.

   As to his negligence in failing to properly supervise the actions of Defendant Smart, such failure being a contributing factor to my removal from the NY TVB in May 2015.

6. Pauline Chahales, Chief Operating Officer of PEC Group of NY, Inc. 935 S. Lake Blvd, Ste 7, Mahopac, New York 10541.

   As to his negligence in failing to properly supervise the actions of Defendant Smart, such failure being a contributing factor to my removal from the NY TVB in May 2015.

7. The clerical and legal staff of the Brooklyn South TVB as shown in Exhibit A attached. **I will confront all my accusers.**

   As to their allegations against my practice in the Brooklyn TVB which has formed a basis for my removal from the NY TVB in December 2011 and May 2015.

8. Any and all persons submitted by outgoing State's attorney, whose names have been redacted by such attorney. M. Siegmund, and thus not currently identifiable, as shown in Exhibit A attached. **I will confront all my accusers.**

   As to their allegations against my practice in the Brooklyn TVB which has formed a basis for my removal from the NY TVB in December 2011 and May 2015.

9. The clerical and legal staff of the Brooklyn TVB, who I have not been able to identify because I have not been allowed access to this DMV since my unlawful removal in May 2015 who may have knowledge of the incident of May 11, 2015 which led to my removal.

   As to their knowledge to the events that led to my unlawful removal from the New York TVB in May 2015.

10. My clients who have identified themselves as Usher, Sultan, Tanya, Arek and Hector as shown in Exhibit B, attached. and Ilya Friedman, client and friend, auto mechanic.

    As in response to the false unfounded allegations of those persons identified in items #7 and # 8 above, **which have formed the basis of no formal grievance brought against myself or Office by way of the any Grievance Committee** and which all have responded to in course by way of my Complaint.

2

11. Yakov Brody

   As to what specific act or acts make me a Jew hater anti-Semite;

   As to his involvement in contributing to my unlawful removal from the New York TVB in December 2011 and May 2015.

B. A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.

**DISCLOSURE:**

With respect hereto, I will provide my DMV trial calendar, which shows clients names, phone numbers, (which I shall redact) date retained, hearing date, agreed legal fee amount, amount paid, and amount owed.

Work violence report filed by Defendant Calvo dated May 5 and 11, 2015.

Police Report filed by defendant Smart on or about May 11, 2015.

My letter of March 20, 2015 to Elizabeth Prickett Morgan describing the harassment of Defendant Smart.

My complaints filed with Defendant Gelbstein concerning the harassment of Defendant Smart.

Letters of June 20, 2012 written by Serwaat Farooq to McDonough & McDonough, LLP.

Letter from the State of New York Inspector Genera; Office concerning Bushra Vahdat's dated October 17, 2007.

All letters of grievance as shown in my Complaint, dated May 8, 2015.

C. computation of any category of damages claimed by the disclosing party, making available for inspection and copying s under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on he nature and extent of injuries suffered.

3

**DISCLOSURE:**

My damages are as shown in my complaint.

I seek compensatory, and punitive damages against all of the defendants in excess of $20,000,000 on each count as shown in my Complaint – $80,000,000 in total.

I seek compensatory damages to make me whole with respect to the legal fees which I have lost in not being able to afford my then existing clients their proper legal representation before the NY TVB.

I seek compensation for all those subsequent legal fees which have been lost due to my improper removal from the NY TVB.

I seek compensation for the damage caused to my name and reputation as an attorney due to my improper removal from the NY TVB.

I seek punitive damages against all the defendants so as to deter and prevent such future and unlawful conduct.

I seek reasonable fees and costs and fees expended in litigating this mater.

With respect hereto, I will provide my DMV trial calendar, which shows clients names, phone numbers, (which I shall redact) date retained, hearing date, agreed legal fee amount, amount paid, and amount owed.

D. For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action to indemnify or reimburse for payments made to satisfy the judgment.

**DISCLOSURE:**

I possess no insurance agreement, currently, applicable in response to this demand. Upon Defendant's Answer being filed and served, I reserve the right to supplement this response.

Dated: December 18, 2019
New Rochelle, New York

Submitted,

*M. H. C.*

Mario H. Capogrosso
21 Sheldrake Place
New Rochelle, N.Y. 10804
(914) 806-3692