

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-6556

March 18, 2020

**Via ECF**

The Honorable Lois Bloom
United States District Court for the Eastern District of New York
Theodore Roosevelt United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    <u>Capogrosso v. Gelbstein, et al.</u>, No. 18 Civ. 2710 (EK) (LB)

Dear Judge Bloom,

      This Office represents Defendants Alan Gelbstein, Ida Traschen, and Danielle Calvo, in their individual capacities, and Mark Schroeder, in his official capacity as Commissioner of the New York State Department of Motor Vehicles (collectively with Defendants Gelbstein, Traschen, and Calvo, the "State Defendants"), in the above-referenced matter. I write on behalf of Defendant Traschen to move the Court[1] to permit her deposition, currently scheduled for April 29, 2020, to be conducted remotely pursuant to Federal Rule of Civil Procedure 30(b)(4), in light of the threat posed by the Covid-19 pandemic. The remote deposition is necessary in order to protect the health of both Ms. Traschen, a retiree in her sixties who would be required to travel to Brooklyn from her home in Troy, NY, and Ms. Traschen's sister, whose immune system is compromised due to lupus and for whom Ms. Traschen serves as the primary caregiver.

      Federal Rule of Civil Procedure 30(b)(4) permits "a deposition [to] be taken by telephone or other remote means," and federal courts in this Circuit "have universally recognized that depositions conducted remotely are a valid, reliable, efficient, and cost-effective method of

---

[1] The State Defendants have filed the instant motion as one seeking a remote deposition, rather than a motion for reconsideration, as Ms. Traschen has not previously sought this relief. The Court previously ordered her deposition, among others, to be held at the courthouse in Brooklyn, Dkt. No. 111, based on letters from the Plaintiff that did not discuss Ms. Traschen's sister or her health concerns. <u>See</u> Dkt. Nos. 109 & 110. Even if the Court views this letter as a motion for reconsideration, relief is appropriate because the extraordinary spread of the coronavirus and Ms. Traschen's sister's immunocompromised state constitute "new evidence" not previously before the Court, and because a remote deposition is necessary to "prevent manifest injustice." <u>Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust</u>, 729 F.3d 99, 104 (2d Cir. 2013).

obtaining required discovery without needless expense." <u>Uni-Systems LLC v. U.S. Tennis Ass'n</u>, No. 17 Civ. 147, 2018 WL 1335354, at *4 (E.D.N.Y. Mar. 15, 2018) (collecting cases). "Since Rule 30(b)(4) does not specify the standards to be considered in determining whether to grant a request to take a telephonic deposition, the decision to grant or deny such an application is left to the discretion of the Court, which must balance claims of prejudice and those of hardship." <u>RP Family, Inc. v. Commonwealth Land Title Ins. Co.</u>, No. 10 Civ. 1149, 2011 WL 6020154, at *3 (E.D.N.Y. Nov. 30, 2011). "However, authorization to take telephonic depositions does not depend upon a showing of hardship by the applicant, and, in any event, it is the hardship and inconvenience to the witness that is of concern." <u>Id.</u>

The balance of equities strongly favors allowing Ms. Traschen's deposition to be taken remotely. Ms. Traschen is a retiree in her sixties, a demographic at significant risk from the coronavirus. She lives in Troy, NY with her younger sister, whose immune system is compromised by lupus, and serves as her primary caretaker. Compelling Ms. Traschen to come to Brooklyn to be deposed would require her to travel to Rensselaer, NY, take an Amtrak train to Penn Station, travel to Brooklyn via public transportation, stay overnight at a hotel, and come to the courthouse, exposing her to hundreds if not thousands of other people. Upon returning to Troy, Ms. Traschen would need to either find a separate residence in which to quarantine herself, at significant expense, or else risk exposing her sister to any contagion she came into contact with during her trip to New York City.

A remote deposition is also consistent with the efforts taken by New York state and federal courts, including the Eastern District, to minimize personal contact in the courthouses in order to protect judges, court officials, lawyers, litigants, and the public. <u>See, e.g.,</u> E.D.N.Y. Admin. Order No. 2020-06 (noting that the President has declared a state of emergency, continuing all upcoming civil and criminal trials, and declaring that "[j]udges are strongly encouraged to conduct court proceedings by telephone or video conferencing where practicable . . . where in-person meetings, interviews, depositions, or travel would be necessary"); S.D.N.Y. Admin. Order M10-468 (similarly continuing all trials and encouraging judges "to conduct court proceedings by telephone or video conferencing where practicable"); <u>see also</u> Ryan Tarinelli, <u>N.Y. State Courts End 'Nonessential' Services in Coronavirus Response</u>, N.Y.L.J., Mar. 15, 2020.

In contrast, the harm to the Petitioner in not having Ms. Traschen physically present in the same room is negligible. "Although a party's ability to observe a deponent in person does have value, the inability to do so is a problem with any remote deposition, and remote depositions are a presumptively valid means of discovery." <u>Usov v. Lazar</u>, No. 13 Civ. 818, 2015 WL 5052497, at *2 (S.D.N.Y. Aug. 25, 2015); <u>accord</u> <u>Zito v. Leasecomm Corp.</u>, 233 F.R.D. 395, 398 (S.D.N.Y. 2006) (declaring that "there is little prejudice" to the noticing party in taking a deposition by telephone, particularly where the deponent would be required "to travel to distant cities to be deposed on claims that . . . have very modest monetary value").

Permitting Ms. Traschen's deposition to be taken remotely is consistent with the Federal Rules, furthers this Court's response to the coronavirus pandemic, does no harm to the Plaintiff, and is necessary to protect the health of Ms. Traschen and her immunocompromised sister. I

have discussed the matter with the *pro se* attorney Plaintiff, who objects to the request. The State Defendants thank the Court for its time and consideration.

                                                           Respectfully submitted,

                                                           James M. Thompson
                                                           Assistant Attorney General
                                                           james.thompson@ag.ny.gov

Cc:     All counsel of record (via ECF)

         Mario Capogrosso (via Email)
         21 Sheldrake Place
         New Rochelle, NY 10804