# Exhibit 6

```
                                                                    1

1                  UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF NEW YORK
2
    - - - - - - - - - - - - - - - - X
3
    MARIO CAPOGROSSO,                :
4                                    :18-CV-2710 (MKB)
              Plaintiff,             :
5                                    :
                                     :
6      -against-                     :United States Courthouse
                                     :Brooklyn, New York
7                                    :
                                     :August 2, 2018, Thursday
8   ALAN GELBSTEIN, et al.,          :11:00 a.m.
                                     :
9             Defendants.            :
                                     :
10                                   :
    - - - - - - - - - - - - - - - - X
11
         TRANSCRIPT OF CIVIL CAUSE FOR PRE-MOTION CONFERENCE
12             BEFORE THE HONORABLE MARGO K. BRODIE
                UNITED STATES DISTRICT COURT JUDGE
13

14                    A P P E A R A N C E S:

15   For the Plaintiff:    MARIO CAPOGROSSO, pro se

16
    For the State          OFFICE OF THE NEW YORK STATE ATTORNEY
17   Defendants:           GENERAL
                           28 Liberty Street
18                         New York, NY 10005
                           BY: MARK SIEGMUND, ESQ.
19

20   Defendant:            SADIG TAHIR, pro se

21
     Defendant:            DAVID SMART,  pro se
22

23   Court Reporter:  Michele D. Lucchese, RPR
                      Official Court Reporter
24                    E-mail:  MLuccheseEDNY@gmail.com
    Proceedings recorded by computerized stenography.  Transcript
25   produced by Computer-aided Transcription.


                        MDL    RPR    CSR
```

1   THE COURTROOM DEPUTY:  Civil cause for pre-motion
2   conference, Docket No. 18-CV-2710, Capogrosso versus Gelbstein
3   et al.
4       Counsel, please state your appearance for the
5   record.
6       MR. CAPOGROSSO:  Mario Capogrosso, pro se plaintiff.
7   21 Sheldrake Place, New Rochelle, New York.
8       THE COURT:  Good morning, Counsel.
9       MR. CAPOGROSSO:  Good morning, Your Honor.
10      MR. SIEGMUND:  Mark Siegmund from the New York
11  Office of the Attorney General for the State defendants.
12      THE COURT:  Good morning, counsel.
13      MR. SIEGMUND:  Good morning, Your Honor.
14      MR. SMART:  David Smart, pro se, 2875 West 8th
15  Street, Brooklyn, New York.
16      THE COURT:  Good morning, Mr. Smart.
17      MR. TAHIR:  Sadig Tahir.
18      THE COURT:  Good morning. So we are here for a
19  number of different reasons.  I have a number of motions here
20  pending before me.  So I am going to try to address some of
21  the issues and see if we can't work through some of them.
22      First, pronounce your last name for me.  You can
23  remain seated.  You don't have to stand.  Just make sure your
24  mic is on everyone.
25      Okay, Mr. Capogrosso?

1       MR. CAPOGROSSO:  Yes, Your Honor.
2       THE COURT:  You have made a motion to recuse Judge
3  Bloom and I have looked at your request.  You seem annoyed at
4  the fact that she reminded you of your ethical duties and I
5  looked at also your response with regard to her order that was
6  issued on the docket, and that is her order of June 12, 2018,
7  where she points out that you should be aware of professional
8  courtesy and conduct yourself accordingly.  There is no basis
9  here for me to recuse Judge Bloom.  There is no basis for you
10 to conclude that she is somehow biased.  Counsel, as you know,
11 pursuant to New York Rules of Professional Conduct, they
12 require you to treat all persons involved in legal process
13 with courtesy and consideration and that was all Judge Bloom
14 was saying.  So there is no basis here for me to recuse her.
15 I am denying your motion, having read your papers as to why
16 you believe she is somehow biased.
17      I have worked with Judge Bloom since I have been on
18 this bench and I know her to be a particularly careful and
19 caring judge who gives every litigant before her, and she
20 deals with a lot of our pro se litigants, she gives every
21 litigant before her the benefit of the doubt.  So you don't
22 need to be concerned with her impartiality being questioned or
23 compromised in any way.
24      MR. CAPOGROSSO:  Do I have any opportunity to
25 respond, Your Honor?

Proceedings 4

1  THE COURT: Well, I have read your basis for a
2 recusal. Is there something else that you would like to add
3 to that basis?
4  MR. CAPOGROSSO: Just in reply, Your Honor. I was
5 courteous and respectful. She is indicating a professional
6 courtesy, which I was not aware of a professional courtesy in
7 answering her complaint.
8  THE COURT: Well, there is a professional courtesy
9 involved in litigation, period, Counsel, as you know. And if
10 you are unaware, I refer you to the New York professional
11 rules, the New York Rules of Professional Conduct, and they
12 require it, not just of you as an attorney, but of any
13 individual who is engaged in litigation. So that's all she
14 was saying in this. And when she referred to courtesy, she
15 does mean if, in fact, a party needs a few additional days,
16 that courtesy should be extended.
17  The Court shouldn't have to intervene every time the
18 parties need something from each other. The parties have to
19 be able to work together. I get it. I have read the
20 opposition. I have read the fact that you have had a history
21 with the parties that are named here before the Court and you
22 believe that they have been discourteous to you in not
23 responding to your numerous phone calls, letters, and
24 everything else. Whatever happened before you started this
25 litigation, it will have an impact clearly because it matters

Proceedings                                                                5

1  in terms of how you deal with the parties, but I expect it of
2  you, just like Judge Bloom does, for you to be courteous.
3          Am I clear on that?
4          MR. CAPOGROSSO:  Yes, Your Honor.  The other issue,
5  Your Honor, if I could, was that I requested an extension of
6  time.
7          THE COURT:  I have read your papers, Counsel.  I
8  have read your papers.  There is absolutely no basis.
9          MR. CAPOGROSSO:  Yes, Your Honor.
10         THE COURT:  Okay.  Now, defendants are requesting to
11 stay discovery pending a decision on the motion, which you
12 would like to make, and I am going to stay discovery because
13 if your motion is successful the entire case goes away as to
14 the State defendants, so there is no reason for me to allow
15 discovery pending a decision on the motion.
16         MR. SIEGMUND:  Thank you, Your Honor.
17         THE COURT:  Now, with regard to your motion, Mr.
18 Capogrosso, with regard to the counterclaims by the two
19 defendants, I am going to address that next.  You have made
20 your motion on a number of different bases, and some of them I
21 am going to address now and then I am going to have a
22 conversation with Mr. Tahir and Mr. Smart to see exactly what
23 it is they are trying do in their response to your Complaint,
24 but first I want to address your various grounds for seeking
25 to dismiss the counterclaim.  Okay.

1       So with regard to point three in your response,
2  Counsel, would you prefer that I not refer you to as counsel
3  in view of the fact that you are appearing here pro se?
4       MR. CAPOGROSSO:  Counsel would be fine, Your Honor,
5  if that's acceptable with the Court.
6       THE COURT:  Because you are an attorney --
7       MR. CAPOGROSSO:  Yes.
8       THE COURT:  I will refer to you in that manner.
9       MR. CAPOGROSSO:  Thank you, Your Honor.
10      THE COURT:  It is easier for me than having to
11 mispronounce your name, which I don't want to do.
12      So, point three, where you argue that the
13 counterclaim is barred by Statute of Limitations, that is not
14 the case, since the counterclaim is based on your lawsuit.
15 What I understand the allegation of the counterclaims to be is
16 that your lawsuit is the harassment and that it is frivolous,
17 so if that is the case, then clearly they are not time barred
18 because they have a year from the time you filed your lawsuit
19 to bring the action.
20      As to subject matter jurisdiction, their
21 counterclaim is in response to your claim against them and
22 your claim against them is based on New York State law.  The
23 only way for me to get jurisdiction over your state claim is
24 to exercise supplemental jurisdiction, if I do that.  So if
25 you proceed with your claim against them based on New York

                                Proceedings                         7

1   State law and I exercise supplemental jurisdiction, then I
2   have the right to also, if their counterclaim grows out of
3   that, to exercise the same supplemental jurisdiction over
4   their counterclaim.  So there is no issue here with subject
5   matter jurisdiction since my understanding after the
6   counterclaims of both Mr. Smart and Mr. Tahir is based on your
7   lawsuit and they see the lawsuit as harassment.  So they can
8   bring a counterclaim that grows out of your claim.
9           With regard to personal jurisdiction, you are
10  bringing the lawsuit, so the Court has personal jurisdiction
11  over you, period.
12          With regard to not being clear and the pleadings
13  being incomprehensible, because you are appearing as a pro se
14  litigant, I would give your reading of the complaint a very
15  liberal construction and I do the same with regard to those
16  two defendants who are appearing pro se.
17          As to sanctions, there is absolutely no basis for me
18  to impose sanction here.  I don't sanction parties lightly.  I
19  don't sanction parties unless they do something in violation
20  of the Court's order and they do it multiple times.  Here,
21  filing a counterclaim is something that they can do in this
22  action and they have the right to do.
23          Let me turn to Mr. Smart and Mr. Tahir.  Your
24  counterclaim says that it is a counterclaim for harassment by
25  defendant for bringing this frivolous lawsuit, and you are

Pages Omitted

Proceedings                                                          19

1   before me; the status is they are moving to dismiss, I will
2   deal with the motion.  For now, all discovery is stayed.
3           Do you have any other questions?
4           MR. CAPOGROSSO:  Yes.  I did request -- and I am
5   unfamiliar with your individual rules and practices, so I did
6   not make it by way of a motion, but I did request and move
7   this Court by way of my response to Attorney Siegmund's letter
8   to me of July 18th barring me from the Brooklyn South TVB,
9   Traffic Violations Bureau, I did move for sanctions per my
10  request in response --
11          THE COURT:  But sanctions based on what?
12          MR. CAPOGROSSO:  He had no authority to do that.
13          THE COURT:  I don't know that, that's my point.
14  That's the merits of your claim.  The merits of your action,
15  you are in effect asking me to overturn their decision barring
16  you from it the TVB.  You have asked for a number of things,
17  including prospective injunctive relief, you have asked for
18  damages based on your First Amendment retaliation claim, based
19  on your due process claim.  I can't decide any of that.
20          MR. CAPOGROSSO:  Well, if I could, Your Honor, my
21  argument was that Attorney Siegmund is representing defendants
22  who work for the TVB, he is not representing the TVB.
23          THE COURT:  I don't get your argument; you are
24  saying I should sanction him for doing what?
25          MR. CAPOGROSSO:  Well, I submit to this Court that

1  judges give orders, attorneys don't order, and I would submit
2  to this Court --
3              THE COURT:  You are confusing the issue here.  I
4  don't know who he represented when he told you not to do what
5  you did, but he is in this court representing all the State
6  defendants in this action.  You have a problem with him acting
7  in his capacity, not as an attorney defending this action, but
8  in whatever capacity he acted when he said whatever he said to
9  you.  To the extent you are challenging his authority to act
10 on behalf of his client, or his authority as an employee of
11 the State --
12             You are employed by the State Attorney General's
13 Office; correct?
14             MR. SIEGMUND:  That's right, yes.
15             THE COURT:  You can take that up, but that has
16 nothing do with this lawsuit.  Or if you want it to have
17 something to do with this lawsuit, then I suggest you amend
18 your complaint.
19             Your complaint is not against the attorney here.
20 You are not alleging that he did anything to violate your
21 right.  If you are questioning whether he, on behalf of his
22 client, can give you a directive, that's not an issue that's
23 before this Court.
24             MR. CAPOGROSSO:  Your Honor, he abrogated your court
25 order -- Judge Bloom's court order.

1  THE COURT: By doing what?

2  MR. CAPOGROSSO: By telling me not to go to the DMV
3  and gathering a witness list.

4  THE COURT: No, he did not. He was enforcing his
5  client's order. You, yourself, in your Complaint, you have
6  specifically stated that you have been banned from going
7  there. Judge Bloom's order was not for you to violate that
8  order and go to the TBV; Judge Bloom's order was for you to
9  gather information. You are arguing to this Court that in
10 order to gather information you needed to violate that order;
11 that's not a proper argument. To the extent you believe you
12 needed information from that location, and you know you have
13 been banned, then reach out to the attorney and discuss it
14 with him and tell him what you need. This is part of what I
15 say litigation requires you to be courteous. You, yourself,
16 have alleged that they have banned you from going there. So
17 why would Judge Bloom issue an order basically telling you to
18 violate that? She did no such thing.

19 MR. CAPOGROSSO: Judge; I have been banned from
20 practicing law at the TVB, not from complying with a lawful
21 federal Court's order from Judge Bloom to comply with
22 conditions of disclosures.

23 THE COURT: Your compliance with Judge Bloom's order
24 did not require you to somehow violate the TVB's order,
25 Counsel.

Pages Omitted

1 THE COURT: Counsel, I am not dealing with
2 possibilities.
3 MR. CAPOGROSSO: I just might go --
4 THE COURT: I am not. I am not engaging in
5 speculation here with you.
6 MR. CAPOGROSSO: Am I banned from --
7 THE COURT: You are an attorney, figure it out. I
8 can't advise you on what you can and cannot do. You know what
9 the order is, you know what your legal options are, utilize
10 them. But I am not going to sit here and speculate as to the
11 possibility of, because you drive a car, how -- I have been
12 driving a car all my life, I have never had to go to the TVB.
13 MR. CAPOGROSSO: I am not asking you to speculate,
14 Your Honor, I'm asking to understand your order because I'm
15 not allowed to be present there.
16 THE COURT: I didn't give you an order, Counsel. I
17 have issued no orders with regard to your presence anywhere,
18 none.
19 If you are confused about something, please make
20 sure you --
21 MR. CAPOGROSSO: I surely am, I am confused, Your
22 Honor.
23 THE COURT: Counsel, I have not issued any orders to
24 you with regard to your presence anywhere. I have said to you
25 that, based on the fact that there is no discovery, there is

1  no longer a need for you to believe that any of the orders in
2  this case require you to go down to the TVB and do anything.
3          MR. CAPOGROSSO:  Got you.
4          THE COURT:  Okay.  Are we clear?
5          MR. CAPOGROSSO:  I understand.  Thank you, Judge.
6          THE COURT:  That's okay.
7          Counsel?
8          MR. SIEGMUND:  Just one last issue, Your Honor.
9          Mr. Capogrosso, in his letter requesting sanctions
10 against me, also threatened to report me to the disciplinary
11 bureau of the bar association.
12         THE COURT:  Which letter are we talking about?
13         MR. SIEGMUND:  This is a letter dated July 31st, it
14 was filed yesterday under an ECF number.
15         THE COURT:  There hasn't been uploaded to the system
16 as yet?
17         MR. SIEGMUND:  I think it is ECF number 25.  I got
18 it yesterday morning.
19         THE COURT:  So that we are clear, Mr. Capogrosso,
20 contrary to your characterization, there was nothing about
21 Judge Bloom's order that required you to go to TVB, and Mr.
22 Siegmund, on behalf of his client, telling you that there is a
23 ban in effect and you can't go there was not violating any
24 Court's order.  I am just clarifying that for the record.
25         MR. CAPOGROSSO:  Yeah.  Uh-hum.

Proceedings                                                36

1     THE COURT:  I understand your argument.

2     MR. CAPOGROSSO:  I think the grievance committee
3 should hear it -- I mean, there was a valid order in place
4 when I went down there.

5     THE COURT:  Counsel, the order -- okay, I'm going to
6 try to make myself clear, very clear.  The order required no
7 such act on your behalf.  The fact that you believe that you
8 were somehow required to do this and the attorney reminding
9 you of a ban that they have in place is not any misconduct
10 under any reading.  I can't tell you what to do with what you
11 believe your allegations are, but I'm making it very clear,
12 nothing about Judge Bloom's order, absolutely nothing,
13 required you to do what you think you needed to do.  You can
14 construe it that way if you'd like.  The attorney didn't act
15 inappropriately in any way.  And I am not, I am not going to
16 tolerate any false accusations, any just whatever you think.
17 I understand and I appreciate this is very personal for you,
18 this is your livelihood.

19     MR. CAPOGROSSO:  Yes, it is, Your Honor.

20     THE COURT:  I understand and appreciate that it is
21 very upsetting for you.  I understand and appreciate that you
22 are very disappointed, upset, by the manner in which you were
23 treated.  It is why you are here.  You have brought a lawsuit,
24 so let the lawsuit take place, but it doesn't help when you
25 accuse your adversary of doing things inappropriately.  He was

1 acting on behalf of his client.

2 You know, you have alleged in your Complaint, that
3 they have banned you from going there, so are why do you think
4 his actions of telling you, of reminding you of that ban, is
5 somehow inappropriate and unethical and unlawful?

6 MR. CAPOGROSSO: They've banned me from practicing
7 law, they did not ban me from doing discovery as part of a
8 litigation --

9 THE COURT: But that is not what Judge Bloom's order
10 was, that is my point. Okay? But, counsel, that is all moot.
11 It is moot. Are we clear? There is no discovery. Discovery
12 is stayed. You are not required to do any to discovery. Am I
13 clear?

14 MR. CAPOGROSSO: Yes, Your Honor. But, if I may?

15 THE COURT: Of course.

16 MR. CAPOGROSSO: When I went down on July 21st, I
17 also had the opportunity and the requirement, and prior to
18 your order, not to contact Defendant Tahir or Smart to comply
19 with the meeting report, which is to attempt to enter into
20 negotiations, settlement negotiations. Also I had the ability
21 to serve papers in compliance with Rule 5-A --

22 THE COURT: Were you there doing any of those things
23 on that day?

24 MR. CAPOGROSSO: I was there trying to do all three,
25 Your Honor. I was.

Proceedings 38

1        THE COURT: Okay.

2        MR. CAPOGROSSO: By Attorney Siegmund's letter to me
3 saying that I am not allowed to comply with a federal rule of
4 procedure --

5        THE COURT: That is not what his letter said.

6        MR. CAPOGROSSO: It indicates --

7        THE COURT: That is not what it said. That is not
8 what it was meant to do. And no, it is not in violation of
9 any court order. I can't be any clearer. I can't be any
10 clearer, Counsel, and the bottom line is this is all moot.
11 There is no discovery to be had, okay? Can we put that aside,
12 please, and move forward?

13        I am speaking to you, Mr. Capogrosso.

14        MR. CAPOGROSSO: Yes, Your Honor.

15        THE COURT: Is there anything else I need to
16 address?

17        MR. SIEGMUND: Not from me.

18        THE COURT: Mr. Smart, go ahead.

19        MR. SMART: Mr. Capogrosso here, I saw him four
20 times at the TVB, four times.

21        THE COURT: I am not getting involved with the
22 merits of the case.

23        MR. SMART: Okay. Anyway.

24        THE COURT: What is your question to the Court?

25        MR. SMART: Yeah, my question is that how Mario

Pages Omitted