Hon. Eric R. Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201



United States Magistrate Judge Bloom
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:  Capogrosso v. Gelbstein et al, No. 18-cv-2710 (E.D.N.Y.)
     Reply to State Defendants' Letter of Opposition dated March 25, 2020

Judge Komitee:

Judge Magistrate Bloom:

    I, Mario H. Capogrosso, the pro se plaintiff in the above-mentioned matter comes to you now in reply to Attorney James Thompson's Letter of Opposition dated March 25, 2020. I preface this reply by stating I have not come easily to this Court with this Motion. It is because Attorney Thompson fails to comply with J. Magistrates Bloom's Court Order that I be served all filings by US postal mail that I come before this Court.

    1. Attorney Thompson states:

    "Like all but the most essential staff at the Office of the Attorney General ("OAG"), I am currently working and following a "shelter in place" directive" (Opposition page, 1, par. 1)

    In reply, I am sheltered but currently unemployed, I receive no paychecks. As I have explained to this Court in my letter motion of March 20, 2020, I may have to do away with certain household expenses - one of them being the internet through which all electronic filings come.

    Law libraries are closed. I cannot access them. I am unable to avail myself of the internet at such libraries.

    Attorney Thompson refuses to accept my position but more outrageously refuses to accept the Order of this Court, by J. Magistrate Bloom, that I be served by US postal mail all his filings with the Court.

1

Attorney Thompson admits that there are essential staff at the OAG office, yet even with such office personnel in place who must have the ability to make mailings (he nowhere admits that such office personnel do not have such capability) he refuses to avail himself of such office personnel, but instead chooses to willfully disobey your Court Order without first petitioning this Court that the Order be changed. I stand by my statement that he stands above your Court in willful defiance of your directives to him.

I remind this Court that I have been in compliance with every order of this Court. I was ordered not to go the NY Department of Motor Vehicles ("DMV) Traffic Violations Bureaus ("TVB") to seek witness statements and a witness list and perform discovery with respect to initial 26 disclosures and I have obeyed it without question.

In contrast, the Attorney General's office and Attorney Thompson seems to think your Court orders have no validity. He obeys them as he chooses.

2. Attorney Thompson states:

The Plaintiff's Motion Practice Has Been Abusive and Unbecoming of An Attorney. (Opposition, page 4 par. 1)

In reply, if Attorney Thompson believes I am acting unprofessionally he can grieve me. But until that occurs I will my defend my name, character, reputation, and the litigation of my Complaint herein.

He states,

a) this conduct started almost as soon as the case was filed when the State Defendants requested time to file an answer (Opposition, page 3 par. 1)

In reply, I give these State Defendants no professional courtesies. I was given no such courtesies on May 11, 2015 when Defendants Gelbstein,, Traschen, Calvo, and then Defendant Vahdat had me banned from the practice of law in all New York State Traffic Violation Bureaus after ten years of faithful service, as shown by excellent client reviews. These defendants returned no phone calls, responded to no letters, gave me no opportunity to state my position, but simply removed me from the practice of all law in the NY TVBs with one ten second phone call from defendant Traschen.

I was given no courtesy by these defendants therefore I reciprocate in like fashion. Let Attorney Thompson understand my position, he does not need to like it, but it is my position. How is this position abusive and unbecoming. It is not. It is simply my position.

b) the Plaintiff accused Attorney Siegmund of "falsifying the record" (Opposition, page 4 par. 1)

2

I will state it again, Attorney Siegmund did falsify the record, and I have a right to state my position. And I will repeat, stating my position is not abusive or unbecoming. It is not. It is simply my position. Attorney Siegmund was repeatedly stating to this Court that I entered into a stipulation agreement with the Department of Motor Vehicles. In reply I will state it again to Attorney Thomson, let him understand my position, I signed nor entered into no stipulation agreement. I agreed to take an anger management course which I did. No stipulation was ever signed. A letter was thrown at me by the DMV TVB several days before I was to go back and practice law at the DMV TVB in June 2012. This is my position. And stating my position is not abusive nor unbecoming, it is called litigation.

    c) that I moved for Judge Bloom's recusal. (Opposition, page 4 par. 1)

In reply, yes, I did. How is this relevant. I have every right as a pro se Plaintiff to seek the recusal of any Judge who I believe was not being fair to me. The basis for my letter seeking recusal was provided to this Court and J. Brodie denied such recusal. I accepted this ruling and moved forward.

I will invoke my right again if I believe necessary in this matter. I am allowed to seek the recusal of a judge. Attorney Thompson need not like my position but let him accept it. And I will repeat stating my position is not abusive and unbecoming. It is simply my position.

    d) My abusive behavior continued in that The Plaintiff wrote a letter to Chief Judge Irizarry stating that I am not being treated fairly be your Court. (Opposition, page 4, par. 3)

In reply how is this letter relevant to this matter. I filed my Complaint with this Court in May 2018. I wrote my letter of Complaint in October of 2019, which is 17 months after filing my Complaint. No relevant action was being taken on my Complaint after 17 months of inaction. I had a right to seek relief. How is writing a letter to a Judge after 17 months abusive or unbecoming. It is not.

    e) On November 14, 2019 I wrote J Brodie accuses me of misrepresentation and being a lying lawyer. (Opposition, page 4, par. 3)

Again, how is this relevant, but again I will state my position, and in doing so I am not being abusive nor unbecoming. It is simply my position. Attorney Thompson called me asking for an extension of time to file his initial 26 a disclosures. I then called him back and questioned him concerning it. On my return phone call to him seeking clarification, he said that what he meant was that he also sought an extension of time to file his Answer. I told him absolutely not, that J. Magistrate Bloom was adamant that his Answer not be given an extension of time.

I spoke the truth again, Attorney Thompson failed to state that he sought an extension of time to file his Answer in his initial phone call to me. I had to call him back and clarify. So in Attorney Thomson's initial phone call to me he mispresented what he

3

was seeking, he lied. My position. Again, I will state, this is my position. And in no way is my position abusive or unbecoming.

f) My abusive behavior continued because I went to the DMV to conduct unspecified discovery. (Opposition page 4, par. 4)

I went to the DMV, in an attempt to comply with an initial 26 discovery Order and also to speak to witnesses.

I am a pro se plaintiff who happens to be a lawyer. As a plaintiff I am allowed to speak to witnesses who are unrepresented and not employees of any of the defendants in my Complaint. I was prohibited from practicing law at the DMV TVB, and that is all. It is my position (though I have been ordered by J. Magistrate that I am not allowed at the DMV TVB to do so and such an Order I have obeyed) that I have a duty to investigate the facts surrounding my Complain as a pro se Plaintiff.

In reply, how is me going to the DMV TVB abusive behavior or unbecoming. I went to the DMV TVB to seek witnesses – all of whom were independent – not employees of any of the defendants in this matter and comply with Rule 26(a) initial disclosures. J. Magistrate Bloom prevents me from doing so and I have obeyed – but I was not abusive.

I will continue to state the truth, state my position, and be transparent in my Complaint. Attorney Thompson does not need to like my position, but I will state my position, and stating my position is not abusive nor unbecoming.

And in fact, the truth of my Complaint, and the manner in which I have litigated my Complaint, has resulted in the removal of Defendants Gelbstein and Traschen from their positions at the Traffic Violations Bureau, and the appointment of a new Commissioner of Motor Vehicles – this is my opinion.

In contrast, the Attorney General's office chooses to defend my Complaint and my Motion of March 20, 2020, by taking my statements out of the context in which they were made and for which reasons they were made, attempting to make me the villain in this matter, which I am not, and not addressing the issues of my motion.

Wherefore I ask this Court for the following relief,

that Attorney Thompson be made to obey the Court Order of J. Magistrate Bloom to mail me all filings with the Court by U.S. postal mail;

that because I may stop internet services at my household, that he made to speak to me on the telephone with respect to my Complaint, which he currently refuses to do;

and

4

      Further, I do seek sanctions, to reimburse me the cost of making my Motion, dated March 20, 2020, and my Reply herein, dated March 26, 2020, and that being the time and labor needed to come to your Court, in light of the covid-19 virus, to file and serve my Motion and Reply.

Dated: March 26, 2020
New Rochelle, New York

Respectfully truthfully stated and requested,

_____
Mario H. Capogrosso

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

_____X

MARIO H. CAPOGROSSO

                            Plaintiff

-against-                                        18 CV 2710

ALAN GELBSTEIN, et. al                  **AFFIRMATION OF SERVICE**

                            Defendants.

_____X


       I, Mario H. Capogrosso, declare under penalty of perjury that I have served a copy of the attached Reply to State Defendants' Letter of Opposition dated March 25, 2020 upon:

James Thompson
(representing Defendants
Gelbstein, Traschen, Vahdat, Palmieri, Flanagan, Calvo,
and Prickett-Morgan)
Assistant Attorney General
28 Liberty Street
New York, NY 10005

Sadiq Tahir
2994 Coney Island Avenue
Brooklyn, NY 11235

Pec Group of NY
935 S. Lake Blvd. #7
Mahopac, NY 10541

David Smart
2875 West 8th Street
Brooklyn, NY 11224


via U.S. Postal Service First Class Mail, this 26h day of March, 2020.

1

March 26, 2020
New Rochelle, New York

*[signature: M-H.C.]*

Mario H. Capogrosso
21 Sheldrake Place
New Rochelle, NY 10804
(914) 806-3692

2