

Hon. Eric R. Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ APR 3 1 2020 ★
BROOKLYN OFFICE

United States Magistrate Judge Bloom
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Capogrosso v. Gelbstein et al, No. 18-cv-2710 (E.D.N.Y.)
Status Letter in response to Order (Dkt. 118), dated March 18, 2020

Judge Komitee:

Judge Magistrate Bloom:

In compliance with the aforementioned I state as follows:

1. I am unemployed and sheltering in place. As such I am currently available at any time, date, and place to be present at a telephone conference.

2. With respect to the actions of state defendants' Attorney James Thompson I set down my position and reaffirm my request for relief as stated in my letter motion dated March 20, 2020 and Reply dated March 26, 2020, and March 27, 220.

I am unemployed and currently sheltering in place due to Covid 19. I am currently receiving no paychecks and no unemployment relief, though I have applied for it. Because the internet costs money, I have demanded that Attorney Thompson contact me only by calling my phone number, or by text message – if he chooses not to speak to me - or by way of U.S. postal mail, yet he continually seeks to contact me by email.

My Complaint is very clear as to my contact information to all defendants. In my Complaint, my signature page annexed herein as Exhibit A, I have provided my contact information as my telephone number or my mailing address. This being said, Attorney Thompson continually seeks email correspondence.

I am a pro se Plaintiff who happens to be a lawyer. Judge Magistrate Bloom has already ordered that I am not required to receive any filing by electronic service. This is an Order of the Court made by J. Magistrate Bloom before the State's Attorney. Email correspondence comes by way of such electronic service. States Attorney James Thompson refuses to obey this Order of the Court. As I have stated Attorney Thompson

is continually trying to contact me by email as opposed to contacting me through the contact information as set forth in my Complaint – my telephone number and mailing address.

I operate by a flip telephone. By such device I can talk and text only. I cannot receive emails. I have made this known to Attorney Thompson but he still continues to attempt to contact me by email.

This request is not frivolous. I refuse to engage in email correspondence with Attorney Thompson. He has already submitted emails before your Court in an attempt establish a record and prejudice my case before this Court as well as any potential jury if I ever get to trial as so I desire. I will not allow this.

In my review of all the pleadings and correspondence before this Court, Attorney Thompson was never given my email address. If he has appropriated such email address inappropriately, he now attempts to use it to his advantage. Now if Attorney Thompson has used the power of his office to obtain my email address, this is unacceptable. I have repeatedly made known to Attorney Thompson, by voice mail and leaving messages on his voice mail that he has absolutely no permission to use my email to contact me, and that any implied permission he might believe he has I have revoked, and that he must use the contact information as presented in my Complaint, my telephone number and or mailing address. With all this being said, as late as April 29, 2020 he has indicated in a text message to me that he is attempting to contact me by email and sending your Order to me by email in willful violation of J. Magistrate Bloom's Order that I not be served electronically.

If Attorney Thompson, wanted relief from J. Magistrate Bloom's Order he should have motioned the Court to do so – and he has not. He simply chooses to disobey.

Attorney Thompson's defiance of this Court's Order and its rules is further shown in his Notice of Deposition annexed herein as Exhibit B. The Federal Rules of Civil Procedure are very clear that the deponent must be told whether his deposition will be videotaped.

> 3) *Method of Recording.*
>
> (A) *Method Stated in the Notice.* The party who notices the deposition **must state in the notice the method for recording the testimony.** Unless the court orders otherwise, testimony may be recorded by audio, audiovisual, or stenographic means. The noticing party bears the recording costs. Any party may arrange to transcribe a deposition.FRCP 30(a)(3)

Though I have repeatedly demanded that Attorney Thompson provide a proper notice to me he failed to do so. Attorney Thompson states in his Notice of Deposition annexed herein as Exhibit B:

"Pursuant to Rule 30(b)(3) of the Federal Rules of Civil Procedure the deposition (s) may be recorded by videotaped as well as stenographically and may be used for the purposes of discovery or for use as evidence, or both purposes.

Attorney Thompson uses the words **that I may be recorded by videotape.** I want to know whether I will be video recorded and the Rules state that the notice of deposition must state the method of recording. Prior to this Court suspending all discovery, I had

asked Attorney Thompson for a proper notice stating definitively whether I will or will not be video recorded and he refused to provide a proper notice of deposition – and as such, is in defiance of the Federal Rules. (Though he did eventually send me some sort of clarification, but not a proper notice of deposition, even after my numerous demands).

Last, Attorney Thompson has argued that he refuses to use the U.S. postal mail to serve me any of his filings with the Court by U.S. postal mail because he is sheltering in place. My question to the Attorney General, does he also refuse to serve defendant Smart, whom he also has an obligation to serve, and wherein such defendant Smart provides no email address and only a mailing address. Attorney Thompson's position is without merit and sanctionable.

In contrast, I have been obeyed every Order of this Court.

I was ordered by then presiding Judge Brodie not to contact defendant Smart by telephone and I have not. Though I do wonder how am I going to settle my Complaint with defendant Smart, who is a pro se defendant, without being able to speak to him.

I was directed not to mail any correspondence to defendant Smart's home address – the address at which my Complaint was served – but rather serve all correspondence with defendant Smart at 2875 West 8th Street Brooklyn NY, the Brooklyn Traffic Violation Bureau ("TVB") address and I have done so. Though I do question whether defendant Smart is receiving my correspondence because I believe he is no longer at the Brooklyn TVB location.

I was ordered by J. Magistrate Bloom not to go to the Brooklyn TVB to gather witness information with respect to Rule 26(a) initial disclosures and to speak to potential witness and I have obeyed this Order. Though I do hold that such an Order has damaged my case. As a pro se plaintiff, which I am, I have a right to speak to witnesses who are unrepresented and not employees of any of the defendants in my Complaint. At the time of filing my Complaint none of the witnesses I chose to speak were employees of any of the defendants – some of these potential witnesses may have been employees of the Department of Motor Vehicles, ("DMV") - but they were not employees of any of the defendants Gelbstein, Traschen Vahdat, Prickett-Morgan, and Calvo.

Failure to say, I have been obedient to every Order of this Court.

In light of the aforementioned, I ask this Court to reconsider my Letter Motion dated March 20, 2020, and Reply dated March 26, 2020 and March 27, 2020, impose monetary sanctions as requested, and order Attorney Thompson to stop his email correspondence with me and that Attorney Thompson be ordered to contact me by the contact information as provided in my Complaint, my telephone number – which he may call or text, and I will respond to Attorney Thompson by speaking to him or leaving him a voice mail (I do not text) and to serve me any relevant Court filings by my mailing address via US postal mail.

Dated: April 30, 2020
New Rochelle, New York

Respectfully truthfully stated and requested,

Mario H. Capogrosso

# EXHIBIT A

**JURY TRIAL IS DEMANDED**

Plaintiff demands a trial by jury on all claims so triable.

Dated: May 7, 2018

Yours truthfully submitted,

Mario H. Capogrosso

21 Sheldrake Place
New Rochelle, New York. 10804
Tel.: 914-806-3692

# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

MARIO H. CAPOGROSSO,

Plaintiff,

-against-

Case No. 18 Civ. 2710 (EK)(LB)

ALAN GELBSTEIN, in his individual capacity, IDA TRASCHEN, in her individual capacity, DANIELLE CALVO, in her individual capacity, SADIQ TAHIR, in his individual capacity, PEC GROUP OF NY, INC., DAVID SMART, and DMV COMMISSIONER MARK SCHROEDER, in his official capacity,

Defendants.
----------------------------------------------------------------X

**NOTICE OF DEPOSITION OF PLAINTIFF MARIO CAPOGROSSO**

Pursuant to Rule 30(a)(1) of the Federal Rules of Civil Procedure, as supplemented by the Local Civil Rules of the United States District Court for the Southern and Eastern Districts of New York, and the Court's February 26, 2020 Order, Dkt. No. 114, Defendants Alan Gelbstein, Danielle Calvo, Ida Traschen, and Mark Schroeder (collectively, the "State Defendants"), by their attorney Letitia James, Attorney General of the State of New York, will take the deposition of Plaintiff Mario Capogrosso, before a notary public or other person duly qualified to administer an oath, at the Theodore Roosevelt United States Courthouse, 225 Cadman Plaza East, Room 402 South, Brooklyn, New York 11201, on Tuesday, April 28, 2020, at 9:30 a.m., and will continue thereafter until completed.

Pursuant to Rule 30(b)(3) of the Federal Rules of Civil Procedure, the deposition(s) may be recorded by videotape as well as stenographically and may be used for the purposes of discovery or for use as evidence, or for both purposes.

Dated: New York, New York
March 4, 2020

LETITIA JAMES
Attorney General of the State of New York
Attorney for the State Defendants
By:

James M. Thompson
Assistant Attorney General
28 Liberty Street
New York, New York 10005
(212) 416-6556
james.thompson@ag.ny.gov

To: Mario Capogrosso (via First-Class Mail)
21 Sheldrake Place
New Rochelle, NY 10804

Cc: David Smart (via First-Class Mail)
2875 West 8th Street
Brooklyn, NY 11224

Sadiq Tahir (via First-Class Mail)
2994 Coney Island Avenue
Brooklyn, NY 11235

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

---

MARIO H. CAPOGROSSO, ESQ.

Plaintiff

-against-

ALAN GELBSTEIN, et. al

Defendants

**CV-18-2710**

**AFFIRMATION OF SERVICE**

---

I, Mario H. Capogrosso, declare under penalty of perjury that I have served a copy of the attached Status Letter to Order (Dkt. 118) dated March 18, 2020

upon:

James Thompson (representing Defendants
Gelbstein, Vahdat, Traschen, Prickett Morgan,
Flanagan, Palmieri, Calvo)
Assistant Attorney General
28 Liberty Street
New York, NY 10005

Sadiq Tahir
2994 Coney Island Avenue
Brooklyn, NY 11235

Pec Group of NY
935 S. Lake Blvd. #7
Mahopac, NY 10541

David Smart
2875 West 8th Street
Brooklyn, NY 11229

via U.S. Postal Service First Class Mail, this 1st day of May, 2020.

New Rochelle, NY
May 1, 2020

                                                Mario H. Capogrosso
                                                21 Sheldrake Place
                                                New Rochelle, NY 10804
                                                (914) 806-3692