

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

| | | |
|---|---|---|
| LETITIA JAMES<br>ATTORNEY GENERAL | Writer's Direct Dial: (212) 416-6556 | DIVISION OF STATE COUNSEL<br>LITIGATION BUREAU |

October 23, 2020

**Via ECF**

The Honorable Lois Bloom
United States District Court for the Eastern District of New York
Theodore Roosevelt United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    <u>Capogrosso v. Gelbstein, et al.</u>, No. 18 Civ. 2710 (MKB) (LB)

Dear Judge Bloom,

      This Office represents Defendants Alan Gelbstein, Ida Traschen, and Danielle Calvo, as well as Mark Schroeder, in his official capacity as Commissioner of the New York State Department of Motor Vehicles (collectively, the "State Defendants") in the above-referenced matter. I write ahead of the State Defendants' anticipated first production of documents to request that the Court so-order two proposed orders, one protecting confidential information, and one protecting against inadvertent waiver of privileged information pursuant to Federal Rule of Evidence 402(d).

      The two orders, which are attached to this filing as exhibits, are necessary due to the nature of the *pro se* attorney Plaintiff's document requests. Confidentiality is important because the Plaintiff has specifically requested documents from each of the individual defendants' DMV personnel files.[1] Meanwhile, the Rule 502(d) order is necessary because one of the State Defendants, Ida Traschen, was a senior member of DMV's counsel's office, and many of her documents are protected by the attorney-client privilege or work product doctrine. The 502(d) order will protect against an inequitable waiver in the event that such a document is inadvertently produced. <u>Cf.</u> <u>Fleischer v. Phoenix Life Ins. Co.</u>, No. 11 Civ. 8405, 2012 WL 6732905, at *4 (S.D.N.Y. Dec. 27, 2012) (entering 502(d) order to help "protect against waiver" and discussing confidentiality order that would protect sensitive information).

---

[1] At this point, the State Defendants anticipate designating as confidential only documents from the DMV Personal History Folders of Judge Gelbstein, Ms. Traschen, and Ms. Calvo.

      I have reached out to the *pro se* attorney Plaintiff, who replied that the State Defendants could file what they wanted, but that he would oppose any motion to exclude evidence.  (The proposed orders, which he was provided a copy of, do no such thing.)  I reached out to Defendant David Smart via his limited-scope legal advisor at the New York City Bar, and Mr. Smart responded that he consents to the orders.  The State Defendants thank the Court for its time and attention to this matter.

                                                     Respectfully submitted,

                                                     */s/ James M. Thompson*
                                                   James M. Thompson
                                                   Assistant Attorney General
                                                   james.thompson@ag.ny.gov

Cc:     All counsel of record (via ECF)

         Mario Capogrosso (via First-Class Mail)
         21 Sheldrake Place
         New Rochelle, NY 10804

         David Smart (via First-Class Mail)
         2875 West 8th Street
         Brooklyn, NY 11224

         Sadiq Tahir (via First-Class Mail)
         2994 Coney Island Avenue
         Brooklyn, NY 11235