UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MARIO H. CAPOGROSSO,

                Plaintiff,                Case No. 18 Civ. 2710 (EK) (LB)

    -against-                        **[PROPOSED] ORDER REGARDING CONFIDENTIALITY**

ALAN GELBSTEIN, *et al.*,

                Defendants.
------------------------------------------------------------------X

      WHEREAS, the Parties in this matter are engaged in discovery and anticipate exchanging documents, testimony, and information that may be confidential; and

      WHEREAS, good cause therefore exists for the entry of a protective order of confidentiality pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

      IT IS HEREBY ORDERED as follows:

      1.     "Confidential Information" shall mean all documents, testimony, and information designated in good faith by counsel for any Party as "Confidential."

      2.     All documents, testimony, and information produced or made available during discovery in this action, whether or not containing or constituting Confidential Information, shall be used or disclosed by the receiving party solely for the prosecution or defense of the claims in this action or the prosecution or defense of any appeals in this action and shall not be used for any other purpose.

      3.     All documents, testimony, and information that the producing party believes in good faith contains or constitutes Confidential Information may be marked or designated "Confidential" by a notation on the document or a statement on the record in a deposition. A

Party may also designate as Confidential Information subject to this Confidentiality Order any document, information, testimony, or other material produced or given by any non-party in this action, or any portion thereof.  A Confidential designation by one Party shall not be deemed an acknowledgment of confidentiality by any other Party, except for purposes of this Confidentiality Order.  Each Party reserves the right to make an application to the Court on notice challenging a designation of confidentiality of any document or information in whole or part.

   4. Unless ordered by the Court, or agreed to by the Parties in writing, Confidential Information shall not be disclosed to anyone by the receiving party, except to the following persons ("Designated Persons"), and as provided in this Confidentiality Order:

    a. The Parties;

    b. Retained counsel, in-house counsel, or *pro bono* counsel in this action, including their associated attorneys, paralegals, and other professional personnel who are assisting such counsel in the preparation of this action for trial or other proceeding herein;

    d. Expert witnesses or consultants specially retained by the Parties or their counsel to assist in the preparation of this action for trial or other proceeding herein;

    e. Any mediator or arbitrator that the Parties engage in this action or that the Court appoints in this action;

    f. Non-party deponents or witnesses to be called at hearing and/or trial in this action;

    g. Court reporters at deposition and trial or in connection with any hearing in this action;

    h. The Judge, Magistrate Judge, and jurors in this action and all Court

personnel, as well as appropriate appellate courts and their personnel; and

        i.      Any other person that the producing party agrees to in writing may receive such information.

        5.      Prior to the first disclosure of Confidential Information to any of the Designated Persons identified in paragraphs 4(a), 4(b), 4(d), 4(f), and 4(i), counsel must inform the person that the document, testimony, or information is confidential in nature and, accordingly, that the disclosure of such document, testimony, or information is prohibited.

        6.      Each of the Designated Persons identified in paragraphs 4(d), 4(f), and 4(i) to whom access to Confidential Information is permitted and/or disclosure of Confidential Information is made, prior to such access or disclosure, shall first be provided with a copy of this Confidentiality Order and execute an acknowledgment in the form of Exhibit A as annexed hereto.  The executed acknowledgment shall be maintained by counsel for the disclosing party, and a signed duplicate copy of the acknowledgment shall be furnished to counsel for the non-disclosing parties within 14 days of its execution.  If any such person fails or refuses to agree in writing to comply with the terms of this Confidentiality Order, disclosure of Confidential Information shall not be permitted to that person at that time.  Any Party may then seek relief from the Court as to, among other things, whether such person is one to whom such Confidential Information should be disclosed.

        7.      Nothing herein shall preclude the Parties from using any Confidential Information in depositions or in Court in this action, including any appeals, or from including or attaching any such Confidential Information to any pleading, motion, or filings in the action. If a Party intends to use Confidential Information in any document filed with the Court, such document shall either be: (a) filed under seal or (b) redacted to remove references to the Confidential

3

Information.  The Confidential Information shall not be filed until the Court renders a decision on the motion to seal.  Denial of leave to file documents under seal does not remove the designation of Confidential Information.

8. Inadvertent failure to designate Confidential Information shall not be construed as a waiver, in whole or in part, and may be corrected by the producing Party by written notification to the receiving parties promptly upon discovery of the failure to designate.

9. In the event a receiving party disputes the producing party's designation of Confidential Information, the receiving party shall notify the producing party of the dispute in writing within 21 days after receiving the material at issue, and identify with specificity the document, testimony, information or portion thereof believed to have been incorrectly designated.  The Parties shall meet and confer to determine whether the restrictions imposed by this Confidentiality Order are warranted with respect to such designation.  If resolution of the dispute cannot be reached, and within 14 days of the meet and confer, either the producing party or a receiving party may apply to the Court for an appropriate determination.  Documents, information, or testimony designated as Confidential Information shall remain as such during the pendency of such dispute or application, and until the Court may rule otherwise.

10. Nothing in this Confidentiality Order constitutes an admission by any Party that the Confidential Information disclosed in this action is relevant or admissible.  Each Party reserves the right to object to the use or admissibility of Confidential Information.

11. This Confidentiality Order shall continue to be binding after the conclusion of this action.  Within 30 days after the termination of this action, including any appeals, the Parties or counsel for the Parties shall either: (a) return all Confidential Information (including any and all copies, notes, and other materials containing or referring to information derived therefrom) to the

producing party; or (b) produce an affidavit verifying that all Confidential Information disclosed in this action has been destroyed and that they no longer possess the Confidential Information, in any form.

      12.      No material may be designated as Confidential Information if it is (a) already a public document or public information; or (b) is required by law to be a public document or public information.

      13.      Nothing in this Confidentiality Order, including but not limited to, any designation of materials as Confidential Information, shall limit counsels' contact with persons identified in such materials.

      14.      Nothing in this Confidentiality Order will affect the rights of any Party with respect to its own documents or information produced in this action.

      16.      Any Party may seek to modify this Stipulation upon motion made to the Court.

      17.      Nothing herein shall negate or obviate any requirement or obligation of confidentiality independent of this Confidentiality Order.

SO ORDERED:

_____
    The Honorable Lois Bloom
    United States Magistrate Judge

EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

MARIO H. CAPOGROSSO,

                Plaintiff,

   -against-                             Case No. 18 Civ. 2710 (EK) (LB)

ALAN GELBSTEIN, *et al.*,

                Defendants.
-------------------------------------------------------------------X

**AGREEMENT TO RESPECT CONFIDENTIAL INFORMATION**

     I hereby certify that I have received a copy of the Confidentiality Order in the above-captioned action (the "Order"), and that I have carefully read and understand the contents of the Order. I hereby agree to comply with all of the terms, conditions, restrictions and procedures regarding the use and disclosure of Confidential Information as set forth in the Order. I understand that the disclosure to me of Confidential Information is conditioned upon my agreement to comply with the provisions of the Order, and that my failure to so comply may constitute a contempt of the Court. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Order.

                              Signature: _____

                              Print Name: _____

                              Date: _____