

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

| | | |
|---|---|---|
| LETITIA JAMES<br>ATTORNEY GENERAL | Writer's Direct Dial: (212) 416-6556 | DIVISION OF STATE COUNSEL<br>LITIGATION BUREAU |

December 15, 2020

**Via ECF**

The Honorable Lois Bloom
United States District Court for the Eastern District of New York
Theodore Roosevelt United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    <u>Capogrosso v. Gelbstein, et al.</u>, No. 18 Civ. 2710 (MKB) (LB)

Dear Judge Bloom,

      This Office represents Defendants Alan Gelbstein, Ida Traschen, and Danielle Calvo, in their individual capacities, and Mark Schroeder, in his official capacity as Commissioner of the New York State Department of Motor Vehicles ("DMV") (collectively with Defendants Gelbstein, Traschen, and Calvo, the "State Defendants"), in the above-referenced matter. I write pursuant to Federal Rule of Civil Procedure 26(c) and Local Civil Rule 37.3(c)[1] to request a protective order against the *pro se* attorney Plaintiff's attempt to depose Commissioner Schroeder, a high-ranking state official who is only a party to this lawsuit in his official capacity by substitution under Fed. R. Civ. P. 25(d), and who has no relevant personal knowledge.

**There Are No "Exceptional Circumstances" That Would Require Commissioner Schroeder's Deposition**

      The Plaintiff has informed our Office[2] that he has noticed Commissioner Schroeder's deposition, but he has not given any explanation of why the Commissioner's deposition is

---

[1] Pursuant to Local Civil Rule 37.3(a), I have "attempt[ed] to confer in good faith in person or by telephone" with the *pro se* attorney Plaintiff prior to moving, calling and leaving messages on December 14 and December 15, and sending a text message, his preferred form of communication, asking for a time to meet-and-confer regarding this motion.

[2] At the time of writing, we have not received any formal deposition notice concerning Mr. Schroeder, but the *pro se* attorney Plaintiff has left several voicemails where he represented that he had sent a hard-copy deposition notice to our Office on either Thursday or Friday of last week, and that the deposition was noticed for 2pm this Thursday, December 17. He also requested the Commissioner's deposition via text message. We write prior to receiving the

necessary.  "[T]o depose a high-ranking government official, a party must demonstrate exceptional circumstances justifying the deposition."[3]  Lederman v. N.Y. City Dep't of Parks & Rec., 731 F.3d 199, 203 (2d Cir. 2013).  "The Second Circuit has found that exceptional circumstances exist if 'the official has unique first-hand knowledge related to the litigated claims or that the necessary information cannot be obtained through other, less burdensome or intrusive means.'"  Boggs v. Town of Riverhead, No. 17 Civ. 5411, 2020 WL 1929076, at *3 (E.D.N.Y. Apr. 20, 2020) (quoting Lederman, 731 F.3d at 203) (affirming Magistrate Judge's order quashing deposition).  Accordingly, "the Plaintiff[] may only take [Commissioner Schroeder]'s deposition if '(1) the deposition is necessary in order to obtain relevant information that cannot be obtained from any other source; and (2) the deposition would not significantly interfere with the ability of the official to perform his or her governmental duties.'"  Boggs, 2020 WL 1929076 (quoting Boudouris v. Cty. of Nassau, No. 14 Civ. 6719, 2016 WL 4288645, at *1 (E.D.N.Y. Aug. 15, 2016)).

The Plaintiff cannot satisfy these standards.  He has not "identif[ied] with particularity" why he believes Commissioner Schroeder's deposition to be necessary,[4] and the Commissioner does not have "unique first-hand knowledge" about the claims that "could not be obtained elsewhere."  Lederman, 731 F.3d at 203 (affirming order barring deposition of City officials on these grounds).  Nor could he: Commissioner Schroeder was only appointed in January of 2019, nearly four years after the May 2015 events that gave rise to this case.  Meanwhile, Commissioner Schroeder oversees a department of approximately 3,100 employees, with responsibility for licensing approximately 11 million motorists and conducting approximately 28 million transactions every year.  Compelling him to immediately prepare for and testify at a deposition on three days' notice would negatively impact that work and would not be "proportional to the needs of the case," Fed. R. Civ. P. 26(b)(1), which has nothing to do with any action taken by the Commissioner.  Moreover, the Plaintiff has already had the opportunity to use "other, less burdensome or intrusive means," Lederman, 731 F.3d at 203, having issued

---

formal notice out of an abundance of caution, and due to the short time frame provided.

[3] Federal Courts in this Circuit have consistently held that state officials like Commissioner Schroeder are "high ranking officers" for whom a plaintiff must meet the Lederman standard in order to justify a deposition.  See, e.g., NRA v. Cuomo, No. 18 Civ. 566, 2019 WL 2918045, at *2-3 (N.D.N.Y. Mar. 20, 2019) (holding that New York's Superintendent of Financial Services was a high-ranking official); Patient A. v. Vt. Agency of Human Servs., No. 14 Civ. 206, 2016 WL 1031292, at *1-2 (D.Vt. Mar. 9, 2016) (quashing depositions of current and former Commissioners of Vermont state agencies, one of whom invoked Lederman because he was "a senior member of the executive branch").  Moreover, Commissioner Schroeder's responsibilities are far more extensive than those of other high-ranking officials whose depositions have been quashed under the Lederman doctrine.  See, e.g., Boggs v. Town of Riverhead, No. 17 Civ. 5411, 2020 WL 1929076 at *3 (E.D.N.Y. Apr. 20, 2020) (town police chief); Gil v. County of Suffolk, No. 06 Civ. 1683, 2007 WL 2071701, at *2 (E.D.N.Y. July 13, 2007) (county district attorney); Murray v. County of Suffolk, 212 F.R.D. 108, 109-10 (E.D.N.Y. 2002) (county police commissioner).

[4] Commissioner Schroeder's status as a named defendant in this case does not alter the analysis.  The Commissioner is only named in his official capacity, and "[t]he Supreme Court has stated that 'official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent.'  In an official capacity suit, 'the real party in interest . . . is the governmental entity and not the named official.'"  Tanvir v. Tanzin, 894 F.3d 449, 458-59 (2d Cir. 2018) (quoting Hafer v. Melo, 502 U.S. 21, 25 (1991)).  Moreover, Commissioner Schroeder was only added to the case as a Rule 25(d) substitute for official-capacity claims against Defendants Gelbstein, Traschen, and Calvo, each of whom has left his or her position at DMV since this lawsuit was filed and accordingly no longer has any "official capacity" in which to be sued.  See Dkt. Nos. 96 & 104.

the full 25 interrogatories to Commissioner Schroeder permitted by Fed. R. Civ. P. 33(a)(1), each of which Commissioner Schroeder has already answered on behalf of the agency.

In the absence of any "exceptional circumstances," because Commissioner Schroeder has no "unique first-hand knowledge," because any relevant information could have been obtained through the interrogatories that have already been asked and answered, and because the requested deposition would significantly disrupt the Commissioner's work, the State Defendants ask the Court to grant an order quashing the *pro se* attorney Plaintiff's deposition notice on Commissioner Schroder.  <u>Lederman</u>, 731 F.3d at 203.  We thank the Court for its time and consideration.

        Respectfully submitted,

        *[signature]*

        James M. Thompson
        Assistant Attorney General
        james.thompson@ag.ny.gov

Cc:    All counsel of record (via ECF)

        Mario Capogrosso (via First-Class Mail)
        21 Sheldrake Place
        New Rochelle, NY 10804

        David Smart (via First-Class Mail)
        2355 Batchelder St.
        Apartment 3E
        Brooklyn, NY 11229

        Sadiq Tahir (via First-Class Mail)
        2994 Coney Island Avenue
        Brooklyn, NY 11235