Hon. Eric R. Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

United States Magistrate Judge Bloom
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

December 10, 2020



Re:  Capogrosso v. Gelbstein et al, No. 18-cv-2710, Letter Re: Discovery dispute

Judge Komitee:

Judge Magistrate Bloom:
    Pursuant to Local Rule 37.3 for the United States District Courts for the Southern and Eastern Districts of New York I come to this Court by way of this letter motion to resolve the underlined discovery disputes which have arisen between myself and the defendants in this matter. I have made a good faith effort with the defendants to resolve the discovery disputes outlined herein and no resolution has been reached.
    Myself and State's Attorney Thompson have agreed telephonically that I shall depose the State defendants on December 17. 2020 and my deposition shall be held on December 18, 2020.  Attorney Thompson has agreed to produce defendants Gelbstein, Traschen and Calvo but on December 7, 2020 by telephonic text has stated that he will not produce defendant Schroeder. I seek to depose defendant Schroeder, his deposition is relevant and material to the resolution of my Complaint. Specifically,
    My complaints against the defendants are noted in my Complaint and in motions made to his Court. I have stated that I practiced predominantly at the Brooklyn Traffic Violation (TVB) for more than ten years. I have stated the following: On my first meeting with defendant Gelbstein he asks – "how do I get a piece of the action"; I observe defendant Gelbstein entertaining Jewish ticket brokers on a weekly basis in his chambers, when I question him concerning it he states – "they are friends of my wife I have dinner with them but I do not know what they do for a living;" I complain to the District Attorney concerning a woman calling herself a lawyer in his court – defendant Gelbstein replies – " Who are you Don Quixote;" I observe defendant Gelbstein pleading motorists guilty and rescheduling other cases on a sidebnr before another administrative judge in the GE (General Requirements courtroom); when I question another attorney over a conflict over a ticket we both presented to the court for a hearing I am told by the other attorney that – "I am covering the case for Gelbstein;" I have affidavits and complaints written against me by attorneys and clerical staff at the Brooklyn TVB and I am given no opportunity to defend myself by way of written response or formal hearing; I complain to defendant Gelbstein of the actions of defendant Smart; I complain specifically that defendant Smart has pushed

1

me from behind in June of 2012; that defendant Smart stood up pointed directly at me with a rigid spear hand and gave me the sign of the cross in December 2014; that defendant Smart stole 80 dollars on a 150 dollar fee between December 2011 and June 2012 that defendant Gelbstein investigates the theft and when I question him on such investigation defendant Gelbstein responds that Smart stated that he admits to taking the money and that Smart states "he gave the money to me;" that defendant Smart subsequently repeatedly gets in my face and when I ask what the problem is -defendant Smart states "F--- you, you are the problem;"defendant Smart tampers with my attorney files. Defendant Gelbstein accepts all such complaints and other written complaints submitted to his office, takes no action to resolve such complaints, but only laughs and giggles and tells me "a spade is a spade."

    Defendant Gelbstein, Traschen and Calvo did not want me working at the Brooklyn TVB because none of these defendants took any action to resolve any of my complaints nor observations. They wanted me out. I have a duty to question defendant Schroeder concerning his position on my complaints and observations, because such complaints and observations form a basis for the defendants wanting me removed from the practice of law at the TVB. Defendant Schroeder deposition is relevant and material as to whether his office has made an investigation of my complaints and observations (and defendant Schroeder would be privy to all such complaint s and observation because he would be privy to my Complaint and the motions filed in respect to my Complaint) or whether he has chosen to sweep such complaints and observations under the rug.

    I do not state this lightly. I will remind this Court that the Brooklyn TVB goes without any external judicial scrutiny as evidence by my letters of complaint and grievance as described in my Complaint. I also I ask this Court to reference **Exhibit A** – an article written concerning the Traffic Violation Bureau, in which complaints and allegations of wrongdoing go unanswered. Defendant Schroeder must be deposed. Let the Department of Motor respond.

    I also remind this Court that my letter of Compliant sent to the Attorney General's Office dated March 20, 2015. After sending this letter to Attorney General Pricket Morgan, I was told that it was lost in their mailroom and only after repeated phone calls, was I told that it was found. My point is this, the Department of Motor Vehicle and their attorney, the Attorney General of the State of New York, has a way of losing complaints, or brushing them under the rug. Defendant Schroeder must be deposed. Let the Department of Motor respond.

    Further I need to depose defendant Schroeder concerning a probable defense that will be proffered by the State's Attorney in this matter. In one of the interrogatories submitted to me, Attorney Thompson writes "Identify the basis of your contention that defendant David Smart was an employee, agent or otherwise under the control of TVB, DMV, or any other body or agency of New York State, or acted under of state law, including all documents or testimony that you believe support this contention:"

    Obviously based on this question the State is attempting to argue that defendants Gelbstein Traschen Calvo, the DMV, or TVB have no authority to control the actions of defendant Smart. The best person to answer this question and resolve this matter would be defendant Schroeder. Defendant Schroeder must be deposed.

    Though I ask this Court to consider , and I rhetorically ask, to reference **Exhibit B** – the police report filed on the day of my removal May 11, 2015 - in which defendant Gelbstein has the ability to order defendant Calvo and the police department to have me

removed from the Brooklyn TVB and yet State's Attorney appear to be proffering a defense that will argue that defendants Gelbstein Traschen Calvo, the DMV, or TVB has no authority to control the actions of defendant Smart. Not plausible.

In addition, this Court has stated in our last conference, that the Court does not put much weight on interrogatories – the Court states they are written by attorneys. This being said and noting that I have already received responses from defendant Schroeder to my interrogatories by way of Attorney Thompson, I most urgently seek that defendant Schroeder be deposed.

Second. defendant Smart has refused to respond to my Interrogatories, dated August 25, 2020 and a demand that he produce an email dated September 2, 2020 so I may take his deposition remotely and electronically. I remind this Court that I have been ordered by J. Brodie not to speak by telephone to defendant Smart. I can only respond to him by letter correspondence. I also have been ordered by this Court to hold all depositions electronically and remotely.

As such, I ask the Court to look at **Exhibit C** which show letters from defendant Smart to myself, which were served upon me after my service of interrogatories upon him on August 25, 2020 and a request for an email address on September 2, 2020, that I not write him any longer and directs me to communicate with "PEC" or the "City Bar Justice Center." for my answers. Neither has put in an appearance for defendant Smart and therefore are unable to respond to any deposition notice or provide a response to my interrogatories. I also remind this Court that defendant Smart has not appeared at our last two pre-trial conferences. Defendant Smart is willfully avoiding prosecution.

Third, I choose to depose two non-party witnesses. They are Cindy (last name unknown), and Marisol Cervini, both of whom were clerks at the Brooklyn TVB in May 2015. I remind this Court, I have been ordered by this Court not to appear at the Brooklyn TVB; I have been ordered to hold all depositions remotely (therefore I cannot subpoena these nonparty witnesses an appear at the courthouse, my office or a court reporters office), I cannot gather any information from these nonparty witnesses by interrogatories as they are nonparties. For these reasons, I have effectively been precluded from interviewing these nonparty witnesses. I also state that, in an attempt to resolve this conflict, that, these nonparty witnesses are or were employees of the department of Motor Vehicles, a defendant in this matter and Attorney Thompson has already agreed to receive a subpoena on behalf of Marisol Cervini, although and I cannot subpoena such nonparty witnesses to appear at the courthouse, my office of a court reporters office because I have been ordered by this Court to hold all depositions electronically or remotely.

I seek the following relief: 1) defendant Schroeder be produced for a deposition as scheduled on December 17, 2020. 2) defendant Smart provide an answer to my interrogatories dated August 25, 2020 and be made to produce an email so I may conduct a Zoom deposition or in the alternative to provide a telephone number so I can hold his deposition telephonically and 3) the State's Attorney Thompson produce the two clerks I choose to depose at a Zoom conference or produce a telephone number so that I can hold their deposition telephonically.

Respectfully truthfully stated and submitted,

Mario H. Capogrosso

3

# EXHIBIT A

9/28/2018 DMV clerk accused of taking bribes for years in ticket-fixing scheme



METRO

# DMV clerk accused of taking bribes for years in ticket-fixing scheme

By Carl Campanile

June 8, 2018 | 5:26pm | Updated



9/28/2018                              DMV clerk accused of taking bribes for years in ticket-fixing scheme

In an astonishing admission, a supervisor at the East 125th Street facility said she was informed by a defense lawyer as far back as 2012 that a clerk was taking payoffs but did nothing because she wasn't given his name, officials said.

DMV clerk Sam Alexis at the Northern Manhattan Traffic Violations Bureau received up to $600 a week in bribes on top of his salary by accepting between $20 and $100 from ticketed motorists or their lawyers to quash summonses, according to state Inspector General Catherine Leahy Scott.

The investigation also found that clerk Alicia Eddie improperly retrieved confidential information from the DMV computer system to referred motorists to Alexis in exchange for $10 each time.

Alexis, Eddie and one former clerk were also accused of steering motorists to certain defense lawyers in exchange for cash or meals. Officials said they often texted or called attorneys throughout the workday to make the referrals.

Incredibly, the bureau co-supervisor, Sonia Wise, who has worked at the TVB for almost two decades and been a supervising clerk since 2007, testified under oath that she became aware of a potential ticket-fixing scheme in 2012 or 2013, when a lawyer informed her that an unnamed clerk was running a bribery scheme.

"Unconvincingly, Wise claimed to the Inspector General that because [the] Attorney had not named the clerk, she did not need to take further action, and did not report [the] Attorney's assertion to anyone, including her supervisors, others at DMV, or the Inspector General," the report said.

"Wise's inaction allowed Alexis's scheme to continue unabated until this investigation."

Phone records showed that Alexis and other clerks had hundreds of interactions with defense lawyers during work hours because they lacked "meaningful supervision," the IG said.

Supervisors admitted that clerks fraternizing with lawyers was a "big problem" but did nothing to stop it, the report said.

Alexis admitted to the ticket-fixing operation in sworn testimony, according to authorities.

"If the person seems like a down-to-earth person, I'll just tell them, 'Look, we can take care [of the ticket] now if you want. You'll get your receipt; it'll be done today.' And if they say yes, they want to do that — of course, I say it in a way that they know.... that this is under the books, you know what I mean — and I send them to the [hearing] room, they get it dismissed. When they come back out, they hand me the money and then that's how I do that," Alexis was quoted as telling investigators.

Alexis also explained the scheme of getting payola from lawyers for referring them motorists with tickets.

"Basically, all we do is, if a motorist has a lot of points or if he's facing possible suspension of his license ... we well them, 'You know, you might want to think about hiring a lawyer. If you do want to go that route, I can let you know who to speak to. I can recommend you somebody,'" he said.



The IG report said the case was presented to prosecutors for criminal prosecution but was declined, without explanation.

The findings were also forwarded to the state Joint Commission on Public Ethics and the state court system's Attorney Grievance Committee for any appropriate actions against private attorneys involved in corruption.

The IG's recommendations, including disciplinary actions, new anti-corruption policies and additional training for DMV employees, were all accepted by DMV and implemented.

— ADVERTISEMENT —
AdChoices

"My investigation found a Traffic Violations Bureau mired in corrupt practices, from public employees taking cash for fixing tickets to attorneys offering clerks improper payments and gifts to garner new clients, all while under woefully deficient direct oversight," said IG Leahy Scott.

"These were routine practices at a facility where well-established policies and rules were spurned, and I am pleased the DMV has taken these issues extremely seriously with a commitment toward substantial reforms."

The DMV said it was installing new cameras above workstations to deter corruption, limiting employee access to confidential records and providing new ethics training.

FILED UNDER   BRIBERY, CORRUPTION, DMV, NYPD

Recommended by

https://nypost.com/2018/06/08/dmv-clerk-accused-of-taking-bribes-for-years-in-ticket-fixing-scheme/

3/3

# EXHIBIT B

MV-984 (2/05)



# New York State Department of Motor Vehicles
## DIVISION OF LABOR RELATIONS
### REPORT OF WORKPLACE VIOLENCE INCIDENT

Please fill out the form as accurately as possible and fax it to the Division of Field Investigation at (518) 474-7543 AND Labor Relations at (518) 474-8423. If the incident is a written threat, please include a copy of the letter with this report. Originals should be maintained in a workplace violence report folder at the primary office that the reporter works in.

**FOR OFFICE USE ONLY**
FILE NUMBER:
Received:
X RE:
X RE:
PRIVACY CONCERN: ☐ YES  ☐ NO

### NAME OF INDIVIDUAL FILING REPORT

| Name | Title | Office Location | Phone Number |
|---|---|---|---|
| David Smart | Guard-Summit | Brooklyn South TVB | 718-266-5512 |

### INCIDENT REPORTED TO

| Date Reported | Person Reported To | Title |
|---|---|---|
| 5/11/15 | Danielle Calvo | Supervisor Grade 17 |

### INCIDENT

| Date | Time | AM/PM | Location of Occurrence |
|---|---|---|---|
| 5/11/15 | 8:50 | ☑ AM ☐ PM | Brooklyn South TVB near line 1 |

DFI Contacted? ☐ Yes ☑ No   DFI Contact Name: ___

### EMPLOYEES INVOLVED

| Name | Title |
|---|---|
| David Smart | Security Guard-Summit Security |
| | |
| | |

### OUTSIDE INDIVIDUALS INVOLVED

| Name | Sex | Phone | Client ID # |
|---|---|---|---|
| Mario H. Capogrosso | ☑ Male ☐ Female | 914-806-3692 | |
| Address: 245 Saw Mill River Road Suite 106 | City: Hawthorne | State: NY | Zip Code: 10532 |
| | ☐ Male ☐ Female | | |
| Address | City | State | Zip Code |
| | ☐ Male ☐ Female | | |
| Address | City | State | Zip Code |

### WITNESSES

| Name | Sex | Phone |
|---|---|---|
| George Hau-MVR | ☑ Male ☐ Female | 718-266-5512 |
| Address: 2875 West 8th Street | City: Brooklyn | State: NY | Zip Code: 11224 |
| Anthony Adinolfi, ESQ | ☑ Male ☐ Female | 718-265-2211 |
| Address: 2875 West 8th Street | City: Brooklyn | State: NY | Zip Code: 11224 |
| | ☐ Male ☐ Female | |
| Address | City | State | Zip Code |

Continue on other side

This fax was received by GFI FaxMaker fax server. For more information, visit http://www.gfi.com

Page 1 of 2

**Description of Events Leading to the Incident and What Occurred:**

Near line 1 Mr. Capogrosso said to security guard David Smart "Are you looking at me?". David replied "You are looking at me"; Mr. Capogrosso said "back up, back up", he then pushed David in his chest.

**Nature and Extent of Injuries:**

**Additional Comments:**

911 was called and two officers responded. David went up to the 60pct with them to make a report. They said that they could not arrest Mr. Capogrosso because he pushed David with an open hand not a closed fist. I was told by Judge Gelbstein to go with officers from the police room, to tell Mr. Capogrosso that he must leave the building, and to give him legal's phone number for any further details. I did that and he left the building.

---

Danielle Calvo
Name of Individual Filing Report

Vincent Palmieri
Name of Supervisor

Signature of Individual Filing Report

Signature of Supervisor

5/11/15
Date

5/11/15
Date

34 (12/11)

# EXHIBIT C

Mr. David Smart
2875 W. 8th St.
Brooklyn, NY 11224

August 10, 2020

Mr. Mario Capogrosso
21 Sheldrake Place
New Rochelle, NY 10804

Dear Sir:

Case # 18 CIV 2710 (MKB)(LB)

Please note that we still in court. Do not send me notes any more, please.

Mr. David Smart

Mr. David Smart
2875 West 8 St.
Brooklyn, NY 11224

Mr. Mario H. Capogroso,
21 Sheldrake Place
New Rochelle, NY 10804.

Dear Mr. M.H. Capogroso,
Your letter of August 25, 2020 — received.
For your information contact FEC for your answers.

Sincerely,
Mr. David Smart

Mr. David Stuart
2875 West 8th St.
Brooklyn, NY 11224
Sept. 5, 2020

Mr. Mario Capogrosso
21 Sheldrake Place
New Rochelle, NY 10804

Dear Sir,

Responding to your letter dated Sept. 2, 2020.
Please contact the City Bar Justice Center at the U.S. District Court EDNY, at 225 Cadman Plaza East, Brooklyn, NY 11201.
Please contact them for dates to meet.

Thanks.

Sincerely,
Mr. David Stuart

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

_____X

MARIO H. CAPOGROSSO

                            Plaintiff

-against-                                            18 CV 2710

ALAN GELBSTEIN, et. al                          **AFFIRMATION OF SERVICE**

                            Defendants

_____X

      I, Mario H. Capogrosso, declare under penalty of perjury that I have served a copy of the attached Letter: Re: Discovery dispute upon:

James Thompson, Esq.
(representing Defendants
Gelbstein, Traschen, Vahdat, Palmieri, Flanagan, Calvo,
and Prickett-Morgan)
Assistant Attorney General
28 Liberty Street
New York, NY 10005

Sadiq Tahir
2994 Coney Island Avenue
Brooklyn, NY 11235

Pec Group of NY
935 S. Lake Blvd. #7
Mahopac, NY 10541

David Smart
2875 West 8th Street
Brooklyn, NY 11224

via U.S. Postal Service First Class Mail, this 10th day of December, 2020.

New Rochelle, NY
December 10, 2020

*/s/ Mario H. Capogrosso*
Mario H. Capogrosso
21 Sheldrake Place
New Rochelle, NY 10804
(914) 806-3692