

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

| | | |
|---|---|---|
| LETITIA JAMES<br>ATTORNEY GENERAL | Writer's Direct Dial: (212) 416-6556 | DIVISION OF STATE COUNSEL<br>LITIGATION BUREAU |

December 28, 2020

**Via ECF**

The Honorable Eric R. Komitee, United States District Judge
The Honorable Lois Bloom, United States Magistrate Judge
United States District Court for the Eastern District of New York
Theodore Roosevelt United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    Capogrosso v. Gelbstein, et al., No. 18 Civ. 2710 (EK) (LB)

Dear Judge Komitee and Judge Bloom,

      This Office represents Defendants Alan Gelbstein, Ida Traschen, and Danielle Calvo, in their individual capacities, and New York State Department of Motor Vehicles ("DMV") Commissioner Mark Schroeder, in his official capacity (collectively, the "State Defendants"), in the above-referenced matter. I write in response to the *pro se* attorney Plaintiff's recent[1] letter, Dkt. No. 149, in which he seeks to issue two deposition subpoenas after the close of discovery, in contravention of Judge Bloom's recent Order that the Plaintiff's interrogatories on Defendant Smart would be "the one exception to the parties' deadline to complete all discovery by December 22, 2020." Dkt. No. 148 at 3.

The Plaintiff's Subpoena Request Is Untimely

      As a threshold matter, the proposed subpoenas are untimely, and have been for weeks at this point. "Rule 45 subpoenas have been held generally to constitute discovery, and, therefore, are subject to the same time constraints that apply to all of the other methods of formal discovery." Pasternak v. Dow Kim, No. 10 Civ. 5045, 2013 WL 1729564, at *1 (S.D.N.Y. Apr. 22, 2013). Here, the final discovery deadline was set for December 22, Dkt. No. 145, so any deposition subpoena would have needed to be served by December 7 at the absolute latest. See Juliao v. Charles Rutenberg Realty, Inc., No. 14 Civ. 808, 2018 WL 5020167, at *5 (E.D.N.Y. July 23, 2018) (quashing subpoena and noting that "[w]hile Rule 45 does not define 'reasonable

---

[1] Although the letter is dated December 21, 2020 and was received by the *pro se* office the following day, our Office became aware of it only today, December 28, when it was posted to the docket.

time' [to provide advance notice of a deposition subpoena], many courts have found fourteen days from the date of service as presumptively unreasonable.").

"To allow a party to continue with formal discovery after the discovery deadline unnecessarily lengthens the discovery process, and diverts the parties' attention, from the post-discovery aspects of preparing a case for trial," Pasternak, 2013 WL 1729564 at *1 (quotation and alterations omitted), or in this case summary judgment, for which pre-motion letters are due two weeks from tomorrow.  See Dkt. No. 145.  Accordingly, the untimeliness of the subpoena request is reason enough in itself for the Court to deny the Plaintiff's application.  See Wood v. Mutual Redevelopment Houses, Inc., No. 14 Civ. 7535, 2019 WL 6174369, at *9 (S.D.N.Y. Nov. 19, 2019) (collecting cases).

The Plaintiff Seeks Relief That Has Already Been Denied

Moreover, the Plaintiff already sought this relief, and the Court declined to give it.  In his December 10, 2020 letter to the Court – sent after the subpoena deadline had already passed – the Plaintiff asserted that "I choose to depose two non-party witnesses.  They are Cindy (last name unknown) and Marisol Cervini [sic], both of whom were clerks at the Brooklyn TVB in May 2015."  Dkt. No. 147 at 3.  He also asked the Court to order "the State's Attorney Thompson [to] produce the two clerks I choose to depose."  Id.  The Court declined, ruling in an Order dated December 16, 2020 that it would consider the Plaintiff's interrogatories to Defendant Smart, which had been the subject of the same letter, but that "[t]his will be the one exception to the parties' deadline to complete all discovery by December 22, 2020."  Dkt. No. 148 at 3.

Accordingly, the Plaintiff's letter should be treated as a motion for reconsideration of Judge Bloom's December 16 Order, which is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."  Lo Curto v. United States, No. 10 Civ. 4589, 2017 WL 980296, at *1 (E.D.N.Y. Mar. 10, 2017).  The Plaintiff has not explained why he should be entitled to such an extraordinary remedy, nor has he provided "a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked," as called for in Local Civil Rule 6.3.  Instead, he is simply making the same request again – this time after the discovery deadline as well as the time for subpoenas – and hoping for a different outcome, exactly what the Federal and Local Rules forbid.  See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) ("A motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided.").

The Plaintiff Could Have Issued The Subpoenas During Discovery, But Chose Not To

The Plaintiff's application is also improper due to his lack of diligence.  "Under the federal rules, modifications of discovery schedules are permitted upon a showing of good cause . . . . A party seeking discovery meets this standard by demonstrating that it could not reasonably meet its deadline despite diligent efforts."  Agapito v. AHDS Bagel, LLC, No. 16 Civ. 8170, 2018 WL 3216119, at *2 (S.D.N.Y. May 17, 2018).  "It is within the court's discretion to decline to enforce a subpoena after the close of fact discovery when it is clear that the party issuing the

subpoena could have sought enforcement before the discovery deadline." Wood, 2019 WL 6174369 at *9.

Here, the Plaintiff has been able to serve the two subpoenas at any point throughout the year-long discovery period, which began on November 14, 2019 and ended on December 22, 2020. See Dkt. Nos. 82 & 145. The State Defendants even took steps to make the process easier for the Plaintiff, contacting Marisol Cervoni, agreeing to accept service on her behalf, and informing the Plaintiff all the way back on March 6, 2020 of how a subpoena could be served.[2] See Mar. 6, 2020 Attorney Correspondence, Ex. A. I also verbally represented that DMV would accept such a subpoena at a status conference in June. The Plaintiff could have issued his subpoena at any time and DMV would have arranged for Ms. Cervoni to be deposed – but he simply never did it. There is no good cause to justify his belated attempt to do so now. See Taylor v. Nassau County, No. 11 Civ. 934, 2012 WL 13109929, at *2 (E.D.N.Y. Mar. 22, 2012) (rejecting subpoena request "because plaintiff had nearly a month before the close of discovery to []serve a subpoena . . , yet did not do so, and did not bring the matter up again until after the close of discovery.").

The Attorney Plaintiff Is Not Entitled To Special Solicitude To Excuse His Lack Of Diligence

The Plaintiff is not a *pro se* litigant in any meaningful sense, nor is he entitled to any special solicitude that would permit him to conduct discovery outside of the applicable rules. Because the Plaintiff is a licensed attorney in New York and Connecticut, "he is not entitled to the special solicitude and latitude courts traditionally afford to *pro se* litigants." Anthes v. Nelson, 763 F. App'x 57, 60 n.2 (2d Cir. 2019) (summary order); see Tracy v. Freshwater, 623 F.3d 90, 102 (2d Cir. 2010) ("[A] lawyer representing himself ordinarily receives no such solicitude at all."). The Court should not review the attorney Plaintiff's post-deadline discovery application under any lesser standard than it would apply to a party who had retained separate counsel.

The State Defendants Must Be Included In Any Discovery Between The Attorney Plaintiff And Defendant Smart

Lastly, the State Defendants take no position on the Plaintiff's request to compel Defendant Smart to answer interrogatories and appear at a deposition. However, we note that the discovery instruments and correspondence between the Plaintiff and Mr. Smart that are attached to the application were not served on the State Defendants. See, e.g., Dkt. No. 149 Ex. A at 6 & Ex. B at 4 (showing that the discovery instruments were served on Mr. Smart, but not the State Defendants). Accordingly, we request that any Order issued by the Court include a requirement that any interrogatories and responses also be served on the State Defendants, as required by Federal Rule 5(a)(1)(C), and that the State Defendants be given notice and the ability to (virtually) attend any deposition, as provided under Federal Rule 30(b)(1).

---

[2] Regarding the Plaintiff's second proposed subpoena, to "Cindy (last name unknown)," Dkt. No. 149 at 1, the State Defendants do not know who the Plaintiff is referring to. If the Plaintiff needed assistance in determining the identity of this potential witness, he had the ability to ask any relevant questions about "Cindy" in the 56 interrogatories he served, or in the three depositions he conducted, but chose not to do so.

                                            Respectfully submitted,

                                            /s/ James M. Thompson

                                            James M. Thompson
                                            Assistant Attorney General
                                            james.thompson@ag.ny.gov

Cc:     All counsel of record (via ECF)

        Mario Capogrosso (via First-Class Mail)
        21 Sheldrake Place
        New Rochelle, NY 10804

        David Smart (via First-Class Mail)
        2355 Batchelder St.
        Apartment 3E
        Brooklyn, NY 11229

        Sadiq Tahir (via First-Class Mail)
        2994 Coney Island Avenue
        Brooklyn, NY 11235