

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

| | | |
|---|---|---|
| LETITIA JAMES<br>ATTORNEY GENERAL | | DIVISION OF STATE COUNSEL<br>LITIGATION BUREAU |

Writer's Direct Dial: (212) 416-6556

January 11, 2021

**Via ECF**

The Honorable Eric R. Komitee
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    Capogrosso v. Gelbstein, et al., No. 18 Civ. 2710 (EK) (LB)

Dear Judge Komitee,

    This Office represents Defendants Alan Gelbstein, Ida Traschen, and Danielle Calvo, in their individual capacities, and New York State Department of Motor Vehicles ("DMV") Commissioner Mark Schroeder, in his official capacity (collectively, the "State Defendants"), in the above-referenced matter. I write pursuant to Individual Rule III(A)(2) to request a pre-motion conference in anticipation of the State Defendants' motion for summary judgment.

    Although the *pro se* attorney[1] Plaintiff's Complaint originally alleged a host of claims against seven different State Defendants, the Court dismissed most of the claims and the majority of the defendants via a report and recommendation from Magistrate Judge Bloom, Capogrosso v. Gelbstein, No. 18 Civ. 2710, 2019 WL 6406444 (E.D.N.Y. Jan. 30, 2019) ("Capogrosso I"), which was adopted by Judge Brodie, 2019 WL 4686448 (E.D.N.Y. Sept. 25, 2019) ("Capogrosso II"). There were three remaining State Defendants: Gelbstein, Traschen, and Calvo, and one remaining claim against them, for First Amendment retaliation based on Plaintiff's expulsion from practicing before DMV's Traffic Violations Bureau ("TVB").[2] See id. at *16. With the parties having now completed discovery, that final claim is manifestly insufficient as a matter of either law or fact.

The Plaintiff's Claim Is Barred By Judicial And Quasi-Judicial Immunity

    As a threshold matter, the Plaintiff's claim fails as a matter of law because each of the Individual Defendants is protected by absolute judicial or quasi-judicial immunity. The individual

---

[1] Because the Plaintiff is a licensed attorney, "he is not entitled to the special solicitude and latitude courts traditionally afford to *pro se* litigants." Anthes v. Nelson, 763 F. App'x 57, 60 n.2 (2d Cir. 2019) (summary order).

[2] Commissioner Schroeder was later substituted under Rule 25 for official-capacity claims because the individual defendants had left DMV service. See Dkt. No. 104. There are no allegations regarding any actions taken by the Commissioner.

defendants were during the relevant time period: a senior administrative law judge at the TVB, a supervising clerk at the TVB, and the First Assistant Counsel to the agency, who was responsible for overseeing the TVB system in a manner comparable to New York's Office of Court Administration or the Administrative Office of the U.S. Courts.  Each of these positions meets the definition of a "judicial officer" protected by absolute immunity.  See Jefferson v. Evans, No. 11 Civ. 3558, 2011 WL 5156595, at *2 (E.D.N.Y. Oct. 28, 2011) ("absolute immunity extends to administrative officials performing functions closely associated with the judicial process").

It is black-letter law that absolute immunity applies to administrative proceedings of a judicial nature because "administrative law proceedings function in a comparable atmosphere and adjudicate similar issues to those settled in judicial proceedings," and because they "are similar to judicial proceedings in that the disappointment occasioned by an adverse decision[] often finds vent in imputations of malice."  Anghel v. N.Y. State Dep't of Health, 947 F. Supp. 2d 284, 299-300 (E.D.N.Y. 2013).  Similarly, federal courts have repeatedly held that attorney discipline such as the decision to expel the Plaintiff from the TVB is a judicial function to which immunity applies.  See McKeown v. N.Y. State Comm'n on Judicial Conduct, 377 F. App'x 121, 124 (2d Cir. 2010) (summary order) ("Prosecutors, hearing examiners, and law clerks are eligible for absolute immunity, and those involved in preparing and adjudicating attorney discipline proceedings share analogous roles.").  Accordingly, even if the Plaintiff could prove his case, all three remaining defendants would be immune from suit.

The Plaintiff Has Not Adduced Evidence of Causation

The lawsuit also fails on the merits.  To have a viable claim of First Amendment retaliation, a plaintiff must establish that an official's retaliatory motive caused his injury, and that the animus was "a 'but-for' cause, meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive."  Nieves v. Bartlett, 139 S. Ct. 1715, 1722 (2019).  Virtually all the incidents that the Plaintiff contends support his retaliation allegations occurred before the claimed protected activity, Plaintiff's sending of a letter, with the only exception being a conversation where Gelbstein told him "[c]an't you go practice somewhere else, I saw what you wrote about me that I am complicit and incapable" – a conversation there is no evidence of in any source other than Plaintiff's self-serving recollection.

This single, uncorroborated allegation cannot support a jury finding that the Plaintiff's letter was a but-for cause of his termination. And even if it could, a defendant will "still be entitled to summary judgment . . . by demonstrating by a preponderance of the evidence that it would have taken the same adverse [] action even in the absence of the protected conduct."  Smith v. County of Suffolk, 776 F.3d 114, 119 (2d Cir. 2015).  This will be a straightforward showing in the Plaintiff's case, as he had been the subject of repeated complaints dating back to 2009, including a petition signed by eighteen TVB employees stating that "we feel the presence of attorney Mario Capogrosso on our premises constitutes a threat to our physical safety."  The Plaintiff had been expelled once before after an incident when he referred to a fellow attorney as a "Jew fucking cunt," which he acknowledged at his deposition he "might have said," and was only allowed to return to practice after taking an anger management course, with a warning that "in the event that Mr. Capogrosso commits an act of physical violence, he shall be immediately and permanently barred from appearing on behalf of DMV licensees at TVB offices."  That is exactly what happened: after a string of new incidents and complaints in late 2014 and early 2015, Defendants Gelbstein and

Traschen were informed that the Plaintiff had been involved in a physical confrontation with a security guard, and banned him accordingly.

Moreover, even if the Plaintiff's single, self-serving recollection could potentially support a jury verdict on its own, the Court should grant summary judgment nonetheless.  Where there is "nothing in the record to support plaintiff's allegations other than plaintiff's own contradictory and incomplete testimony," and "no reasonable person could believe [that] testimony," summary judgment is appropriate.  Jeffreys v. City of N.Y., 426 F.3d 549, 555 (2d Cir. 2005).  So it is here – in addition to acknowledging that Judge Gelbstein and DMV wanted to expel him long before he ever sent his letter, the Plaintiff's testimony consists of half-baked grievances and conspiracy theories, from allegations that multiple clerks bore animus against him because he would not pay bribes to contentions that his fellow attorneys "had it in for me" because "I'm making too much money."  Given his testimony as a whole, "no reasonable person would undertake the suspension of disbelief necessary to give credit to the allegations made."  Jeffreys, 426 F.3d at 555.

Section 1983 Explicitly Bars Injunctive Relief

Even if a jury were to somehow find in the Plaintiff's favor, any injunctive relief would be barred by the express terms of 42 U.S.C. § 1983, which provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."  Here, the Plaintiff could have sought declaratory relief in the form of an Article 78 proceeding, but as Judge Bloom noted in Capogrosso I, he "simply chose not to do so."  2019 WL 6406444 at *11.  He testified at his deposition that his reason for foregoing the Article 78 proceeding was "[b]ecause I couldn't get money."  Under § 1983, that decision bars any injunctive relief.

Qualified Immunity Bars The Plaintiff's Claim For Damages

The Plaintiff's claims for money damages are barred by qualified immunity, which "protects government officials from suit if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Gonzalez v. City of Schenectady, 728 F.3d 149, 154 (2d Cir. 2013).  Magistrate Judge Bloom previously noted that the State Defendants would likely be entitled to qualified immunity, writing that "[a]s few, if any, First Amendment retaliation cases involve private citizens in similar contexts to plaintiff here, it seems unlikely that the law was clearly established law in 2015 when plaintiff was barred from representing clients at TVB locations state-wide."  Capogrosso I, 2019 WL 6406444 at *15.

First, it was "objectively reasonable for the [individual defendants] to believe the conduct at issue was lawful," Gonzalez, 728 F.3d at 154, because the letter on which Capogrosso bases his claim was not clearly relevant First Amendment speech.  It concerned conflicts with an employee of a private security firm and was sent not to them or to DMV, but instead to an outside lawyer on a long-closed case, who had never represented the Individual Defendants and had no authority over the agency.  Second, it was reasonable for the individual defendants to believe that barring the Plaintiff from practicing was not an adverse action, particularly since the the Plaintiff's scuffle with the security guard was a sufficient superseding event and because – as both Judge Brodie and Magistrate Judge Bloom noted in their opinions – the Plaintiff had no protected property or liberty interest in practicing before the TVB, as a matter of law.  Capogrosso I, 2019 WL 6406444 at *10-11; Capogrosso II, 2019 WL 4686448 at *12.

                    Respectfully submitted,

                    James M. Thompson
                    Assistant Attorney General
                    james.thompson@ag.ny.gov

Cc:    All counsel of record (via ECF)

        Mario Capogrosso (via First-Class Mail)
        21 Sheldrake Place
        New Rochelle, NY 10804

        David Smart (via First-Class Mail)
        2355 Batchelder St.
        Apartment 3E
        Brooklyn, NY 11229

        Sadiq Tahir (via First-Class Mail)
        2994 Coney Island Avenue
        Brooklyn, NY 11235