Received by the Pro Se Office
1/13/2021-KC

Hon. Eric R. Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201



**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  JAN 13 2021  ★ 

BROOKLYN OFFICE

United States Magistrate Judge Bloom
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

January 13, 2021

Re:  Capogrosso v. Gelbstein et al, No. 18-cv-2710, Review and reversal of Court order
(Dkt. #148)

Judge Komitee:

      Pursuant to Local Civil Rule 6.3 and or F.R.C.P. 60, and reserving any right to appeal, I seek your review of J. Magistrate's Bloom's order dated December 16, 2020 (Dkt. 148).

      I seek review and reversal of the following portion of such order:

      J. Magistrate Bloom writes,

      "plaintiff states that he served interrogatories on defendant Smart, he has not provided them to the court. Therefore the Court cannot rule on plaintiff's request to compel defendant Smart to respond. Whereas plaintiff is permitted to pursue discovery, the Court will not compel defendant Smart to provide his email address or phone number to plaintiff."

      With respect to this order:

      J. Magistrate Bloom has indicated to me at a pretrial conference in June 2020 that the Court, your Court (U.S. Eastern District Court) was open for business, in light of the Covid-19 pandemic, when I questioned her concerning my ability to depose defendant Smart at the Court house located at 225 East Cadman Plaza, Brooklyn New York. At such pretrial conference, J. Magistrate Bloom also indicated I would not be able to depose defendant Smart at the Court but must conduct all depositions remotely and electronically.

      I was further ordered by J. Brodie in a pretrial conference in August 2018 that I was not to contact defendant Smart by telephone and I was to communicate with defendant Smart by written correspondence.

1

Defendant Smart has refused to produce his email address and has refused to respond my discovery demands. I attach my discovery demands upon defendant Smart as **Exhibit A**. I also attach **Exhibit B** which show letters from defendant Smart to myself, which were served upon me after my service of interrogatories and Request for Production of Documents upon him on August 25, 2020 and a request for an email address on September 2, 2020, that I not write him any longer and directs me to communicate with "PEC" or the "City Bar Justice Center." for my answers. Neither has put in an appearance for defendant Smart and therefore are unable to respond to any deposition notice or provide a response to my interrogatories. Defendant Smart has not appeared at our last two pre-trial conferences.

Depositions, Interrogatories, and Requests for Production are acceptable manners of discovery. (Fed Rules 30, 33 and 34).

A subpoena pursuant to Fed Rule 45 provides me no relief, wherein I have been ordered J. Magistrate Bloom to hold all depositions electronically and remotely, and thus have no ability to summon defendant Smart, by such subpoena, to appear at a particular location.

I am a pro se plaintiff, guided by your manual, A Manual For Pro Se Litigants Appearing Before the United States District Court for the Southern District (Jan, 2011), provided by the clerk of your Court and indicated by the clerk of the Court that this manual was applicable to the Eastern District. Your manual page 79, par. 3, attached as **Exhibit C**, Federal Rule 5 and Local Rule 5.1 are clear. Discovery documents are not to be sent to the Court. Pursuant thereto, I sent no discovery documents as attachments to my letter motion of December 10, 2020 (Dkt. #147).

Further

With respect to my letter motion to the Court dated December 10,2020 (Dkt. #147) I sought an extension of time to depose two nonparty witnesses. J. Magistrate Bloom chose not to address this portion of my motion in her order of December 16, 2020 (Dkt. #148).

Specifically, I seek to depose two non-party witnesses. They are Cindy (last name unknown), and Marisol Cervini, both of whom were clerks at the Brooklyn TVB in May 2015.  I have been ordered by this Court not to appear at the Brooklyn TVB; I have been ordered to hold all depositions remotely (therefore I cannot subpoena these nonparty witnesses to appear at the courthouse, my office or a court reporters office), I cannot gather any information from these nonparty witnesses by interrogatories as they are nonparties. In addition, I have been given subpoena documents from your clerk, **Exhibit D**, which require that any depositions be taken at your Courthouse, which I am not allowed to do. I have made several phone calls to your pro se clerk and have received no clarification concerning the subpoena documents provided. Only on December 23, 2020 after discovery was closed was I provided the proper subpoena documents, attached as **Exhibit E**. by the clerk of your Court. I am not admitted in your Court and therefore do not feel it proper to create my own subpoena documents.

2

Relief Sought

I seek review and reversal of J. Magistrate Bloom's order dated December 16, 2010 (Dkt. # 148) and pursuant thereto

1) defendant Smart provide answers to my interrogatories and respond to my demand for production of documents dated August 25, 2020 and be made to produce an email and requisite laptop so I may conduct a Zoom deposition or in the alternative to provide a telephone number so I can hold his deposition telephonically, 2) defendant Smart be made to appear at such deposition, 3) the State's Attorney Thompson produce the two clerks I choose to depose at a Zoom conference or produce a telephone number so that I can hold their deposition telephonically, and 4) I be given an extension of time of sixty days from the date of this letter to complete such discovery.

Respectfully truthfully stated and submitted,

Mario H. Capogrosso

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MARIO H. CAPOGROSSO,

Plaintiff

-against-

NOTICE OF DEPOSITION
OF DAVID SMART

Case No. 18 CV-2710

ALAN GELBSTEIN, et al

Defendants

Pursuant to Rule 30(a) (1) of the Federal Rules of Civil Procedure, Plaintiff Mario H. Capogrosso, will depose defendant **David Smart** before a notary public or other person duly qualified to administer an oath, remotely and electronically via a Zoom conference **on Thursday December 17, 2020 at 3:00 p.m.** and will continue thereafter until completed. Defendant must produce a valid email at which he may be deposed.

Pursuant to Rule 30(b)(3) of the Federal Rules of Civil Procedure, the deposition upon oral examination will be recorded stenographically and will be used for the purposes of discovery or for use as evidence, or for both purposes.

1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MARIO H. CAPOGROSSO,

          Plaintiff

   -against-

                            **AFFIRMATION**
                            **OF SERVICE**

                            **Case No. CV-18-2710**

ALAN GELBSTEIN, et al

          Defendants

---

      I, Mario H. Capogrosso, declare under penalty of perjury that I have served a copy of the attached Notice of Deposition upon:

David Smart
2875 West 8h Street
Brooklyn, NY 11224

via U.S. Postal Service First Class Mail, this 10th day of December, 2020.

New Rochelle, NY
December 10, 2020

                                Mario H. Capogrosso
                                21 Sheldrake Place
                                New Rochelle, NY 10804
                                (914) 806-3692

Dated: December 10, 2020
         New Rochelle, New York

Mario H. Capogrosso
21 Sheldrake Place
New Rochelle, NY 10804
(914) 806-3692

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MARIO H. CAPOGROSSO,

                    Plaintiff

          -against-

                                                    **PLAINTIFF'S SECOND**
                                                    **DEMAND FOR**
                                                    **DEPOSITION DATES**

ALAN GELBSTEIN, in his official and individual capacity;
IDA TRASCHEN, in her official and individual capacity;
DANIELLE CALVO, in her official and individual capacity;
SADIQ TAHIR, in his individual capacity;
PEC GROUP OF NY, INC.;
DAVID SMART, in his individual capacity;
JOHN AND JANE DOE, and
DMV COMMISSIONER MARK SCHROEDER, in his official capacity

                    Defendants

Pursuant to Rules 27 – 32 of the Federal Rules of Civil Procedure the Plaintiff, Mario H. Capogrosso, seeks that defendant David Smart **provide a date, and three alternative dates**, upon which his deposition upon oral examination may be taken.   Plaintiff will depose all defendants on the same date. Plaintiff seeks such dates subsequent to October 2, 2020, and on or prior to October 15, 2020.

Further, at the last pre-trial status conference on June 16, 2020, in which you were not present, Judge Magistrate Bloom ordered that all depositions were to be held remotely and electronically. As such, in order to comply with this Court Order and conduct your deposition upon

1

oral examination, I need to know and have answers provided to the following;

1) Will you have access to the internet so that I may proceed with your deposition upon oral examination on your deposition date; and

2) Will you have access to a laptop computer so that I may proceed with your deposition upon oral examination upon your deposition date

Plaintiff demands a response within seven (7) days of the service of this discovery request to be provided at Plaintiff's current address listed below.

Dated: September 2, 2020
       New Rochelle, NY

Submitted,

Mario H. Capogrosso
21 Sheldrake Place
New Rochelle, NY 10804
(914) 806-3692

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MARIO H. CAPOGROSSO,

              Plaintiff

    -against-

                                  **AFFIRMATION
                                  OF SERVICE**

                                  **Case No. CV-18-2710**

ALAN GELBSTEIN, in his official and individual capacity;
IDA TRASCHEN, in her official and individual capacity;
DANIELLE CALVO, in her official and individual capacity;
SADIQ TAHIR, in his individual capacity;
PEC GROUP OF NY, INC.;
DAVID SMART, in his individual capacity;
JOHN AND JANE DOE, and
DMV COMMISSIONER MARK SCHROEDER, in his official capacity

              Defendants

---

      I, Mario H. Capogrosso, declare under penalty of perjury that I have served a copy of the

attached Demand for Deposition Dates upon:

David Smart
2875 West 8h Street
Brooklyn, NY 11224

1

via U.S. Postal Service First Class Mail, this 2nd day of September 2020.

New Rochelle, NY
September 2, 2020

Mario H. Capogrosso
21 Sheldrake Place
New Rochelle, NY 10804
(914) 806-3692

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

───────────────────────────────────────────

MARIO H. CAPOGROSSO,

               Plaintiff

      -against-

                                  **PLAINTIFF'S**
                                  **INTERROGATORIES and**
                                  **DEMAND FOR PRODUCTION**
                                  **OF DOCUMENTS**

                                  **Case No. CV-18-2710**

ALAN GELBSTEIN, in his official and individual capacity;
IDA TRASCHEN, in her official and individual capacity;
DANIELLE CALVO, in her official and individual capacity;
SADIQ TAHIR, in his individual capacity;
PEC GROUP OF NY, INC.;
DAVID SMART, in his individual capacity;
JOHN AND JANE DOE, and
DMV COMMISSIONER MARK SCHROEDER, in his official capacity

               Defendants

───────────────────────────────────────────

      Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, the Defendant David Smart shall answer, under oath, the following interrogatories, and produce copies of the following document within thirty (30) days of the service of this discovery request, at the Plaintiff's address listed herein

## DEFINITIONS AND INSTRUCTIONS

1. The provisions of Local Rules 26.2, 26.3, 33.1 33.2 relating to he claims of privilege, uniform definitions, reference to records and interrogatories apply to and are to be

1

incorporated by reference.

2. Documents refer to any document s or electronically stored information ("ESI") in any form whatsoever in the possession, custody or control of the defendant that is used, has been used, or may be used relative Defendant's qualification for employment, promotion, transfer, compensation or disciplinary action. Documents also include any document or ESI in any form whatsoever in the possession, custody or control of a person, corporation, partnership or other entity that keeps or supplies a personnel record for the Defendant. Without limiting the foregoing, all of the following documents and/or ESI constitute part of the personnel records:
   a) Defendant job application
   b) Defendant's record or other form of employment inquiry
   c) Defendant's offer of employment, promotion or transfer
   d) Defendant' performance evaluation
   e) documents or ESI concerning any disciplinary action taken against the defendant
   f) termination notices and letters of rejection

   Documents produced shall be Bates – stamped or otherwise numbered sequentially.

3. Th answers to these interrogatories shall be promptly supplemented and amended as required by Rule 26e of the Federal Rules of Civil Procedure.

4. In the event an answer o any interrogatory is made by reference to records from which the answer may be derived, or ascertained, as permitted by Rule 33(d) of the Federal Rules of Civil Procedure, provide the information required by Local Rule 33.1 and make the documents or ESI referred to available for inspection and copying within fourteen (14 days after service for answers to these interrogatories as required by Local Rule 33.1(d)

## INTERROGATORIES AND REQUEST FOR PRODUCTION

### Interrogatories

### Defendant David Smart

1. Identify your job title and description, as well as the starting and termination date for your employment at the Brooklyn South Traffic Violations Bureau (TVB) as located at 2875 West 8th Street Brooklyn NY.

2. Are you still currently working at the Brooklyn South TVB located at 2875 West 8th Street Brooklyn NY.

3. Who is your current employer while you are currently working at the Brooklyn South TVB.

4. Are you currently working at the Brooklyn South.

5. Who told you to approach me, plaintiff Mario H. Capogrosso, on the morning of May 11, 2105 and create the incident which resulted in my removal from the Brooklyn TVB.

6. Did defendant Alan Gelbstein, defendant Ida Traschen, defendant Danielle Calvo and/or Bushra Vahdat tell you to approach me on the morning of May 11, 2015 and create the incident which resulted in my removal form the Brooklyn TVB.

7. If the answer to any part of question 6 above is yes, which of the person or persons identified in question 6 told you to approach me, plaintiff Mario H. Capogrosso, on the morning on May 11, 2015 and when did such person or persons have such conversation with you.

8. What is your email address and telephone number so I may hold your remote electronic oral deposition via a Zoom deposition.

3

**Request for Production**

1. Produce all documents relating to any disciplinary action taken against you relating to your employment, whether it be by and employer, the Department of Motor Vehicles or any administrative law judge while you were or as currently working at the Brooklyn South TVB from your initial date of employment to the present time.

Dated: August 25, 2020
New Rochelle, NY

Submitted,

Mario H. Capogrosso
21 Sheldrake Place
New Rochelle, NY 10804
(914) 806-3692

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

MARIO H. CAPOGROSSO,

              Plaintiff

   -against-

                               **AFFIRMATION**
                               **OF SERVICE**

                               **Case No. CV-18-2710**

ALAN GELBSTEIN, in his official and individual capacity;
IDA TRASCHEN, in her official and individual capacity;
DANIELLE CALVO, in her official and individual capacity;
SADIQ TAHIR, in his individual capacity;
PEC GROUP OF NY, INC.;
DAVID SMART, in his individual capacity;
JOHN AND JANE DOE, and
DMV COMMISSIONER MARK SCHROEDER, in his official capacity

              Defendants

_____

       I, Mario H. Capogrosso, declare under penalty of perjury that I have served a copy of the

attached Plaintiff's Interrogatories and Request for Production upon:

David Smart
2875 West 8h Street
Brooklyn, NY 11224

1

via U.S. Postal Service First Class Mail, this 25th day of August, 2020.

New Rochelle, NY
August 25, 2020

Mario H. Capogrosso
21 Sheldrake Place
New Rochelle, NY 10804
(914) 806-3692

# EXHIBIT B

MR. DAVID SMART
2875 W. 8 th ST.
BROOKLYN, NY 11224

AUGUST 10, 2020

MR. MARIO CAPOGROSSO
21 SHELDRAKE PLACE
NEW ROCHELLE, NY 10804

Dear Sir:

CASE # 18 CIV 2710 (MKB) (LB)

Please Note that
We Still IN COURT
Do Not Send Me
Notes any more, Please
/ MR. DAVID SMART

MR. DAVID SMART
2875 WEST 8 St.
BROOKLYN, NY 11224

MR. MARIO H. CAPOGROSO,
21 SHELDRAKE PLACE
NEW ROCHELLE, NY 10804

Dear MR. M.H. CAPOGROSO,
Your letter of August
25, 2020 — received.
For your information
Contact FEC for
your answer.

Sincerely,

MR. DAVID SMART

MR. DAVID SMART
2875 WEST 8th ST.
BROOKLYN, NY 11224
SEPT. 5, 2020

MR. MARIO CAPOGROSSO.
21 SHELDRAKE PLACE
NEW ROCHELLE, NY 10804

Dear S.,
        Responding to your letter
dated sept. 2, 2020.
        Please contact the CITY BAR
JUSTICE Center at the US District
Court EDNY, At 225 Cadman
Plaza EAST, BROOKLYN, NY 11201
        Please contact them for dates
to meet.
        Thanks.


        Sincerely,
        MR. DAVID SMART

# EXHIBIT C

## DISCOVERY: INTRODUCTION & INITIAL DISCLOSURES

### Introduction to Discovery

Discovery is the process of collecting the evidence necessary to support a claim or defense. During discovery, you may uncover relevant facts and identify documents and witnesses whose testimony can establish those facts. You may obtain evidence from the other parties to the litigation (the plaintiff and defendant), non-parties, and public records.

The discovery process is designed to go forward between the parties, with minimal involvement by the Judge. Only if the parties have disputes or disagreement about the proper scope of discovery and cannot resolve the problems themselves, will the dispute be raised before the Judge.

Federal Rule of Civil Procedure 5 and Local Civil Rule 5.1 provide that discovery requests and responses should not be filed with the Court unless directed to do so by the Judge. Therefore, discovery requests, responses, and produced documents should be sent only to the parties to the case, and not to the *Pro Se* Office for filing.

As with all papers in your case, you should keep copies of all discovery materials that you serve on other parties and that you receive from the other parties.

### Mandatory Initial Disclosures  (Rule 26(a)(1))

At the very beginning of the lawsuit, unless the case is in a category that is excluded, each party must automatically provide certain information and documents to all other parties, without the need for a request. This is referred to as "initial disclosures."

Rule 26(a)(1)(B) excludes nine categories of lawsuits from initial disclosures. In general, cases filed *pro se* by prisoners and Social Security appeals are excluded from initial disclosures. In

# EXHIBIT D

KOMITEE, J.

AO 88  (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

~~BLOOM, M.J.~~

# UNITED STATES DISTRICT COURT
## for the

| | |
|---|---|
| Plaintiff | ) |
| v. | ) |
| Defendant | ) |

)
)
)

Civil Action No. CV 18 - 2710

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To:

_____
(Name of person to whom this subpoena is directed)

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: | Courtroom No.: |
|---|---|
| | Date and Time: |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: NOV 2 0 2020

**DOUGLAS C. PALMER**
*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No.

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____   on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____ 0.00 ____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT E

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

|  |  |
|---|---|
| _____<br>*Plaintiff*<br>v.<br>_____<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>) |

Civil Action No. _____

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

❒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | Date and Time: |
|---|---|
|  |  |

The deposition will be recorded by this method: _____

❒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **DEC 2 3 2020** DOUGLAS C. PALMER

        *CLERK OF COURT*

                                      OR

  _____                _____

      *Signature of Clerk or Deputy Clerk*                     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____ 

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

### (c) Place of Compliance.

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

### (d) Protecting a Person Subject to a Subpoena; Enforcement.

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

### (e) Duties in Responding to a Subpoena.

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

### (g) Contempt.

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MARIO H. CAPOGROSSO,

          Plaintiff

-against-

                                **AFFIRMATION
                                OF SERVICE**

                                **Case No. CV-18-2710**

ALAN GELBSTEIN, et al

          Defendants

I, Mario H. Capogrosso, declare under penalty of perjury that I have served a copy of the

attached Plaintiff's Letter seeking review and reversal of Court order (Dkt.#148) upon:

James Thompson, Esq.
Assistant Attorney General
28 Liberty Street
New York, NY 10005

Sadiq Tahir
2994 Coney Island Avenue
Brooklyn, NY 11235

Pec Group of NY
935 S. Lake Blvd. #7
Mahopac, NY 10541

David Smart
2875 West 8th Street
Brooklyn, NY 11224

via U.S. Postal Service First Class Mail, this 13th day of January 2021.


New Rochelle, NY
January 13, 2021

Mario H. Capogrosso
21 Sheldrake Place
New Rochelle, NY 10804
(914) 806-3692

FILED

'21 JAN 13  AM 6:28

CLERK
U.S. DISTRICT COURT
E D N Y
BROOKLYN OFFICE

TO: PRO SE OFFICE

RE: CAPOGROSSO v. GELBSTEIN, et. el.
    18-cv-2710