

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-6556

January 13, 2021

**Via ECF**

The Honorable Eric R. Komitee, United States District Judge
United States District Court for the Eastern District of New York
Theodore Roosevelt United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    Capogrosso v. Gelbstein, et al., No. 18 Civ. 2710 (EK) (LB)

Dear Judge Komitee,

    This Office represents Defendants Alan Gelbstein, Ida Traschen, and Danielle Calvo, in their individual capacities, and New York State Department of Motor Vehicles ("DMV") Commissioner Mark Schroeder, in his official capacity (collectively, the "State Defendants"), in the above-referenced matter. I write in response to the *pro se* attorney Plaintiff's letter-motion, Dkt. No. 152, in which he seeks various additional items of discovery weeks after the December 22, 2020 close of the discovery period, and after the State Defendants have already submitted their summary judgment pre-motion letter, Dkt. No. 151, as called for in Magistrate Judge Bloom's December 2, 2020 Order. Although the State Defendants' position is already before the Court from their prior letter in opposition, Dkt. No. 150, I write to address certain points raised in the Plaintiff's new motion.

    A motion for reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Lo Curto v. United States, No. 10 Civ. 4589, 2017 WL 980296, at *1 (E.D.N.Y. Mar. 10, 2017). Reconsideration is justified only if there is "an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Id. "A motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

    This standard applies to the self-representing attorney Plaintiff as much as it would to any other litigant; although the Plaintiff emphasizes his *pro se* status and seeks additional consideration because of it, under the settled law of the Second Circuit he is not *pro se* in any meaningful sense. The Plaintiff is an attorney licensed in New York and Connecticut, and therefore "is not entitled to the special solicitude and latitude courts traditionally afford to *pro se*

litigants." Anthes v. Nelson, 763 F. App'x 57, 60 n.2 (2d Cir. 2019) (summary order); see Tracy v. Freshwater, 623 F.3d 90, 102 (2d Cir. 2010) ("[A] lawyer representing himself ordinarily receives no such solicitation at all."). The Court should not hold his request to any lower standard than it would apply to retained counsel.

The Plaintiff's Subpoena Request Is Improper

For the reasons laid out in the State Defendants' prior opposition letter, Dkt. No. 150, the Court should not permit the Plaintiff to serve belated subpoenas on the two DMV employees he seeks to depose: Marisol Cervoni and "Cindy (last name unknown)."[1] Dkt. No. 152 at 2. First, the subpoenas would be untimely: Rule 45 requires that any subpoenas be served a "reasonable time" before the end of discovery, which the Plaintiff did not do. See Wood v. Mutual Redevelopment Houses, Inc., No. 14 Civ. 7535, 2019 WL 6174369, at *9 (S.D.N.Y. Nov. 19, 2019) (collecting cases rejecting untimely subpoenas).

Second, the subpoenas would be improper because the only reason for the delay is the Plaintiff's own lack of diligence: the Plaintiff could have served the subpoenas at any point in the year-long discovery period, and DMV had even taken steps to make the process easier for him, informing him all the way back on March 6, 2020 that the agency would accept service of a subpoena on Ms. Cervoni and telling him how to serve it. See Attorney Correspondence, Dkt. No. 150 Ex. A. The Court should not belatedly reopen discovery to provide the attorney Plaintiff with discovery that he chose not to pursue. See Wood, 2019 WL 6174369 at *9 ("It is within the court's discretion to decline to enforce a subpoena after the close of fact discovery when it is clear that the party issuing the subpoena could have sought enforcement before the discovery deadline."); Agapito v. AHDS Bagel, LLC, No. 16 Civ. 8170, 2018 WL 3216119, at *2 (S.D.N.Y. May 17, 2018) (party seeking to modify discovery schedule must "demonstrate[e] that it could not reasonably meet its deadline despite diligent efforts").

Third, permitting the subpoenas at this late date would unfairly derail the post-discovery process and prejudice the State Defendants, who have already been required to advance their arguments for summary judgment in their recently-filed pre-motion letter, Dkt. No. 151. "To allow a party to continue with formal discovery after the discovery deadline unnecessarily lengthens the discovery process, and diverts the parties' attention, from the post-discovery aspects of preparing a case for trial." Pasternak v. Dow Kim, No. 10 Civ. 5045, 2013 WL 1729564, at *1 (S.D.N.Y. Apr. 22, 2013). The State Defendants accordingly request that the Court deny the branch of the Plaintiff's motion for reconsideration seeking post-discovery subpoenas on DMV employees.

The State Defendants Must Be Included In Any Discovery Between The Attorney Plaintiff And Defendant Smart

The State Defendants take no position on the attorney Plaintiff's request to compel Defendant Smart to answer interrogatories and appear at a deposition. However, we note that the discovery instruments and correspondence between the Plaintiff and Mr. Smart that are attached

---

[1] The State Defendants are not aware of "Cindy's" identity.

to his application were never served on the State Defendants, and ask that all parties be included in any further discovery-related correspondence. See, e.g., Dkt. No. 152 at 6, 10, 16 (showing that the discovery instruments were served on Mr. Smart, but not the State Defendants). Accordingly, if that portion of the motion for reconsideration were to be granted, we respectfully request that the Order issued by the Court include a requirement that the State Defendants receive a copy of any interrogatories and responses, as required by Federal Rule 5(a)(1)(C), and that the State Defendants be given notice and the ability to (virtually) attend any deposition, as provided under Federal Rule 30(b)(1).

Any Further Discovery Should Not Prejudice The Motion For Summary Judgment

   Lastly, in the event that the Court were to reopen discovery for any limited and circumscribed purpose, the State Defendants respectfully request that their motion for summary judgment be due 45 days after the new date for the close of discovery, or on such date as the Court may appoint at a subsequent pre-motion conference. We thank the Court for its time and consideration.

              Respectfully submitted,

              James M. Thompson
              Assistant Attorney General
              james.thompson@ag.ny.gov

Cc: All counsel of record (via ECF)

   Mario Capogrosso (via First-Class Mail)
   21 Sheldrake Place
   New Rochelle, NY 10804

   David Smart (via First-Class Mail)
   2355 Batchelder St.
   Apartment 3E
   Brooklyn, NY 11229

   Sadiq Tahir (via First-Class Mail)
   2994 Coney Island Avenue
   Brooklyn, NY 11235