UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MARIO H. CAPOGROSSO,

                Plaintiff,

  -against-

ALAN GELBSTEIN, *in his individual capacity*, IDA
TRASCHEN, *in her individual capacity*, DANIELLE
CALVO*, in her individual capacity*, SADIQ TAHIR,
*in his individual capacity*, PEC GROUP
OF NY, INC., DAVID SMART, and DMV
COMMISSIONER MARK SCHROEDER,
*in his official capacity*,

                Defendants.
-----------------------------------------------------------------X

**ORDER
18 CV 2710 (EK)(LB)**

**BLOOM, United States Magistrate Judge:**

      Plaintiff[1] moves the Court to compel discovery. Specifically, plaintiff seeks a Court Order that defendant Smart answer his interrogatories and "produce an email and requisite laptop" so that plaintiff can conduct Smart's deposition, that defendant Smart be ordered to appear at a deposition, that the State's Attorney produce two clerks he wishes to depose, and that the discovery deadline be extended by 30 days. ECF No. 149. The State defendants oppose plaintiff's requests to conduct additional depositions and to extend discovery. For the reasons set forth below, plaintiff's requests are granted in part and denied in part.

      The deadline for the parties to complete all discovery in this case was December 22, 2020. ECF No. 145. Plaintiff's letter requesting a subpoena is dated December 21, 2020, literally the eve of the deadline to complete all discovery. Subpoena practice is governed by Federal Rule of Civil Procedure 45 which provides in relevant part that an attorney may issue and sign a subpoena or the clerk must issue a subpoena to a party who requests it. Fed. R. Civ. P. 45(a)(3).

---

[1] Mr. Capogrosso is an attorney who is proceeding *pro se*.

A deposition subpoena must be served before the discovery deadline. See Juliao v. Charles Rutenberg Realty, Inc., No. 14 Civ. 808, 2018 WL 5020167, at *5 (E.D.N.Y. July 23, 2018) (quashing subpoena and noting that "[w]hile Rule 45 does not define 'reasonable time [to provide advance notice of a deposition subpoena], many courts have found fourteen days from the date of service as presumptively unreasonable.") In this case, the parties have had well over a year to conduct discovery. See ECF No. 82. Plaintiff could have requested and served a subpoena at any time during the discovery period, but instead waited until the deadline to do so. Further, the Court's December 22, 2020 Order stated that its consideration of plaintiff's interrogatories would be "the one exception to the parties' deadline to complete all discovery by December 22, 2020." See ECF No. 148. Therefore, the Court denies plaintiff's request to depose the two clerks and to extend the discovery deadline. The Court has already denied plaintiff's motion to compel defendant Smart to provide plaintiff with an email address or phone number to conduct his deposition remotely.[2] ECF Nos. 147-148. The Court declines to revisit this issue.

Plaintiff maintains that he served interrogatories on defendant Smart before the discovery deadline, however defendant Smart never responded. Plaintiff has now sent the Court a copy of the interrogatories dated August 25, 2020. ECF No. 149-1. The Court has reviewed the interrogatories. Defendant Smart shall, to the best of his ability, respond in writing to plaintiff's

---

[2] The Court declined to compel defendant Smart, who is also proceeding *pro se* in this matter, to appear for a deposition, or to provide his email address or phone number to plaintiff. There is bad blood between Capogrosso and Smart. Requiring these two pro se parties to do anything together is not in the interest of justice. Defendant Smart was employed by a private company which supplied security guards at the Department of Motor Vehicles from which plaintiff was banned. Plaintiff and defendant Smart got into a confrontation which led to plaintiff being removed from the DMV. That confrontation is what plaintiff claims caused his ban from the DMV office. Assuming this is true, plaintiff fails to demonstrate that defendant Smart acted under color of state law in connection with his alleged role in this lawsuit. The lack of state action was not properly raised by Smart in his motion to dismiss. Although he is named as a defendant, the Court finds Smart's responses to plaintiff's written interrogatories will be sufficient and declines to compel Smart to appear for a deposition under these circumstances.

interrogatories No. 1-7[3] by February 12, 2021. Fed. R. Civ. P. 33(b)(2).[4] Discovery in this matter is otherwise closed.

Plaintiff's deadline to respond to the State defendant's pre-motion conference request, ECF No. 151, pursuant to Judge Komittee's individual rules, is extended. Plaintiff shall respond to the State defendant's pre-motion conference request by February 19, 2021. Defendants' counsel shall communicate this order to plaintiff and to defendant Smart by all available means. SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: January 13, 2021
       Brooklyn, New York

---

[3] Defendant Smart need not respond to interrogatory No. 8, which requests his email address and telephone number, as discussed above.

[4] Defendant Smart may contact The Federal Pro Se Legal Assistance Project, a free, limited-scope legal clinic operated by the City Bar Justice Center of the New York City Bar Association to seek assistance in responding to the interrogatories. A copy of the City Bar Justice Center's flyer is included with this Order.