Case 1:18-cv-02710-EK-LB Document 155 Filed 01/15/21 Page 1 of 6 PageID #: 1885

Hon. Eric R. Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

United States Magistrate Judge Bloom
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

January 14, 2021

Re: Capogrosso v. Gelbstein et al, No. 18-cv-2710, Letter in response to State defendants' pre motion conference request.

Judge Komitee:

I oppose State defendants Alan Gelbstein, Ida Traschen, Danielle Calvo, and Commissioner Mark Schroeder's motion for summary judgment.

My initial Complaint is not without merit. Many claims have survived and have not been dismissed. J. Brodie in her Memorandum and Order, (Dkt. 71, page 32-33) has denied the (defendants) motion to dismiss for lack of standing. The Court also denied the motion to dismiss Plaintiff's First Amendment retaliation claim and claim for prospective injunctive relief against Gelbstein, Calvo and Traschen. The Court denied without prejudice the motion to dismiss on qualified immunity grounds.

Each of the individual defendants are not protected by absolute judicial or quasi-judicial immunity. Qualified immunity protects officers from suit so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. "*Berg v Kelly*, 897 F. 3d 99, 109 (2d Cir. 2018) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)); *Garcia v Does*, 779 F. 3d 84, 92 (2d Cir. 2015). "Qualified immunity protects public officials from liability for civil damages when one of two conditions is satisfied: (a) the defendant's action did not violate clearly established law, or b) it was objectively reasonably to believe that his action did not violate such law." (quoting *Russo v. City of Bridgeport*, 479 F. 3d 196, 211 (2d. Cir 2007) J. Brodie has ruled with respect to this issue, "the Court cannot determine based on the Complaint that the State defendants did not violate clearly established law which a reasonable person would have known, the Court denies without prejudice the motion to dismiss on qualified immunity grounds." (Dkt. 71, page 31).

With respect to causation, J. Brodie has ruled that the Court cannot conclude that Plaintiff's injury "is so completely due to [his] own…own fault so as to break the causal chain." *St. Pierre*, 208 F. 3d at 402. According, the Court denies the State defendants'

1

motion to dismiss for lack of standing. (Dkt. 71, page S 13-14). Further, the law is clear "Direct evidence of retaliation may consist of 'conduct or statements by persons involved in the decision making process that may be viewed as directly reflecting the alleged retaliatory attitude." *McAvey v Orange-Ulster BOCES*, 805 F. Supp 2d 30, 40 (S.D.N.Y. 2011) (alteration in original) (citation omitted) (quoting Lightfoot v. Union Carbide Corp., 110 F. 3d 898, 913 (2d Cir. 1997). At their deposition defendants Gelbstein. Traschen and Calvo's retaliatory attitude was made readily apparent. Defendants Gelbstein and Traschen admitted being in possession of my letter of complaint dated March 20, 2015 in which I sought relief from the harassment of defendant Smart and stated that defendant Gelbstein was "incapable, incompetent and complicit." All defendants Gelbstein, Traschen and Calvo admitted at their deposition that they neither witnessed the alleged incident between myself and defendant Smart or ever viewed or preserved the videotape of the alleged incident. Not only did all three of these defendants act callously and indifferently such conduct manifests the requisite retaliatory attitude.

With respect to allegations of my misconduct, all such allegations are unfounded and unproven. At their deposition, all three defendants Gelbstein, Traschen and Calvo were questioned as to what constituted the exact statement or acts of wrongful conduct. I questioned them concerning the acts and statements made, when and where and with whom they occurred. No reply could be given. There is an obvious dispute to these material facts – with such dispute to be resolved by a jury. I practiced law at the Brooklyn South TVB for 10 years and not one grievance with the Grievance Committee for the State of New York was ever filed against me for this alleged misconduct, not one letter of complaint was ever filed by a motorist or client that indicates that I made a racial or anti-Semitic remark, or one letter was ever written and sent to my office by the defendants, stating the alleged acts or statements of misconduct, to which I could formally address. I have responded to all allegations in my Declaration in Opposition to State Defendants' Motion to Dismiss, (Dkt. #40 dated October 2, 2018).

My claim for injunctive relief is not unfounded. I am suing defendants Gelbstein, Traschen and Calvo in their individual as well as official capacities so that the express terms of 42 U.S.C. 1983 are not applicable. Further J. Brodie has already ruled on this matter, "Because the Court finds that Plaintiff has plausibly alleged that Gelbstein, Calvo, and Traschen violated his First Amendment rights when they banned him from the TVB courts, and the bar remains in place indefinitely, Plaintiff has alleged an ongoing violation of federal law and Plaintiff's claim for injunctive relief is proper under *Ex Parte Young*." (Dkt. #71, page 29)

With respect to my claim for damages, there was no scuffle with defendant Smart. There was a police report filed. Defendant Smart approached me on the morning of May 11, 2015 after crossing two security barriers. This defendant got within two inches of my face. ducked his head, obscured his hand in a fighting stance. I put my hand up in an open palm position and told him to back up back up. There was no scuffle. I did not initiate this incident. In fact, my letter of complaint dated March 20, 2015 indicates that I am asking for relief from such harassment. At their deposition defendant Gelbstein and Traschen admitted they were in possession and knowledgeable of it this letter, prior to May 11,

2

2015. The animus and retaliatory attitude of all defendants Gelbstein, Traschen, and Calvo is evident. All three defendants admitted at their deposition that they did not view the alleged incident between myself and defendant Smart, they did not view the videotape taken by the Brooklyn South TVB security cameras of the alleged incident, though they were all capable of doing so, and they did not preserve the videotape.

I oppose any motion for summary judgment and welcome my day in your Court to confront and defend my name and reputation as an attorney in the Brooklyn community.

Last, though I have responded in a timely manner, I make known to this Court that I only received State's Attorney's Thompson's letter with respect to his request for a pre motion conference on January 14, 2021.

Respectfully truthfully stated and submitted,

*M-H. C*

Mario H. Capogrosso

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MARIO H. CAPOGROSSO,

                Plaintiff

    -against-

                                       **AFFIRMATION**
                                       **OF SERVICE**

                                       **Case No. CV-18-2710**

ALAN GELBSTEIN, et al

                Defendants

---

       I, Mario H. Capogrosso, declare under penalty of perjury that I have served a copy of the attached Plaintiff's Letter in response to State defendants' pre motion conference request upon:

James Thompson, Esq.
Assistant Attorney General
28 Liberty Street
New York, NY 10005

Sadiq Tahir
2994 Coney Island Avenue
Brooklyn, NY 11235

Pec Group of NY
935 S. Lake Blvd. #7
Mahopac, NY 10541

David Smart
2875 West 8th Street
Brooklyn, NY 11224

via U.S. Postal Service First Class Mail, this 15th day of January 2021.

New Rochelle, NY
January 15, 2021

Mario H. Capogrosso
21 Sheldrake Place
New Rochelle, NY 10804
(914) 806-3692

2021 JAN 15  AM 7:01

CLERK
U.S. DISTRICT COURT
E.D.N.Y.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 15 2020 ★
BROOKLYN OFFICE

RECEIVED
JAN 15 2021
PRO SE OFFICE

TO: PRO SE OFFICE

RE: CAPOGROSSO V. GELBSTEIN, et.c.)

18-cv-2710