UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MARIO H. CAPOGROSSO,

                Plaintiff,

    -against-

ALAN GELBSTEIN, *in his individual capacity*, IDA
TRASCHEN, *in her individual capacity*, DANIELLE
CALVO, *in her individual capacity*, SADIQ TAHIR,
*in his individual capacity*, PEC GROUP
OF NY, INC., DAVID SMART, and DMV
COMMISSIONER MARK SCHROEDER,
*in his official capacity,*

                Defendants.
-----------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 03 2021 ★
Return Mail Date
BROOKLYN OFFICE

ORDER
18 CV 2710 (EK)(LB)

**BLOOM, United States Magistrate Judge:**

Plaintiff[1] moves the Court to compel discovery. Specifically, plaintiff seeks a Court Order that defendant Smart answer his interrogatories and "produce an email and requisite laptop" so that plaintiff can conduct Smart's deposition, that defendant Smart be ordered to appear at a deposition, that the State's Attorney produce two clerks he wishes to depose, and that the discovery deadline be extended by 30 days. ECF No. 149. The State defendants oppose plaintiff's requests to conduct additional depositions and to extend discovery. For the reasons set forth below, plaintiff's requests are granted in part and denied in part.

The deadline for the parties to complete all discovery in this case was December 22, 2020. ECF No. 145. Plaintiff's letter requesting a subpoena is dated December 21, 2020, literally the eve of the deadline to complete all discovery. Subpoena practice is governed by <u>Federal Rule of Civil Procedure 45</u> which provides in relevant part that an attorney may issue and sign a subpoena or the clerk must issue a subpoena to a party who requests it. <u>Fed. R. Civ. P. 45(a)(3)</u>.

---

[1] Mr. Capogrosso is an attorney who is proceeding *pro se*.

A deposition subpoena must be served before the discovery deadline. See Juliao v. Charles Rutenberg Realty, Inc., No. 14 Civ. 808, 2018 WL 5020167, at *5 (E.D.N.Y. July 23, 2018) (quashing subpoena and noting that "[w]hile Rule 45 does not define 'reasonable time [to provide advance notice of a deposition subpoena], many courts have found fourteen days from the date of service as presumptively unreasonable.") In this case, the parties have had well over a year to conduct discovery. See ECF No. 82. Plaintiff could have requested and served a subpoena at any time during the discovery period, but instead waited until the deadline to do so. Further, the Court's December 22, 2020 Order stated that its consideration of plaintiff's interrogatories would be "the one exception to the parties' deadline to complete all discovery by December 22, 2020." See ECF No. 148. Therefore, the Court denies plaintiff's request to depose the two clerks and to extend the discovery deadline. The Court has already denied plaintiff's motion to compel defendant Smart to provide plaintiff with an email address or phone number to conduct his deposition remotely.[2] ECF Nos. 147-148. The Court declines to revisit this issue.

Plaintiff maintains that he served interrogatories on defendant Smart before the discovery deadline, however defendant Smart never responded. Plaintiff has now sent the Court a copy of the interrogatories dated August 25, 2020. ECF No. 149-1. The Court has reviewed the interrogatories. Defendant Smart shall, to the best of his ability, respond in writing to plaintiff's

---

[2] The Court declined to compel defendant Smart, who is also proceeding *pro se* in this matter, to appear for a deposition, or to provide his email address or phone number to plaintiff. There is bad blood between Capogrosso and Smart. Requiring these two pro se parties to do anything together is not in the interest of justice. Defendant Smart was employed by a private company which supplied security guards at the Department of Motor Vehicles from which plaintiff was banned. Plaintiff and defendant Smart got into a confrontation which led to plaintiff being removed from the DMV. That confrontation is what plaintiff claims caused his ban from the DMV office. Assuming this is true, plaintiff fails to demonstrate that defendant Smart acted under color of state law in connection with his alleged role in this lawsuit. The lack of state action was not properly raised by Smart in his motion to dismiss. Although he is named as a defendant, the Court finds Smart's responses to plaintiff's written interrogatories will be sufficient and declines to compel Smart to appear for a deposition under these circumstances.

interrogatories No. 1-7[3] by February 12, 2021. <u>Fed. R. Civ. P. 33(b)(2)</u>.[4] Discovery in this matter is otherwise closed.

Plaintiff's deadline to respond to the State defendant's pre-motion conference request, ECF No. 151, pursuant to Judge Komittee's individual rules, is extended. Plaintiff shall respond to the State defendant's pre-motion conference request by February 19, 2021. Defendants' counsel shall communicate this order to plaintiff and to defendant Smart by all available means. SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: January 13, 2021
      Brooklyn, New York

---

[3] Defendant Smart need not respond to interrogatory No. 8, which requests his email address and telephone number, as discussed above.

[4] Defendant Smart may contact The Federal Pro Se Legal Assistance Project, a free, limited-scope legal clinic operated by the City Bar Justice Center of the New York City Bar Association to seek assistance in responding to the interrogatories. A copy of the City Bar Justice Center's flyer is included with this Order.

3

# Federal Pro Se Legal Assistance Project

The Federal Pro Se Legal Assistance Project is a free service offered by the City Bar Justice Center of the New York City Bar Association.

## Who We Help:
- Pro se plaintiffs and defendants with cases in the U.S. District Court for the Eastern District of New York (Brooklyn).
- Individuals thinking about filing a federal case pro se in the E.D.N.Y.
- *We cannot assist incarcerated litigants but can provide referrals.*

## Services We Provide:
- Limited-scope legal assistance by an attorney. "Limited-scope" assistance means that the Project attorney cannot take your case for full representation. After you meet with us, you will still act as your own lawyer on your case.
- Explaining federal court procedures and rules.
- Advising you about potential federal claims before you file a lawsuit.
- Reviewing your draft court papers.
- Giving referrals to legal, governmental and social services.

## How to Get Free Legal Help:
- Call (212) 382-4729 or email citaya@nycbar.org to schedule an appointment with an attorney.
- Office hours are Monday through Thursday, 9:30 am until 4:30 pm.
- **During the COVID-19 health crisis, we are conducting remote, telephone appointments.**



Cat Itaya, Esq., *Project Director*
Federal Pro Se Legal Assistance Project
c/o U.S. District Court, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, NY 11201
(212) 382-4729
www.citybarjusticecenter.org

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MARIO H. CAPOGROSSO,

                Plaintiff,

-against-

ALAN GELBSTEIN, *in his individual capacity*, IDA
TRASCHEN, *in her individual capacity*, DANIELLE
CALVO, *in her individual capacity*, SADIQ TAHIR,
*in his individual capacity*, PEC GROUP
OF NY, INC., DAVID SMART, and DMV
COMMISSIONER MARK SCHROEDER,
*in his official capacity*,

                Defendants.
------------------------------------------------------------------X

                              ORDER
                        18 CV 2710 (EK)(LB)

**BLOOM, United States Magistrate Judge:**

On December 10, 2020, plaintiff requested a Court Order that defendant Commissioner Schroeder be produced for a deposition.[1] ECF No. 147. Defendants request a protective order, pursuant to Federal Rule of Civil Procedure 26(c), prohibiting plaintiff's deposition of Commissioner Schroeder. ECF No. 146. For the reasons set forth below, defendants' motion for a protective order is granted.

"[T]o depose a high-ranking government official, a party must demonstrate exceptional circumstances justifying the deposition." Lederman v. N.Y. City Dep't of Parks & Rec., 731 F.3d 199, 203 (2d Cir. 2013). "The Second Circuit has found that exceptional circumstances exist if 'the official has unique first-hand knowledge related to the litigated claims or that the necessary information cannot be obtained through other, less burdensome or intrusive means.'"

---

[1] The Court notes that although plaintiff proceeds *pro se*, he is an attorney.

Boggs v. Town of Riverhead, No. 17 Civ. 5411, 2020 WL 1929076, at *3 (E.D.N.Y. Apr. 20, 2020) (quoting Lederman, 731 F.3d at 203).

"The Supreme Court has stated that 'official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent.' In an official capacity suit, 'the real party in interest . . . is the governmental entity and not the named official.'" Tanvir v. Tanzin, 894 F.3d 449, 458-59 (2d Cir. 2018) (quoting Hafer v. Melo, 502 U.S. 21, 25 (1991)).

Here, Commissioner Schroeder was only added to the case as a Rule 25(d) substitute for plaintiff's official-capacity claims against Defendants Gelbstein, Traschen, and Calvo, each of whom has left his or her former positions at the DMV since this lawsuit was filed and accordingly, no longer have any "official capacity" in which to be sued. Additionally, the Court finds that Commissioner Schroeder cannot have "unique first-hand knowledge" as he was appointed to his position in January of 2019, approximately four years after the events that give rise to plaintiff's case. Accordingly, as Commissioner Schroeder is a high-ranking state official who is only a party to this lawsuit in his official capacity, defendants' request for a protective order is granted.

In his December 10, 2020 letter to the Court, plaintiff also requests that defendant Smart be ordered to respond to his interrogatories dated August 25, 2020 and that defendant Smart provide plaintiff with an email address or phone number to conduct his deposition remotely. Defendant Smart is proceeding in this matter *pro se*. Defendant Smart was employed by a private security company which supplied guards at the Department of Motor Vehicles. Plaintiff and defendant Smart got into a physical confrontation which led to plaintiff being removed from the DMV. Although plaintiff states that he served interrogatories on defendant Smart, he has not

2

provided them to the Court. Therefore, the Court cannot rule on plaintiff's request to compel defendant Smart to respond. Whereas plaintiff is permitted to pursue discovery, the Court will not compel defendant Smart to provide his email address or phone number to plaintiff. Plaintiff may provide the interrogatories that are outstanding to the Court for the Court to consider them. This will be the one exception to the parties' deadline to complete all discovery by December 22, 2020. Defendants' counsel shall communicate this order to plaintiff by all available means.

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: December 16, 2020
       Brooklyn, New York

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MARIO H. CAPOGROSSO,

                Plaintiff,

  -against-

ALAN GELBSTEIN, *in his individual capacity*, IDA TRASCHEN, *in her individual capacity*, DANIELLE CALVO, *in her individual capacity*, SADIQ TAHIR, *in his individual capacity*, PEC GROUP OF NY, INC., DAVID SMART, and DMV COMMISSIONER MARK SCHROEDER, *in his official capacity*,

                Defendants.
------------------------------------------------------------------X

**ORDER**
**18 CV 2710 (EK)(LB)**

**BLOOM, United States Magistrate Judge:**

    Defendants, with plaintiff's consent, request a second extension of the deadline for the parties to complete all discovery. ECF No. 142. The request is granted. The parties shall complete all discovery by December 22, 2020. The parties shall file any pre-motion conference request by January 12, 2021, in accordance with Judge Komitee's Individual Rules.

SO ORDERED.

                                                          /S/
                                         LOIS BLOOM
                                         United States Magistrate Judge

Dated: December 1, 2020
       Brooklyn, New York

<mark>Case 1:18-cv-02710-EK-LB   Document 156   Filed 02/03/21   Page 9 of 9 PageID #: 1899</mark>

CLERK OF U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
225 CADMAN PLAZA EAST
BROOKLYN, NY 11201

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE $300




neopost
01/20/2021
US POSTAGE $000.65⁰
FIRST-CLASS MAIL
ZIP 11201
041M11271726

Sadiq Tahir
2994 Coney Island Avenue
Brooklyn,

NIXIE    100   DE 1        0001/28/21
RETURN TO SENDER
INSUFFICIENT ADDRESS
UNABLE TO FORWARD