

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-6556

February 22, 2021

**Via ECF**

The Honorable Lois Bloom, United States Magistrate Judge
United States District Court for the Eastern District of New York
Theodore Roosevelt United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    <u>Capogrosso v. Gelbstein, et al.</u>, No. 18 Civ. 2710 (EK) (LB)

Dear Judge Bloom,

    This Office represents Defendants Alan Gelbstein, Ida Traschen, and Danielle Calvo, in their individual capacities, and New York State Department of Motor Vehicles ("DMV") Commissioner Mark Schroeder, in his official capacity (collectively, the "State Defendants"), in the above-referenced matter. I write in response to the *pro se* attorney Plaintiff's letter-motion for sanctions against *pro se* defendant David Smart, Dkt. No. 157, in which the Plaintiff argues that Mr. Smart has failed to provide required discovery, but demands that the Court impose an adverse inference not against Mr. Smart, but against the State Defendants instead. Mr. Smart is not a New York State employee, and this Office does not represent him.[1] Accordingly, the State Defendants take no position on the Plaintiff's motion against Mr. Smart, except to the extent that his requested relief targets them.

    The motion is a brazen gambit on the Plaintiff's part to establish "facts" that he has been unable to adduce through the extensive discovery provided by the State Defendants – facts which the State Defendants strongly deny. Specifically, Plaintiff appears to seek by his motion an inference that "defendants Alan Gelbstein, Ida Traschen and Danielle Calvo told defendant

---

[1] Under the Court's January 13, 2021 Order regarding Mr. Smart's interrogatories, our Office was required to "communicate th[e] order to . . . defendant Smart by all available means." Dkt. No. 154 at 3. Accordingly, I sent the Order to Mr. Smart via U.S. Mail, emailed a copy to Cat Itaya of the Federal Pro Se Legal Assistance Project at the City Bar Justice Center, who had previously provided limited-scope legal assistance to Mr. Smart, and informed him of the order in two telephone conversations. During my last telephone conversation with Mr. Smart, at some point in late January or early February, I mentioned his obligation to answer interrogatories and he informed me that his case had been taken on by a *pro bono* lawyer who would be filing an appearance in this action and taking care of the matter. Pursuant to New York Rule of Professional Conduct 4.2, commonly known as the "attorney no-contact rule," I have not spoken with Mr. Smart since that conversation.

David Smart, prior to May 11, 2015, to approach me, plaintiff Mario H. Capogrosso, on the morning of May 11, 2015 and create the incident which resulted in my removal from the Brooklyn TVB." Dkt. No. 157 at 2. The Plaintiff seeks a similar inference regarding Bushra Vahdatlamas, a senior DMV employee who was previously dismissed as a defendant due to lack of personal involvement. See id.; cf. Capogrosso v. Gelbstein, No. 18 Civ. 2710, 2019 WL 6406444, at *7-8, *10 (E.D.N.Y. Jan. 30, 2019) (noting that "plaintiff fail[ed] to plausibly allege" the facts against Ms. Vahdatlamas that he now wants the Court to judicially impose), R&R Adopted, 2019 WL 4686448 (E.D.N.Y. Sept. 25, 2019).

The requested relief would be deeply inappropriate, since Federal Rule 37(b) "expressly requires that the sanctions must be 'just'; and the sanction must relate to the particular claim to which the discovery order was addressed." Seena Int'l, Inc. v. One Step Up, Ltd., No. 15 Civ. 1095, 2016 WL 2865350, at *14 (S.D.N.Y. May 11, 2016) (quoting Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1366 (2d Cir. 1991)). The Plaintiff cannot use a sanctions motion against one defendant to concoct evidence against another.

However the Court resolves the Plaintiff's sanctions motion against Mr. Smart, it cannot allow the Plaintiff to judicially impose "facts" against the State Defendants, who are not party to the motion and have provided all applicable discovery. The State Defendants thank the Court for its time and consideration.

Respectfully submitted,

James M. Thompson
Assistant Attorney General
james.thompson@ag.ny.gov

Cc: All counsel of record (via ECF)

Mario Capogrosso (via First-Class Mail)
21 Sheldrake Place
New Rochelle, NY 10804

David Smart (via First-Class Mail)
2355 Batchelder St.
Apartment 3E
Brooklyn, NY 11229

Sadiq Tahir (via First-Class Mail)
2994 Coney Island Avenue
Brooklyn, NY 11235