New York            Paris
Northern California  Madrid
Washington DC       Hong Kong
São Paulo           Beijing
London              Tokyo

## Davis Polk

**Maura Douglas**

Davis Polk & Wardwell LLP        212 450 3957 tel
450 Lexington Avenue             maura.douglas@davispolk.com
New York, NY 10017

April 6, 2021

VIA ECF
The Honorable Judge Eric R. Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom 6G North
Brooklyn, New York 11201

Re:     *Mario Capogrosso v. Alan Gelbstein et al, No. 1:18-cv-02710-EK-LB*

Dear Judge Komitee:

We represent defendant David Smart for the purpose of moving for summary judgment in the above-captioned action.  We write pursuant to Section III.B of Your Honor's Individual Practices and Rules to request a pre-motion conference and set forth the principal bases of our anticipated motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

## I.        Background and Procedural History

At all times relevant to this action, Mr. Smart was employed by a private security firm, PEC Group of NY, Inc., and was assigned to work as a security guard at the Brooklyn South Traffic Violations Bureau ("TVB") of the New York State Department of Motor Vehicles ("DMV").  (Dkt. 1 ("Compl.") ¶ 28.)  In the course of his work as a private security guard, Mr. Smart regularly encountered Plaintiff Mario Capogrosso, who practiced law at various TVBs.  (Compl. ¶ 3.)  The DMV received numerous complaints regarding Plaintiff's unprofessional behavior, including documented incidents of threats and violent conduct, during the years he practiced at TVBs. (*See, e.g.*, Dkt. 19-1, 19-2, 19-6.)  This behavior culminated in a particular incident on May 11, 2015, when Plaintiff pushed Mr. Smart into a pole. (*See* Dkt. 19-6 at 16; 57-1 at 5-6.)  Several witnesses submitted written statements describing Plaintiff's attack on Mr. Smart. (*See, e.g.*, Dkt. 19-6 at 16, 19, 21)  The police were called and Plaintiff was subsequently barred from representing individuals at any TVB.  (Compl. ¶¶ 11, 15.)

On May 8, 2018, Plaintiff filed this action pursuant to 42 U.S.C. §§ 1983, 1985, 1986, and 1988, alleging that Mr. Smart, as well as various state judges and supervisors (the "State Defendants"), violated his First Amendment and Due Process rights by unlawfully conspiring to ban his entry to

#94379664v7

the Brooklyn South TVB.  (Compl. ¶¶ 76-85.)[1]  Mr. Smart, proceeding pro se, filed his answer on May 30, 2018. (Dkt. 6.)  Discovery was closed on March 18, 2021 (Dkt. 164), and Mr. Smart obtained limited-scope pro bono representation on March 26, 2021. (Dkt. 167, 168.)

## II.        Mr. Smart's Anticipated Arguments for Summary Judgment

Discovery has revealed no genuine dispute as to any material fact and no evidence to support Plaintiff's claims against Mr. Smart.  Instead, all of the evidence unequivocally demonstrates that Mr. Smart was, at all times, a private employee who did not act under color of state law, a required element of a § 1983 claim.  In addition, even if he were a state actor, which he is not, Mr. Smart's actions do not constitute a violation of Plaintiff's First Amendment or Due Process rights.  Mr. Smart anticipates moving for summary judgment on the following grounds.

### A.        Mr. Smart Is Not a State Actor Within the Meaning of Section 1983

Plaintiff's claims against Mr. Smart in this action cannot survive because Mr. Smart was not a state actor.  To assert a § 1983 claim, a plaintiff must demonstrate that the challenged conduct constituted state action by alleging he was injured by either a state actor or a private party acting under color of state law. *See Prowisor v. Bon-Ton, Inc.*, 232 F. App'x 26, 28 (2d Cir. 2007); *Tancredi v. Metro. Life Ins. Co.,* 316 F.3d 308, 312 (2d Cir. 2003).  "Mere conclusory allegations that a private entity engaged in joint action with the state do not satisfy the 'under color of state law' requirement for a § 1983 action."  *Wieder v. City of New York*, 2013 WL 1810751, at *6 (E.D.N.Y. Apr. 29, 2013), *aff'd*, 569 F. App'x 28 (2d Cir. 2014).

There is no dispute that, at all relevant times, Mr. Smart was a private employee of PEC Group of NY, Inc.  (*See* Compl. ¶¶ 7, 28.)  In the Second Circuit, "security guards have only been found to act under color of state law in limited circumstances, such as when a security guard was deputized as a 'special patrolman,' or where the store security guard and police officers acted in tandem." *Orellana v. Macy's Retail Holdings, Inc.*, 2018 WL 3368716, at *18 (S.D.N.Y. July 10, 2018) (internal citations omitted).  Further, "[a] mere general understanding that security guards can call the police for assistance is insufficient to establish state action." *Fletcher v. Wal–Mart Stores, Inc.,* 2006 WL 2521187, at *3 (S.D.N.Y. Aug. 28, 2006); *see also Prowisor*, 232 F. App'x at 28 (private security guard did not act under color of state law where he merely told a police officer he had seen an individual shoplift).  Moreover, privately contracted individuals or entities, like security firms, are not state actors simply "by reason of their significant or even total engagement in performing public contracts." *Rendell-Baker v. Kohn*, 457 U.S. 830, 840–41 (1982); *see Grogan v. Blooming Grove Volunteer Ambulance Corps.*, 768 F.3d 259, 266–67 (2d Cir. 2014) (private ambulance organization contracted by municipality was not a state actor); *cf. Kach v. Hose*, 589 F.3d 626, 648-49 (3d Cir. 2009) (private security guard at public school was not a state actor); *Wade v. Byles*, 83 F.3d 902, 905-06 (7th Cir. 1996) (private security guard in a city housing authority building was not a state actor).

In this case, Mr. Smart was a privately employed security guard who at no point acted under color of state law.  The evidence shows that Plaintiff struck Mr. Smart on the chest, after which police were called.  Plaintiff was forced to leave the premises of the Brooklyn South TVB by those police officers and TVB administrators—not Mr. Smart. (Compl. ¶ 11, 80.)  There is no

---

[1] Although Plaintiff included Mr. Smart in the caption for his due process allegations, he did not identify which, if any, of Mr. Smart's actions constituted a violation of Plaintiff's due process rights.  (*See* Compl. ¶¶ 76-85.)

3                                                         April 6, 2021

evidence that Mr. Smart had any part in the decision to ban Plaintiff from practicing at TVBs, and no evidence that Mr. Smart possessed the authority required to ban Plaintiff from doing so. Simply put, there is no evidence to even suggest that Mr. Smart was acting "in tandem" with or under color of the authority of the state officials who removed and subsequently barred Plaintiff from the Brooklyn South TVB.

### B.       Mr. Smart's Actions Did Not Violate Plaintiff's Constitutional Rights

Even if Mr. Smart acted under color of state law (which he did not), the allegations of his actions, accepted as true, do not constitute violations of Plaintiff's First Amendment or Due Process rights.

First, to establish a First Amendment retaliation claim, "a plaintiff must show: (1) he has a right protected by the First Amendment; (2) the defendant's actions were motivated or substantially caused by [plaintiff's] exercise of that right; and (3) the defendant's actions caused him some injury." *Smith v. Campbell*, 782 F.3d 93, 100 (2d Cir. 2015). Plaintiff can point to no evidence that Mr. Smart took any action that was motivated by Plaintiff's exercise of his First Amendment rights, let alone an action that caused Plaintiff injury. The evidence demonstrates only that Plaintiff struck Mr. Smart in the incident preceding the decision to ban Plaintiff from the TVB—a decision in which Mr. Smart had no role whatsoever. Simply put, there is no evidentiary support to suggest that Mr. Smart's limited role in this incident somehow led to Plaintiff's being barred from practicing at TVBs.

Second, Plaintiff's claim that Mr. Smart violated his due process rights is wholly unsupported. In his complaint, Plaintiff did not identify which, if any, of Mr. Smart's actions constituted a violation of Plaintiff's due process rights, and there is no evidence to support a claim that Mr. Smart deprived Plaintiff of his due process interests. Moreover, as a security guard, Mr. Smart played no role in any decision to ban Plaintiff from practicing at TVBs and no role in the administrative review of Plaintiff's complaints.

Respectfully submitted,

Maura Douglas

Cc: All parties via ECF and Plaintiff via First-Class Mail

#94379664v7