Hon. Eric R. Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

United States Magistrate Judge Bloom
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201



FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 17 2021 ★
BROOKLYN OFFICE

April 16, 2021

Re: Capogrosso v. Gelbstein et al, No. 18-cv-2710 (E.D.N.Y.) Letter in response tp defendant' David Smart's pre motion conference request

Judge Komitee:

Judge Magistrate Bloom:

I oppose defendant David Smart's motion for summary judgment.

I apologize to the Court for my late reply with respect to opposing counsel M. Douglas request for a pre motion conference. I received opposing counsel's pre motion conference request only on April 15, 2021. I ask the Court to take note that attorney Douglas provides no affirmation of service as to the date upon which this letter request was mailed. Her letter, page 3, provides only the following proof of service "Cc: All parties via ECF and Plaintiff First Class-Mail" As this Court is aware, J. Magistrate Bloom has ordered that I need not be subject to electronic service. As such, I submit opposition in compliance with J. Kommittee's Individual Motion Practice and Rules, Rule III B.4 within five days of being served with attorney Douglas' letter of April 6, 2021.

I have been blind sided by this Court in the appointment of an attorney for defendant Smart This Court has repeatedly denied defendant Smart's request for an attorney. At the last hour, after which defendant was not ordered to comply with any of my numerous discovery demands, was he provided an attorney by the Court in an attempt to have my action against him dismissed. If the Court were to appoint counsel for defendant Smart, it should have done so prior to the close of discovery, so I could expose the relevant facts necessary to resolve the issues involved in my Complaint which could have occurred through a proper deposition and response to discovery demands upon defendant Smart. This Court has curtailed this process and so the post discovery appointment of counsel simply to move for summary judgment is inappropriate, my opinion and my position, and has provided the defendant an unfair advantage in this

1

matter. The Court has taken sides in this matter to my detriment and, as such, summary judgment should not be allowed.

The Federal Rules of Civil Procedure are quite clear as to when a motion for summary judgment can be made. "Time to File a Motion, Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of discovery " FRCP Rule 56 (b). Here discovery was ordered closed and a date certain was set by the Court for the filing of any pre-motion conference request. J. Magistrate Bloom orders "The parties shall complete all discovery by December 22, 2020. The parties shall file any pre-motion conference request by January 12, 2021 in accordance with Judge Kommittee's Individual Rules." (Dkt. 145). Attorney Douglas' letter requiring a pre-motion conference is dated April 6, 2021, which is not only 30 days past the deadline set by FRCP 56 (b) but also in violation of the deadline set by J. Magistrate Bloom in her Order (Dkt, 145). Further, J. Magistrate Bloom has issued no Order, subsequent to the aforementioned Order (Dkt. 145) as required by FRCP Rule 56(b) which has changed these deadlines.

Attorney Douglas' incessant mindless repetition in her letter of April 6, 2021 that defendant Smart was not acting under color of state law and not a state actor, (page 2, second par. of her letter of April 6, 2021) without pointing to any factual evidence, is simply mindless incessant repetition. Saying something over and over again as if it were true does not make it true – it is simply mindless and repetitious. I could have exposed many of the facts that would have established defendant Smart as a state actor and acting under color of state law if I was allowed to properly depose defendant Smart, if this Court had appointed attorney Douglas prior to the close of discovery or allowing me to depose defendant Smart, but I was denied such opportunity by this Court. J, Magistrate Bloom writes, "the Court will not compel defendant Smart to provide his email or phone number to plaintiff" (Dkt. 148) by which I may have conducted a proper deposition of defendant Smart.

For Section 1983 to come into play, the person to be sued (the defendant) must have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia ... ." (42 U.S.C.A. § 1983 (2020).

Courts have determined that the "under color of" clause requires that the wrongdoer qualify, at least in some sense, as a representative of the state when depriving the victim civil rights.

The evidence will show that defendant Smart was acting in a representative capacity of the State. I have personal knowledge that, for the ten years that I practiced at the Brooklyn South TVB, I saw no representative of PEC Group of NY INC. ever present at the Brooklyn TVB that directed defendant Smart's actions while working as a security guard at this TVB. I personally observed defendant Smart taking direction as to his daily work assignments from either defendant Danielle Calvo and or defendant Alan Gelbstein.

In the deposition of defendant Smart, taken by J. Magistrate Bloom (Dkt. 163, page 8 of 22, line 22) defendant Smart testifies. "Danielle came to me and said what happened."

In my deposition of defendant Gelbstein on December 17, 2020 (page 14, lines 6-113, I ask defendant Gelbstein the following questions,

Q: "Do you have authority over the actions of Defendant Smart at the Brooklyn TVB"

2

A: "I do"
Q: "You do"
A: "Yes"

In my deposition of defendant Danielle Calvo on December 17, 2020 (page 12, lines 20-25 and page 13) I asked defendant Calvo the following questions,

Q: "Do you have supervisory authority over the actions of Defendant Smart at the Brooklyn TVB"
A: "to some extent we could ask him to do certain things, but he worked for an outside company."
Q: "Who governed his day-to-day activities at the Brooklyn TVB?"
A: "We would tell him what we wanted done as far as opening, closing. Things like that."
Q: "You governed his day to day activities"
Q: "Clerical staff, the clerical supervisors governed his day to day activities is that correct?
A: "To some extent yes"

Even with the limited discovery I have been allowed (I was not allowed to question defendant Smart) there is evidence to show that defendant Smart was directed, supervised and under the direction of State representatives' defendants Calvo and Gelbstein and was thus acting as a representative of such and acting under color of state law.

Further, my Complaint also claims a state pendent action which has not been dismissed by then J Brodie. In my Complaint I state a fifth and separate cause of action against defendant PEC GROUP of NY, INC, for the negligent hiring and training of the individual defendant Smart. As a state pendent claim, the tortious activity of defendant Smart with respect to my ability to practice law at the Brooklyn TVB is well documented in my letter of complaint with the Attorney General's office on March 20, 2015 in which I seek relief from his tortious activity.

Defendant Smart has lied to this Federal Court which is a sanctionable offense. In the police report filed by defendant Smart on May 11, 2015 the police state that no arrest can be made because no punch was thrown. Yet in defendant Smart's deposition conducted by J. Magistrate Bloom he testifies that "He just punched me in the chest"(Dkt. 163, page 7 of 22, lines 22-23). Defendant Smart is lying to this Court and such lies should not be rewarded with granting him any relief which summary judgment affords. I will once again state the truth of what happened on the morning of May 11, 2015. I got to the Brooklyn TVB on the morning of May 11, 2015. I got on line to get my summonses for the day. I turned around and saw defendant Smart behind me pacing back and forth while mumbling and grumbling. I said nothing to defendant Smart. At which point defendant Smart approached me got within 2 inches of my face, ducked his head and obscured his hand in a fighting stance. At which point I put my hand up in an open palm position and told him to "back up back up."

Respectfully truthfully submitted,

Mario H. Capogrosso

3

TO: PRO SE OFFICE

RE: CAPOGROSSO v. GELBSTEIN, et al.

18-CV-2710



FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 17 2021 ★
BROOKLYN OFFICE



RECEIVED
APR 17 2021
PRO SE OFFICE



USMS