

**STATE OF NEW YORK**
**OFFICE OF THE ATTORNEY GENERAL**

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-6556

May 21, 2021

**Via ECF**

The Honorable Lois Bloom, United States Magistrate Judge
United States District Court for the Eastern District of New York
Theodore Roosevelt United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    <u>Capogrosso v. Gelbstein, et al.</u>, No. 18 Civ. 2710 (EK) (LB)

Dear Judge Bloom,

    This Office represents Defendants Alan Gelbstein, Ida Traschen, and Danielle Calvo, in their individual capacities, and New York State Department of Motor Vehicles ("DMV") Commissioner Mark Schroeder, in his official capacity (collectively, the "State Defendants"), in the above-referenced matter. I write to inform the Court of the *pro se* attorney Plaintiff's recent aggressive and unprofessional behavior regarding the State Defendants' motion for summary judgment, Dkt. No. 179 *et seq.*, and to confirm that State Defendants have timely filed and served their motion, in compliance with earlier decisions of this Court.

    The State Defendants filed their motion for summary judgment at 10:19 p.m. on Monday, May 17, 2021, and (after filing each of the supporting papers individually per Judge Komitee's Individual Rules), served copies on the Plaintiff and the attorneys for Defendant Smart in five emails, beginning at 11:35 p.m. and ending at 12:07 a.m.[1] See Email service, Exs. 1-5.

    At 12:18 a.m. on the morning of Tuesday, May 18, 2021 – ten minutes after receiving the summary judgment papers by email – the Plaintiff telephoned me and left a message saying "Yeah, I'm gonna state it again, Mario Capogrosso. I need a hard copy of my motion, hard copy of my motion, alright. . . . I have not consented to electronic service, nor have I given you an email, so give me my f***ing, give me my hard copy of my motion, attorney general! And stop f***ing with me, because otherwise I'll have to file a motion to dismiss, alright? I need a hard

---

[1] The State Defendants did in fact send hard copies of the summary judgment papers, despite not being required to do so, and we informed the Plaintiff of that fact on Monday night. See Ex. 1 ("Our office will also send hard-copy versions of tonight's filings to Mr. Capogrosso and Mr. Tahir."). The papers were mailed on May 19, 2021, the first time after filing that available administrative support staff were physically in the office to print and mail documents.

copy in the mail." The timing of the Plaintiff's expletive-laden rant demonstrates that he received the motion papers, as does the fact that we sent them to two separate email addresses that he has used in this litigation, neither of which bounced back.[2]  Earlier today the Plaintiff left another message disclaiming any email, demanding to know "where this thing is at," and saying "I've never heard of a man who doesn't want to talk to another man." The Plaintiff also called our Office's Constituent Services Bureau and made a complaint.

This is the just the latest in a long line of inappropriate and harassing behavior from the Plaintiff regarding his unilateral demand for hard copy service. See, e.g., Dkt. Nos. 120, 124 & 128. As the Plaintiff well knows, the Court has ruled that the State Defendants may serve documents on him by email. See May 5, 2020 Conference Transcript, Dkt. No. 129 at 17:2-5 ("[State Defendants' counsel] has no requirement to mail you anything, unless he is told, and he did mail that last piece that he was told to mail to you, and that's it. We're done with this."); id. at 32:18-20 ("And Mr. Thompson does have permission to email you, and whether or not you're going to email him back is your decision."); id. at 33:23-34:5 ("I just said – I just said, [State Defendants' counsel] can send you things by email, and you will choose whether or not you are going to respond to him by email, I am moving on.").

Moreover, the Plaintiff repeatedly indicated to the Court that he understood that there was no hard-copy service requirement. See id. at 23:21-23 ("he doesn't have to serve me by physical mail, fine, I'll accept email but I'm not going to correspond with him."); id. at 24:7-9 ("So yes, he can email me whatever he wants to email me, but I'm not going to have an email correspondence with him because he's not going to prejudice my case."); id. at 25:10-11 ("So I will accept email correspondence from this attorney.").

There is no good-faith basis for the Plaintiff's ongoing and escalating aggression regarding his demands for hard-copy service.[3]  And as the State Defendants have repeatedly noted, the Plaintiff's years-long history of aggressive and disrespectful litigation behavior towards other parties, opposing counsel, and the Court are of a piece with the actions that resulted in his ban from practice in DMV's administrative tribunal. See Dkt. No. 121 at 4-5; Dkt. No. 180 at 15-16; see, e.g., Dkt. No. 16 (moving for Magistrate Judge Bloom's recusal barely a month into the case); Dkt. No. 70 (complaining to Chief Judge Irizarry about the ruling on the motion to dismiss); Dkt. Nos. 25, 120, & 157 (moving for sanctions against everyone who has litigated against him). The State Defendants thank the Court for its time and consideration.

---

[2] The Plaintiff has repeatedly used both of the email addresses to which the summary judgment papers were sent, including to serve his own documents. He has sent 40 separate email messages to the State Defendants' counsel from his nry4@aol.com address, and 11 from the capogrossom@aol.com address.

[3] Under the settled law of the Second Circuit, the attorney Plaintiff is not pro se in any meaningful sense, and is expected to comport himself according to the same standards as other member of the bar. See In re Morriseau, 763 F. Supp. 2d 648, 652 (S.D.N.Y. 2011) (attorney's "status as a pro se litigant does not exempt her" from standards of professional conduct); Tracy v. Freshwater, 623 F.3d 90, 102 (2d Cir. 2010) ("a lawyer representing himself ordinarily receives no such solicitude at all").

Respectfully submitted,

James M. Thompson
Assistant Attorney General
james.thompson@ag.ny.gov

Cc: All counsel of record (via ECF)

    Mario Capogrosso (via First-Class Mail)
    21 Sheldrake Place
    New Rochelle, NY 10804

    Sadiq Tahir (via First-Class Mail)
    2994 Coney Island Avenue
    Brooklyn, NY 11235