

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MARIO H. CAPOGROSSO,

        Plaintiff

    -against-

                                 **PLAINTIFF'S AFFIRMATION IN OPPOSITION TO DEFENDANT SMART'S ' MOTION FOR SUMMARY JUDGMENT**

                                 **Case No. CV-18-2710**

ALAN GELBSTEIN, et. al.,

_____

I Mario H. Capogrosso, affirm under penalty of perjury that:

1.  I, Mario H. Capogrosso, I am attorney duly licensed in the States of New York and Connecticut, I am the plaintiff in the above entitled action and submit this affirmation in opposition to the motion date dated May 17, 2021 defendant's Smart's motion for summary judgment.

2. I have personal knowledge of the fats which bear upon this motion. I have personal knowledge or have witnessed all such facts.

3. Pursuant to Federal Rule of Civil Procedure 56, Local Civil Rule 56.1 and 56.2, I provide a paragraph by paragraph detailed opposition and response to defendant Smart's Local Civil Rule 56.1 Statement as follows.

4. The motion should be denied because:

**I do not dispute the factual allegations of paragraph 1.**

I affirm upon personal knowledge that I have never been subject to grievance of any significance and for which I did not receive a favorable outcome. And that I am an attorney in good standing in New York and Connecticut.

I possess no knowledge nor information to dispute the factual allegations of paragraph 2.

I possess no knowledge nor information to dispute the factual allegations of paragraph 3.

I possess no knowledge nor information to dispute the factual allegations of paragraph 4.

**Partly, I dispute the factual allegations of paragraph 5.**

The motion should be denied because in response and opposition to paragraph 5

There is a triable issue as to material fact, it is not undisputed. I dispute the factual allegations presented in paragraph 9, these allegations are not true, they are false.; they are inconsistent.

I cite in support, that defendant Calvo's immediate supervisor at the Brooklyn TVB, was defendant Gelbstein, see Exhibit I, Calvo's deposition page 6, 7-1

I in support, Exhibit J, Gelbstein deposition page 8, 20-25.

I possess no knowledge nor information to dispute the factual allegations of paragraph 6.

I possess no knowledge nor information to dispute the factual allegations of paragraph 7.

I possess no knowledge nor information to dispute the factual allegations of paragraph 8.

I possess no knowledge nor information to dispute the factual allegations of paragraph 9.

**I possess no knowledge nor information to dispute the factual allegations of paragraph 10**

There is a triable issue as to material fact, it is not undisputed. I dispute the factual allegations presented in paragraph 10, these allegations are not true, they are false.; they are inconsistent.

I affirm, by personal knowledge, that I was given no reason for my suspension. I was told to leave the Brooklyn TVB on the morning of May 11, 2015 and given a telephone number to call legal counsel. Reference Exhibit G, Work Violence Report, and Exhibit H, Work Violence Report, attached

I do not dispute the factual allegations of paragraph 11.

**The motion should be denied because in response and opposition to paragraph  12**

There is a triable issue as to material fact, it is not undisputed. I dispute the factual allegations presented in paragraph 12;, these allegations are not true, they are false, they are inconsistent.

I never agreed to the contents of this document, it is unsigned. I affirm that I did though adhere to its content. See Exhibit M Capogrosso, deposition page 428.3-9.

13

**The motion should be denied because in response and opposition to paragraph 13**

There is a triable issue as to material fact, it is not undisputed. I dispute the factual allegations presented in paragraph 13;, these allegations are not true, they are false, they are inconsistent. The truth and veracity of any of the complaints filed against were never verified. Further I was never questioned concerning any of them.

Gelbstein's deposition, attached as Exhibit J, page 27

Q. And you just accepted all those complaints as true without asking for my affidavit in response; I is that a fair statement?

A. I did not ask for an affidavit in response.

Gelbstein's deposition, attached as Exhibit A, page 29

Q. Did you investigate that complaint, Defendant Gelbstein (referring to clerk supervisor Melanie's documentation of Mr. Perez' complaint )

A. I don't recall if I specifically investigated this complaint

Q. So you don't know the voracity or truthfulness of that complaint, is that a fair statement

A. I don't recall at this time

I further cite in support, Exhibit I, Calvo deposition, page 21, 18-25.

Q. Did you ever investigate at any point the voracity of truthfulness of any of these complaints?

A. I may have, I don't know.

14

Further, I cite ins support, Exhibit C, Calvo deposition, page 23, 21-25.

Q. Can you give me one specific instance of where I verbally abused one of your clerks, the date, time and exactly what I said, I'd like to know?

A. No, I can't

I further cite in support, Exhibit C, Calvo deposition, page 31, 13-17

Q. Well, what threatening conduct was ever reported to you by one of your clerks, tell me?

A. I don't recall specific incidents. .

15

**I do not dispute the factual allegations of paragraph 14.**

There is a triable issue as to material fact, it is not undisputed. I dispute the factual allegations presented in paragraph 14;, these allegations are not true, they are false, they are inconsistent. The truth and veracity of any of the complaints filed against were never verified. Further I was never questioned concerning any of them.

I affirm that I had no knowledge of complaint filed against me by defendant Smart.

I affirm and testify that defendant Smart was harassing my person after I report a theft of $80 on a $150 fee. Exhibit M. Capogrosso deposition, page 355-357.

Reference Exhibits B, C, and, D Affidavits of harassment, and Exhibit E, Letter of Complaint dated March 20, 2015.

**The motion should be denied because in response and opposition to paragraph 15.**

There is a triable issue as to material fact, it is not undisputed. I dispute the factual allegations presented in paragraph 15;, these allegations are not true, they are false, they are inconsistent.

I cannot speculate as to what defendant Smart knew as to my letter of Complaint. Of March 20. 2015.

**The motion should be denied because in response and opposition to paragraph 16**

There is a triable issue as to material fact, it is not undisputed. I dispute the factual allegations presented in paragraph 16, these allegations are not true, they are false., they are inconsistent.

I affirm that I contest the validity and truthfulness of all the complaints lodged against. Mc.

I also affirm that there was never a proper investigation of any of these complaints.

I n support I cite

Gelbtein's deposition, attached as Exhibit J, page 10

Q: Did you observe the videotape of the alleged push?

A: I don't recall whether I did or not.

Q. So you don't recall ever observing the videotape?

A. I personally did not.

Q. At any point in time did you view tat videotape?

A. I don't recall

Gelbtein's deposition, attached as Exhibit J, page 11

Q. Did you have me removed from the Brooklyn TVB based on that videotape, did you?

A. I would have – assuming that I saw it, which I don't recall I did, it would have been probably well after the fact

Gelbtein's deposition, attached as Exhibit J, page 24

Q. You (ever) present(d) me with a written complaint and asked me to respond

18

A. No I never gave you a written complaint to respond to.

Q. And you never asked me for a written reply to any complaint; is that fair?

A. that's fair.


Gelbtein's deposition, attached as Exhibit J page 26

When questioning defendant Gelbstein upon anyone specific complaints, he answers

Q. But you don't recall the date you called me in or the complaint that you asked me to address

A. That's fair

 which I could respond.


Gelbtein's deposition, attached as Exhibit J, page 27

Q. And you just accepted all those complaints as true without asking for my affidavit in response; I is that a fair statement?

A. I did not ask for an affidavit in response.


Gelbtein's deposition, attached as Exhibit J, page 29

Q. Did you investigate that complaint, Defendant Gelbstein (referring to clerk supervisor Melanis)

A. I don't recall  if I specifically investigated this complaint.


In support I further cite

Gelbtein's deposition, attached as Exhibit J, page 29

When speaking of the Complaint made aby Melanie a senior clerk supervisor which involved Mr. Perez, I question,

Q. Did you investigate the complaint, Defendant Gelbstein?

A. I don't recall if I specifically investigated that complaint.

Q. So you don't know the veracity or truthfulness of that complaint; is that a fair statemen?

A. I don't recall at this time.

**The motion should be denied because in response and opposition to paragraph  17**

There is a triable issue as to material fact, it is not undisputed. I dispute the factual

allegations presented in paragraph 17;, these allegations are not true, they are false.

I affirm, I was not involved in an argument. I tried to avoid an altercation. Defendant

Smart approached me on the morning of May 11, 2015 and I put my hand up and tell him

to "back up, back up" Reference Exhibits G. and H, Work Violence Reports.


 In support, reference my response to Exhibit 22 and 23, of Exhibit F (Plaintiff's

Opposition to Defendants' Motion to Dismiss, Dkts 40 and 41). Also reference refence

Exhibit T, Work Violence Report, and Exhibit U, Work Violence Report,  attached.

There was no fight, there was no altercation. I am trying contact with defendant Smart.

It provides, and I again affirm that I  have personal knowledge that

Work place violence report – My response to the approach of Defendant Smart

was "back up back up" indicating I am not looking for an altercation. My hand went up in

self-defense. Defendant Smart approached me for no reason. A paranoid security guard

who said, "You are looking at me."I said nothing to Defendant Smart that morning other

than "back up, back up" I did not provoke this incident. This is what did happen. When I

walked into the DMV that day and got on the line to get summonses, I did turn around

because Defendant Smart was pacing back and forth. He was grumbling and mumbling

and shaking his head side to side.  At which point he approached me in a hostile and

aggressive manner. I told him "back up, back up" and he refused. I put my hand up in

self-defense. Please look at the "Additional Comments" on the Work Violence report

submitted. Defendant Gelbstein  gives me no opportunity to respond to the incident. He

has me escorted out and then permanently banned from the DMV TVB. Defendant

Golbstein provides no indication that he did any formal investigation of this incident, yet

he bans me for life from practicing at the DMV TVB. There is no indication that he

reviewed security tapes, questioned me or investigated the incident as he did not question

me concerning the incident with Defendant Tahir concerning me placing a briefcase on a

chair in an attorney's room. I was given the phone number by Defendant Calvo of

Defendant Traschen, who indicated to me that I was permanently banned from the TVB.

Once again for placing a briefcase on a chair in an attorney's room that Defendant Tahir

claims as his own and for telling a security guard Smart "back up back up" after his

approach upon my person in an angry hostile manner and accusing me of looking at him.

**Where is the proof of "verbal threats of physical violence, and verbal abuse,**

**including the use of ethnic slurs" conditions set to pursuant to the June 20, 2012 re-**

**entry letter to my Office. There is none, I see no proof**

**The motion should be denied because in response and opposition to paragraph 15.**

See Plaintiff's Opposition to Motion for Summary Judgment, Exhibit K attached.

**The motion should be denied because in response and opposition to paragraph 18**

There is a triable issue as to material fact, it is not undisputed. I dispute the factual

allegations presented in paragraph 18;, these allegations are not true, they are false.

Defendant Calvo and defendant Gelbstein both directed the actions of defendant Smart at

the Brooklyn TVB.

In support, I cite, Calvo Deposition Exhibit I, page 13

Q. Who governed his day to day activities at the Brooklyn TVB?

A. We would tell him what we wanted him done as far a opening, closing thigs like that

Q. Clerical staff the clerical staff governed his day-to-day activities, is that correct.

A. To some extent yes.


In support, I cite, Gelbstein Deposition Exhibit J, page 14

Q. Do you have authority over the actions of Defendant Smart at the TVB.

A. I do

**The motion should be denied because in response and opposition to paragraph 19**

There is a triable issue as to material fact, it is not undisputed. I dispute the factual allegations presented in paragraph 19;, these allegations are not true, they are false. Defendant Calvo cannot identify the witness who told her there was an incident between myself and defendant Smart, Exhibit I Calvo deposition ,page 5.

24

**The motion should be denied because in response and opposition to paragraph 20**

There is a triable issue as to material fact, it is not undisputed. I dispute the factual allegations presented in paragraph 20;, these allegations are not true, they are false.

Defendant Mart went to the 60 precinct. Smart testifies, " my response was  well go 61on him, so I went to 60, I got 61 on him and two police officer came with me." Smart deposition, Exhibit A, page 8.

**The motion should be denied because in response and opposition to paragraph 21**

There is a triable issue as to material fact, it is not undisputed. I dispute the factual allegations presented in paragraph 21, these allegations are not true, they are false., they are inconsistent. I cite Smart Deposition, attached as Exhibit A, Smart deposition, page 7, lines 22-23, Smart testifies " I was shocked He just punched me in the chest." Smart lies. Tis is inconsistent testimony with respect to the statements given to the police by Smart. Smart files the police report which become the basis for the Work Violence Reports, Exhibits U and Exhibit V. Smart testifies, " my response was well go 61on him, so I went to 60, I got 61 on him and two police officer came with me." Smart deposition, Exhibit AD, page 8.

Smart tells two different stories. He lies to this Court and such lies have formed the basis for my removal from the New York TVBs.

**The motion should be denied because in response and opposition to paragraph 22**

There is a triable issue as to material fact, it is not undisputed. I dispute the factual allegations presented in paragraph 22;, these allegations are not true, they are false.

Defendant Calvo states" I was told by Judge Gelbstein to go with officers from the police room, to go with officers form the police room, to tell M. Capogrosso that he must leave the building, and to give him legal phone number for any further detail I did that and he left the building. See Exhibits G and H, Work Violence Reports.

**I do not dispute the factual allegations of paragraph 23, in parts, therefore there is a triable issue of fact.**

I affirm I was removed from the Brooklyn TVB where defendant Smart was at that time I do not know. . See Exhibits G and H, Work Violence Reports

I do not dispute the factual allegations of paragraph 24.

I do not dispute the factual allegations of paragraph 25.

**The motion should be denied because in response and opposition to paragraph 26**

There is a triable issue as to material fact, it is not undisputed. I dispute the factual allegations presented in paragraph 26;, these allegations are not true, they are false.

This paragraph improperly assumes that I mention only those people I believer were responsible for my ban. This is not true. This assumption is totally inconsistent with my recitation of the facts that led to my expulsion on May 11, 2015.

I declare under penalty of perjury that the foregoing is true and correct.

There is a triable issue as to material fact, it is not undisputed. I dispute the factual allegations presented in paragraph ten;, these allegations are not true, they are false

they are inconsistent

In support, reference my response to Exhibit 22 and Exhibit 23, of Exhibit C, (Plaintiff's Opposition to Defendants' Motion to Dismiss, Dkts 40 and 41)

It provides, and I again affirm that I have personal knowledge that,

Work place violence report – My response to the approach of Defendant Smart was "back up back up" indicating I am not looking for an altercation. My hand went up in self-defense. Defendant Smart approached me for no reason. A paranoid security guard who said, "You are looking at me." I said nothing to Defendant Smart that morning other than "back up, back up" I did not provoke this incident. This is what did happen. When I walked into the DMV that day and got on the line to get summonses, I did turn around because Defendant Smart was pacing back and forth. He was grumbling and mumbling and shaking his head side to side. At which point he approached me in a hostile and aggressive manner. I told him "back up, back up" and he refused. I put my hand up in self-defense. Please look at the "Additional Comments" on the Work Violence report submitted. Defendant

Gelbstein gives me no opportunity to respond to the incident. He has me escorted out and then permanently banned from the DMV TVB. Defendant Gelbstein provides no indication that he did any formal investigation of this incident, yet he bans me for life from practicing at the DMV TVB. There is no indication that he reviewed security tapes, questioned me or investigated the incident as he did not question me concerning the incident with Defendant Tahir concerning me placing a briefcase on a chair in an attorney's room. I was given the phone number by Defendant Calvo of Defendant Traschen, who indicated to me that I was permanently banned from the TVB. Once again for placing a briefcase on a chair in an attorney's room that Defendant Tahir claims as his own and for telling a security guard Smart "back up back up" after his approach upon my person in an angry hostile manner and accusing me of looking at him. **Where is the proof of "verbal threats of physical violence, and verbal abuse, including the use of ethnic slurs" conditions set to pursuant to the June 20, 2012 re-entry letter to my Office. There is none, I see no proof.**

My hand went up in defensive posture. Defendant Smart was in my personal space, and this was not for the first time. Reference my letter to Defendant Prickett Morgan Exhibit D where I sought relief from such behavior form Defendant Smart. As shown in my Complaint, dated May 8, 2018, Defendant Smart has pushed me from behind of for no apparent reason, gave me the sign of the cross and spear hand while standing on the clerk entry summons line (an I believe was removed from his duties at the Brooklyn South SMV TVB for approximately two weeks after such incident by Defendant Gelbstein), to get the summons for a day's hearings, got in my face several times in a threatening aggressive manner between June 20, 2012 and May 111, 2015 and when I asked what was the problem

his response was "F--k you, you are the problem, and has admitted to taking money from one of my clients while at some point in time between December 11, 2011 to June 20, 2012 when I was required to take an anger management. He has admitted to taking $80 owed from a client on a $150 fee. He admits he took this money because he indicates that I authorized him to do so. An outright lie. He indicated that he gave this money to me. A lie. Simple and plain. During the time when Defendant Smart took this money between December 11, 2011 and June 20, 2012 I had no communication with the DMV and specifically with a security guard who worked at the DMV. I reported this abuse and theft to Defendant Gelbstein, he performed an investigation and let Defendant Smart remain at the Brooklyn TVB. After which time a series of threats and assaults began by Defendant Smart against my person at the Brooklyn DMV TVB which culminated in the incident of May 11, 2015. I have no motive for having any type of altercation with a security guard. I was there to represent clients and make my living. . **Where is the proof of "verbal threats of physical violence, and verbal abuse, including the use of ethnic slurs" conditions set to pursuant to the June 20, 2012 re-entry letter to my Office. There is none, I see no proof.**

See Exhibit K, Opposition to Summary Judgment., in part.

33

I declare under penalty of perjury that the foregoing is true and correct.


June 29, 2021

Respectfully truthfully submitted

Mario H. Capogrosso
21 Sheldrake Place
New Rochelle, New York 10804
(914) 806-3692

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

```
RECEIVED
JUN 29 2021
PRO SE OFFICE
```

MARIO H. CAPOGROSSO

                              Plaintiff

-against-                                          CV18-2710

ALAN GELBSTEIN, et. al                    **AFFIRMATION OF SERVICE**

                              Defendants


I, Mario H. Capogrosso, declare under penalty of perjury that I have served a copy of the

attached Opposition to State defendants' and defendant Smart's Motions for Summary Judgment

upon:

Maura Douglas, Esq.
Davis Polk& Wardwell, LLP
450 Lexington Avenue
New York, NY 10017

James Thompson, Esq.
(representing Defendants
Gelbstein, Traschen, Vahdat, Palmieri, Flanagan, Calvo,
and Prickett-Morgan)
Assistant Attorney General
28 Liberty Street
New York, NY 10005

Sadiq Tahir
2994 Coney Island Avenue
Brooklyn, NY 11235

Pec Group of NY
935 S. Lake Blvd. #7
Mahopac, NY 10541

1

via U.S. Postal Service First Class Mail, this 29th day of June, 2021.

New Rochelle, NY
June 29, 2021

Mario H. Capogrosso
21 Sheldrake Place
New Rochelle, NY 10804
(914) 806-3692

2