# EXHTBIT Z

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MARIO H. CAPOGROSSO,

                Plaintiff,                    Case No. 18 Civ. 2710 (EK) (LB)

    -against-                                **ALAN GELBSTEIN'S**
                                                       **RESPONSES**
ALAN GELBSTEIN, *et al.*,                    **TO PLAINTIFF'S**
                                                         **INTERROGATORIES**
                Defendants.
------------------------------------------------------------------X

        Pursuant to Rule 33 of the Federal Rules of Civil Procedure, as supplemented by the Local Civil Rules of the Eastern District of New York, Defendant Alan Gelbstein ("Judge Gelbstein") hereby responds to the interrogatories contained in Plaintiff's Interrogatories and Demand for Production of Documents (the "Interrogatories") as follows:

## **PRELIMINARY STATEMENT**

        1.      By providing the responses referenced below, Judge Gelbstein does not in any way waive or intend to waive and instead expressly reserves: (a) all objections to competency, relevance, materiality and admissibility of the responses, documents or the subject matter thereof; (b) all objections as to vagueness, ambiguity, or undue burden relating to the Interrogatories; (c) all rights to object on any ground to the use of any responses or documents, in any subsequent proceeding, including the trial of this or any other action; and/or (d) all rights to object on any ground to any Interrogatory for further responses to these or any discovery requests involving or relating to the subject matter of these Interrogatories.

        2.      These responses are based upon information known to or believed by Judge Gelbstein at the time of responding to these Interrogatories. Judge Gelbstein's development of

1

his legal position in this litigation is ongoing. Judge Gelbstein reserves the right to supplement or modify these responses and will supplement or amend these responses to the extent required consistent with the Federal and Local Rules and/or scheduling order(s) of this Court.

## **GENERAL OBJECTIONS**

Judge Gelbstein asserts the following General Objections, which are incorporated by reference in each specific response to each Interrogatory:

1. These objections apply to Plaintiff's Definitions, Instructions, and each of his Interrogatories as if such objections were set forth in full in the response to each Interrogatory and are not necessarily repeated in response to each individual Interrogatory. The assertion of the same, similar, or additional objections in specific objections to an individual Interrogatory, or the failure to assert any additional objection to an Interrogatory, does not and shall not be deemed to waive any of Judge Gelbstein's objections as set forth in this section.

2. Judge Gelbstein objects to each Interrogatory to the extent it seeks information, including documents generated by other individuals, organizations, state agencies, or other entities, that is not in Defendants' possession, custody or control.

3. Judge Gelbstein objects to each Interrogatory to the extent that it is overly broad, unduly burdensome, intended to harass, and/or seeks information or materials not relevant to any claim or defense in this litigation.

4. Judge Gelbstein objects to each Interrogatory to the extent it seeks information that is beyond the scope of discovery permitted under the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the Eastern District of New York,

2

including, but not limited to, information sought by these Interrogatories which would be more readily or practically obtained by another method of discovery.

5. Judge Gelbstein objects to each Interrogatory to the extent it is vague, unclear or ambiguous, does not clearly indicate the information it seeks and/or incorporates ambiguously defined terms so as to render the Interrogatory ambiguous, substantially overbroad or unduly burdensome.

6. Judge Gelbstein objects to each Interrogatory to the extent that it seeks information or documents protected from discovery by the attorney-client privilege, official information privilege, executive privilege, deliberative process privilege, law enforcement privilege, common interest privilege, self-critical analysis and/or official investigatory privileges, the attorney work product doctrine, or any other applicable privilege or exemption. No information provided and nothing produced in response to any individual Interrogatory is intended as, or shall in any way be deemed, a waiver of any applicable privilege or exemption. Any provision of information or production of such document would be inadvertent.

Without waiving the foregoing objections, Judge Gelbstein responds to the Interrogatories as follows:

## **RESPONSES**

### **Interrogatory 1**

*Identify Defendant Gelbstein's job title and description, as well as the starting and termination date for Defendant Gelbstein's employment at the Brooklyn South TVB from his initial date of employment through May 11, 2015 and to the present time.*

Response:

    Judge Gelbstein's job title was Senior Administrative Law Judge.

    He was responsible for the day-to-day operations of the Administrative Law Judges at the

3

New York State Department of Motor Vehicles' Brooklyn South Traffic Violations Bureau ("Brooklyn South TVB").

Judge Gelbstein transferred to the Brooklyn South TVB in or around 1998.

Judge Gelbstein retired in May of 2019.

**Interrogatory 2**

*Identify Defendant Gelbstein's job title and description, as well as the starting and termination date for Defendant Gelbstein's employment at the New York State Department of Motor Vehicles from his initial date of employment through May 11, 2015 and to the present time.*

Response:

Judge Gelbstein was appointed as an Administrative Law Judge at the Brooklyn Central TVB in or around April, 1988, transferring to the New York Central TVB in 1994. He was appointed as Senior Administrative Law Judge at the Brooklyn North TVB in August, 1996 before transferring to the Brooklyn South TVB in or around 1998. He retired in May of 2019.

**Interrogatory 3**

*Who was Defendant Gelbstein's employer while he worked at the Brooklyn South TVB.*

Response to Interrogatory 3:

The New York State Department of Motor Vehicles.

**Interrogatory 4**

*Was Defendant Gelbstein the presiding administrative law judge at the Brooklyn South Traffic Violations Bureau (herein "TVB") on the morning of May 11, 2015.*

Response:

Yes.

4

**Interrogatory 5**

*Was Defendant Gelbstein present at the Brooklyn TVB on the morning of May 11, 2015.*

No.

**Interrogatory 6**

*Prior to May 11, 2015 was Defendant Gelbstein in possession and knowledgeable of the letter of March 20, 2015, attached herein as Exhibit A.*

Response:

Yes.

**Interrogatory 7**

*Was Defendant Gelbstein in communication with Defendant Ida Traschen either by direct personal conversation or by way of telephone, text, email, or any other manner on the morning of May 11, 2015.*

Response:

Judge Gelbstein does not specifically recall any conversation with Ms. Traschen on that date, but is not certain.

**Interrogatory 8**

*Was Defendant Gelbstein in communication with Defendant Ida Traschen either by direct personal conversation or by way of telephone, text, email, or any other manner on from May 4, 2015 through May 10, 2015.*

Response:

Judge Gelbstein does not recall any such conversation.

5

**Interrogatory 9**

*Is Defendant Gelbstein still currently acting as an administrative law judge at the Brooklyn South TVB.*

Response:

No.


**Interrogatory 10**

*If the answer to interrogatory #6 is no, when did Defendant Gelbstein stop acting as an administrative law judge at the Brooklyn South TVB.*

Response:

Judge Gelbstein retired in May 2019.



Dated: New York, New York
       October 26, 2020

                          **AS TO OBJECTIONS**

                          LETITIA JAMES
                          Attorney General of the State of New York
                          <u>Attorney for Defendant Gelbstein</u>

                          By:   <u>*/s/ James M. Thompson*</u>
                                James M. Thompson
                                Assistant Attorney General

                          28 Liberty Street
                          New York, New York 10005
                          (212) 416-6556
                          james.thompson@ag.ny.gov

## DECLARATION

Pursuant to Federal Rule of Civil Procedure 33(b)(5), ALAN GELBSTEIN hereby declares, under penalty of perjury, that I have read the foregoing interrogatory responses, and that, to the best of my knowledge and understanding, the foregoing responses are true and correct.

Dated: October 26, 2020

_____
ALAN GELBSTEIN

7