# EXHTBIT AA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

MARIO H. CAPOGROSSO,

                Plaintiff,                       Case No. 18 Civ. 2710 (EK) (LB)

    -against-                               **IDA TRASCHEN'S**
                                                               **RESPONSES**
ALAN GELBSTEIN, *et al.*,                     **TO PLAINTIFF'S**
                                                               **INTERROGATORIES**

                Defendants.
-------------------------------------------------------------------X

        Pursuant to Rule 33 of the Federal Rules of Civil Procedure, as supplemented by the Local Civil Rules of the Eastern District of New York, Defendant Ida Traschen hereby responds to the interrogatories contained in Plaintiff's Interrogatories and Demand for Production of Documents, dated August 25, 2020, (the "Interrogatories") as follows:

## **PRELIMINARY STATEMENT**

    1.    By providing the responses referenced below, Ms. Traschen does not in any way waive or intend to waive and instead expressly reserves: (a) all objections to competency, relevance, materiality and admissibility of the responses, documents or the subject matter thereof; (b) all objections as to vagueness, ambiguity, or undue burden relating to the Interrogatories; (c) all rights to object on any ground to the use of any responses or documents, in any subsequent proceeding, including the trial of this or any other action; and/or (d) all rights to object on any ground to any Interrogatory for further responses to these or any discovery requests involving or relating to the subject matter of these Interrogatories.

    2.    These responses are based upon information known to or believed by Ms. Traschen at the time of responding to these Interrogatories. Ms. Traschen's development of her

1

legal position in this litigation is ongoing. Ms. Traschen reserves the right to supplement or modify these responses and will supplement or amend these responses to the extent required consistent with the Federal and Local Rules and/or scheduling order(s) of this Court.

## **GENERAL OBJECTIONS**

Ms. Traschen asserts the following General Objections, which are incorporated by reference in each specific response to each Interrogatory:

1. These objections apply to Plaintiff's Definitions, Instructions, and each of his Interrogatories as if such objections were set forth in full in the response to each Interrogatory and are not necessarily repeated in response to each individual Interrogatory. The assertion of the same, similar, or additional objections in specific objections to an individual Interrogatory, or the failure to assert any additional objection to an Interrogatory, does not and shall not be deemed to waive any of Ms. Traschen's objections as set forth in this section.

2. Ms. Traschen objects to each Interrogatory to the extent it seeks information, including documents generated by other individuals, organizations, state agencies, or other entities, that is not in her possession, custody or control.

3. Ms. Traschen objects to each Interrogatory to the extent that it is overly broad, unduly burdensome, intended to harass, and/or seeks information or materials not relevant to any claim or defense in this litigation.

4. Ms. Traschen objects to each Interrogatory to the extent it seeks information that is beyond the scope of discovery permitted under the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the Eastern District of New York, including,

but not limited to, information sought by these Interrogatories which would be more readily or practically obtained by another method of discovery.

5. Ms. Traschen objects to each Interrogatory to the extent it is vague, unclear or ambiguous, does not clearly indicate the information it seeks and/or incorporates ambiguously defined terms so as to render the Interrogatory ambiguous, substantially overbroad or unduly burdensome.

6. Ms. Traschen objects to each Interrogatory to the extent that it seeks information or documents protected from discovery by the attorney-client privilege, official information privilege, executive privilege, deliberative process privilege, law enforcement privilege, common interest privilege, self-critical analysis and/or official investigatory privileges, the attorney work product doctrine, or any other applicable privilege or exemption. No information provided and nothing produced in response to any individual Interrogatory is intended as, or shall in any way be deemed, a waiver of any applicable privilege or exemption. Any provision of information or production of such document would be inadvertent.

Without waiving the foregoing objections, Ms. Traschen responds to the Interrogatories as follows:

## RESPONSES

### Interrogatory 1

*Identify Defendant Traschen's job title and description, as well as the starting and termination date for Defendant's employment for the employed position which she held on May 11, 2015.*

Response:

Ms. Traschen's job title was First Assistant Counsel.

Ms. Traschen was responsible for supervising DMV's Counsel's Office on a day-to-day basis, along with the Traffic Violations Bureaus, safety hearings, and FOIL operations.

3

Ms. Traschen became First Assistant Counsel in Summer 2007.

Ms. Traschen held the position of First Assistant Counsel until she retired in December 2017.

### Interrogatory 2

*Was Defendant Traschen in communication with Defendant Gelbstein by direct personal conversation or by telephone, text, email or in any other manner on the morning of May 11, 2015.*

Response:

Ms. Traschen does not recall any specific conversation with ALJ Gelbstein on that date.

### Interrogatory 3

*Was Defendant Traschen in communication with Defendant Gelbstein by direct personal conversation or by telephone, text, email or in any other manner from May 4, 2015 to May 10, 2015.*

Response to Interrogatory 3:

Ms. Traschen does not recall any specific conversation with ALJ Gelbstein on those dates.

### Interrogatory 4

*Was Defendant Traschen in communication with Defendant Calvo by direct personal conversation or by telephone, text, email, or any other manner on the morning of May 11, 2015.*

Response:

Ms. Traschen does not recall any such conversation with Ms. Calvo.

### Interrogatory 5

4

*Was Defendant Traschen in communication with Defendant Calvo by direct personal conversation or by telephone, text, email or in any other manner from May 4, 2015 to May 10, 2015.*

    Ms. Traschen does not recall any such conversation with Ms. Calvo.

### Interrogatory 6

*Was Defendant Traschen personally in possession and knowledgeable of the letter dated March 20, 2015, attached herein as Exhibit A prior to May 11, 2015.*

Response:

    Yes.

### Interrogatory 7

*Was Defendant Traschen physically present at the Brooklyn South TVB on the morning of May 11, 2015.*

Response:

    No.

### Interrogatory 8

*If not present at the Brooklyn South TVB on the morning of May 11, 2015 where was Defendant Traschen located on the morning of May 11, 2015.*

Response:

    Ms. Traschen does not recall her physical location on that specific date. Her typical work station was at DMV's headquarters at 6 Empire State Plaza in Albany.

### Interrogatory 9

*Did Defendant Traschen view any surveillance videotape on the morning of May 11, 2015 produced by the security cameras at the Brooklyn South TVB.*

5

Response:

No.

**Interrogatory 10**

*Did Defendant Traschen view any surveillance videotape produced by the security cameras at the Brooklyn South TVB prior to her conversation with myself, the Plaintiff herein, on the morning of May 11, 2015.*

Response:

No.

Dated: New York, New York
October 26, 2020

AS TO OBJECTIONS:

LETITIA JAMES
Attorney General of the State of New York
Attorney for Defendant Traschen

By:   */s/ James M. Thompson*
      James M. Thompson
      Assistant Attorney General

28 Liberty Street
New York, New York 10005
(212) 416-6556
james.thompson@ag.ny.gov

6

## **DECLARATION**

Pursuant to Federal Rule of Civil Procedure 33(b)(5), IDA TRASCHEN hereby declares, under penalty of perjury, that I have read the foregoing interrogatory responses, and that, to the best of my knowledge and understanding, the foregoing responses are true and correct.

Dated: October 26, 2020

                                                                         */s/ Ida Traschen*

                                                                          IDA TRASCHEN