# EXHTBIT BB

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

MARIO H. CAPOGROSSO,

                        Plaintiff,                       Case No. 18 Civ. 2710 (EK) (LB)

    -against-                                        **DANIELLE CALVO'S RESPONSES TO PLAINTIFF'S INTERROGATORIES**

ALAN GELBSTEIN, *et al.*,

                        Defendants.

-----------------------------------------------------------------X

        Pursuant to Rule 33 of the Federal Rules of Civil Procedure, as supplemented by the Local Civil Rules of the Eastern District of New York, Defendant Danielle Calvo hereby responds to the interrogatories contained in Plaintiff's Interrogatories and Demand for Production of Documents dated August 25, 2020 (the "Interrogatories") as follows:

### **PRELIMINARY STATEMENT**

        1.     By providing the responses referenced below, Ms. Calvo does not in any way waive or intend to waive and instead expressly reserves: (a) all objections to competency, relevance, materiality and admissibility of the responses, documents or the subject matter thereof; (b) all objections as to vagueness, ambiguity, or undue burden relating to the Interrogatories; (c) all rights to object on any ground to the use of any responses or documents, in any subsequent proceeding, including the trial of this or any other action; and/or (d) all rights to object on any ground to any Interrogatory for further responses to these or any discovery requests involving or relating to the subject matter of these Interrogatories.

        2.     These responses are based upon information known to or believed by Ms. Calvo at the time of responding to these Interrogatories. Ms. Calvo's development of her legal position

1

in this litigation is ongoing. Ms. Calvo reserves the right to supplement or modify these responses and will supplement or amend these responses to the extent required consistent with the Federal and Local Rules and/or scheduling order(s) of this Court.

## GENERAL OBJECTIONS

Ms. Calvo asserts the following General Objections, which are incorporated by reference in each specific response to each Interrogatory:

1. These objections apply to Plaintiff's Definitions, Instructions, and each of his Interrogatories as if such objections were set forth in full in the response to each Interrogatory and are not necessarily repeated in response to each individual Interrogatory. The assertion of the same, similar, or additional objections in specific objections to an individual Interrogatory, or the failure to assert any additional objection to an Interrogatory, does not and shall not be deemed to waive any of Ms. Calvo's objections as set forth in this section.

2. Ms. Calvo objects to each Interrogatory to the extent it seeks information, including documents generated by other individuals, organizations, state agencies, or other entities, that is not in her possession, custody or control.

3. Ms. Calvo objects to each Interrogatory to the extent that it is overly broad, unduly burdensome, intended to harass, and/or seeks information or materials not relevant to any claim or defense in this litigation.

4. Ms. Calvo objects to each Interrogatory to the extent it seeks information that is beyond the scope of discovery permitted under the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the Eastern District of New York, including,

but not limited to, information sought by these Interrogatories which would be more readily or practically obtained by another method of discovery.

5. Ms. Calvo objects to each Interrogatory to the extent it is vague, unclear or ambiguous, does not clearly indicate the information it seeks and/or incorporates ambiguously defined terms so as to render the Interrogatory ambiguous, substantially overbroad or unduly burdensome.

6. Ms. Calvo objects to each Interrogatory to the extent that it seeks information or documents protected from discovery by the attorney-client privilege, official information privilege, executive privilege, deliberative process privilege, law enforcement privilege, common interest privilege, self-critical analysis and/or official investigatory privileges, the attorney work product doctrine, or any other applicable privilege or exemption. No information provided and nothing produced in response to any individual Interrogatory is intended as, or shall in any way be deemed, a waiver of any applicable privilege or exemption. Any provision of information or production of such document would be inadvertent.

Without waiving the foregoing objections, Ms. Calvo responds to the Interrogatories as follows:

## RESPONSES

### Interrogatory 1

*Identify Defendant Calvo's job title and description, as well as the starting and termination date for Defendant's employment at the Brooklyn South TVB from her initial date of employment through May 11, 2015 and to the present time.*

Response:

Ms. Calvo's job title was Supervisory Motor Vehicle Representative 2.

Ms. Calvo was responsible for supervising two lower-grade supervisors and a staff of

3

Motor Vehicle Representatives in carrying out the day-to-day functions of the Brooklyn South Traffic Violations Bureau.

Ms. Calvo started at the Brooklyn South Traffic Violations Bureau in approximately June 2004.

Ms. Calvo left the Brooklyn South Traffic Violations Bureau in February 2016 to take a position at the New York State Office of Court Administration. She was technically placed on discretionary leave through May 2016, which would have allowed her to return to the TVB if she chose.

### Interrogatory 2

*Identify Defendant Calvo's job title and description, as well as the starting and termination date for Defendant Calvo's employment at the New York State Department of Motor Vehicles from her initial date of employment through May 11, 2015 and to the present time.*

Response:

Ms. Calvo started at DMV in approximately August 2000 as a Motor Vehicle Representative in the Coney Island Office. She was promoted to supervisor in the Manhattan South Traffic Violations Bureau in December 2003 and transferred to the Brooklyn South TVB approximately six months later. She left DMV in February 2016 to take a position at the New York State Office of Court Administration, but was technically placed on discretionary leave through May 2016, which would have allowed her to return to the TVB if she chose.

### Interrogatory 3

*Who was Defendant Calvo's employer while she worked at the Brooklyn South TVB*

Response to Interrogatory 3:

4

The New York State Department of Motor Vehicles.

### Interrogatory 4

*Was Defendant Calvo in communication with Defendant Gelbstein either personally or by telephone, text, email or in any other manner on the morning of May 11, 2015.*

Response:

Yes.

### Interrogatory 5

*Was Defendant Calvo in communication with Defendant Gelbstein by direct personal conversation or by telephone, text, email or in any other manner from May 4, 2015 to May 10, 2015.*

Yes.

### Interrogatory 6

*Was Defendant Calvo in communication with Defendant Traschen either personally or by telephone, text, email or in any other manner on the morning of May 11, 2015.*

Response:

Yes.

### Interrogatory 7

*Was Defendant Calvo in communication with Defendant Traschen by direct personal conversation or by telephone, text, email or in any other manner from May 4, 2015 to May 10, 2015.*

Response:

No.

5

**Interrogatory 8**

*Was Defendant Calvo personally in possession and knowledgeable of the letter dated March 20, 2015, attached herein as Exhibit A prior to May 11, 2015.*

Response:

>No.

**Interrogatory 9**

*Does Defendant Calvo still maintain an employed position at the Brooklyn South TVB.*

Response:

>No.

**Interrogatory 10**

*When did Defendant Calvo leave her employed position at the Brooklyn South TVB.*

Response:

>February 2016.

**Interrogatory 11**

*Where is Defendant Calvo presently employed.*

Response:

>The New York State Unified Court System.

6

Dated: New York, New York
October 26, 2020

ONLY AS TO OBJECTIONS

LETITIA JAMES
Attorney General of the State of New York
<u>Attorney for Defendant Calvo</u>

By: <u>  /s/ *James M. Thompson*  </u>
James M. Thompson
Assistant Attorney General

28 Liberty Street
New York, New York 10005
(212) 416-6556
james.thompson@ag.ny.gov

7

## DECLARATION

Pursuant to Federal Rule of Civil Procedure 33(b)(5), DANIELLE CALVO hereby declares, under penalty of perjury, that I have read the foregoing interrogatory responses, and that, to the best of my knowledge and understanding, the foregoing responses are true and correct.

Dated: October 26, 2020

_____
DANIELLE CALVO

8