# EXHTBIT CC

EXHTBIT CC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

MARIO H. CAPOGROSSO,

                      Plaintiff,                    Case No. 18 Civ. 2710 (EK) (LB)

    -against-                                **COMMISSIONER**
                                                               **SCHROEDER'S RESPONSES**
ALAN GELBSTEIN, *et al.*,                          **TO PLAINTIFF'S**
                                                                **INTERROGATORIES**
                      Defendants.

-----------------------------------------------------------------X

        Pursuant to Rule 33 of the Federal Rules of Civil Procedure, as supplemented by the Local Civil Rules of the Eastern District of New York, Defendant Mark Schroeder, sued herein in his official capacity as Commissioner of the New York State Department of Motor Vehicles ("DMV"), hereby responds to the interrogatories contained in Plaintiff's Second Interrogatories and Demand for Production of Documents dated September 2, 2020 (the "Interrogatories") as follows:

## PRELIMINARY STATEMENT

        1.     By providing the responses referenced below, DMV does not in any way waive or intend to waive and instead expressly reserves: (a) all objections to competency, relevance, materiality and admissibility of the responses, documents or the subject matter thereof; (b) all objections as to vagueness, ambiguity, or undue burden relating to the Interrogatories; (c) all rights to object on any ground to the use of any responses or documents, in any subsequent proceeding, including the trial of this or any other action; and/or (d) all rights to object on any ground to any Interrogatory for further responses to these or any discovery requests involving or relating to the subject matter of these Interrogatories.

2. These responses are based upon information known to or believed by DMV at the time of responding to these Interrogatories based on reasonable investigation. DMV's development of its legal position in this litigation is ongoing. DMV reserves the right to supplement or modify these responses and will supplement or amend these responses to the extent required consistent with the Federal and Local Rules and/or scheduling order(s) of this Court.

## GENERAL OBJECTIONS

DMV asserts the following General Objections, which are incorporated by reference in each specific response to each Interrogatory:

1. These objections apply to Plaintiff's Definitions, Instructions, and each of his Interrogatories as if such objections were set forth in full in the response to each Interrogatory and are not necessarily repeated in response to each individual Interrogatory. The assertion of the same, similar, or additional objections in specific objections to an individual Interrogatory, or the failure to assert any additional objection to an Interrogatory, does not and shall not be deemed to waive any of DMV's objections as set forth in this section.

2. DMV objects to each Interrogatory to the extent it seeks information, including documents generated by other individuals, organizations, state agencies, or other entities, that is not in Defendants' possession, custody or control.

3. DMV objects to each Interrogatory to the extent that it is overly broad, unduly burdensome, intended to harass, and/or seeks information or materials not relevant to any claim or defense in this litigation.

4. DMV objects to each Interrogatory to the extent it seeks information that is beyond the scope of discovery permitted under the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the Eastern District of New York, including, but not limited to, information sought by these Interrogatories which would be more readily or practically obtained by another method of discovery.

5. DMV objects to each Interrogatory to the extent it is vague, unclear or ambiguous, does not clearly indicate the information it seeks and/or incorporates ambiguously defined terms so as to render the Interrogatory ambiguous, substantially overbroad or unduly burdensome.

6. DMV objects to each Interrogatory to the extent that it seeks information or documents protected from discovery by the attorney-client privilege, official information privilege, executive privilege, deliberative process privilege, law enforcement privilege, common interest privilege, self-critical analysis and/or official investigatory privileges, the attorney work product doctrine, or any other applicable privilege or exemption. No information provided and nothing produced in response to any individual Interrogatory is intended as, or shall in any way be deemed, a waiver of any applicable privilege or exemption. Any provision of information or production of such document would be inadvertent.

Without waiving the foregoing objections, DMV responds to the Interrogatories as follows:

## RESPONSES

### Interrogatory 1

*Is Defendant Alan Gelbstein currently employed by the New York Department of Motor Vehicles (hereinafter "DMV").*

3

Response:

    No.

**Interrogatory 2**

*If defendant Gelbstein (hereinafter "Gelbstein") is not currently employed by the New York DMV, when was defendant Gelbstein released from his employment.*

Response:

    Judge Gelbstein's final day of employment was May 6, 2019.

**Interrogatory 3**

*If defendant Gelbstein is not currently employed by the New York DMV, was defendant Gelbstein's release from his employment voluntary or involuntary.*

Response to Interrogatory 3:

    Voluntary.

**Interrogatory 4**

*Was defendant Gelbstein released from his employment at the New York DMV for misconduct..*

Response:

    No.

**Interrogatory 5**

*Has defendant Gelbstein been subject to any disciplinary action by the New York DMV since his initial date of employment with the New York DMV to the present time.*

    No.

4

**Interrogatory 6**

*Is defendant Traschen currently employed by the New York DMV.*

Response:

    No.

**Interrogatory 7**

*If defendant Ida Traschen (here in after "Traschen" is not currently employed by the New York DMV, when was Defendant Traschen released from her employment.*

Response:

    Ms. Traschen's final day of employment was December 22, 2017.

**Interrogatory 8:**

*If defendant Traschen is not currently employed by the New York DMV, was defendant Traschen's release from her employment voluntary or involuntary.*

Response:

    Voluntary.

**Interrogatory 9**

*Was defendant Traschen released from her employment at the New York DMV for misconduct.*

Response:

    No.

**Interrogatory 10**

*Has Defendant Traschen been subject to any disciplinary action by the New DMV since her initial date of employment with the New York DMV to the present time.*

5

Response:

    No.

**Interrogatory 11**

*Is defendant Danielle Calvo (hereinafter "Calvo") currently employed by the New York DMV.*

Response:

    No.

**Interrogatory 12**

*If defendant Calvo is no longer employed by the New York DMV when was defendant Calvo released from her employment.*

Response:

    Ms. Calvo's last day of employment was February 25, 2016. However, she remained attached to the agency until May 25, 2016 via a three-month discretionary administrative leave, which would have allowed her to return to DMV had she chosen to do so.

**Interrogatory 13**

*If defendant Calvo is not currently employed by the New York DMV, was defendant Calvo's release from her employment voluntary or involuntary.*

Response:

    Voluntary.

**Interrogatory 14**

*Was defendant Calvo released from her employment at the New York DMV for misconduct.*

6

Response:

    No.

### Interrogatory 15

*Has defendant Calvo been subject to any disciplinary action by the New DMV since her initial date of employment with the New York DMV to the present time.*

Response:

    No.

### Interrogatory 16

*Has defendant David Smart (hereinafter "Smart") been subject to any disciplinary investigation by the New York DMV.*

Response:

    No.

### Interrogatory 17

*When, on what calendar date or dates, was defendant Smart subject to any disciplinary investigation by the New York DMV.*

Response:

    Mr. Smart has never worked for DMV and has never been subject to a DMV disciplinary investigation.

### Interrogatory 18

*When, on what calendar date or dates, was defendant Smart disciplined, reprimanded or sanctioned as a result of any disciplinary investigation performed by the New York DMV.*

7

Response:

 Mr. Smart has never worked for DMV and has never been subject to a DMV disciplinary action.

**Interrogatory 19**

*Who is the current supervisory administrative law judge at the Brooklyn South Traffic Violations Bureau.*

Response:

 ALJ Claudio Collins.

**Interrogatory 20**

*When did the current supervisory administrative law judge at the Brooklyn South TVB take office as the current supervisory administrative law judge.*

Response:

 May 6, 2019.

**Interrogatory 21**

*Is Boshra Vahdatlamas (also known as Bushra Vahdat) currently an administrative law judge at the New York Traffic Violations Bureau.*

Response:

 Ms. Vahdatlamas is the Supervising Administrative Law Judge for all downstate Traffic Violations Bureaus.

**Interrogatory 22**

8

*Does Boshra Vahdatlamas (also known as Bushra Vahdat) currently an employee of the New York DMV.*

Response:

    Ms. Vahdatlamas is currently employed by DMV.

### Interrogatory 23

*Was Boshra Vahdatlamas' (also known as Bushra Vahdat) release from her employment at the New York DMV voluntary or involuntary.*

Response:

    Ms. Vahdatlamas is currently employed by DMV.

### Interrogatory 24

*Was Boshra Vahdatlamas (also known as Bushra Vahdat) released from her employment at the New York DMV for misconduct.*

Response:

    No.

### Interrogatory 25

*Is the New York Traffic Violations Bureaus under the supervisory direction and control of the New York DMV.*

Response:

    Yes. The Traffic Violations Bureaus are overseen by DMV's Counsel's Office.

9

Dated: New York, New York
       October 26, 2020

                AS TO OBJECTIONS

                LETITIA JAMES
                Attorney General of the State of New York
                <u>Attorney for the DMV</u>

                By:   <u>*/s/ James M. Thompson*</u>
                      James M. Thompson
                      Assistant Attorney General

                28 Liberty Street
                New York, New York 10005
                (212) 416-6556
                james.thompson@ag.ny.gov

## **DECLARATION**

Pursuant to Federal Rule of Civil Procedure 33(b)(5), BARBARA MONTENA hereby declares, under penalty of perjury, on behalf of Commissioner Schroeder, that I am employed by DMV, that I have read the foregoing interrogatory responses, and that, to the best of my knowledge and understanding, based on the records of the DMV and conversations with its employees, the foregoing responses are true and correct.

Dated: October 26, 2020

*Barbara Montena*

BARBARA MONTENA

11