UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIO CAPOGROSSO, <br><br> *Plaintiff*, <br> v. <br><br> ALAN GELBSTEIN, *et al.*, <br><br> *Defendants*. | 1:18-cv-2710 (EK) (LB) <br><br> **ECF Case** <br> **Electronically Filed** |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT DAVID SMART'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

Maura Douglas
Sharon Katz
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Tel.: 212-450-4000

*Attorneys for Defendant David Smart*

DATE OF SERVICE: SEPTEMBER 8, 2021

## TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT .......................................................................................... 1

ARGUMENT ........................................................................................................................ 1

I.     The Undisputed Evidence Demonstrates that Mr. Smart Is Not a State Actor ........ 1

II.     Plaintiff's Opposition Points to No Evidence to Support his First and Fifth Amendment Claims Against Mr. Smart ................................................................... 5

    A.     Plaintiff Identified No Evidence that Mr. Smart Violated His First Amendment Rights .......................................................................................... 5

    B.     Plaintiff Identified No Basis for a Due Process Claim Against Mr. Smart ............ 6

CONCLUSION ..................................................................................................................... 7

## TABLE OF AUTHORITIES

CASES

PAGE(S)

*Applegate v. Top Assocs., Inc.*,
  425 F.2d 92 (2d Cir. 1970) ................................................................................................5, 7

*BanxCorp v. Costco Wholesale Corp.*,
  978 F. Supp. 2d 280, 299 (S.D.N.Y. 2013) ...................................................................4

*Blum v. Yaretsky*,
  457 U.S. 991 (1982) .......................................................................................................2

*Carter v. HealthPort Techs., LLC*,
  822 F.3d 47 (2d Cir. 2016) .........................................................................................2, 4

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986) .......................................................................................................1

*Curley v. Vill. of Suffern*,
  268 F.3d 65, 73 (2d Cir. 2001) ......................................................................................6

*Dennis v. Sparks*,
  449 U.S. 24 (1980) .........................................................................................................2

*Dzanoucakis v. Chase Manhattan Bank, USA*,
  No. 06-CV-5673 (JFB) (ARL), 2009 WL 910691 (E.D.N.Y. Mar. 31, 2009) ..............4

*Guiducci v. Kohl's Dep't Stores*,
  320 F. Supp. 2d 35 (E.D.N.Y. 2004) .............................................................................3

*Hobbs v. Dep't of Transp.*,
  20-CV-512 (CM), 2020 WL 1140794 (S.D.N.Y. Mar. 6, 2020) ...................................2

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992) ...................................................................................................2, 4

*Manhattan Cmty. Access Corp. v. Halleck*,
  139 S. Ct. 1921 (2019) ...................................................................................................2

*Opals on Ice Lingerie v. Body Lines, Inc.*,
  320 F.3d 362 (2d Cir. 2003) ..........................................................................................4

*Owens v. Centene Corp.*,
  20-CV-118 (EK), 2021 WL 878733 (E.D.N.Y. Mar. 9, 2021) ..............................4, 7

*Pothen v. Stony Brook Univ.*,
  13-CV-6170 (JFB) (AYS), 2018 WL 3954148 (E.D.N.Y. Aug. 15, 2018) ...............5, 7

*Powell v. Nat'l Bd. of Med. Exam'rs*,
  364 F.3d 79 (2d Cir. 2004) ......................................................................................4

*Tancredi v. Metro. Life Ins. Co.*,
  316 F.3d 308 (2d Cir. 2003) ....................................................................................2

*West v. Atkins*,
  487 U.S. 42 (1988) ..................................................................................................2

### STATUTES & RULES

42 U.S.C. § 1983................................................................................................2, 7

Fed. R. Civ. P. 56...........................................................................................1, 2, 3

Defendant David Smart ("Mr. Smart") respectfully submits this Reply Memorandum in support of his Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56 dismissing the Complaint filed by Plaintiff Mario Capogrosso ("Plaintiff").

## PRELIMINARY STATEMENT

As demonstrated in his opening brief, Mr. Smart has established that he is not a proper defendant in this litigation because he is not a state actor. In Plaintiff's Affirmation in Opposition to Defendant Smart's Summary Judgment Motion ("Opposition Affirmation"), Plaintiff either concedes or admits every material fact necessary to establish that Mr. Smart is not a state actor and had no role in the Department of Motor Vehicle's ("DMV") decision banning Plaintiff from the practice of law in Traffic Violation Bureaus ("TVBs"). Plaintiff does not dispute that Mr. Smart was a private employee on May 11, 2015. And Plaintiff does not dispute, and in fact affirms, that someone—who was not Mr. Smart—removed him from the Brooklyn TVB.

Further, Plaintiff's Memorandum of Law in Opposition to Defendant Smart's Motion for Summary Judgment ("Opposition") does not adequately rebut any arguments raised in Mr. Smart's opening Memorandum of Law. In fact, Plaintiff cites no new case to counter any of the points Mr. Smart raised in his opening brief. Accordingly, because there is no genuine dispute as to any material fact, and because Plaintiff cannot rebut Mr. Smart's legal arguments, Mr. Smart's motion for summary judgment should be granted. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## ARGUMENT

**I.    The Undisputed Evidence Demonstrates that Mr. Smart Is Not a State Actor**

Plaintiff's Opposition and Opposition Affirmation do not show a material dispute as to whether Mr. Smart was a state actor. Unburdened by record citations, Plaintiff alleges that "the

record is rife with *allegations* that the Defendant participated directly in the alleged violations." Opp'n at 2 (emphasis added). But Plaintiff cannot rest on allegations made in his complaint. *See Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016) ("[T]he plaintiff can no longer rest on mere allegations" to survive summary judgment (quotation marks omitted) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). Instead, he must point to evidence in the record to survive a motion for summary judgment. *See* Fed. R. Civ. P. 56. Having failed to point to any such evidence, the Court need go no further and should grant Mr. Smart's motion for summary judgment.

Plaintiff's contention that being a "participant" in an occurrence that led to Plaintiff's removal from the TVBs "is automatically considered as part of the State's" is a misstatement of law. Opp'n at 2. As Mr. Smart set forth in his opening brief, Section 1983 requires a plaintiff to show: (1) "a right secured by the Constitution and laws of the United States" was violated, and (2) that the right was violated "by a person acting under color of state law"—in other words, a "state actor." *West v. Atkins*, 487 U.S. 42, 48 (1988); *Tancredi v. Metro. Life Ins. Co.*, 316 F.3d 308, 312 (2d Cir. 2003). Private actors can be considered state actors only when they "conspire or are jointly engaged with state actors to deprive a person of constitutional rights, where the state compels the act or controls the private actor, or when the state delegates a public function to a private entity." *Hobbs v. Dep't of Transp.*, 20-CV-512 (CM), 2020 WL 1140794, at *3 (S.D.N.Y. Mar. 6, 2020) (citing *Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980); *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982); *West*, 487 U.S. at 55–56; *Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1928–29 (2019)).

Plaintiff has not shown, and cannot show, that Mr. Smart's conduct meets any test for state action. Plaintiff cannot identity any authority of state law that the State Defendants gave to

2

Mr. Smart. Opp'n at 2. Instead, Plaintiff simply argues that Mr. Smart "was in fact a participant in the occurrences and decision" that resulted in Plaintiff's ban from the TVBs. *Id.* It is uncontested that Mr. Smart did not have the "authority of state law" on May 11, 2015 or any day that he worked at the Brooklyn South TVB. *Guiducci v. Kohl's Dep't Stores*, 320 F. Supp. 2d 35, 37 (E.D.N.Y. 2004). To the contrary, in his Opposition Affirmation, Plaintiff affirmed that someone removed him from the Brooklyn TVB who was not Mr. Smart. *See id.* at 28. And Plaintiff does not dispute that Mr. Smart was employed by a private security firm while working at the Brooklyn South TVB or that Mr. Smart performed ministerial duties while employed at the TVB. *See* Opp'n Aff. at 7-8.[1]

Plaintiff also cannot establish that the State Defendants compelled or controlled Mr. Smart to approach Plaintiff on May 11, 2015. In his Opposition Affirmation, Plaintiff purports to dispute the fact that "[n]o one told Mr. Smart to approach Plaintiff on May 11, 2015." Opp'n Aff. at 23. Specifically, he argues that "these allegations are not true, they are false. Defendant Calvo and defendant Gelbstein both directed the actions of defendant Smart at the Brooklyn TVB," citing to portions of their respective depositions. *Id.* But these excerpts do not support Plaintiff's argument. They merely reflect that TVB clerical staff oversaw some of Mr. Smart's daily ministerial activities at the TVB while Mr. Smart was employed by a private company. They do not relate to the events of May 11, 2015. Instead, as Mr. Smart pointed to in his opening brief, Ms. Calvo explicitly testified during her deposition that she "never told [Mr. Smart] to approach [Plaintiff] for anything." Ex. 4, Dkt. No. 178, at 65:4–7.

In his Opposition Affirmation, Plaintiff claims that Mr. Smart's "lies have formed the basis for my removal from the New York TVBs." Opp'n Aff. at 26. There is simply nothing in

---

[1] In addition, as noted in Mr. Smart's opening brief, Plaintiff acknowledged in his Complaint and in his letter opposing Mr. Smart's request for a pre-motion conference that a private company employed Mr. Smart. *See.* Dkt. No. 178-1 at 10 n.6.

3

the record to support Plaintiff's outlandish theory that the State Defendants conspired with Mr. Smart to engage in an argument with Plaintiff, and that Mr. Smart's purported "lies" played any part in Plaintiff's removal from the New York TVBs.  As Mr. Smart stated in his opening brief, Plaintiff must demonstrate "more than some metaphysical doubt as to the material facts, and come forward with specific facts showing that there is a genuine issue for trial." *Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 84 (2d Cir. 2004) (internal quotation marks and citation omitted).  Plaintiff has not put forth any specific facts beyond "conclusory statements, conjecture, or speculation," *Opals on Ice Lingerie v. Bodylines, Inc.*, 320 F.3d 362, 370 n.3 (2d Cir. 2003), to try to advance his version of events regarding a decision in which he was not involved and of which he has no personal knowledge.  *See* Fed. R. Civ. P. 56(c) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."); *see also Carter*, 822 F.3d at 56 ("[T]he plaintiff can no longer rest on mere allegations" to survive summary judgment (quotation marks omitted) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).  Moreover, Plaintiff's self-serving affidavit does not raise a triable issue of fact with respect to his claims against Mr. Smart because it conflicts with the documentary record.  *Compare* Opp'n Aff. 21–22 *with* Ex 2, Dkt. No. 178, P-127–28; Opp'n Aff. 23 *with* Ex 3, Dkt. No. 178, at 7:4–8:10, Ex 4 at 65:4–7 ("I never told [Mr. Smart] to approach [Plaintiff] for anything."); Opp'n Aff. 31-33 *with* Ex. 2, Dkt. No. 178, at 6–7 (Response to Interrogatory Number 5), P-43, P-45; *see Owens v. Centene Corp.*, 2021 WL 878773, at *5-6 (E.D.N.Y. Mar. 9, 2021); *BanxCorp v. Costco Wholesale Corp.*, 978 F. Supp. 2d 280, 299 (S.D.N.Y. 2013) ("[A] self-serving, contradictory affidavit fails to raise a triable issue

4

of fact when it conflicts with documentary evidence."); *Dzanoucakis v. Chase Manhattan Bank, USA*, 2009 WL 910691, at *8 (E.D.N.Y. Mar. 31, 2009).

For all of the reasons set forth in Mr. Smart's opening brief, which Plaintiff failed to rebut, the undisputed materials facts are that Mr. Smart, a privately employed security guard, had no authority to remove or ban Plaintiff from the Brooklyn South TVB—and in fact, did not remove or ban Plaintiff from the Brooklyn South TVB.  As a result, Mr. Smart's motion for summary judgment should be granted.  *See Pothen v. Stony Brook Univ.*, 2018 WL 3964148, at *3 (E.D.N.Y. Aug. 15, 2018) (granting summary judgment against pro se plaintiff when "[e]ven liberally construing plaintiff's objections . . . the plaintiff has not put forward any arguments that address the legal and factual deficiencies in plaintiff's claims that warrant summary judgment for defendant").

## II. Plaintiff's Opposition Points to No Evidence to Support His First and Fifth Amendment Claims Against Mr. Smart

Even if Plaintiff raised a triable issue of fact that Mr. Smart acted under color of state law (which he did not), Plaintiff cannot defeat Mr. Smart's motion for summary judgment on Plaintiff's First Amendment retaliation or Fifth Amendment due process claims.  *See Applegate v. Top Assocs., Inc.*, 425 F.2d 92, 96 (2d Cir. 1970) ("Summary judgment, we have often remarked, is a valuable tool for piercing conclusory allegations and disposing of unsupportable claims prior to trial.").

### A. Plaintiff Identified No Evidence that Mr. Smart Violated His First Amendment Rights

There is nothing in the record, or in Plaintiff's Opposition or Opposition Affirmation, to support that Mr. Smart engaged in any retaliatory action adverse to Plaintiff.  Further, there is nothing in the record to suggest that Mr. Smart's actions were motivated or substantially caused by Plaintiff's exercise of his First Amendment rights.  To the contrary, Plaintiff wrote in his

5

Opposition Affirmation that he "cannot speculate as to what defendant Smart knew as to my letter of Complaint." Opp'n Aff. at 17. Thus, without any evidence that Mr. Smart even knew of the complaint letter referring to Mr. "Sparks," let alone any evidence that Mr. Smart was "motivated" by the complaint letter to retaliate against Plaintiff, Plaintiff's First Amendment retaliation claim against Mr. Smart fails.

While Plaintiff argues in his Opposition that "[t]here is evidence of retaliation"—he obfuscates the issue of motive. Opp'n at 3. That Mr. Smart allegedly may have had motive to retaliate against Plaintiff because Plaintiff reported a purported theft, says nothing about Mr. Smart's alleged motive to retaliate because of the 2015 letter (about which Mr. Smart had no knowledge). In fact, as argued by Plaintiff, Mr. Smart retaliated because of the complaint about the alleged theft, not because Plaintiff was exercising his First Amendment rights in the 2015 letter. *Id.* At bottom, Plaintiff cannot survive summary judgment because he points to no evidence that Mr. Smart was aware of the 2015 letter, or any "specific proof" that Mr. Smart's actions were motived by Plaintiff's exercise of his First Amendment right. *See Curley v. Vill. of Suffern*, 268 F.3d 65, 73 (2d Cir. 2001) ("Specific proof of improper motivation is required in order for plaintiff to survive summary judgment on a First Amendment retaliation claim.").

### B.   Plaintiff Identified No Basis for a Due Process Claim Against Mr. Smart

Plaintiff's Opposition and Opposition Affirmation also do not address the fact that there is no evidence and not even any allegation to support a due process claim against Mr. Smart. Plaintiff's Opposition, which focuses on allegations against the State Defendants, misses the mark. *See* Opp'n at 4-5. Specifically, it fails to allege or point to any evidence in the record showing that Mr. Smart contributed to this alleged due process claim, instead arguing generally that "there was no attention to due process" with respect to the State Defendants. *Id.* at 4. Mr. Smart takes no position on the sufficiency of Plaintiff's due process claims generally. Rather, as

6

Mr. Smart's opening brief made clear, Plaintiff's due process claim against Mr. Smart is insufficiently pled and unsupported. *See* Dkt. No. 178-1 at 13.

Accordingly, given the complete absence of evidence or argument to support otherwise, Mr. Smart is entitled to summary judgment as to any Fifth Amendment claims under Section 1983. *See Applegate*, 425 F.2d at 96 (remarking that summary judgment is an appropriate means of disposing of unsupported allegations); *Pothen*, 2018 WL 3964148, at *3.

## CONCLUSION

For the foregoing reasons, Mr. Smart's motion for summary judgment should be granted.

Dated:  New York, New York
September 8, 2021

By:  */s/ Maura Douglas*
Maura Douglas
Sharon Katz
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
Phone: (212) 450-4000
Fax: (212) 701-5800
maura.douglas@davispolk.com
sharon.katz@davispolk.com

*Attorneys for Defendant David Smart*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2021, I caused a true and correct copy of this reply memorandum of law to be served on the following persons:

Mario Capogrosso
21 Sheldrake Place
New Rochelle, NY 10804
(*via FedEx overnight mail*)

James Thompson
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
james.thompson@ag.ny.gov
(*via email*)

Sadiq Tahir
2994 Coney Island Avenue
Brooklyn, NY 11235
(*via FedEx overnight mail*)

| | |
|---|---|
| Dated: New York, New York<br>September 8, 2021 |    */s/ Maura Douglas*<br>Maura Douglas<br>DAVIS POLK & WARDWELL LLP<br>450 Lexington Avenue<br>New York, NY 10017<br>Phone: (212) 450-4000<br>Fax: (212) 701-5800<br>maura.douglas@davispolk.com<br><br>*Attorney for Defendant David Smart* |

8