UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MARIO CAPOGROSSO,

*Plaintiff*,

v.

ALAN GELBSTEIN, *et al.*,

*Defendants*.

1:18-cv-2710 (EK) (LB)

**ECF Case**
**Electronically Filed**

**DEFENDANT DAVID SMART'S RESPONSE TO PLAINTIFF'S OBJECTIONS
TO REPORT AND RECOMMENDATION**

Sharon Katz
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Tel.: 212-450-4000

*Attorney for Defendant David Smart*

DATE OF SERVICE: March 3, 2022

# TABLE OF CONTENTS

P̲A̲G̲E̲

TABLE OF AUTHORITIES ........................................................................................... ii

I.   The Report and Recommendation Correctly Determined That Mr. Smart Was Not
     a State Actor ........................................................................................................... 2

II.  Plaintiff's Objections Fail to Show Any Error in the Report and
     Recommendation ..................................................................................................... 2

     A.   No material facts are in dispute .................................................................... 2

     B.   Indisputable facts show that Defendant was not a state actor .................... 4

III. Plaintiff's Supplemental Objection Should Be Overruled ....................................... 7

CONCLUSION .......................................................................................................... 8

## TABLE OF AUTHORITIES

C<small>ASES</small>

P<small>AGE</small>(<small>S</small>)

*Carter v. HealthPort Techs., LLC*,
  822 F.3d 47 (2d Cir. 2016) ........................................................................................4

*Ginsberg v. Healey Car & Truck Leasing, Inc.*,
  189 F.3d 268 (2d Cir. 1999).......................................................................................6

*Guiducci v. Kohl's Dep't Stores*,
  320 F. Supp. 2d 35 (E.D.N.Y. 2004) ...................................................................2, 3, 6

*Libbey v. Vill. of Atl. Beach*,
  982 F. Supp. 2d 185 (E.D.N.Y. 2013) .........................................................................7

*Lujan v. Defenders of Wildlife*
  504 U.S. 555 (1992) ...................................................................................................4

*Opals on Ice Lingerie v. Body Lines, Inc.*,
  320 F.3d 362 (2d Cir. 2003) .......................................................................................4

*Powell v. Nat'l Bd. of Med. Exam'rs*,
  364 F.3d 79 (2d Cir. 2004) .........................................................................................4

*West v. Atkins*,
  487 U.S. 42 (1988) .....................................................................................................6

S<small>TATUTES</small> & R<small>ULES</small>

42 U.S.C. § 1983 .............................................................................................................1

Fed. R. Civ. P. 56..............................................................................................................7

ii

Defendant David Smart ("Mr. Smart") respectfully submits this response to Plaintiff's objections (ECF No. 282) and supplemental objection (ECF No. 283) to the Report and Recommendation of Magistrate Judge Lois Bloom (ECF No. 278 ("R. & R.")).

Plaintiff Mario Capogrosso is an attorney who was temporarily suspended from appearing before New York's Traffic Violations Bureau ("**TVB**") because of his repeated aggressive and threatening behavior.  (R. & R. 3-4.)  His suspension ended but his misconduct continued.  For example, at the Brooklyn South TVB in May 2015, Plaintiff and Mr. Smart—at the time a private security guard there—got into an argument.  Plaintiff shoved Mr. Smart, who then left to file a report with the police.  (*Id.* at 6.)  That same month, Plaintiff screamed and swore at another attorney who had apparently touched his bag.  (*Id.*) Since his behavior had not improved, Plaintiff was permanently barred from appearing before the TVB.  (*Id.* at 6-7.)  He responded by bringing this suit against a number of persons, including Mr. Smart, under 42 U.S.C. § 1983, alleging violations of his First, Fifth, and Fourteenth Amendment rights.  (*Id.* at 1.)

Mr. Smart moved for summary judgment, explaining that he could not be liable under Section 1983 because he was not a state actor.  (ECF No. 178.)  Judge Bloom agreed.[1]  (R. & R. 17.)  The Report and Recommendation correctly decided the issue and nothing in Plaintiff's objections undermines Judge Bloom's conclusion that Mr. Smart did not act under color of state law, thereby defeating the 1983 claim against him.  The Court should therefore adopt the Report and Recommendation and grant summary judgment in favor of Mr. Smart.

---

[1] Mr. Smart further explained that, assuming he could be sued under Section 1983, he did not violate Plaintiff's constitutional rights.  Judge Bloom declined to address this issue because she found that Mr. Smart was not subject to suit under 1983 in the first place.  (R. & R. 17 n.28.)

I.      **The Report and Recommendation Correctly Determined That Mr. Smart Was Not a State Actor**

As Judge Bloom noted, "[g]enerally, private security guards are not state actors."

(R. & R. 18 (citing *Bishop v. Toys "R" Us—NY LLC*, 414 F. Supp. 2d 385 (S.D.N.Y. 2006)).)

The Report and Recommendation discussed two exceptions to this general rule: private guards

can be subject to a 1983 action (1) "when they are given the authority of state law" or (2) "if they

are willful participants in the joint activity of the State or its agents." *Guiducci v. Kohl's Dept.*

*Stores*, 320 F. Supp. 2d 35, 37 (E.D.N.Y. 2004). Judge Bloom correctly found that neither

exception applies to Mr. Smart because he was neither given authority of state law nor took part

in the TVB's decision to bar Plaintiff. (R. & R. 18-19.) In so doing, the Report and

Recommendation properly found no genuine dispute of material fact from Plaintiff's "self-

serving affidavit that merely reiterate[d] conclusory allegations in affidavit form," in which

Plaintiff baselessly asserted that Mr. Smart was involved in the decision to bar him from the

TVB. (*Id.* at 19 (citation and internal quotation marks omitted).)

II.     **Plaintiff's Objections Fail to Show Any Error in the Report and Recommendation**

Plaintiff attempts to attack Judge Bloom's conclusion, in the same manner as he did in

unsuccessfully opposing the summary judgment motion originally, by (1) conclusorily asserting

that disputes of material fact preclude summary judgment and (2) arguing that allegedly

undisputed facts establish that Mr. Smart was acting under color of state law when dealing with

Plaintiff. (*See* Objections 7.) Neither ground prevails.

A.     **No material facts are in dispute**

The principal refrain in Plaintiff's objections is that summary judgment cannot be granted

because there are genuine disputes of material fact that speak to whether Mr. Smart could be

2

considered a state actor.  He is wrong.  Though Plaintiff asserts many facts he claims to be

disputed, none of them is material because they have no bearing on Mr. Smart's status as a

purported state actor.

Plaintiff accuses Mr. Smart of: (1) menacingly staring at him (*id.* at 29); (2) tampering

with his files (*id.* at 41); (3) stealing his client's money and then lying about it (*id.* at 45);

initiating the May 2015 altercation and then falsely claiming both that Plaintiff was the aggressor

and that he shoved Mr. Smart (*id.* at 37, 43-44); and (5) generally harassing Plaintiff (*id.* at 16).

Of course, Mr. Smart disputes these assertions.  But these disputes are immaterial because they

do nothing to show that Mr. Smart was involved in the decision to bar Plaintiff from appearing

before the TVB.  Indeed, Plaintiff fails to point to a single instance in which Mr. Smart acted

under color of state law.  In other words, even assuming Plaintiff's version of these events

involving "he said/he said" disputes between Plaintiff and Mr. Smart are true, they simply would

not render Mr. Smart a state actor.

Plaintiff highlights all these incidents to try to argue that Mr. Smart was a state actor by

virtue of Mr. Smart's  alleged *intent*: for example, Plaintiff argues that Mr. Smart allegedly

colluded with TVB officials because Mr. Smart "had a grudge" against and "wanted to get rid

of" Plaintiff.  (*Id.* at 64.)  In Plaintiff's eyes, Mr. Smart acted under color of state law because the

"continual . . . attempts at harassment" and May 2015 altercation were "contributing factor[s]" to

his ban from the TVB.  (*Id.*)  However, even if the May 2015 incident precipitated Plaintiff's ban

(which it did not), and even if Mr. Smart was hoping to get Plaintiff barred from the TVB (which

he was not), that does not mean he was "given the authority of state law" or was a "willful

participant[] in the joint activity" with the TVB.  *Guiducci*, 320 F. Supp. 2d at 37.  Plaintiff

cannot simply point to Mr. Smart's alleged misdeeds as proof that he was conspiring with TVB

3

officials to oust Plaintiff.  As stated in Mr. Smart's reply brief supporting his motion for summary judgment, Plaintiff has failed to advance specific facts beyond "conclusory statements, conjecture, or speculation" to show that Mr. Smart was part of a state conspiracy targeting Plaintiff.  *Opals on Ice Lingerie v. Bodylines, Inc.*, 320 F.3d 362, 370 n.3 (2d Cir. 2003).

This glaring deficiency is revealed by Plaintiff's citations to the record.  Each accusation against Mr. Smart is generally accompanied by a citation to Plaintiff's own self-serving deposition or a Work Place Violence Report filed by Mr. Smart after the May 2015 incident.  (*See, e.g.*, Objections 37, 43.)  Plaintiff offers no citation to any evidence showing that Mr. Smart colluded or conspired with others to get Plaintiff barred from the TVB.  (*See id.* at 8, 16.)  Plaintiff fails to cite the record at these key moments because there is simply no evidence connecting Mr. Smart to state action.  The best Plaintiff can do is contend that "[t]he record is rife with *allegations* that [Mr. Smart] participated directly in the alleged violations." (*Id.* at 64 (emphasis added).)  But, as Magistrate Judge Bloom recognized, mere allegations are insufficient to create a genuine dispute of material fact on summary judgment.  (R. & R. 19); *see also Carter v. HealthPort Techs., LLC*, 882 F.3d 47, 56 (2d Cir. 2016) ("[T]he plaintiff can no longer rest on mere allegations" to survive summary judgment) (quotation marks omitted) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).  It is not enough to create "some metaphysical doubt as to the material facts."  *Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 84 (2d Cir. 2004) (internal quotation marks and citation omitted).  Plaintiff's long list of grievances against Mr. Smart is a sideshow that poses no obstacle to entering summary judgment.

### B.   Indisputable facts show that Defendant was not a state actor

Three crucial and indisputable facts demonstrate that Mr. Smart never acted under color of state law during his time at the Brooklyn South TVB.  First, Plaintiff has conceded that Mr.

4

Smart worked for a private security company, not the TVB itself. (*See* ECF No. 178-1 at 10 n.6.) Second, TVB officials only had the power to direct Mr. Smart's actions with respect to certain ministerial functions, such as opening and closing doors. *(See* Calvo Dep. 13:14-16.) Third, Mr. Smart was not authorized to act as a police officer—nor did he try to act as one, as demonstrated by the fact that he called the police after the May 2015 incident and that the police escorted Plaintiff out of the building on Defendant Danielle Calvo's instruction, not Mr. Smart's. (*See* Calvo Dep. 3:22-4:3, ECF No. 178-6.) Taken together, these facts show that Mr. Smart was not a state actor and therefore cannot be subject to a Section 1983 action.

Plaintiff tries to argue that TVB officials in fact controlled Mr. Smart's duties and actions by mischaracterizing deposition testimony. Plaintiff misleadingly cites a brief passage from Defendant Calvo's deposition in which she testified that clerical staff governed Mr. Smart's day-to-day activities "[t]o some extent." (Objections 57 (citing Calvo Dep. 13:20-24).) Reading the passage in full, though, Calvo is clear that the TVB had little power over Mr. Smart, and TVB officials could only control performance of ministerial duties. (*See* Calvo Dep. 12:25-13:3 ("To some extent we could ask him to do certain things, but he worked for an outside company"), 13:14-16 ("We would tell him what we wanted done as far as opening, closing [doors]. Things like that.").) It is in this context that Defendant Alan Gelbstein agreed that he had "authority" over Mr. Smart. (Gelbstein Dep. 14:6-11, ECF No. 239-1, PageID.3353.)[2] This incontrovertible testimony shows that TVB officials lacked the kind of authority over Mr. Smart required to transform him from a private guard into a state actor.[3] Plaintiff further fails to provide any evidence to dispute Calvo and Gelbstein's testimony that they did not conspire with Mr. Smart to

---

[2] Plaintiff's exhibits are not treated as separate attachments on the electronic docket; the PageID number is therefore provided for easier reference.

[3] Of course, Plaintiff tries to dispute this fact himself, but he is only able to do so through a self-serving affidavit that Judge Bloom properly refused to consider. (*See* R. & R. 19.)

5

have Plaintiff barred from the TVB.  (*See* Calvo Dep. 65:4-7 (Q: "Did you tell Defendant Smart to approach me on the morning of May 11, 2015?"  A: "I never told him to approach you for anything); Gelbstein Dep. 14:3-5, PageID.3353 (Q: "Did you tell Defendant Smart to approach me on the morning of May 11, 2015?"  A: "No.").)

Unable to show that TVB officials controlled, directed, or even encouraged Mr. Smart's actions against him, Plaintiff asserts—without legal authority—that if Mr. Smart "was in fact a participant in the occurrences and decision that led to the Plaintiff's . . . [ban from] the TVB building, his conduct is automatically considered as part of the State's."  (Objections 64.)  He made the same assertion in opposing summary judgment.  Judge Bloom put it best: "That is not the law."  (R. & R. 18.)  "Mere participation in an event that led to a state action does not confer the authority of state law on [Mr.] Smart."  (*Id.* (citing *Ginsberg v. Healey Car & Truck Leasing, Inc.*, 189 F.3d 268, 272 (2d Cir. 1999) (private security guard not a state actor when providing information to police, who then make an arrest).)

The sole case Plaintiff cites to contend that Mr. Smart acted under color of state law, *West v. Atkins*, 487 U.S. 42 (1988), is inapposite.  The Supreme Court in *West* held that private doctors who contracted with the state to provide medical care to state prisoners acted under color of state law because the state was constitutionally obligated to provide healthcare and it delegated that duty to private doctors while giving inmates no choice over their healthcare provider.  *Id.* at 55-56.  That is a far cry from Mr. Smart, who did not contract with the State and who, like any other individual feeling under threat, had to call upon the police when Plaintiff shoved him.  It is indisputable that Mr. Smart lacked law-enforcing authority.  Nor did he act in concert with TVB officials.  The law is clear in this case: Mr. Smart was not a state actor. *Guiducci*, 320 F. Supp. 2d at 37.  The Court should overrule Plaintiff's objections.

6

**III.     Plaintiff's Supplemental Objection Should Be Overruled**

Perhaps sensing the fatal lack of evidence against Mr. Smart, Plaintiff made a last-ditch attempt to avoid summary judgment by filing a supplemental objection with this Court: he needs to conduct more discovery.  (Suppl. Objection 1-2.)  Specifically, Plaintiff complains that he did not get to depose Mr. Smart.  (*Id.*)

The Court should overrule the supplemental objection because Plaintiff failed to raise this argument in opposing the underlying motion for summary judgment.  "[E]ven in a *de novo* review of a party's specific objections, the Court ordinarily will not consider arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance."  *Libbey v. Vill. of Atl. Beach*, 982 F. Supp. 2d 185, 199 (E.D.N.Y. 2013) (citation and internal quotation marks omitted).  Judge Bloom denied Plaintiff's request to compel Mr. Smart's deposition in January 2021 (ECF No. 154), months before Mr. Smart moved for summary judgment (ECF No. 178).  If Plaintiff believed he needed additional discovery once the motion was filed, the time to request that would have been in his response to the motion for summary judgment, pursuant to Fed. R. Civ. P. 56(d)(2).  However, Plaintiff failed to do so. This argument is long overdue.  The Court should decline to consider it.

## CONCLUSION

For the foregoing reasons, Mr. Smart respectfully requests that this Court overrule

Plaintiff's objections, adopt the Report and Recommendation in its entirety, and grant Mr.

Smart's motion for summary judgment.

Dated:   New York, New York
         March 3, 2022

By:      _/s/_ Sharon Katz _____

Sharon Katz
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
Phone: (212) 450-4000
Fax: (212) 701-5800
sharon.katz@davispolk.com

*Attorney for Defendant David Smart*

8

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2022, I caused a true and correct copy of this response to be served on the following persons:

Mario Capogrosso
21 Sheldrake Place
New Rochelle, NY 10804
(*via FedEx overnight mail*)

James Thompson
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
james.thompson@ag.ny.gov
(*via email*)

Sadiq Tahir
2994 Coney Island Avenue
Brooklyn, NY 11235
(*via FedEx overnight mail*)

Dated: New York, New York
     March 3, 2022

/s/ Sharon Katz
Sharon Katz
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY  10017
Phone: (212) 450-4000
Fax: (212) 701-5800
sharon.katz@davispolk.com,

*Attorney for Defendant David Smart*

9