

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

| LETITIA JAMES | | DIVISION OF STATE COUNSEL |
|---|---|---|
| ATTORNEY GENERAL | Writer's Direct Dial: (212) 416-6556 | LITIGATION BUREAU |

March 17, 2022

**Via ECF**

The Honorable Eric R. Komitee
United States District Court for the Eastern District of New York
Theodore Roosevelt United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    Capogrosso v. Gelbstein, et al., No. 18 Civ. 2710 (EK) (LB)

Dear Judge Komitee,

      This Office represents Defendants Alan Gelbstein, Ida Traschen, and Danielle Calvo, in their individual capacities, and New York State Department of Motor Vehicles ("DMV") Commissioner Mark Schroeder, in his official capacity (collectively, the "State Defendants"), in the above-referenced matter. I write pursuant to Local Civil Rule 7.1(d) to request that the Court disregard the Plaintiff's 13-page, 78-paragraph "Response to State Defendants' Reply to Opposition to Report and Recommendations," Dkt. No. 289, as an unauthorized sur-reply. The new filing (which contains a host of new legal assertions not present in the Plaintiff's Objections or Supplemental Objections, Dkt. Nos. 282 & 283) violates the Federal Rules of Civil Procedure, this Court's Individual Rules, and basic norms of fairness and efficiency in civil litigation. It should not be considered.

      "[N]either the Federal Rules of Civil Procedure nor the Local Civil Rules of this Court . . . authorize litigants to file surreplies." Prentice v. Port Auth. of N.Y. & N.J., No. 15 Civ. 738, 2017 WL 2271364, at *1 (E.D.N.Y. May 23, 2017) (quoting Kapiti v. Kelly, No. 07 Civ. 3782, 2008 WL 754686, at *1 n.1 (S.D.N.Y. Mar. 12, 2008)). Courts generally refuse to consider such improper filings "because such a procedure has the potential for placing a court in the position of refereeing an endless volley of briefs." Kapiti, 2008 WL 754686 at 1 n.1. This Court's Individual Rule III(D)(1) forbids sur-replies unless a litigant has sought and obtained leave, which the Plaintiff has not done. The Plaintiff's status as a *pro se* litigant does not entitle him to file unauthorized sur-replies, see Martinez v. Loughren, No. 13 Civ. 1319, 2018 WL 3151695, at *8 (E.D.N.Y. Mar. 8, 2018), and in any event, the Plaintiff is an attorney licensed in both New York and Connecticut, who is not entitled to any "special solicitude" simply because he chose to represent himself. Tracy v. Freshwater, 623 F.3d 90, 102 (2d Cir. 2010).

      The new arguments in the Plaintiff's filing also violate Federal Rule of Civil Procedure 72(b), which requires that in order to seek review of a Magistrate Judge's report and recommendation, a litigant must "serve and file specific written objections," and that those objections must be filed "[w]ithin 14 days."  Where a party timely files written objections to a report and recommendation, as the Plaintiff did here, see Dkt. No. 282[1], and then later makes arguments not included in those specific objections, federal courts in the Second Circuit will "conclude that Plaintiff waived any further review," and decline to consider them.  Wu v. Good Samaritan Hosp., 815 F. App'x 575, 579-80 (2d Cir. 2020).

      Because the Plaintiff's filing is procedurally improper, the State Defendants do not intend to respond to the new argument, unless requested to do so by the Court.  We thank the Court for its time and consideration.

      Respectfully submitted,

      James M. Thompson
      Special Counsel
      james.thompson@ag.ny.gov

Cc:    All counsel of record (via ECF)

      Mario Capogrosso (via First-Class Mail)
      21 Sheldrake Place
      New Rochelle, NY 10804

      Sadiq Tahir (via First-Class Mail)
      2994 Coney Island Avenue
      Brooklyn, NY 11235

---

[1] The Plaintiff has already filed and served one set of "Supplemental Objections," Dkt. No. 283, in addition to his main set of objections, which were 66 pages in length.  Dkt. No. 282; cf. Individual Rule III(D)(1) (limiting briefs to 25 pages absent permission from the Court).