


March 17, 2022

To: The Honorable Eric R. Komitee
United States District Court for the Eastern District of New York
Theodore Roosevelt United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

**Re: Capogrosso v. Gelbstein, et al., No. 18 Civ. 2710**

Judge Komitee,

This letter is in response to the letter submitted to you today (Dkt. #291) by the Office of the Attorney General for the State of New York.

Counsel James M. Thompson falsely and erroneously claims the responses filed in support of the opposition to the Report and Recommendations of the Magistrate Judge are unauthorized sur-replies. This is simply not true.

## I. REPLY TO RESPONSE IS NOT A SUR REPLY

A reply filed to a response is not a sur reply which makes the responses filed in the instant matter categorically not qualified to be considered as sur replies.

As you are likely aware of, an individual filing an opposition to Report and Recommendation typically receives a response from the opposing party. Upon that receipt of a response, the party opposing the Report and Recommendation typically files a reply to that response. After this, if the responding party wishes to file additional arguments, this would be a sur-reply requiring leave from the Court.

In the instant matter, the filings filed are clearly replies to the responses that were filed and therefore no leave from the Court is required because these are categorically not sur-replies.

As an example for your reference, please reference the webpage from the United States District Court of Maryland which clearly distinguishes between (1) Responses, (2) Replies To Responses and (3) Sur-Replies. As it can be seen, Opposing Counsel's categorization of the filings in the instant matter as sur-replies are entirely erroneous and baseless.

## II. OBJECTIONS TO REPORT AND RECOMMENDATIONS ARE NOT MOTIONS

Moreover, Counsel James M. Thompson cites rules and standards pertaining to motions practice which are not applicable to the instant matter because this is not a motion that is being discussed but rather Opposition / Objection to Report and Recommendations.

The Opposition and Objections in the instant matter are categorically different that motions for several reasons which are not to be discussed here but should be noted that they are likely to consist

of arguments and discussions that pertain to the entire proceeding as a whole both procedurally and substantively which makes them distinct from an ordinary motion.

Notwithstanding this categorical distinction between motions and objections to Report and Recommendations of a Magistrate Judge, the Plaintiff maintains a fundamental right to reply to the responses files to objections of the report and recommendations filed in the instant matter pursuant to their fundamental due process right under the 5th and 14th Amendment of the U.S. Constitution to be heard and argue their matter fully.

Opposing Counsel James M. Thompson attempts to prejudice and preclude the arguments made in the replies as objections falling outside of the 14 day period to object to the report and recommendations, erroneously, as if the Plaintiff does not have an opportunity to file a reply to the responses filed in the instant matter normally throughout the course of litigation for due process reasons that are clear such as being able to litigate a matter fully and comprehensively.

Clearly, the arguments and points raised by Opposing Counsel are misapplied and misconstrued to prejudice the Plaintiff from their due process rights to litigate the instant matter pursuant to the due process of law and for this reasons should be disregarded.

## III. CONCLUSION

If Counsel James M. Thompson is not able to identify the difference between a reply and a sur-reply, does it then seem likely that they are correct on their assertions and legal conclusions raised in their responses to the instant matter?

If a lawyer cannot distinguish between a reply and a sur-reply, surely they are not going to be able to distinguish between when judicial immunity is applicable versus when it is not.

And for these reasons, this Honorable Court should disregard the false and erroneous categorizations of Opposing Counsel describing the replies filed in the instant matter as sur-replies and instead consider the issues raised in this matter fully and comprehensively pursuant to the due process of law.

Mario H. Capogrosso.
21 Sheldrake Place
New Rochelle, NY 10804

Exhibit A - U.S. District Court for District of Maryland distinguishing between responses, replies, and sur-replies



UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

---

MARIO H. CAPOGROSSO

                              Plaintiff

-against-                                             18-CV-2710

ALAN GELBSTEIN, et. al                      **AFFIRMATION OF SERVICE**

                              Defendants

---

      I, Mario H. Capogrosso, declare under penalty of perjury that I have served a copy of the attached Letter in Response to Motion to Strike (Dkt. #291) upon:

Maura Douglas, Esq.
Davis Polk & Wardwell, LLP
450 Lexington Avenue
New York, NY 10017

James Thompson, Esq.
Assistant Attorney General
28 Liberty Street
New York, NY 10005

Sadiq Tahir
2994 Coney Island Avenue
Brooklyn, NY 11235

Pec Group of NY
935 S. Lake Blvd. #7
Mahopac, NY 10541

via U.S. Postal Service First Class Mail, this 17th day of March 2022.

1

New Rochelle, NY
March 17, 2022.

*M- H-C*

Mario H. Capogrosso
21 Sheldrake Place
New Rochelle, NY 10804
(914) 806-3692

2

TO: PRO SE OFFICE

FROM: MARIO H. CAPOGROSSO

RE: CAPOGROSSO v. GELBSTEIN, et. al.
    18-CV-2710



2022 MAR 17 PM 5:44

CLERK
U.S. DISTRICT COURT
E.D.N.Y.

