```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

MARIO H. CAPOGROSSO

                    Plaintiff,           MEMORANDUM & ORDER
                                         18-CV-2710(EK)(LB)
          -against-

ALAN GELBSTEIN, in his individual
capacity; IDA TRASCHEN, in her
individual capacity; et al.,

                    Defendants.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

Plaintiff Mario Capogrosso, an attorney proceeding *pro se*, brought this action pursuant to 42 U.S.C. §§ 1983 and 1988. He alleges, among other things, that the defendants violated his First Amendment rights when they permanently barred him from the Traffic Violations Bureau ("TVB") for what they concluded was his threatening behavior. Compl., ECF No. 74. Five defendants moved for summary judgment. ECF Nos. 178-179.[1]

In a Report and Recommendation ("R&R") dated February 1, 2022, Magistrate Judge Bloom recommended that I grant the defendants' motions in their entirety. R&R, ECF No. 278. She

---

[1] Defendants David Smart, Danielle Calvo, Alan Gelbstein, Ida Traschen, and New York State Department of Motor Vehicles Commissioner Mark Schroeder moved for summary judgment. Defendants Sadiq Tahir and PEC Group of NY, Inc. did not join in those motions.

also recommended that I decline to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims, against defendants Sadiq Tahir and PEC Group of NY, Inc. *Id.* at 19-20. Plaintiff filed timely objections, ECF Nos. 282-283, to which Defendants responded. *See* ECF Nos. 286, 288.[2] After reviewing the very comprehensive R&R, Plaintiff's objections thereto, and the parties' evidentiary submissions, I adopt the recommendation in its entirety. I grant Defendants' motions for summary judgment and decline to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims. I write briefly to supplement the record with my views on two issues: the question of whether defendant Smart's conduct constituted state action, and the judicial or quasi-judicial immunity accorded to certain TVB employees.

### I.  Legal Standard on Review of Report & Recommendation

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The district

---

[2] Plaintiff filed one set of objections in a 65-page document, followed by supplemental objections. After Defendants responded, Plaintiff filed two replies. ECF Nos. 289-290. The State Defendants moved to strike ECF No. 289. *See* ECF No. 291. "[N]either the Federal Rules of Civil Procedure nor the Local Civil Rules of this Court . . . authorize litigants to file surreplies." *Prentice v. Port Auth. of N.Y. & N.J.*, No. 15-CV-738, 2017 WL 2271364, at *1 (E.D.N.Y. May 23, 2017). Plaintiff's sur-replies are also prohibited by Rule III(D)(1) of my Individual Rules because he did not request permission to file them. Accordingly, the motion to strike is granted. Both of Plaintiff's unauthorized filings, at ECF Nos. 289 and 290, are stricken.

court must review *de novo* those portions of an R&R to which a party has specifically objected. *Id.*; Fed. R. Civ. P. 72(b)(3); *see also Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) ("A proper objection is one that identifies the specific portions of the R&R that the objector asserts are erroneous and provides a basis for this assertion."), *aff'd*, 578 F. App'x 51 (2d Cir. 2014).

## II. Discussion

Plaintiff makes two primary objections to the R&R, neither of which has merit. *First*, he argues that Judge Bloom erred in concluding that defendant Daniel Smart, a private security guard working at the TVB, could not be liable under Section 1983 because he was not acting under color of state law when he allegedly participated in Plaintiff's removal from the TVB premises. *See* Objs. to R&R 63-64, ECF No. 282; R&R 17. *Second*, he argues that three of the defendants are not entitled to judicial or quasi-judicial immunity. *See* Objs. to R&R 60-62.

### A.  Defendant Smart and the State Action Doctrine

As is often the case, the question of whether Smart acted under color of state law is tied up with the question of what he is alleged actually to have done. To prevail against Smart, Plaintiff must demonstrate not only that Smart was a "state actor" in the abstract, but also that the alleged constitutional deprivation was "caused by" Smart's ostensibly

3

official conduct.  *See, e.g.*, *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999).  Put differently, a Section 1983 plaintiff must show that the "*conduct* allegedly causing the deprivation of a federal right" was "fairly attributable to the state."  *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 937 (1982) (emphasis added).[3]

Private action is "fairly attributable" to the state "in a few limited circumstances – including, for example, (i) when the private entity performs a traditional, exclusive public function; (ii) when the government compels the private entity to take a particular action; or (iii) when the government acts jointly with the private entity."  *Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1928 (2019).  The mere fact that a private company (such as the security company that employed Smart) is operating pursuant to a government contract does not make it a state actor.  *See, e.g.*, *Kach v. Hose*, 589 F.3d 626, 648 (3d Cir. 2009) (private security guard working at a public school was not a state actor); *Rabieh v. Paragon Sys. Inc.*, 316 F. Supp. 3d 1103, 1106, 1111 (N.D. Cal. 2018) (finding no state action, and dismissing Section 1983 complaint, where private security guards at federal building allegedly tackled and handcuffed plaintiff).

---

[3] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

As an intuitive matter, it does seem likely that the power to throw people out of courthouses (or administrative-law facilities) is a public function. But Smart is not alleged to have ejected the Plaintiff from anywhere, and Plaintiff has adduced insufficient evidence that Smart even had the power to do so. On the contrary, as Smart points out, the undisputed fact that he *called the police* to have Plaintiff removed from the TVB would seem to suggest the opposite. Smart Br. 7-8, ECF No. 178-1; *cf., e.g.*, *Rabieh*, 316 F. Supp. 3d at 1111 (allegations suggesting "that the security guards had some power to detain a person on the premises, temporarily confiscate personal property . . . , and place a person in handcuffs" were "insufficient under the public function test").

Here, Plaintiff's only meaningful evidence concerning Smart shows that he and Smart had multiple arguments and that on May 11, 2015, after a nebulously described "altercation," Smart left the building to get attention from the police and file a complaint. Pl. Objs. to R&R 44-45; *see also* Workplace Abuse Report, ECF No. 214. Plaintiff then was asked to, and did, leave the building. Workplace Abuse Report. Neither speaking to, nor filing a report with, the police constitutes a public function — *i.e.*, a function that is "traditionally the exclusive prerogative of the State." *Rendell-Baker v. Kohn*, 457 U.S. 830, 842 (1982).

5

Moreover, as Judge Bloom notes, Plaintiff has presented no evidence (beyond his own conclusory and self-serving allegations in an affidavit) that Smart's actions were compelled by the state, or that he participated in the later decision to bar Plaintiff from the TVB.  R&R 17-19, 17 n.28.  Accordingly, I adopt the R&R's recommendation that I dismiss the claim against Smart on this basis.

**B.   Judicial and Quasi-Judicial Immunity**

Plaintiff also argues that defendants Danielle Calvo, Ida Traschen, and Alan Gebstein ("State Defendants") are not entitled to judicial or quasi-judicial immunity because their actions were not judicial, but rather administrative, in nature.  Plaintiff's argument has no merit.

Judge Bloom correctly determined that each State Defendant is immune from suit arising from the decision to ban Plaintiff from continuing to practice in TVB administrative proceedings.  This attorney discipline was authorized under 15 N.Y.C.R.R. § 124.2(a), and it constituted a judicial action.  *See Libertarian Party v. Cuomo*, 970 F.3d 106, 124 (2d Cir. 2020).  Defendant Gelbstein, an administrative law judge, is entitled to absolute judicial immunity because "ALJs enjoy absolute immunity from liability in damages for actions taken in their quasi-judicial capacity."  *Nash v. Califano*, 613 F. 2d 10, 15 (2d Cir. 1980).

6

Defendants Calvo and Traschen, too, are immune because they were acting in their respective capacities as a senior clerk at the TVB and First Assistant Counsel for the TVB. Though the record is somewhat thin concerning Taschen's job description as First Assistant Counsel, the available evidence indicates that her duties were closely related to the judicial process at the TVB. *See* Traschen Decl. ¶ 5 (duties included overseeing the DMV's Counsel's Office; overseeing safety hearings statewide; managing litigation; and overseeing compliance with Freedom of Information Law requests). This is enough. *See, e.g., Jackson v. Pfau*, No. 10-CV-1484, 2011 WL 13127988, at *9 (N.D.N.Y. May 12, 2011) (actions of attorney in Division of Court Operations for the Office of Court Administration were judicial in nature), *aff'd*, 523 F. App'x 736 (2d. Cir. 2013). Accordingly, I adopt the R&R's recommendation and dismiss the claim against the State Defendants on the basis that they are immune from suit.

**C.   Other Objections**

In Plaintiff's sixty-five pages of objections, the two arguments discussed above come through most clearly. Plaintiff's other objections are largely disorganized and conclusory.[4] "[T]o trigger *de novo* review, even a *pro se* party's

---

[4] Where Plaintiff does point to specific portions of the R&R, he makes

7

objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate judge's report." *Klein v. City of New York*, No. 10-CV-9568, 2012 WL 546786, at *2 (S.D.N.Y. Feb. 21, 2012). "[W]hen the objections . . . make only conclusory statements, the court should review the Report and Recommendation for clear error." *Telfair v. Le Pain Quotidien U.S.*, No. 16-CV-5424, 2017 WL 1405754, at *1–2 (S.D.N.Y. Apr. 18, 2017). Having reviewed the remainder of Plaintiff's objections, and the R&R's treatment of the underlying issues, I find those objections to be without merit.

### III. Conclusion

Defendants' motions for summary judgment are granted. As recommended in the R&R, I also decline to exercise supplemental jurisdiction over Plaintiff's state-law claims against defendants Tahir and PEC Group of NY, Inc. Further, Defendants' motion to strike Plaintiff's unauthorized sur-replies (ECF Nos. 289 and 290) is granted. The Clerk of Court

---

conclusory objections such as, "I oppose this conclusion, it is not true," or "The record evidence creates a genuine issue as to material facts." *See, e.g.*, Objs. to R&R ¶¶ 2-31. In other places, his arguments do not refer to a specific potion of the R&R and are immaterial or nonsensical. *See, e.g., id.* at 10 (arguing that there are triable issues of fact with respect to his threatening conduct or verbal abuse because "I affirm I like women, I like women, I like women. I affirm, woman make the party. I am dating two women currently and they both call me to take them out - so I must be doing something right").

8

is respectfully directed to enter judgment in Defendants' favor and to close the case.

SO ORDERED.

     /s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated: September 29, 2022
       Brooklyn, New York

9